**Entered on Docket
August 27, 2009**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes
the order of the court. Signed August 27, 2009

_____
Roger L. Efremsky
U.S. Bankruptcy Judge

JOHN WALSHE MURRAY (074823)
ROBERT A. FRANKLIN (091653)
DORIS A. KAELIN (162069)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: jwmurray@murraylaw.com
Email: rfranklin@murraylaw.com
Email: dkaelin@murraylaw.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re: | Jointly Administered Chapter 11 Cases |
| **AVIZA TECHNOLOGY, INC.**, <br> A Delaware corporation <br> Employer's Tax ID No.: 20-1979646 | Case No. 09-54511-RLE-11 |
| **AVIZA, INC.**, <br> A Delaware corporation <br> Employer's Tax ID No.: 20-0249205 | Case No. 09-54514-RLE-11 |
| **TRIKON TECHNOLOGIES, INC.**, <br> A Delaware corporation <br> Employer's Tax ID No.: 95-4054321 | Case No. 09-54515-RLE-11 |
| Debtor(s). <br> 440 Kings Village Road <br> Scotts Valley, CA 95066 | Date: August 27, 2009 <br> Time: 9:30 a.m. <br> Place: United States Bankruptcy Court <br> 280 S. First St., Room 3099 <br> San Jose, CA 95113 <br> Judge: Honorable Roger L. Efremsky |

**ORDER APPROVING OVERBID PROCEDURES AND
RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS**

Upon the MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS

RE SALE OF CERTAIN ASSETS OF THE DEBTORS (the "Motion") filed with the Court (the "Court" or

the "Bankruptcy Court") on August 18, 2009 by Aviza Technology, Inc., Aviza, Inc. and Trikon Technologies Inc., the debtors and debtors in possession in these jointly administered Chapter 11 cases (collectively, the "Debtors") for entry of an order (the "Bid Procedures Order") (a) approving certain bid procedures (the "Bid Procedures") in connection with the sale (the "Sale") of the Debtors' Purchased Assets[1], (b) designating Sumitomo Precision Products Co., Ltd. ("SPP") as the Stalking Horse Purchaser (the "Stalking Horse Purchaser"), (c) approving the payment of the Expense Reimbursement to SPP in accordance with the terms and conditions of the Purchase Agreement, (d) establishing and approving the procedures to determine, and the form and manner of notice with respect to, the amounts to be paid and actions to be taken to cure defaults, if any, under the executory contracts and unexpired leases to be assumed by the applicable Debtor and assigned to the Successful Bidder in connection with the Sale, (e) approving the form and manner of notices of the proposed Sale, the Bid Procedures, and the Sale Hearing, and (f) scheduling a Sale Hearing to include an auction (the "Auction") in connection with the Sale; the Motion having come on for hearing before the Court on August 27, 2009 at 9:30 a.m.; the Debtors having appeared by and through their counsel Murray & Murray, a Professional Corporation and John Walshe Murray and Doris A. Kaelin; United Commercial Bank ("UCB"), as agent (the "Agent") for secured lenders UCB, East West Bank and ChinaTrust Bank (USA) (collectively, the "Lender") having appeared by and through its counsel Orrick, Herrington & Sutcliffe LLP and Frederick D. Holden, Jr.; the Official Committee of Unsecured Creditors (the "Committee") having appeared by through its counsel Binder & Malter LLP and Robert G. Harris; SPP having appeared by and through its counsel Bingham McCutchen LLP and William Bates; other appearances, if any, were as noted in the record; the Court having determined that, to the extent set forth herein, the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; due and appropriate notice of the hearing on the Motion and the relief requested therein was provided by the Debtors pursuant to Bankruptcy Rules 2002, 6004 and 9014; and after consideration of the Motion to the extent of the relief granted herein, and the remainder of the record herein, and after due

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and/or the Bid Procedures.

deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

**FOUND, CONCLUDED, AND DECLARED THAT:**[2]

1. This Court has jurisdiction over this matter and over the property of the Debtors and their estates pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Good and sufficient notice of the Motion and the relief sought therein has been given. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to parties in interest, and no other or further notice is required under the circumstances.

3. The Debtors' proposed notices of (i) the hearing on the Sale, and (ii) the assumption and assignment of the Assumed Contracts and any Cure Amounts payable in respect thereof, substantially in the forms attached as Exhibits "B" and "C" to the SUPPLEMENTAL DECLARATION OF DORIS A. KAELIN IN SUPPORT OF MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS (the "Kaelin Supplemental Declaration") filed with the Court on August 27, 2009, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, the assumption and assignment of Assumed Contracts and the Cure Amounts associated therewith, the Purchase Agreement, and the Bid Procedures to be employed in connection therewith.

4. The Bid Procedures are fair, reasonable and appropriate and are designed to maximize the value of the Debtors' assets that are contemplated to be sold in accordance with such procedures.

