Entered on Docket
September 30, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes
the order of the court. Signed September 30, 2009

_____
Roger L. Efremsky
U.S. Bankruptcy Judge
_____

JOHN WALSHE MURRAY (074823)
ROBERT A. FRANKLIN (091653)
DORIS A. KAELIN (162069)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: jwmurray@murraylaw.com
Email: rfranklin@murraylaw.com
Email: dkaelin@murraylaw.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>**AVIZA TECHNOLOGY, INC.,**<br>  A Delaware corporation<br>  Employer's Tax ID No.: 20-1979646<br><br>**AVIZA, INC.,**<br>  A Delaware corporation<br>  Employer's Tax ID No.: 20-0249205<br><br>**TRIKON TECHNOLOGIES, INC.,**<br>  A Delaware corporation<br>  Employer's Tax ID No.: 95-4054321<br><br>    Debtor(s).<br><br>440 Kings Village Road<br>Scotts Valley, CA 95066 | Jointly Administered Chapter 11 Cases<br><br>Case No. 09-54511-RLE-11<br><br><br><br>Case No. 09-54514-RLE-11<br><br><br><br>Case No. 09-54515-RLE-11<br><br><br>Date:  September 29, 2009<br>Time:  9:30 a.m.<br>Place: United States Bankruptcy Court<br>       280 S. First Street, Room 3070<br>       San Jose, CA 95113<br>Judge: Honorable Roger L. Efremsky |

**ORDER GRANTING MOTION BY DEBTORS TO SELL CERTAIN ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

A hearing on the motion filed September 9, 2009 together with the Supplement filed on

DAK
R:\Aviza\Pleadings\Sale (SPP)\Sale Mot Order v5.doc

ORDER GRANTING MOTION BY DEBTORS TO SELL
CERTAIN ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

1

Case: 09-54511    Doc# 296    Filed: 09/30/09    Entered: 09/30/09 17:15:29    Page 1 of 11

September 25, 2009 (collectively, the "Sale Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") was held before this Court on September 29, 2009 at 9:30 a.m., and appearances were as noted on the record.

The Sale Motion seeks, inter alia, entry of an order authorizing and approving the sale of the Debtors' Purchased Assets[1] to Sumitomo Precision Products Co., Ltd. ("Buyer") pursuant to the terms of that certain ASSET PURCHASE AGREEMENT, dated as of August 13, 2009, by and among the Debtors, Buyer and certain direct and indirect wholly-owned subsidiaries of Debtors (the "Purchase Agreement").

The Court entered an order dated August 27, 2009 (the "Bid Procedures Order") approving the bid procedures attached as Exhibit "A" to the MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN OF THE ASSETS OF THE DEBTORS (the "Bid Procedures"), authorizing and approving Bid Procedures to consider higher and better offers for the Debtors' Purchased Assets, scheduling the sale hearing (including the Auction) (the "Sale Hearing") and approving, inter alia (a) the form and manner of notice of the Sale and Bid Procedures; (b) procedures relating to certain executory contracts and unexpired leases, including notice of proposed cure amounts; and (c) the Expense Reimbursement.

The Court has jurisdiction to consider the Sale Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334. After consideration of the Sale Motion and all related pleadings, any opposition thereto, and the arguments of counsel,

THE COURT HEREBY FINDS AND CONCLUDES THAT:[2]

A. Jurisdiction. The Court has jurisdiction over this matter and over the property of the Debtors and their estates, including the property to be sold, transferred or conveyed pursuant to the Purchase Agreement, pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Sale Motion is proper in this District and this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Purchase Agreement and the Sale Motion, as applicable.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

DAK
R:\Avizac\Pleadings\Sale Mot\Sale Mot Orderv5.doc

2

ORDER GRANTING MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Case: 09-54511   Doc# 296   Filed: 09/30/09   Entered: 09/30/09 17:15:29   Page 2 of 11

B.  **Statutory Predicates**.  The statutory predicates for the relief sought in the Sale Motion and the basis for the approvals and authorizations herein are (i) section 363 of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and (ii) Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C.  **No Stay**.  In order to maximize the value of the Purchased Assets, it is essential that the sale of the Purchased Assets occur within the time constraints set forth in the Purchase Agreement.  Therefore, this Order is effective immediately upon entry.  Notwithstanding Bankruptcy Rule 6004(h), the parties may consummate the transactions provided for under the terms and conditions of the Purchase Agreement immediately upon entry of this Order.