5. Absent the Expense Reimbursement and the Overbid Increment, the Debtors may lose the opportunity to obtain the highest and best available offer for their assets and the protections afforded by the Purchase Agreement.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

6. The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the Bid Procedures and have demonstrated sound business justifications to support such relief.

7. The entry of this Bid Procedures Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

8. The relief requested in the Motion is granted, to the extent set forth herein.

9. Any objections to the entry of this Bid Procedures Order that have not been withdrawn, waived, resolved or settled, and all reservations of rights included therein, are hereby overruled.

**Bidding Procedures**

10. The Bid Procedures, as set forth in Exhibit "A" attached to the Kaelin Supplemental Declaration, are hereby approved in their entirety, and shall apply to the proposed Sale in all respects. The Debtors are authorized to take any and all actions necessary to implement the Bid Procedures.

11. As set forth in the Bid Procedures, Qualified Bidders shall be required to execute a confidentiality agreement (unless previously delivered) in form and substance reasonably acceptable to the Debtors; that includes, *inter alia*, provisions setting forth the authorized use of confidential information and, where appropriate, the creation of appropriate information walls, which confidentiality agreement shall be no less protective of the Debtors' confidential information than the confidentiality agreement executed by SPP.

12. The failure in this Bid Procedures Order to include specifically or reference any particular provision, section or article of the Bid Procedures shall not diminish or impair the effectiveness of the Bid Procedures, it being the intent of this Court that the Bid Procedures be authorized and approved in their entirety and are incorporated herein by reference.

**Expense Reimbursement**

13. SPP is designated as the Stalking Horse Purchaser. The Debtors are hereby authorized to reimburse the Stalking Horse Purchaser its actual and reasonable costs and expenses,

including fees to professionals, incurred in connection with the Purchase Agreement and the Contemplated Transactions (as defined in the Purchase Agreement), in an amount not to exceed $1,000,000 (the "Expense Reimbursement") in accordance with the terms and conditions set forth in Section 9.3(b) of the Purchase Agreement. The Stalking Horse Purchaser's right to seek payment of the Expense Reimbursement in accordance with the terms and conditions set forth in Section 9.3(b) of the Purchase Agreement are fully reserved.

14. The Expense Reimbursement shall have priority as an administrative expense under sections 503(b) and 507(a)(2) of the Bankruptcy Code and be paid as a carve-out to and from, and free and clear of the liens, claims and encumbrances of the Lender and any other secured creditors on, the proceeds of such sale.

15. The obligation of the Debtors to pay to the Stalking Horse Bidder the Expense Reimbursement shall be taken into account in the Debtors' determination of the highest and best bid in each round of bidding.

**The Auction and Sale Hearing**

16. The Auction shall take place at the Sale Hearing which is hereby scheduled for September 29, 2009 at 9:30 a.m. (Pacific Daylight Time).

17. In the event the Debtors do not receive by 2:00 p.m. (Pacific Daylight Time) on **September 18, 2009** (the "Bid Deadline") at least one Qualified Bid for the Purchased Assets, other than the Purchase Agreement, the Debtors may seek approval of their sale to the Stalking Horse Purchaser pursuant to the Purchase Agreement at the Sale Hearing.

**Notice of Bid Procedures and Sale Motion**

18. The Sale Notice, substantially in the form attached as Exhibit "B" to the Kaelin Supplemental Declaration, is approved in all respects.

19. Not later than three (3) days after the entry of this Bid Procedures Order, the Debtors shall cause the Sale Notice and a copy of this Bid Procedures Order and the approved Bid Procedures to be sent by first-class mail, postage-prepaid, to (i) the Committee and its counsel; (ii) all entities that claim any interest in or lien on any of the Debtors' assets; (iii) all parties to executory contracts and unexpired leases which the Debtors may seek to assume and assign to the Successful

Bidder for any of the Debtors' Purchased Assets; (iv) all governmental taxing authorities that have, or as a result of the sale of any of the Debtors' assets may have, claims, contingent or otherwise, against the Debtors; (v) all parties that filed requests for notices or have appeared under Bankruptcy Rules 2002 and/or 9010(b); (vi) all interested governmental, pension, and environmental entities; (vii) the Office of the United States Trustee; (viii) the Lender and its counsel; (ix) to the extent practicable, all entities which within the 12 months prior to the Petition Date have expressed to any of the Debtors an interest in purchasing any of the Purchased Assets; and (x) any other persons designated by the Lender or the Committee who have expressed interest to the Lender or the Committee in acquiring the Purchased Assets (the "Sale Mailing List").

20. Not later than five (5) days after the entry of this Bid Procedures Order, the Debtors shall cause the Sale Notice to be sent by first-class mail, postage-prepaid, to all entities scheduled by the Debtors as holding claims or which have filed proofs of claim, and all Equity Holders of the Debtors.