D.  **Retention of Jurisdiction**.  It is necessary and appropriate for the Court to retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Purchase Agreement, and to adjudicate, if necessary, any and all disputes relating in any way to the transactions provided for under the terms and conditions of the Purchase Agreement.

E.  **The Petition Date**.  On June 9, 2009 (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtors have continued in possession and management of their businesses and properties as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

F.  **Notice of the Sale Motion**.  As evidenced by the certificates of service filed with the Court, (i) proper, timely, adequate and sufficient notice of the Sale Motion, the Auction, and the Sale Hearing have been provided in accordance with sections 102(1), and 363(b) and (f), of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, and 9014, the local rules of this Court, the procedural due process requirements of the United States Constitution, and in compliance with the Bid Procedures Order; (ii) such notice was proper and adequate and appropriate under the particular circumstances; and (iii) no other or further notice of the Sale Motion, the Auction, the Sale Hearing, or of the entry of this Order is necessary or shall be required.

G.  **Qualified Bidders**.  While certain bidders were a "Qualified Bidder" under the Bid Procedures, no Qualified Bid (as defined in the Bid Procedures) was received by the Debtors.

H.  **Good Faith**.  The Buyer is not an "insider" or "affiliate" of the Debtors (as such terms

Case 09-54511    Doc# 296    Filed: 09/30/09    Entered: 09/30/09 17:15:29    Page 3 of 11

3

ORDER GRANTING MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

are defined in the Bankruptcy Code). The Buyer is a purchaser in good faith, as that term is used in the Bankruptcy Code and court decisions thereunder, and is entitled to the protections of section 363(m) of the Bankruptcy Code. The Purchase Agreement was negotiated and entered into in good faith, based upon arm's length bargaining, and without collusion or fraud of any kind. The sales process was conducted in accordance with the Bid Procedures Order and in good faith within the meaning of section 363(m) of the Bankruptcy Code.

I. <u>No Collusion</u>. The Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction. The sale price to be paid by Buyer was not limited by an agreement among potential bidders at such sale. The transactions under the Purchase Agreement may not be avoided, and no damages may be assessed against the Buyer or any other party under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

J. <u>No Auction</u>. Because no Qualified Bid was received pursuant to the Bid Procedures, the Debtors proposed Buyer as the Successful Bidder for the Debtors' Purchased Assets in accordance with the Bid Procedures Order.

K. The offer of the Buyer, upon the terms and conditions set forth in the Purchase Agreement, including the form and total of the consideration to be realized by the Debtors pursuant to the Purchase Agreement is the highest and best offer received by the Debtors for the Debtors' Purchased Assets.

L. The Debtors' businesses and the Purchased Assets have been adequately marketed and the sale process has been conducted in a commercially reasonable manner in accordance with the Bid Procedures Order.

M. The Debtor has presented good and sufficient business justification for the sale of the Purchased Assets pursuant to section 363 of the Bankruptcy Code and the other relief granted herein.

N. <u>Section 363(f) is Satisfied</u>. Pursuant to section 363(f) of the Bankruptcy Code, except as otherwise provided in the Purchase Agreement, effective upon the closing under the Purchase Agreement, there shall be vested in Buyer all right, title and interest of the Debtors and their bankruptcy estates in the Debtors' Purchased Assets, free and clear of all of the security interests, pledges, liens (as that term is defined in section 101(37) of the Bankruptcy Code), claims (as that

term is defined in section 101(5) of the Bankruptcy Code) and other interests set forth below (collectively, the "Encumbrances"). Unless the holders of such Encumbrances have agreed to other treatment, all such Encumbrances shall attach to the consideration to be received by the Debtors in the same priority and subject to the same defenses and avoidability, if any, as before the Closing.