21. The Debtors are authorized to use the service lists maintained by their counsel for all mailings contemplated hereunder (rather than the Court's mailing matrix) in satisfaction of the requirements of Bankruptcy Local Rule 2002-1(c); and provided further, the Debtors may use an outside copy service of their choosing to handle the duplication and mailing of all pleadings to be mailed in connection with the Sale, utilizing the service lists maintained by Debtors' counsel. Payment to any such outside service company utilized by the Debtors shall be in accordance with the Debtors' cash collateral budget with the Lender.

**Notice of Assumption Motion**

22. The Assumption Notice, substantially in the form attached as Exhibit "C" to the Kaelin Supplemental Declaration, is approved in all respects.

23. To further facilitate the Sale, the Debtors will serve on the Sale Mailing List, via first class mail, the Assumption Notice, with an attached schedule setting forth the cure amounts as determined by the Debtors (the "Cure Amounts") in a form substantially similar to the form attached to the Kaelin Supplemental Declaration as Exhibit "C", not later than three (3) days after the entry of the Bid Procedures Order on the Sale Mailing List. If no Cure Amount is listed, the Debtors shall

state in the notice that they believe that there is no Cure Amount owing to the party to such executory contract or unexpired lease.

**Moving Papers (Bid Procedures, Sale Motion and Assumption Motion)**

24. Following entry of this Bid Procedures Order, the Debtors shall cause, not less than twenty (20) days before the Sale Hearing, service of the pleadings in support of the Sale Motion (which shall include as exhibits, the Purchase Agreement (without attachments) and the Bid Procedures approved by the Court), the Assumption Motion, and all declarations in support thereof, by first class mail upon (a) the Office of the United States Trustee for the Northern District of California, San Jose Division; (b) counsel for SPP; (c) the Committee and its counsel; (d) all entities (or counsel therefor) known to have asserted any lien, claim, encumbrance, right of refusal, or other property interest in or upon the Debtors or the Purchased Assets; (e) those persons identified by the Debtors as having expressed a bona fide interest in acquiring the Purchased Assets or that the Debtors believe may be interested in submitting a competing bid for assets of the Debtors; (f) the Internal Revenue Service; (g) all entities who have filed a notice of appearance and request for service of papers in these cases; and (h) all non-debtor parties to the Assumed Contracts.

**Objection Bar Dates**

25. Objections, if any, to the Sale, must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Northern District of California, San Jose Division, 280 South First Street, Room 3035, San Jose, California 95113, on or before **September 18, 2009**, and (d) be served no later than **September 18, 2009** upon (a) Debtors' counsel, John Walshe Murray of Murray & Murray, A Professional Corporation, 19400 Stevens Creek Boulevard, Suite 200, Cupertino, CA 95014, facsimile (650) 852-9244, email: jwmurray@murraylaw.com; (b) counsel for the Committee, Robert G. Harris of Binder & Malter LLP, 2775 Park Avenue, Santa Clara, CA 95050, facsimile (408) 295-1531; email: rob@bindermalter.com; (c) counsel for the Lender, Frederick D. Holden, Orrick Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105, facsimile (415) 773-5759, email: fholden@orrick.com; (d) counsel for SPP, William Bates of Bingham McCutchen LLP, 1900 University Avenue, East Palo Alto, CA 94303, facsimile (650) 849-4800, email:

bill.bates@bingham.com; and (e) the Office of the United States Trustee, Attn: Nanette Dumas, 280 South First Street, Room 268, San Jose, CA 95113, facsimile (408) 535-5532; email: nanette.dumas@usdoj.gov (the foregoing are collectively referred to as the "Service Parties").

26. The non-debtor parties to the Assumed Contracts shall have until **September 18, 2009** (the "Cure Bar Date") (a) to object to the assumption and assignment of any of the Assumed Contracts, (b) to object to the amount of the Cure Amounts, or (c) to assert that non-monetary defaults, conditions or pecuniary losses or other amounts must be cured or satisfied (including all compensation for any pecuniary loss resulting from a default in respect of the Assumed Contracts) under any of the Assumed Contracts in order for such Assumed Contracts to be assumed and assigned. Such party must file and serve an objection upon the Service Parties setting forth (i) the basis for the objection (non-monetary or otherwise), and, if applicable, (ii) the amount the party asserts as the cure amount and/or the amount of all compensation for any actual pecuniary loss resulting from a default in respect of the Assumed Contracts (with appropriate documentation in support thereof). If no objection is received by the Cure Bar Date, the Cure Amounts attached to the Assumption Notice shall be controlling as to the amount necessary to be paid to cure under § 365(b)(1)(A) and (B) notwithstanding anything to the contrary in any Assumed Contract or other document, and the non-debtor party to the Assumed Contract shall be forever barred from asserting any claims for the Cure Amount against the Debtors, the Buyer or such other purchaser of the Purchased Assets through the effective date of the assumption and assignment in respect of such Assumed Contract, and each party to any Assumed Contracts shall be deemed to have consented to the assumption and assignment of the Assumed Contract to SPP or any other purchaser of the Purchased Assets.