**All persons provided notice of the Sale, including, but not limited to, persons listed as creditors on the Debtors' Schedules or who have filed a Proof of Claim or request for notice in any of the Debtors' cases.**

**ASML, Inc.**

**Bank of America**

**General Electric Credit Corp. of Tennessee**

**United Commercial Bank, as Agent for itself, East West Bank and Chinatrust Bank (USA)**

**For purposes of clarification with respect to IBM Credit LLC ("IBM"), the Purchased Assets do not include any equipment that is the subject of a filed UCC-1 by IBM; however, the Purchased Assets are sold free and clear of any other claim or interest IBM may assert against any of the Purchased Assets in the same manner the Debtors are selling free of any creditor on the Debtors' Schedules or who has filed a Proof of Claim or requested notice in any of the Debtors' cases.**

O. The Buyer shall have no obligations with respect to any Liabilities of the Debtors other than the Assumed Liabilities and its obligations under the Purchase Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Sale Motion is granted in its entirety, subject to the terms and conditions contained herein.

2. All objections, responses, and requests for continuance concerning the Sale Motion are resolved in accordance with the terms of this Order and as set forth in the record of the Sale Hearing. To the extent any such objection, response or request for continuance was not otherwise withdrawn, waived, or settled, it, and all reservations of rights contained therein, is overruled and denied on the merits.

3. <u>Authority to Consummate Sale</u>. The sale of the Debtors' Purchased Assets pursuant to the terms and conditions of the Purchase Agreement, the bid by the Buyer and the transactions

contemplated thereby are authorized and approved in all respects.

The Debtors are authorized to sell the Debtors' Purchased Assets for the Purchase Price provided in the Purchase Agreement. The Debtors are authorized to enter into the Purchase Agreement, as it may be modified by the Debtors and Buyer pursuant to Paragraph 9 herein.

4. The Buyer is hereby granted and is entitled to all of the protections provided to a good faith buyer under section 363(m).

5. The Debtors (including their respective officers, directors, employees and agents) hereby are authorized to fully assume, perform under, consummate and implement the terms of the Purchase Agreement together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Purchase Agreement, this Order and the sale of the Purchased Assets contemplated thereby, and to take all further actions as may reasonably be requested by the Buyer (or that may otherwise be necessary or appropriate) for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to possession, any or all of the Purchased Assets or Assumed Liabilities, or to carry out the terms of this Order, in each case without any further corporate action or orders of this Court. Without limiting the foregoing, the Debtors are authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including the holders of any liens, claims or interests identified in Paragraph N of this Order, that are necessary or appropriate to effectuate or consummate the sale.

6. Other than as provided in the Purchase Agreement (a) the Purchased Assets conveyed hereunder shall be conveyed on an "as is, where is" basis and "with all faults," and (b) the Buyer hereby waives and releases any warranties of any kind and nature with respect to the Purchased Assets conveyed hereunder, including any warranties of merchantability and of fitness for a particular purpose.

7. Effective as of the Closing, (a) the sale of the Debtors' Purchased Assets by the Debtors to the Buyer shall constitute a legal, valid and effective transfer of the Debtors' Purchased Assets and shall vest Buyer with all right, title and interest of the Debtors and their bankruptcy estates in and to the Debtors' Purchased Assets, and (b) the assumption of any Assumed Liabilities

DAK
R:\Avizaj\Pleadings\Motion to Sale (SPE)\Sale Motion\Order v5.doc

6

ORDER GRANTING MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Case: 09-54511   Doc# 296   Filed: 09/30/09   Entered: 09/30/09 17:15:29   Page 6 of 11

by the Buyer shall constitute a legal, valid and effective delegation of any Assumed Liabilities to the Buyer and shall divest the Debtors of all liability with respect to any Assumed Liabilities.

8. The sale of the Purchased Assets shall vest Buyer with all right, title and interest of the Debtors and their bankruptcy estates to the Purchased Assets free and clear of any and all of the Encumbrances, with all such Encumbrances to attach to the proceeds of the sale with the same priority, validity, force, and effect, if any, as they now have in or against the Debtors' Purchased Assets, subject to all claims and defenses the Debtors may possess with respect thereto. To the extent provided for in the Purchase Agreement, any and all of the Debtors' security deposits, or other security held by landlords, lessors and other counterparties to the contracts, leases, and licenses that are to be assumed and assigned under the Purchase Agreement are being transferred and assigned to, and shall be the property of, the Buyer from and after the Closing.