27. Time is shortened such that the Cure Bar Date and the deadline for objections to the Sale Motion and the Assumption Motion shall be September 18, 2009.

28. The failure of any person to file its objection timely and in accordance with the requirements of this Bid Procedures Order shall bar the assertion at the Sale Hearing or thereafter of any objection to either the Sale Motion or the Assumption Motion and the Debtors' consummation and performance of the Purchase Agreement, including the sale and transfer of any of the Debtors'

assets free and clear of any and all liens, claims and encumbrances (other than permitted encumbrances provided for expressly in the Purchase Agreement or alternative purchase agreement entered into with the Successful Bidder). Notwithstanding anything herein to the contrary, (a) if any non-debtor party to an Assumed Contract (a "Contract Counterparty") is not satisfied with the showing of adequate assurance of future performance by any Qualified Bidder by the Sale Hearing, then the Contract Counterparty shall have the right to raise that objection to the Assumption Motion prior to the Auction at the time of the Sale Hearing; and (b) the Creditors' Committee or the Lender may object at the Sale Hearing to the Debtors' selection of the Successful Bid.

### Additional Provisions

29. Service of the notices described herein on the parties entitled to receive such notices pursuant to this Bid Procedures Order shall constitute proper, timely, adequate and sufficient notice thereof and satisfies the requirements of sections 105 and 363 of the Bankruptcy Code, Rules 2002, 6004, 7004, 9006 and 9014 of the Bankruptcy Rules and the requirements of the local rules of this Court, and no other or further notice is or shall be required.

30. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Bid Procedures Order and the Bid Procedures.

31. As provided in the Bid Procedures, the Lender will be deemed a Qualified Bidder at the Auction, whether or not it submits a bid in advance of the Auction, and the Lender's rights to credit bid, to the extent of all applicable allowed claims, under Section 363(k) of the Bankruptcy Code, are hereby preserved in all respects. In the event the Lender elects to bid at the Auction, Lender shall be bound by the requirements of the Bid Procedures.

32. Each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale that would violate Section 363(n) of the Bankruptcy Code.

33. In the event the Debtors are unable to obtain Court approval of the Sale Motion or otherwise tender performance to any bidder, the sole remedy of any such bidder (other than SPP whose rights are established by the Purchase Agreement) shall be the return of its deposit.

**THIS ORDER IS APPROVED AS TO FORM AND CONTENT:**

**BINGHAM MCCUTCHEN LLP**

By: */s/ William Bates*
    William Bates, Esq.
    Attorneys for SPP

**ORRICK HERRINGTON & SUTCLIFFE LLP**

By: */s/ Frederick D. Holden*
    Frederick D. Holden, Esq.
    Attorneys for the Lender

**BINDER & MALTER LLP**

By: */s/ Robert G. Harris*
    Robert G. Harris, Esq.
    Attorneys for the Official Committee of
    Unsecured Creditors

**JEFFER, MANGELS, BUTLER & MARMARO LLP**

By: */s/ Walter W. Gouldsbury III*
    Walter W. Gouldsbury III
    Attorneys for IBM Corporation and IBM Credit, LLC

**THE UNDERSIGNED HAS NO OBJECTION TO THE ENTRY OF THIS ORDER:**

**OFFICE OF THE UNITED STATES TRUSTEE**

By: _____
    Nanette Dumas, Esq.
    Attorney-Advisor

**\*\* END OF ORDER \*\***

DAK:SB
K:\Aviza\Pld\Sale\MotSaleProc(SPP)\Orderv12.doc

10  ORDER APPROVING OVERBID PROCEDURES AND RELATED
    MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS

## Court Service List

**Debtors**
Patrick C. O'Connor
Aviza Technology, Inc.
440 Kings Village Road
Scotts Valley, CA 95066

**U.S. Trustee**
Office of the U.S. Trustee
Attn: Nanette Dumas
U.S. Federal Building
280 S. First Street, #268
San Jose, CA 95113-3004

**Attorneys for Debtors**
John Walshe Murray
Doris A. Kaelin
Murray & Murray
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548

**Counsel For Proposed Stalking Horse Purchaser**
William Bates
Bingham McCutchen LLP
1900 University Avenue
East Palo Alto, CA 94303-2223

**Attorneys for United Commercial Bank, as Agent for the Secured Lenders**
Frederick D. Holden, Jr.
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

**Counsel To Creditors' Committee**
Robert G. Harris,
Binder & Malter LLP
2775 Park Avenue
Santa Clara, CA 95050