9. <u>Additional Provisions</u>. Subject to the terms of the Purchase Agreement, the Purchase Agreement and any related agreements or instruments may be waived, modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, upon written notice to counsel for the Creditors' Committee and counsel for the Lender with three (3) business days opportunity to object (unless waived in writing) and in accordance with the terms thereof, without further action or order of the Court; <u>provided</u>, <u>however</u>, that any such waiver, modification, amendment, or supplement does not have a material adverse effect on the Debtors' bankruptcy estates. In the event of a timely objection as provided by this Paragraph 9, such objection may be scheduled for telephonic hearing before the Court on 24 hours' notice to counsel for the Debtors, counsel for the Lender and counsel for the Creditors' Committee.

10. This Order is binding in all respects on the Debtors, their estates, the holders of Encumbrances, creditors of the Debtors and all persons who received notice of the Motion and any and all successors and assigns, including, without limitation, any trustee(s) appointed in these cases under any chapter of the Bankruptcy Code.

11. The Debtors, and any escrow agent upon the Debtors' written instruction, shall be authorized to make such disbursements on or after the Closing as are required by the Purchase Agreement or order of this Court, including, but not limited to, the payment of (a) any cure amounts

specified in the Court's ORDER GRANTING MOTION BY DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN ASSETS OF THE DEBTORS; and (b) the Lender's allowed secured claim, subject to the terms and conditions of that certain ORDER APPROVING USE OF CASH COLLATERAL dated July 31, 2009. Any disputes with respect to the escrow, including any escrow demands, shall be determined by the Bankruptcy Court upon motion on not less than seven (7) days' notice.

12. Effective as of the Closing, the Buyer and its respective successors and assigns shall be designated and appointed the Debtors' true and lawful attorney and attorneys, with full power of substitution, in the Debtors' name and stead, on behalf and for the benefit of the Buyer, its successors and assigns, to demand and receive any and all of the Debtors' Purchased Assets and to give receipts and releases for and in respect of the Debtors' Purchased Assets, or any part thereof, and from time to time to institute and prosecute in the Debtors' name, for the benefit of the Buyer and its respective successors and assigns, any and all proceedings at law, in equity or otherwise, which the Buyer and its successors and assigns, may deem proper for the collection or reduction to possession of any of the Debtors' Purchased Assets, and to do all acts and things with respect to the Debtors' Purchased Assets which the Buyer and its successors and assigns, shall deem desirable. The foregoing powers are coupled with an interest and are and shall be irrevocable by the Debtors.

13. To the extent the transactions contemplated by the Purchase Agreement require the transfer by the Debtors of any licenses, permits, registrations or governmental authorization, the Debtors are authorized to transfer such licenses, permits, registrations or governmental authorization to the Buyer or its successors and assigns as of the Closing Date, to the fullest extent permitted under applicable law.

14. Upon the Closing, the Debtors are authorized to pay Needham the Sale Fee in the amount of $600,000 plus reimbursement for reasonable expenses incurred through September 25, 2009 in the amount of $11,147.15, without further application to the Court. As authorized by the Needham Employment Order, Needham may seek reimbursement of additional expenses up to $13,852.85 (i.e., such that the total expenses reimbursed do not exceed $25,000) without application to the Court, subject to review and approval of such additional expenses by the Debtors, the

DAK
R:\Avidair\Pleadings\Sale (SDJ)\Sale Motion\orderv5.doc

Case: 09-54511    Doc# 296    Filed: 09/30/09    Entered: 09/30/09 17:15:29    Page 8 of 11

8    ORDER GRANTING MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Creditors' Committee, the Lender and the Office of the United States Trustee. In the event of any dispute regarding such additional expenses, Needham may request that the matter be set for hearing.

15. Upon the Closing, the Debtors are authorized to change their names to "ATI Liquidating, Inc.," "AI Liquidating, Inc." and "TTI Liquidating, Inc.," respectively, and to file all documents as are necessary to reflect such name changes. Upon Closing, the Debtors are authorized to file, and all such pleadings shall be docketed, under the Debtors' new names "ATI Liquidating, Inc.," "AI Liquidating, Inc." and "TTI Liquidating, Inc.," respectively, consistent with the proposed form of caption attached as Exhibit "C" to the Kaelin Declaration.

16. Nothing in any order of this Court or contained in any plan of reorganization or liquidation confirmed in the Cases, or in any subsequent or converted cases of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code, shall conflict with or derogate from the provisions of the Purchase Agreement or the terms of this Order.

17. This Court shall retain jurisdiction even after the closing of these chapter 11 Cases to:

    a. interpret, implement, and enforce the terms and provisions of this Order, the Bid Procedures Order, and the Purchase Agreement, all amendments thereto and any waivers or consents thereunder and each of the agreements executed in connection therewith in all respects;

    b. decide any disputes concerning this Order, the Purchase Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Purchase Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Purchased Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all Encumbrances;

    c. protect the Buyer, or Purchased Assets, against any of the Encumbrances as provided;

    d. compel delivery of all Purchased Assets to the Buyer;

    e. adjudicate any and all disputes concerning alleged pre-Closing Encumbrances in and to the Purchased Assets including without limitation the extent, validity, enforceability, priority, and nature of any and all such alleged Encumbrances;

Case: 09-54511    Doc# 296    Filed: 09/30/09    Entered: 09/30/09 17:15:29    Page 9 of 11

9

ORDER GRANTING MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

      f.      adjudicate any and all disputes relating to the Debtors' right, title, or interest in the Purchased Assets and the proceeds thereof; and

      g.      re-open the Debtors' chapter 11 Cases to determine any of the foregoing.

**APPROVED AS TO CONTENT AND FORM:**

**BINGHAM MCCUTCHEN LLP**

By: */s/ William Bates, Esq.*
    William Bates, Esq.
    Attorneys for Sumitomo Precision Products Co., Ltd.

**ORRICK HERRINGTON & SUTCLIFFE LLP**

By: */s/ Frederick D. Holden, Esq.*
    Frederick D. Holden, Esq.
    Attorneys for the Lender

**BINDER & MALTER LLP**

By: */s/ Robert Harris, Esq.*
    Robert Harris, Esq.
    Attorneys for the Committee of Unsecured Creditors

**JEFFER, MANGELS, BUTLER & MARMARO LLP**

By: */s/ Walter W. Gouldsbury, III*
    Walter W. Gouldsbury III
    Attorneys for IBM Corporation and IBM Credit, LLC

\*\* END OF ORDER \*\*

Case: 09-54511    Doc# 296    Filed: 09/30/09    Entered: 09/30/09 17:15:29    Page 10 of 11

10

ORDER GRANTING MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | **Debtors** |
| 3 | Patrick C. O'Connor |
| | Aviza Technology, Inc. |
| 4 | 440 Kings Village Road |
| | Scotts Valley, CA 95066 |
| 5 | |
| 6 | **U.S. Trustee** |
| | Office of the U.S. Trustee |
| 7 | Attn: Nanette Dumas |
| | U.S. Federal Building |
| 8 | 280 S. First Street, #268 |
| | San Jose, CA 95113-3004 |
| 9 | |
| 10 | **Attorneys for Debtors** |
| | John Walshe Murray |
| 11 | Doris A. Kaelin |
| | Murray & Murray |
| 12 | A Professional Corporation |
| | 19400 Stevens Creek Blvd., Suite 200 |
| 13 | Cupertino, CA 95014-2548 |
| 14 | **Counsel For Buyer** |
| | William Bates |
| 15 | Bingham McCutchen LLP |
| | 1900 University Avenue |
| 16 | East Palo Alto, CA 94303-2223 |
| 17 | **Attorneys for United Commercial Bank, as Agent for the Secured Lenders** |
| | Frederick D. Holden, Jr. |
| 18 | Orrick, Herrington & Sutcliffe LLP |
| | The Orrick Building |
| 19 | 405 Howard Street |
| | San Francisco, CA 94105-2669 |
| 20 | |
| | **Counsel To Creditors' Committee** |
| 21 | Robert G. Harris, |
| | Binder & Malter LLP |
| 22 | 2775 Park Avenue |
| | Santa Clara, CA 95050 |