1  JOHN WALSHE MURRAY (074823)
   ROBERT A. FRANKLIN (091653)
2  DORIS A. KAELIN (162069)
   MURRAY & MURRAY
3  A Professional Corporation
   19400 Stevens Creek Blvd., Suite 200
4  Cupertino, CA 95014-2548
   Telephone:  (650) 852-9000; (408) 907-9200
5  Facsimile:  (650) 852-9244
   Email:  jwmurray@murraylaw.com
6  Email:  rfranklin@murraylaw.com
   Email:  dkaelin@murraylaw.com

7

8  Attorneys for Debtors

9

10            **UNITED STATES BANKRUPTCY COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12                   **SAN JOSE DIVISION**

13  In re:                              )   Jointly Administered Chapter 11 Cases
                                        )
14                                      )
        **AVIZA TECHNOLOGY, INC.,**      )   Case No. 09-54511-RLE-11
15        A Delaware corporation         )
          Employer's Tax ID No.: 20-1979646 )
16                                      )
                                        )
17      **AVIZA, INC.,**                 )   Case No. 09-54514-RLE-11
          A Delaware corporation         )
18        Employer's Tax ID No.: 20-0249205 )
                                        )
19                                      )
        **TRIKON TECHNOLOGIES, INC.,**   )   Case No. 09-54515-RLE-11
20        A Delaware corporation         )
          Employer's Tax ID No.: 95-4054321 )
21                                      )   Date:    November 4, 2009
                                        )   Time:    10:30 a.m.
22              Debtor(s).              )   Place:   United States Bankruptcy Court
                                        )            280 S. First St., Room 3099
23       440 Kings Village Road          )            San Jose, CA  95113
         Scotts Valley, CA  95066        )   Judge:   Honorable Roger L. Efremsky
24  ────────────────────────────────────)

25

26        **FIRST APPLICATION FOR INTERIM COMPENSATION AND**
27     **REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS**

28

**TABLE OF CONTENTS**

I.     NOTICE. ................................................................................................................1

II.    INTRODUCTION. ...............................................................................................1

III.   EMPLOYMENT AUTHORIZATION. ..............................................................2

IV.    APPLICANT'S ATTORNEYS' FEES AND EXPENSES. ................................2

V.     ASSETS OF THE BANKRUPTCY ESTATES. ...............................................2

VI.    ESTIMATED ACCRUED EXPENSES OF ADMINISTRATION. ....................3

VII.   HISTORY AND DESCRIPTION OF DEBTORS' BUSINESS. .........................4

VIII.  EVENTS IN THE CHAPTER 11 CASES ...........................................................5

IX.    PROJECT BILLING. ............................................................................................7

       A.    Case Administration (Generally). ...............................................................7
       B.    Communications To & From Debtors And Debtors' Professionals. .............8
       C.    Communications To & From Parties In Interest (Generally). .....................9
       D.    Case Commencement. ................................................................................10
       E.    First Day Motions (Generally). ..................................................................10
       F.    Employee Wage and Benefits Motion. .......................................................12
       G.    Utilities Motion. ........................................................................................12
       H.    Motion for Order Limiting Notice. .............................................................14
       I.     Motion to Continue Pre-Petition Customer Practices. ...............................14
       J.     Motion for Appointment of Claims and Noticing Agent. ...........................15
       K.    Motion for Appointment of Responsible Individual. ..................................16
       L.    Cash Collateral:  First Motion. ..................................................................16
       M.    Cash Collateral:  Preparation for Contested Hearing and Entry of Final
             Order. ........................................................................................................17
       N.    Cash Collateral: Compliance with Final Order and Variance Reports. ......19
       O.    Cash Collateral: Second Motion. ...............................................................20
       P.    Motion to Continue Pre-Petition Cash Management Practices....................21
       Q.    Statement of Financial Affairs and Schedules re Communications with
             Client and Parties in Interest. ....................................................................22
       R.    Statement of Financial Affairs and Schedules re Motion for Extension of
             Time to File. ..............................................................................................22
       S.    Statement of Financial Affairs and Schedules re Preparation (Generally). ...........23
       T.    Statement of Financial Affairs and Schedules re Aviza Technology, Inc.:
             Preparation and Analysis. ..........................................................................26
       U.    Statement of Financial Affairs and Schedules re Aviza, Inc.:  Preparation
             and Analysis. .............................................................................................27
       V.    Statement of Financial Affairs and Schedules re Trikon Technologies, Inc.:
             Preparation and Analysis. ..........................................................................28
       W.    Statement of Financial Affairs and Schedules re Amendments....................29
       X.    Monthly Operating Reports. .......................................................................30
       Y.    Motion to Modify Rule 2015.3 Reporting Requirements. ...........................31
       Z.    Employment of Professionals (Generally)....................................................33
       AA.   Employment of Murray & Murray. ............................................................33
       BB.   Employment of Special Corporate and Transaction Counsel Latham &
             Watkins LLP. .............................................................................................34
       CC.   Employment of Financial Advisor Needham & Company, LLC. ................36
       DD.   Employment of Accountants Mohler, Nixon & Williams..............................37
       EE.   Employment of Special Real Estate and Environmental Counsel Wilson,
             Sonsini, Goodrich & Rosati .......................................................................38

Case 09-54511  Doc# 322   Filed: 10/15/09   Entered: ...   Page 2 of 114

| | | |
|---|---|---|
| FF. | Employment of Special Patent Counsel Morgan, Lewis & Bockius LLP. | 39 |
| GG. | Employment of Special Intellectual Property Counsel Matthew A. Joseph. | 39 |
| HH. | Employment of J.R. Parrish. | 40 |
| II. | Employment of Special Patent Counsel Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C. | 41 |
| JJ. | IBM Motion for Relief from Stay. | 42 |
| KK. | United States Trustee:  Interaction & Guideline Compliance | 43 |
| LL. | United States Trustee:  Initial Debtor Interview. | 44 |
| MM. | Meeting of Creditors. | 45 |
| NN. | Sale Procedures re Communications to Parties in Interest. | 46 |
| OO. | Sale Procedures re Preparation. | 47 |
| PP. | Sales Procedures re Motion. | 48 |
| QQ. | Sales Procedures re Legal Analysis. | 51 |
| RR. | Sale Procedures re Objections. | 51 |
| SS. | Sale Procedures re Hearing. | 52 |
| TT. | Sale Procedures re Compliance. | 53 |
| UU. | Sale re Letter of Intent. | 53 |
| VV. | Sale re Asset Purchase Agreement. | 54 |
| WW. | Sale re SPP Transaction. | 56 |
| XX. | Sale re Consummation of Sale Generally. | 57 |
| YY. | Sale re Additional Bidders. | 58 |
| ZZ. | Sale re Factual and Legal Analysis. | 59 |
| AAA. | Sale re Sale Motion and Related Pleadings. | 60 |
| BBB. | Sale re Notice of Sale Hearing. | 63 |
| CCC. | Sale re United Commercial Bank, East West Bank and ChinaTrust Bank (USA). | 65 |
| DDD. | Sale re Sale Hearing. | 66 |
| EEE. | Assumption Motion re Contract Evaluation. | 66 |
| FFF. | Assumption Motion re Assumed Contracts. | 67 |
| GGG. | Assumption Motion re Pleadings. | 69 |
| HHH. | Assumption Motion re Notice of Assumption and Assignment. | 71 |
| III. | Assumption Motion re Contract Counterparties. | 73 |
| JJJ. | Assumption Motion re Hearing. | 74 |
| KKK. | Motions to Sell Surplus & Excluded Assets. | 75 |
| | i) Communications Regarding Surplus Assets | 75 |
| | ii) Motion to Sell Miscellaneous Assets | 76 |
| | iii) Motion to Shorten Time for Miscellaneous Assets | 77 |
| | iv) Motion to Sell Excluded IP | 77 |
| | v) Motion to Shorten Time for Auction Motion and Approve Bid Procedures | 78 |
| | vi) Review Submitted Bids and Correspondence With Potential Purchasers | 80 |
| | vii) Post-Auction Matters | 80 |
| LLL. | Sale of Real Property. | 81 |
| MMM. | Executory Contracts (Generally). | 82 |
| NNN. | Executory Contracts re Scientech. | 83 |
| OOO. | Executory Contracts re IBM Global Services. | 84 |
| PPP. | Equipment Leases (Generally). | 85 |
| QQQ. | Rejection of IBM Equipment Leases. | 85 |
| RRR. | Rejection of GECC Equipment Leases. | 87 |
| SSS. | Real Property Leases. | 88 |
| TTT. | Claims (Generally). | 89 |
| UUU. | Taxes. | 90 |
| VVV. | Lien Avoidance. | 91 |
| WWW. | Plan of Reorganization. | 91 |

| | | | |
|---|---|---|---|
| XXX. | Disclosure Statement. | | 92 |
| YYY. | Motion to Extend Exclusivity. | | 92 |
| ZZZ. | United Commercial Bank, East West Bank and China Trust Bank (USA). | | 93 |
| AAAA. | AFCO. | | 94 |
| BBBB. | Creditors' Committee. | | 95 |
| CCCC. | Arbitration Subpoena. | | 96 |
| DDDD. | Chapter 11 Status Conferences. | | 96 |
| EEEE. | Case Management. | | 97 |
| FFFF. | Compensation of Professionals (Generally). | | 98 |
| GGGG. | Compensation of Murray & Murray. | | 99 |

| | | |
|---|---|---|
| X. | PROJECT BILLING SUMMARY. | 100 |
| XI. | BILLING SUMMARY. | 100 |
| XII. | REIMBURSEMENT OF EXPENSES. | 101 |
| XIII. | PRIOR COMPENSATION. | 102 |
| XIV. | SOURCE OF COMPENSATION. | 102 |
| XV. | NO SHARING OF COMPENSATION | 102 |
| XVI. | UNPAID CHAPTER 11 EXPENSE OF ADMINISTRATION CLAIMS. | 102 |
| XVII. | RELIEF REQUESTED. | 103 |

CERTIFICATION RE COMPLIANCE WITH GUIDELINES FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS .................................................. 104

EXHIBIT INDEX .................................................. 106

**FIRST APPLICATION FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS**

TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY JUDGE:

The FIRST APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS (the "Application") of Murray & Murray, A Professional Corporation ("Murray & Murray" or your "Applicant") respectfully represents:

## I.      NOTICE.

Pursuant to this Court's ORDER LIMITING NOTICE entered on June 12, 2009, notice of the hearing on this Application is being provided by your Applicant to the following:

**a)**      The natural person responsible for the duties and obligations of the Debtors pursuant to B.L.R. 4002-1 of the Local Bankruptcy Rules for the Northern District of California;

**b)**      Any Official Committee of Unsecured Creditors and its counsel;

**c)**      All secured creditors;

**d)**      All creditors listed on the Debtors' Lists of Creditors Holding 20 Largest Unsecured Claims;

**e)**      The Office of the United States Trustee in San Jose, California (the "United States Trustee"); and

**f)**      Any party in interest who has served on your Applicant and filed with the Clerk of the Court a request for special notice.

## II.      INTRODUCTION.

Murray & Murray is a professional law corporation, each of whose attorneys is duly licensed and admitted to practice before this Court.  Murray & Murray is the attorney for Aviza Technology, Inc. ("ATI"), Aviza , Inc. ("Aviza") and Trikon Technologies, Inc. ("Trikon"), the debtors and debtors in possession herein (collectively,  the "Company" or the "Debtors") having been so retained under a general retainer by order of this Court authorizing and approving such employment.  As such attorney, Murray & Murray has performed various legal services for the Debtors, the particulars of which are hereinafter set forth.

Case: 09-54511    Doc# 322    Filed: 10/15/09    Entered: 10/15/09 17:42:07    Page 5 of
114

## III. EMPLOYMENT AUTHORIZATION.

On June 23, 2009, this Court entered its ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL which authorized the Debtors to employ Murray & Murray under a general retainer on an hourly basis to provide aid and assistance in the administration of these cases, to provide continued representation in all negotiations and proceedings involving creditors and other parties in interest, to prepare and assist in the confirmation of a plan, and to represent the Debtors in all other legal aspects of the Chapter 11 cases. A copy of this order is attached hereto as **Exhibit "A"** and by this reference incorporated herein.

## IV. APPLICANT'S ATTORNEYS' FEES AND EXPENSES.

Your Applicant seeks interim approval of its attorney's fees and expenses incurred in these Chapter 11 cases from June 9, 2009 through September 30, 2009 (the "First Application Period") in the amount of $1,050,100.50 and $31,913.78, respectively. These attorneys' fees and expenses can be broken down on a monthly basis as follows:

| Month | Fees | Expenses | Total |
|-------|------|----------|-------|
| June | $ 172,085.50 | $ 5,890.01 | $ 177,975.51 |
| July | $ 336,037.50 | $ 5,394.81 | $ 341,432.31 |
| August | $ 289,112.50 | $ 5,962.75 | $ 295,075.25 |
| September | $ 252,865.00 | $ 14,666.21 | $ 267,531.21 |
| **Total** | $ 1,050,100.50 | $ 31,913.78 | $ 1,082,014.28 |

## V. ASSETS OF THE BANKRUPTCY ESTATES.

On September 30, 2009, this Court entered its ORDER GRANTING MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS whereby it approved the sale of a significant portion of the Debtors' assets to Sumitomo Precision Products Co., Ltd. ("SPP"). The sale, which is scheduled to close on October 16, 2009, is projected to generate sale proceeds of approximately $60,000,000. Also on September 30, 2009, this Court approved the sale of certain patents and other intellectual property rights to Applied Materials, Inc. for the sum of $1,100,000. Assets presently remaining with the Debtors include its 43.7 acre parcel of real estate in Scotts Valley, California, and various product lines, equipment and inventory not sold to SPP. The liquidation of these remaining assets is the Debtors' top priority.

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09   Page 6 of 114

# VI. ESTIMATED ACCRUED EXPENSES OF ADMINISTRATION.

Other than accrued professional fees that are summarized below, Murray & Murray is informed that the Debtors are paying their post-petition expenses as they become due in the ordinary course of business.

The following is a summary of the compensation requested by professionals of the Debtor and the Official Committee of Unsecured Creditors (the "Creditors' Committee" or the "Committee"):

| Applicant and Address | Fees and Expenses Requested |
|---|---|
| **Debtor's Bankruptcy Counsel**<br><br>Murray & Murray<br>A Professional Corporation<br>19400 Stevens Creek Boulevard #200<br>Cupertino, CA 95014-2548 | Fees:        $1,050,100.50<br>Expenses:    $   31,913.78<br>Subtotal:     $1,082,014.28<br>Less retainer:  <$  191,034.19><br>Net Request:  $  890,980.09<br>Period covered by application: June 9, 2009 through September 30, 2009 |
| **Debtor's Special Counsel**<br><br>Latham & Watkins LLP<br>140 Scott Drive<br>Menlo Park, CA 94025 | Fees:        $366,571.25<br>Expenses:    $ 68,580.11<br>Subtotal:     $435,151.36<br>Less retainer:  <u><$287,156.36></u><br>Net request:   $147,995.00<br>Period covered by application:  June 9, 2009 through September 30, 2009 |
| **Creditors' Committee's Counsel**<br><br>Binder & Malter, LLP<br>2775 Park Avenue<br>Santa Clara CA. 95050 | Fees:        $150,160.50<br>Expenses:    $   1,421.68<br>Total:        $151,582.18<br>Period covered by application:  June 9, 2009 through September 30, 2009 |

These professionals have also continued to provide services subsequent to their particular application period which will be the subject of subsequent applications to the Court.

/ / /

/ / /

**VII.   HISTORY AND DESCRIPTION OF DEBTORS' BUSINESS.**

ATI was a publicly traded company whose stock traded on the Nasdaq Global Market under the symbol "AVZA."  As of February 3, 2009, ATI had 21,856,473 shares of its common stock outstanding, held by approximately 2,865 stockholders.  ATI is a holding company whose sole assets consist of shares of stock in Aviza and Trikon, its wholly owned subsidiaries.  There are a total of 22 corporate entities in the Aviza family.

The Company designs, manufactures, sells and supports advanced semiconductor capital equipment and process technologies for the global semiconductor industry and related markets.  The Company's customer base is geographically diverse and includes both integrated device manufacturers and foundry-based manufacturers.  The Company has a broad installed base with approximately 2,500 systems installed worldwide.  The Company is headquartered in Scotts Valley, California and operates its manufacturing, sales and support through directly and indirectly wholly owned subsidiaries in the United States, the United Kingdom, France, Germany, Korea, Japan, Malaysia, Singapore, Taiwan, Peoples Republic of China and Israel.

The Company's consolidated balance sheet for the fiscal quarter ending December 26, 2008 lists assets of $89,365,000, liabilities of $69,022,000 and stockholder's equity of $20,343,000.  The Company lost $47,364,000 on sales of $133,189,000 in the fiscal year ending September 26, 2008.

On April 13, 2007, ATI and Aviza entered into a LOAN AND SECURITY AGREEMENT and related documents (collectively, the "Loan Agreement") with United Commercial Bank, East West Bank and ChinaTrust Bank (USA) (collectively, the "Banks") for a credit facility (the "Pre-Petition Secured Credit Facility") pursuant to which the Banks provided credit up to approximately $55,000,000 under a revolving line of credit, an equipment term loan and a real estate term loan.  As of the Petition Date, ATI and Aviza owed the Banks approximately $28,300,000.  This obligation (the "Pre-Petition Secured Obligations") is secured by the assets of ATI and Aviza, but not the assets of Trikon or any other directly or indirectly owned subsidiary.  On May 20, 2009, the Banks sent a letter to the Company declaring certain provisions of the Loan Agreement to be in default, accelerating the balance due, demanding payment in full of the Pre-Petition Secured Obligations and advising of their intent to exercise their rights and remedies.

Due to the rapid decline in new orders and sales being experienced industry-wide, on November 20, 2008, the Company engaged the investment banking firm of Needham & Company, LLC ("Needham") to assist it in exploring opportunities to sell the Company and/or raise additional equity investment. Needham contacted over 30 companies and conducted over 10 management meetings and/or presentations. As the months progressed, it became clear that the only salvation for the Company was a sale of its assets, including the stock or assets of some of its directly or indirectly owned subsidiaries. As a result of Needham's efforts, the Company is poised to close a sale transaction with SPP.

## VIII. EVENTS IN THE CHAPTER 11 CASES.

The Debtors commenced their Chapter 11 cases on June 9, 2009 (the "Petition Date"). On June 10, 2009, this Court entered its ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION OF ESTATES.

Immediately upon the commencement of the cases, the Debtors filed their first day motions for orders limiting notice, determining that the Debtors' utilities had been provided with adequate assurance of payment, authorizing payment of employee wages and benefits, authorizing the continuation of pre-petition customer and vendor practices and pre-petition cash management practices, and for use of cash collateral. The Court conducted preliminary and final hearings with respect to most of these motions, and all motions were ultimately granted by the Court.

The Court has authorized the Debtors to employ a number of professionals in these cases including Murray & Murray, the Debtors' bankruptcy counsel; Latham & Watkins LLP, the Debtors' special corporate and transaction counsel; Needham, the Debtors' financial advisor; Wilson, Sonsini, Goodrich & Rosati, the Debtors' special real estate and environmental counsel; Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C., the Debtors' special patent counsel; Mathew A. Joseph, the Debtors' special intellectual property counsel; Mohler, Nixon & Williams, the Debtors' accounts; and J.R. Parrish, the Debtors' real estate broker. The Court has also authorized the employment of Omni Management Group, LLC ("Omni") as the Debtors' claims and noticing agent.

/ / /

JWM:yhc
SF\613464v2.doc\73045.0001 M&M\Doc# 1-hdd2x2.v9.doc
Case 09-54511  Doc# 322  Filed: 10/15/09  Entered: 10/15/09  Page 9 of 114

5    FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEY FOR DEBTORS

On June 23, 2009, the United States Trustee appointed the Committee in these cases. On July 28, 2009, this Court entered its order authorizing the Committee to retain Binder & Malter LLP as its counsel in these cases.

Since the commencement of the cases, the Debtors have submitted their Statement of Financial Affairs and Schedules and their responses to the United States Trustee's Initial Debtor Interview ("IDI") questionnaires and document production requests, attended the IDI and the Section 341 meeting of creditors, submitted their Chapter 11 status conference statements, and attended all Chapter 11 status conferences. The Debtors also sought and received an order from this Court modifying the financial reporting requirements of Bankruptcy Rule 2015.3. All Monthly Operating Reports have been filed, and the Debtors are current in their payments of the United States Trustee's fees.

The Debtors have moved the Court for various orders allowing them to reject certain executory contracts related to unused equipment. They have also stipulated with a real estate lessor for the rejection of its real property lease with no resulting rejection damages.

The Debtors have also successfully defended two motions for relief from the automatic stay.

On September 10, 2009, the Debtors filed their MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF. On September 30, 2009, after notice and a hearing, the Court entered its ORDER GRANTING MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF extending the two exclusivity periods to January 7, 2010 and March 7, 2010 respectively.

On August 27, 2009, the Court entered its ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS. On September 30, 2009, the Court entered its ORDER GRANTING MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS and its ORDER AUTHORIZING DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN ASSETS OF THE DEBTORS whereby it approved the SPP transaction which will result in sale proceeds of approximately $60,000,000.

JWM:yhe
N:\JWM\Fortress\Appl.M&M.Doc\First Interim v9.doc       6       FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:25:08   Page 10 of 114

At the hearing on September 29, 2009, the Court also approved the sale of certain patents and intellectual property to Applied Materials, Inc. for the sum of $1,100,000.

The Debtors are currently preparing their plan of reorganization and disclosure statement which they expect to file soon. The plan will provide for the substantive consolidation of the jointly administered bankruptcy estates, the liquidation of the remaining assets of the Debtors, the collection of the sale proceeds, the dissolution of the Debtors' subsidiaries and upstreaming of assets to the Debtors, and the ultimate distribution to creditors and equity security holders pursuant to the priorities of the Bankruptcy Code.

## IX.   PROJECT BILLING.

Murray & Murray has included the following project billing categories in this Application:

### A.        Case Administration (Generally).

This project billing category includes matters of a general nature that do not fit more logically in another more discrete project billing category, or fall into multiple discrete project billing categories and are not easily separable. In the course of your Applicant's representation of the Debtors in these cases, your Applicant attended to matters regarding preparation of a hot line script for a dedicated phone line in the cases; communications with Court personnel and the United States Trustee regarding Applicant's preparation of the Section 341 Notice and logistics for service on more than 5,000 parties in interest; coordination with Omni regarding service of the Section 341 Notice, Proof of Claim forms, the Notice of Status Conference and the Order Limiting Notice; conferring with the Debtors regarding the Company's website posting; conferring with Omni regarding its website posting for the Chapter 11 cases; preparation of the Chapter 11 dates & deadlines calendar; preparation and service of notices of the automatic stay; preparation of a protocol for return mail and updates to the master address list; and conducting legal research under Bankruptcy Rule 9027 regarding deadlines to remove certain causes of action.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "B"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized

as follows:

Professional hours expended:

| Attorney / Initials | Hours | | Rate | | Amount |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | 2.80 | $ | 590.00 | $ | 1,652.00 |
| Janice M. Murray (JMM) | .40 | $ | 540.00 | $ | 216.00 |
| Robert A. Franklin (RAF) | .50 | $ | 460.00 | $ | 230.00 |
| Doris A. Kaelin (DAK) | .40 | $ | 440.00 | $ | 176.00 |
| Jenny Lynn Fountain (JLF) | 7.30 | $ | 350.00 | $ | 2,555.00 |
| Rachel P. Ragni (RPR) | 4.20 | $ | 330.00 | $ | 1,386.00 |
| Ivan C. Jen (ICJ) | 4.50 | $ | 225.00 | $ | 1,012.50 |
| **Totals** | 20.10 | | | $ | 7,227.50 |

**B.**     **Communications To & From Debtors And Debtors' Professionals.**

This project billing category includes all of your Applicant's attorneys' fees relative to communications with the Debtors' representatives and the Debtors' other professionals engaged in the cases, which do not fit within a more discrete project billing category, or fall into multiple discrete project billing categories and are not easily separable, including matters regarding case commencement; issuance of a press release; case status, case timeline and action items; SEC required filings and preparation of SEC Form 8-k; insurance matters; environmental issues and appraisal of real estate; creditor disputes; Debtors' financials, Rule 2015.3 reports and monthly operating reports; foreign subsidiaries; accounts receivable; personal property taxes; lease rejection; asset purchase agreement; creditor communications; global cash forecast, cash collateral and waterfall analysis; credit card use; litigation status; corporate governance; sale hearing and post-sale budget items.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "C"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 7.20 | $ 590.00 | $ 4,248.00 |
| Janice M. Murray (JMM) | .90 | $ 540.00 | $ 486.00 |
| Robert A. Franklin (RAF) | 2.80 | $ 460.00 | $ 1,288.00 |
| Doris A. Kaelin (DAK) | .70 | $ 440.00 | $ 308.00 |
| Jenny Lynn Fountain (JLF) | 1.10 | $ 350.00 | $ 385.00 |
| Rachel P. Ragni (RPR) | .60 | $ 330.00 | $ 198.00 |
| **Totals** | 13.30 | | $ 6,913.00 |

### C. Communications To & From Parties In Interest (Generally).

This project billing category includes communications between your Applicant and other parties in interest in the cases which do not fit within a more discrete project billing category or fit into multiple project billing categories and are not easily separable, including communications regarding the status of the cases; and specific creditor, vendor, government agency and shareholder questions.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "D"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.70 | $ 590.00 | $ 1,003.00 |
| Janice M. Murray (JMM) | 4.10 | $ 540.00 | $ 2,214.00 |
| Doris A. Kaelin (DAK) | .80 | $ 440.00 | $ 352.00 |
| Jenny Lynn Fountain (JLF) | 1.60 | $ 350.00 | $ 560.00 |
| Rachel P. Ragni (RPR) | 9.40 | $ 330.00 | $ 3,102.00 |
| Thomas T. Hwang (TTH) | .10 | $ 310.00 | $ 31.00 |
| **Totals** | 17.70 | | $ 7,262.00 |

/ / /

/ / /

### D. Case Commencement.

This project billing category includes your Applicant's attorneys' fees relative to case commencement matters including correspondence and interaction with the Debtors' representatives, the Court staff and Omni regarding case commencement matters, preparation of various pleadings pertaining to case commencement including the LIST OF CREDITORS HOLDING TWENTY LARGEST UNSECURED CLAIMS for all three Debtors, the CREDITOR MATRIX for all three Debtors as well as a combined MASTER MATRIX, the LIST OF EQUITY SECURITY HOLDERS, the NOTICE OF RELATED CASES, the STATEMENT OF CORPORATE OWNERSHIP for all three Debtors, and the VOLUNTARY PETITIONS for all three Debtors, as well as attention to other case commencement matters.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "E"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .80 | $ 590.00 | $ 472.00 |
| Janice M. Murray (JMM) | 1.70 | $ 540.00 | $ 918.00 |
| Jenny Lynn Fountain (JLF) | 6.90 | $ 350.00 | $ 2,415.00 |
| **Totals** | 9.40 | | $ 3,805.00 |

### E. First Day Motions (Generally).

On June 12, 2009, your Applicant filed the following motions (collectively, the "First Day Motions"):

1. MOTION FOR INTERIM AND FINAL ORDERS APPROVING USE OF CASH COLLATERAL (the "Cash Collateral Motion");

2. MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO CONTINUE PRE-PETITION CASH MANAGEMENT PRACTICES (the "Cash Management Motion");

3. MOTION FOR ORDER AUTHORIZING DEBTOR TO HONOR PRE-PETITION CUSTOMER AND VENDOR PRACTICES (the "Customer Practices Motion");

JWM:yhe
...First Appl...M&M...First Interim v.9.doc    10    FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY GENERAL FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:25:08   Page 14 of 114

4.      MOTION FOR ORDER AUTHORIZING THE DEBTOR TO (I) HONOR PRE-PETITION EMPLOYEE WAGES, OBLIGATIONS AND CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS; AND (II) FOR THE DEBTOR AND BANKS AND OTHER FINANCIAL INSTITUTIONS TO COMPLY WITH PROCEDURES RELATING THERETO (the "<u>Employee Wage and Benefits Motion</u>"); and

5.      MOTION FOR ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (II) DEEMING UTILITIES ADEQUATELY ASSURED OF PAYMENT; AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT (the "<u>Utilities Motion</u>").

This project billing category includes your Applicant's attorneys' fees relative to the First Day Motions generally and includes preparation of the following pleadings:

1.      EX PARTE MOTION FOR ORDER SHORTENING TIME FOR HEARING ON FIRST DAY MOTIONS;

2.      DECLARATION OF ROBERT A. FRANKLIN IN SUPPORT OF EX PARTE MOTION FOR ORDER SHORTENING TIME FOR HEARING ON FIRST DAY MOTIONS;

3.      NOTICE OF HEARING ON FIRST DAY MOTIONS; and

4.      DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF FIRST DAY MOTIONS (the "<u>Omnibus Declaration</u>").

Also included within this category are matters regarding service of the First Day Motions, the Omnibus Declaration and conferences with the client and others regarding the First Day motions generally. In this regard, your Applicant conferred with the Debtors with respect to the relief requested. Your Applicant also had discussions with the Clerk of the Court, the United States Trustee, counsel for the secured creditors and other parties in interest regarding the relief requested. Your Applicant prepared for and attended the hearing on the First Day Motions, and drafted appropriate orders for the First Day Motions, all of which were granted by this Court. Your Applicant also worked with the Debtors to insure that the Debtors complied with the requirements under the First Day Motions and all orders entered thereon.

### <u>Project Summary</u>

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "F"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized

JWM:yhe
...AppM\&ExpFirst Interim v9.doc                                   11
Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 13:25:08   Page 15 of 114

FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 9.70 | $ 590.00 | $ 5,723.00 |
| Janice M. Murray (JMM) | 1.80 | $ 540.00 | $ 972.00 |
| Robert A. Franklin (RAF) | 10.20 | $ 460.00 | $ 4,692.00 |
| Doris A. Kaelin (DAK) | .40 | $ 440.00 | $ 176.00 |
| Jenny Lynn Fountain (JLF) | .20 | $ 350.00 | $ 70.00 |
| Rachel P. Ragni (RPR) | 2.70 | $ 330.00 | $ 891.00 |
| **Totals** | 25.00 | | $ 12,524.00 |

**F.       Employee Wage and Benefits Motion.**

This project billing category includes your Applicant's attorneys' fees relative to the preparation and filing of the Employee Wage and Benefits Motion.  Your Applicant conferred with the Debtors regarding the Debtors' general payroll, benefits and other employee-related procedures and advised the Debtors regarding the applicable priority payment provisions under the Bankruptcy Code.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "G"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .50 | $ 590.00 | $ 295.00 |
| Robert A. Franklin (RAF) | 1.60 | $ 460.00 | $ 736.00 |
| Rachel P. Ragni (RPR) | 3.60 | $ 330.00 | $ 1,188.00 |
| **Totals** | 5.70 | | $ 2,219.00 |

**G.       Utilities Motion.**

This project billing category includes your Applicant's attorneys' fees relative to the preparation and filing of the Utilities Motion.  Your Applicant conferred with the Debtors regarding

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:25:08   Page 16 of 114

the Debtors' relationships with its utilities, including the present status of deposits and payments. IBM Corporation raised an objection to the Utilities Motion which your Applicant reviewed. Your Applicant conferred with counsel to IBM regarding its contention that it was not a utility company and therefore not subject to § 366, and eventually agreed that the Debtors would not contest IBM's contention. Your Applicant prepared the INTERIM ORDER GRANTING MOTION FOR ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (II) DEEMING UTILITIES ADEQUATELY ASSURED OF PAYMENT; AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT pursuant to which the Court entered the interim relief requested and set a final hearing on the Utilities Motion. Your Applicant thereupon prepared and served the NOTICE OF ENTRY OF INTERIM ORDER GRANTING MOTION FOR ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (II) DEEMING UTILITIES ADEQUATELY ASSURED OF PAYMENT; AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT and conferred with representatives from some of the affected utilities, eventually succeeding in negotiating an agreed upon deposit with those utilities. Thereafter, your Applicant prepared the Final Order which the Court entered on August 11, 2009 and in which full relief was granted, except as to IBM as to which the Utilities Motion was denied.

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "H"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.20 | $ 590.00 | $ 708.00 |
| Robert A. Franklin (RAF) | 8.10 | $ 460.00 | $ 3,726.00 |
| Rachel P. Ragni (RPR) | 5.40 | $ 330.00 | $ 1,782.00 |
| Ivan C. Jen (ICJ) | .50 | $ 225.00 | $ 112.50 |
| **Totals** | 15.20 | | $ 6,328.50 |

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:25:08   Page 17 of 114

**H.**          **Motion for Order Limiting Notice.**

This project billing category includes your Applicant's attorneys' fees relative to the preparation and filing of the EX PARTE MOTION FOR ORDER LIMITING NOTICE and related pleadings. Your Applicant also conferred with the United States Trustee and Omni, and on June 11, 2009, the Court granted the Motion at which time your Applicant prepared, filed and served (by Omni) the NOTICE OF ENTRY OF ORDER LIMITING NOTICE on all interested parties.

<u>**Project Summary**</u>

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "I"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .10 | $ 590.00 | $ 59.00 |
| Jenny Lynn Fountain (JLF) | 3.40 | $ 350.00 | $ 1,190.00 |
| Rachel P. Ragni (RPR) | 2.80 | $ 330.00 | $ 924.00 |
| **Totals** | 6.30 | | $ 2,173.00 |

**I.**          **Motion to Continue Pre-Petition Customer Practices.**

This project billing category includes your Applicant's attorneys' fees relative to the preparation and filing of the Customer Practices Motion. In the Customer Practices Motion, the Debtors requested an order (i) granting administrative expense status to the Debtors' undisputed obligations to vendors arising from post-petition delivery of goods ordered pre-petition and authorizing, but not directing, the Debtors to pay such obligations in the ordinary course of business; (ii) granting administrative expense status to 11 U.S.C. § 503(b)(9) claims for the value of any goods received by the Debtors within 20 days prior to the Petition Date, and authorizing, but not directing, the Debtors to pay such obligations in the ordinary course of business; and (iii) allowing the Debtors to continue to maintain its warranty policies and procedures in the ordinary course of business. Your Applicant conferred with the Debtors regarding the practices, procedures and information necessary to prepare the Customer Practices Motion, which was granted by the Court. Thereafter, your

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:25:08   Page 18 of 114

Applicant responded to creditor inquiries regarding the effect and applicability of the order as to those creditors.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "J"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Robert A. Franklin (RAF) | 2.70 | $ 460.00 | $ 1,242.00 |
| Rachel P. Ragni (RPR) | 3.20 | $ 330.00 | $ 1,056.00 |
| **Totals** | 5.90 | | $ 2,298.00 |

### J.  Motion for Appointment of Claims and Noticing Agent.

This project billing category includes your Applicant's attorneys' fees relative to the preparation and filing of the EX PARTE APPLICATION FOR ORDER APPOINTING OMNI MANAGEMENT GROUP, LLC AS NOTICING AND CLAIMS' AGENT (28 U.S.C. § 156(c)), the DECLARATION OF BRIAN OSBORNE IN SUPPORT OF APPLICATION FOR ORDER APPOINTING OMNI MANAGEMENT GROUP, LLC AS NOTICING AND CLAIMS' AGENT (28 U.S.C. § 156(c)) and the accompanying order, which was entered by the Court on June 11, 2009.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "K"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Doris A. Kaelin (DAK) | 1.90 | $ 440.00 | $ 836.00 |
| Rachel P. Ragni (RPR) | 2.20 | $ 330.00 | $ 726.00 |
| **Totals** | 4.10 | | $ 1,562.00 |

**K.**      **Motion for Appointment of Responsible Individual**.

This project billing category includes your Applicant's attorneys' fees relative to the preparation and filing of the APPLICATION TO APPROVE DESIGNATION OF RESPONSIBLE INDIVIDUAL PURSUANT TO B.L.R. 4002-1 pursuant to which Patrick C. O'Connor was appointed the Responsible Individual by an order entered on June 11, 2009.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "L"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .30 | $ 590.00 | $ 177.00 |
| Jenny Lynn Fountain (JLF) | 1.90 | $ 350.00 | $ 665.00 |
| Rachel P. Ragni (RPR) | 1.00 | $ 330.00 | $ 330.00 |
| **Totals** | 3.20 | | $ 1,172.00 |

**L.**      **Cash Collateral: First Motion.**

This project billing category includes your Applicant's attorneys' fees relative to the preparation and filing of the first Cash Collateral Motion and related pleadings. In this regard, your Applicant conferred with the Debtors regarding sources and uses of cash, researched legal issues relating to the validity, priority and extent of the Banks' secured interest, reviewed proposed budgets, conferred with attorneys for the Banks regarding use of cash collateral and the budget, and attended interim hearings at which the Court approved on an interim basis use of cash collateral per the agreed upon budget. Your Applicant also conferred with the Debtors regarding issues of adequate protection, value of the collateral and the value of the proposed sale to SPP. Your Applicant also prepared for and attended an "all hands meeting" with the Banks and Banks' counsel to negotiate a final budget and drafted a proposed final order incorporating areas of agreement. The parties were unable to reach a final agreement at that time and the Court reserved two dates for an evidentiary hearing for contested use of cash collateral.

JWM:yhe
\\...\FirstFeeAppl.M&M\Draft Brian v9.doc
16
FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY AGENCY FOR DEBTORS

Case: 09-54511    Doc# 322    Filed: 10/15/09    Entered: 10/15/09 14:25:08    Page 20 of 114

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "M"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 16.40 | $ 590.00 | $ 9,676.00 |
| Janice M. Murray (JMM) | 1.80 | $ 540.00 | $ 972.00 |
| Robert A. Franklin (RAF) | 38.70 | $ 460.00 | $ 17,802.00 |
| Doris A. Kaelin (DAK) | .90 | $ 440.00 | $ 396.00 |
| Jenny Lynn Fountain (JLF) | 2.50 | $ 350.00 | $ 875.00 |
| Rachel P. Ragni (RPR) | 5.90 | $ 330.00 | $ 1,947.00 |
| Ivan C. Jen (ICJ) | .20 | $ 225.00 | $ 45.00 |
| **Totals** | 66.40 | | $ 31,713.00 |

> **M.     Cash Collateral:  Preparation for Contested Hearing and Entry of Final Order.**

This project billing category includes your Applicant's attorneys' fees relative to the preparation for a contested cash collateral hearing and related tasks ultimately culminating with the entry of a stipulated final ORDER APPROVING USE OF CASH COLLATERAL (the "Final Order").  In this regard, your Applicant analyzed and evaluated witnesses and evidence required for the evidentiary hearing, conferred with potential witnesses and drafted declarations for use as direct testimony. Your Applicant reviewed drafts of the declarations with the potential declarants and made revisions as necessary.  Your Applicant reviewed drafts of budgets and conferred with the Debtors regarding expected revenues and expenses and proposed uses of cash collateral.  Your Applicant conferred with Needham as necessary regarding the expected revenues from the proposed sale to SPP and the ultimate distribution to creditors.  The Debtors also conferred with counsel for SPP regarding attendance by his client at the evidentiary hearing.  Your Applicant continued to confer with counsel for the Banks regarding a potential consensual resolution of the Cash Collateral Motion as well as procedures for presenting evidence at a contested hearing.  Your Applicant continued to conduct

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 15:25:08   Page 21 of 114

legal research regarding the issues presented and prepared, served and filed on June 26, 2009, the following pleadings:

1. SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR INTERIM AND FINAL ORDERS APPROVING USE OF CASH COLLATERAL (the "Supplemental Pleading");

2. DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF MOTION FOR INTERIM AND FINAL ORDERS APPROVING USE OF CASH COLLATERAL (the "O'Connor Declaration"), and

3. DECLARATION OF JAMES KING IN SUPPORT OF MOTION FOR INTERIM AND FINAL ORDERS APPROVING USE OF CASH COLLATERAL (the "King Declaration").

Your Applicant reviewed the submissions from the Banks in opposition to the Cash Collateral Motion and continued to prepare for a contested hearing, preparing outlines of examination, arguments and reviewing documents for use as exhibits. Concurrently, your Applicant conferred with counsel to the Banks regarding a proposed stipulation. Your Applicant conferred with the Debtors and ultimately was able to negotiate a consensual resolution. Your Applicant drafted the proposed Final Order, an agreed upon version of which was ultimately entered by the Court.

## **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "N"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 29.90 | $ 590.00 | $ 17,641.00 |
| Janice M. Murray (JMM) | 1.70 | $ 540.00 | $ 918.00 |
| Robert A. Franklin (RAF) | 101.10 | $ 460.00 | $ 46,506.00 |
| Jenny Lynn Fountain (JLF) | .20 | $ 350.00 | $ 70.00 |
| Rachel P. Ragni (RPR) | 33.10 | $ 330.00 | $ 10,923.00 |
| **Totals** | 166.00 | | $ 76,058.00 |

/ / /

**N.    Cash Collateral: Compliance with Final Order and Variance Reports.**

This project billing category includes your Applicant's attorneys' fees relative to the issues associated with the entry of the Final Order and the Debtors' compliance therewith. In this regard, your Applicant drafted a memorandum and conferred with the Debtors regarding compliance with the Final Order, including reporting requirements. Your Applicant conferred with counsel to the Banks regarding the form of the weekly report and reviewed each weekly report prepared by the Debtors and forwarded the same to counsel for the Banks and the Committee. Your Applicant conferred with counsel for the Banks regarding alleged violations of the Final Order in the form of variances allegedly exceeding the amounts set forth in the Final Order. Your Applicant responded to these allegations; however, no further action was required in that the Banks did not elect to terminate use of cash collateral.

Your Applicant also conferred with the Banks regarding the termination date of the Final Order and requested that the Banks agree to an extension of that order. Ultimately, the Debtors filed a second motion for use of cash collateral.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "O"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 2.00 | $ 590.00 | $ 1,180.00 |
| Janice M. Murray (JMM) | 1.00 | $ 540.00 | $ 540.00 |
| Robert A. Franklin (RAF) | 8.00 | $ 460.00 | $ 3,680.00 |
| Rachel P. Ragni (RPR) | 1.90 | $ 330.00 | $ 627.00 |
| Ivan C. Jen (ICJ) | 3.90 | $ 225.00 | $ 877.50 |
| **Totals** | 16.80 | | $ 6,904.50 |

/ / /

/ / /

JWM:yhe
...\AO9\Fee App\M&M Court Interim v9.doc    19    FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511    Doc# 322    Filed: 10/15/09    Entered: 10/15/09 11:25:08    Page 23 of 114

## O.      Cash Collateral: Second Motion.

This project billing category includes your Applicant's attorneys' fees relative to the preparation and filing of the following documents:

1. SECOND MOTION FOR INTERIM AND FINAL ORDERS APPROVING USE OF CASH COLLATERAL;

2. DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF SECOND MOTION FOR INTERIM AND FINAL ORDERS APPROVING USE OF CASH COLLATERAL; and

3. NOTICE OF HEARING ON SECOND MOTION FOR INTERIM AND FINAL ORDERS APPROVING USE OF CASH COLLATERAL.

By these pleadings, the Debtors sought authority to use cash collateral pursuant to an interim two-week budget (the "Interim Budget") attached as an exhibit to the supporting declaration to fund continuing operations of the business through the closing of the sale to SPP. Your Applicant conferred with the Debtors and reviewed drafts of the Interim Budget. Your Applicant also conferred with counsel to the Banks and responded to inquiries regarding specific questions. Ultimately, the Court entered its SECOND INTERIM ORDER APPROVING USE OF CASH COLLATERAL AND SETTING FINAL HEARING. Concurrently, your Applicant has conferred with the Debtors and counsel to the Banks regarding the preparation of a final liquidation budget, pursuant to which the Debtors will fund remaining operations, liquidate remaining assets, manage the wind down and dissolution of their subsidiaries, collect and distribute the sale and other proceeds and prepare and confirm a liquidating plan of reorganization.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "P"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

/ / /

Case 09-54511    Doc# 322    Filed: 10/15/09    Entered: 10/15/09 16:25:08    Page 24 of 114

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | .70 | $ | 590.00 | $ | 413.00 |
| Janice M. Murray (JMM) | 1.30 | $ | 540.00 | $ | 702.00 |
| Robert A. Franklin (RAF) | 30.90 | $ | 460.00 | $ | 14,214.00 |
| **Totals** | 32.90 | | | $ | 15,329.00 |

## P.  Motion to Continue Pre-Petition Cash Management Practices.

This project billing category includes your Applicant's attorneys' fees relative to the research, preparation and filing of the Cash Management Motion. Prior to the Petition Date and in the ordinary course of its business, the Debtors utilized a global cash management system to manage the operations of all of their worldwide subsidiaries and the U.S. operations through intercompany transfers to and from the Debtors. Transfers to the Debtors from their direct and indirect subsidiaries were booked and accounted for as extensions of credit. Your Applicant conferred with the Debtors and reviewed various documents, including filings with the SEC, to understand the system. Your Applicant performed legal research as to the applicability and extent of the security interest held by the Banks in these funds.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "Q"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | .20 | $ | 590.00 | $ | 118.00 |
| Robert A. Franklin (RAF) | 8.40 | $ | 460.00 | $ | 3,864.00 |
| Rachel P. Ragni (RPR) | 14.30 | $ | 330.00 | $ | 4,719.00 |
| Ivan C. Jen (ICJ) | 3.50 | $ | 225.00 | $ | 787.50 |
| **Totals** | 26.40 | | | $ | 9,488.50 |

///

**Q. Statement of Financial Affairs and Schedules re Communications with Client and Parties in Interest.**

This project billing category includes your Applicant's attorneys' fees relative to correspondence and interaction with the Debtors and interested parties, including the Committee's Counsel, regarding the preparation and filing of the three Debtors' individual STATEMENT OF FINANCIAL AFFAIRS and SCHEDULES OF ASSETS AND LIABILITIES (collectively, "Sofas and Schedules"). Your Applicant communicated extensively with the Debtors on reporting matters for the Sofas and Schedules including requests for documents, questions arising based on information reviewed, review and discussion of many different iterations of the documents and matters requiring supplementation or further revision, and other matters.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "R"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.00 | $ 590.00 | $ 590.00 |
| Janice M. Murray (JMM) | 2.70 | $ 540.00 | $ 1,458.00 |
| Doris A. Kaelin (DAK) | .60 | $ 440.00 | $ 264.00 |
| Jenny Lynn Fountain (JLF) | 5.60 | $ 350.00 | $ 1,960.00 |
| Rachel P. Ragni (RPR) | .20 | $ 330.00 | $ 66.00 |
| Ivan C. Jen (ICJ) | .20 | $ 225.00 | $ 45.00 |
| **Totals** | 10.30 | | $ 4,383.00 |

**R. Statement of Financial Affairs and Schedules re Motion for Extension of Time to File.**

This project billing category includes your Applicant's attorneys' fees relative to preparation and filing of the EX PARTE MOTION BY DEBTORS FOR ORDER AUTHORIZING EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS ("Extension Motion") and related pleadings. Pursuant to the Extension Motion, the Debtors requested an extension of time (16

additional days) to file the Sofas and Schedules for each of them. This Court granted the Extension Motion pursuant to its ORDER AUTHORIZING EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "S"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .10 | $ 590.00 | $ 59.00 |
| Ivan C. Jen (ICJ) | 3.60 | $ 225.00 | $ 810.00 |
| **Totals** | 3.70 | | $ 869.00 |

**S.     Statement of Financial Affairs and Schedules re Preparation (Generally).**

This project billing category includes your Applicant's attorneys' fees relative to preparation and filing of the Debtors' Sofas and Schedules generally and collectively. The time expended in this category benefited all Debtors and as such the fees are not readily assignable to an individual Debtor. As discussed herein, these jointly administered cases include three Debtors, all of whom were required to file Sofas and Schedules. The preparation of the Debtors' three sets of Sofas and Schedules was extremely time-consuming for your Applicant for several reasons, including: (a) the vast nature of the Debtors' business, assets and liabilities; (b) the corporate history and relationships; (c) the status of the Debtors' books and records; and (d) the Debtors' limited human resources.

First, with respect to the Debtors' business, assets and liabilities, ATI is a publicly traded holding company with approximately 2,865 stockholders (as estimated on the Petition Date) and whose assets consist of shares of stock in Aviza and Trikon, its wholly owned subsidiaries. There are a total of 22 corporate entities in the Aviza family. The Debtors' consolidated balance sheet for the fiscal quarter ending December 26, 2008 lists assets of $89,365,000, liabilities of $69,022,000, and stockholders' equity of $20,343,000. Pre-petition, the Debtors collectively were parties to over one hundred contracts and estimated to have over five thousand creditors and shareholders. Each of

JWM:yhe
G:\...\Docs\Fee Appl\M&M First Interim v9.doc                                                                23        FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 14:25:08   Page 27 of 114

the Debtors' contracts and creditor relationships were complex and required review and analysis by your Applicant to ensure it was properly captured on the Sofas and Schedules. In total, the Debtors' Sofas and Schedules amount to over 400 pages collectively.

Second, the Debtors' corporate history is complex and as such, the records requiring review were extensive and the legal analysis required was significant. For instance, ATI was formed as a result of a merger in December 2005. Prior to the merger, Aviza, Inc. was a private corporation known as "Aviza Technology, Inc.," and changed its name to "Aviza, Inc.," following the merger. Since the merger, Aviza Inc., (defined as Aviza herein) in many respects, as discussed more fully hereinafter, has been and continues to do business in the name of ATI and will be referred to hereinafter as either Aviza or Aviza *fka* ATI. Prior to its incorporation, Aviza *fka* ATI was formerly the Thermal Division of ASML Holding, N.V. ("ASML"), a Netherlands corporation. On September 18, 2003, Aviza *fka* ATI was incorporated as Thermal Acquisition Corporation, a Delaware corporation, by VantagePoint Venture Partners and its affiliates to acquire the Thermal Division business of ASML. There were no operations of Aviza *fka* ATI from September 18, 2003 to October 7, 2003. On October 10, 2003, Thermal Acquisition Corporation acquired certain assets and liabilities of ASML and changed its name to ATI, at which time Aviza *fka* ATI began to operate independently from ASML. In December 2005, Aviza *fka* ATI completed a merger transaction with Trikon, a public company that traded on the NASDAQ Global market. For accounting purposes, Aviza *fka* ATI was deemed to have acquired Trikon. At the time of the Trikon merger, Aviza *fka* ATI changed its name to Aviza and ATI was formed as a new public holding company. Because Aviza had formerly been known and had done business as ATI and to avoid confusion in the marketplace and maintain consistency with its suppliers, customers, financers and others with whom it did business, after the merger, in many instances Aviza *fka* ATI continued to use the name ATI on much of its correspondence, invoices, bank accounts and documentation. As a result, many of the contracts executed by Aviza *fka* ATI were executed under the ATI name and orders or correspondence to or from customers, suppliers, financiers, vendors and others were directed to and under the ATI name. As a result of this complex history and relationships, preparing the Debtors' Sofas and Schedules was a very labor intensive process for the Debtors and your Applicant, and the

Debtors relied very heavily on your Applicant to prepare the Sofas and Schedules. In addition, because of the complicated relationships among the Debtors as well as between the Debtors and their respective creditors, your Applicant incurred fees in this category preparing clarifying notes to the Sofas and Schedules explaining the Debtors' relationships and corporate history which in turn required your Applicant to expend time reviewing the Debtors' historical records as well as voluminous 10Ks and 10Qs.

Third, as part of the information gathering process, the Debtors established and maintained a web hosted secure site to which it would post information and documents responsive to the Sofas and Schedules. While the Debtors designated to which Debtors' Sofa and Schedules certain posted information was responsive, given the complex nature of the Debtors' relationships with one another and the confusing status of the Debtors' books and records, the Debtors relied heavily on your Applicant to review, analyze, compile and summarize the information uploaded to the site as well as to prepare each Debtor's individual Sofas and Schedules based on the information uploaded. Any one piece of information or document uploaded may have been responsive to: (a) one individual Debtor's Sofas and Schedules, (b) all Debtors' Sofas and Schedules; or (3) a combination thereof. Until all information was reviewed, your Applicant had no way of knowing to which set of Sofas and Schedules, or to which Sofa question or Schedule, such information responded. Moreover, the Debtors' records were vast and much of the information contained on the secure site was disjunctive and disorganized, requiring your Applicant to expend significant time reviewing and analyzing such information.

Finally, prior to the Petition Date, the Debtors instituted a reduced workload and work week policy. As a result, the Debtors' human resources available to assist in the preparation of the Sofas and Schedules were severely limited, and your Applicant was therefore required to take much of the laboring oar in reviewing the provided information and preparing the Sofas and Schedules.

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "T"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized

as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | 1.40 | $ | 590.00 | $ | 826.00 |
| Janice M. Murray (JMM) | .80 | $ | 540.00 | $ | 432.00 |
| Robert A. Franklin (RAF) | 2.10 | $ | 460.00 | $ | 966.00 |
| Doris A. Kaelin (DAK) | .40 | $ | 440.00 | $ | 176.00 |
| Jenny Lynn Fountain (JLF) | 19.30 | $ | 350.00 | $ | 6,755.00 |
| Rachel P. Ragni (RPR) | 1.70 | $ | 330.00 | $ | 561.00 |
| Ivan C. Jen (ICJ) | 9.70 | $ | 225.00 | $ | 2,182.50 |
| **Totals** | 35.40 | | | $ | 11,898.50 |

**T.      Statement of Financial Affairs and Schedules re Aviza Technology, Inc.: Preparation and Analysis.**

This project billing category includes your Applicant's attorneys' fees relative to preparation and filing of ATI's Sofas and Schedules, individually, as distinct from time spent in preparing the Aviza's, ATI's and Trikon's Sofas and Schedules collectively.

The nature of ATI's corporate history and relationship with Aviza and Trikon made the preparation of ATI's Sofas and Schedules time consuming and cumbersome. Your Applicant incurred time in this category separately identifying, clarifying and reporting ATI's assets and liabilities from those of its subsidiaries. ATI's schedules total 116 pages and ATI scheduled over $2.8 million in personal property and over $9 million in general unsecured debt.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "U"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

/ / /

/ / /

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Jenny Lynn Fountain (JLF) | 17.10 | $ 350.00 | $ 5,985.00 |
| Ivan C. Jen (ICJ) | 2.90 | $ 225.00 | $ 652.50 |
| **Totals** | 20.00 | | $ 6,637.50 |

**U. Statement of Financial Affairs and Schedules re Aviza, Inc.: Preparation and Analysis.**

This project billing category includes your Applicant's attorneys' fees relative to preparation and filing of Aviza's Sofas and Schedules, individually, as distinct from time spent in preparing the Aviza's, ATI's and Trikon's Sofas and Schedules collectively.

Aviza is the operating company in the Aviza family of companies. Its operations are vast and reach far and wide. Aviza wholly owns two subsidiaries, one is a U.S. corporation and one is a foreign subsidiary. Aviza's wholly owned U.S. subsidiary itself wholly owns 9 foreign subsidiaries. All money that flows through the U.S. Aviza family companies comes from and goes to Aviza. All Aviza family U.S. employees are employed and paid by Aviza.

The nature of Aviza's business generated a large asset portfolio which included, at the Petition Date, real property valued at $17 million and an estimated $47 million in personal property assets reported on Schedule B. Aviza ultimately scheduled approximately $28 million in Secured Debt and over $9 million in unsecured debt. Schedule G preparation was time consuming as Aviza was party to over 100 contracts. Due to the volumes of information, an extension was required regarding the filing of the Sofas and Schedules as discussed above. The documents underwent multiple iterations and client reviews as additional records were located and provided to your Applicant for review. Both the Sofas and Schedules required the preparation of accompanying attachments and notes to supplement or explain reported items. Aviza's final Schedules totaled 120 pages and the Sofa totaled 30 pages.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "V"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized

Case 09-54511 Doc# 322 Filed: 10/15/09 Entered: 10/15/09 11:25:08 Page 113 of 114

as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .40 | $ 590.00 | $ 236.00 |
| Jenny Lynn Fountain (JLF) | 48.20 | $ 350.00 | $ 16,870.00 |
| Rachel P. Ragni (RPR) | .60 | $ 330.00 | $ 198.00 |
| Ivan C. Jen (ICJ) | 12.20 | $ 225.00 | $ 2,745.00 |
| **Totals** | 61.40 | | $ 20,049.00 |

### V.    Statement of Financial Affairs and Schedules re Trikon Technologies, Inc.:  Preparation and Analysis.

This project billing category includes your Applicant's attorneys' fees relative to preparation and filing of Trikon's Sofas and Schedules.  Trikon is a subsidiary of ATI and is a parent company for multiple foreign subsidiaries.  Although most of the Debtors' assets and liabilities rest with Aviza, Trikon is a distinct entity with its own creditors and assets.  As such, Trikon was required by the Bankruptcy Rules and Guidelines to file Sofas and Schedules.  The preparation of Trikon's Sofas and Schedules required your Applicant to review, analyze, compile and summarize the books and records of Trikon, as opposed to Aviza and ATI, and to then prepare and revise as necessary Trikon's Sofas and Schedules.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "W"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Jenny Lynn Fountain (JLF) | 15.10 | $ 350.00 | $ 5,285.00 |
| **Totals** | 15.10 | | $ 5,285.00 |

/ / /

/ / /

Case: 09-54511    Doc#: 322    Filed: 10/15/09    Entered: 10/15/09 11:25:08    Page 32 of 114

## W. Statement of Financial Affairs and Schedules re Amendments.

This project billing category includes your Applicant's attorneys' fees relative to amending the Debtors' Sofas and Schedules, generally and collectively. Although the Debtors and your Applicant spent significant effort in reviewing, analyzing and summarizing the Debtors' books and records in the process of preparing the Sofas and Schedules, since the Petition Date, the Debtors have devoted additional time to analyzing and reconciling their books and records. In that process, the Debtors have discovered additional information not initially captured in the filed Sofas and Schedules for two of the debtor entities, ATI and Aviza. As previously mentioned, prior to the Petition Date, the Debtor instituted a reduced work week and work force policy. As such, the Debtors' human resources available to prepare the three debtor entities' amended Sofas and Schedules was limited. As such, much of the task of reviewing newly identified information and compiling amendments has fallen to your Applicant. This project billing category includes your Applicant's attorneys' fees incurred as a result thereof and in corresponding with the Debtors' representatives regarding amendments to the Sofas and Schedules. The Debtors' review of its books and records continues as does your Applicant's preparation of amended Sofas and Schedules. Your Applicant intends to file amended Sofas and Schedules within the next two weeks.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "X"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

JWM:yhe
A:\AVIZA\Prof Fees\Appl\M&M First Interim v9.doc
29
FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 14:25:08   Page 33 of 114

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .20 | $ 590.00 | $ 118.00 |
| Janice M. Murray (JMM) | .20 | $ 540.00 | $ 108.00 |
| Doris A. Kaelin (DAK) | .30 | $ 440.00 | $ 132.00 |
| Jenny Lynn Fountain (JLF) | 52.10 | $ 350.00 | $ 18,235.00 |
| Rachel P. Ragni (RPR) | 2.70 | $ 330.00 | $ 891.00 |
| Thomas T. Hwang (TTH) | 1.40 | $ 310.00 | $ 434.00 |
| Ivan C. Jen (ICJ) | 24.90 | $ 225.00 | $ 5,602.50 |
| **Totals** | 81.80 | | $ 25,520.50 |

## X.        Monthly Operating Reports.

This project billing category includes your Applicant's attorneys' fees relative to preparation and filing of the Debtors' Monthly Operating Reports ("MOR"). As discussed previously, these cases are jointly administered however they have not been substantively consolidated. As such, all three Debtors are required to comply with MOR reporting requirements. This project billing category includes fees incurred by your Applicant conferring with the Debtors regarding reporting matters and the three companies' MORs as well as time incurred reviewing and drafting notes to the MORs to explain particular entries. At the outset of these cases, a representative of the Debtors attended a class held by the United States Trustee on preparing MORs. Given the extensive nature of the Debtors' business, at that time, the Debtor expressed concern that it may not be able to complete the MORs prior to the first filing deadline. As such, pursuant to the Bankruptcy Local Rules for this Court, your Applicant incurred fees in this project billing category preparing a MOTION TO EXTEND TIME TO FILE MONTHLY OPERATING REPORTS ("MOR Motion"). The Debtor advised the United States Trustee of its intention to file the MOR Motion and the United States Trustee attorney indicated that it would not object to a late filing. However, prior to filing the MOR Motion, the Debtor was able to complete its MORS and it was not necessary for the Debtor to file the MOR Motion.

Your Applicant also incurred time in this category reviewing all reports and providing comments to same to the Debtors' representatives. This project billing category also includes time interacting and corresponding with the United States Trustee regarding reporting requirements and

certain matters of particular interest to the United States Trustee with respect to the MORs. The within project billing category covers three operating reporting periods for a total of nine operating reports (one for each Debtor for each month). In addition, this project billing category includes fees incurred by your Applicant in assisting the Debtors to prepare and file revised June MORs for all three companies pursuant to a request of the United States Trustee to, among other things, clarify and reconcile claims and assets reflected in the Schedules and Sofas, as well as to reconcile off balance sheet items and additional claims not discovered prior to the original filing or included in the Schedules and Sofas. While the Debtors believe the originally filed MORS are accurate, the revised MORs directly address concerns raised by the United States Trustee.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "Y"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 2.80 | $ 590.00 | $ 1,652.00 |
| Janice M. Murray (JMM) | 1.20 | $ 540.00 | $ 648.00 |
| Robert A. Franklin (RAF) | .30 | $ 460.00 | $ 138.00 |
| Jenny Lynn Fountain (JLF) | 40.80 | $ 350.00 | $ 14,280.00 |
| Rachel P. Ragni (RPR) | 9.70 | $ 330.00 | $ 3,201.00 |
| Ivan C. Jen (ICJ) | 2.40 | $ 225.00 | $ 540.00 |
| **Totals** | 57.20 | | $ 20,459.00 |

**Y.        Motion to Modify Rule 2015.3 Reporting Requirements.**

This project billing category includes your Applicant's attorneys' fees relative to assisting and advising the Debtors regarding compliance with Federal Rule of Bankruptcy Procedure ("Rule") 2015.3. This project billing category includes: (i) analyzing and evaluating the disclosure requirements under Rule 2015.3; (ii) communicating with the United States Trustee regarding compliance; (iii) drafting and filing a motion to allow filing of the Rule 2015.3 financial reports

JWM:yhe
A:\...\First Appl\M&M...First Interim v9.doc        FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTORS

under seal; (iv) filing the first Rule 2015.3 financial report under seal; and (v) preparing a non-disclosure agreement (the "NDA") to allow the Banks to review the Rule 2015.3 financial report.

Due to the complex corporate structures of the Debtors and their affiliates and the extensive disclosures required by Rule 2015.3, your Applicant initially requested permission from the United States Trustee to modify the Debtors' reporting requirements. An agreement was not reached, and your Applicant filed the MOTION TO MODIFY FINANCIAL REPORTS FILED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(a) AND TO FILE SUCH FINANCIAL REPORTS UNDER SEAL. A hearing on the motion was held on July 29, 2009, and on August 10, 2009, the Court entered its ORDER GRANTING MOTION TO MODIFY FINANCIAL REPORTS FILED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(a) AND TO FILE SUCH FINANCIAL REPORTS UNDER SEAL. The first Rule 2015.3 financial report was filed under seal on August 14, 2009, and the Banks were provided a copy after they signed the NDA your Applicant prepared.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "Z"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 10.80 | $ 590.00 | $ 6,372.00 |
| Janice M. Murray (JMM) | 1.90 | $ 540.00 | $ 1,026.00 |
| Robert A. Franklin (RAF) | 2.10 | $ 460.00 | $ 966.00 |
| Doris A. Kaelin (DAK) | .20 | $ 440.00 | $ 88.00 |
| Rachel P. Ragni (RPR) | .70 | $ 330.00 | $ 231.00 |
| Ivan C. Jen (ICJ) | 12.50 | $ 225.00 | $ 2,812.50 |
| **Totals** | 28.20 | | $ 11,495.50 |

**Z.          Employment of Professionals (Generally).**

This project billing category sets forth your Applicant's attorneys' fees related to the employment of professionals in these cases of a general nature which do not fit within a more discrete project billing category.

Under this category your Applicant also filed the following pleadings:

    a)  EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON APPLICATION APPROVING (I) EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) AND (II) PAYMENT OF RETAINER PURSUANT TO 11 U.S.C. § 363;

    b)  NOTICE OF HEARING; and

    c)  AMENDED NOTICE OF HEARING .

The Ex-Parte Motion was approved by this Court's ORDER SHORTENING TIME FOR HEARING ON APPLICATION APPROVING (I) EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) AND (II) PAYMENT OF RETAIN PURSUANT TO 11 U.S.C. § 363 entered on July 14, 2009.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "AA"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 5.00 | $ 590.00 | $ 2,950.00 |
| Janice M. Murray (JMM) | 2.00 | $ 540.00 | $ 1,080.00 |
| Doris A. Kaelin (DAK) | 6.20 | $ 440.00 | $ 2,728.00 |
| Jenny Lynn Fountain (JLF) | .20 | $ 350.00 | $ 70.00 |
| Rachel P. Ragni (RPR) | 12.20 | $ 330.00 | $ 4,026.00 |
| **Totals** | 25.60 | | $ 10,854.00 |

**AA.          Employment of Murray & Murray.**

This project billing category includes your Applicant's attorneys' fees related to its employment by the Debtors as general bankruptcy counsel, including the preparation of all pleadings

JWM:yhe
...\A\Us Forest\Appl M&M\DAK First Interim v9.doc
Case: 09-54511   Doc#: 322   Filed: 10/15/09   Entered: 10/15/09 14:25:08   Page 37 of
114

33          FIRST APPLICATION FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES BY COUNSEL FOR
DEBTORS

regarding such employment.

Under this category your Applicant filed the following pleadings in support of Murray & Murray's employment:

    i)     EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL;

    ii)     DECLARATION OF JOHN WALSHE MURRAY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL;

    iii)     DISCLOSURE OF COMPENSATION PURSUANT TO 11 U.S.C. § 329(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016(b); and

    iv)     FIRST AMENDED DECLARATION OF JOHN WALSHE MURRAY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL filed with the Court on September 30, 2009.

Murray & Murray's employment was approved by this Court's ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL entered June 23, 2009.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "BB"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 4.70 | $ 590.00 | $ | 2,773.00 |
| Doris A. Kaelin (DAK) | .20 | $ 440.00 | $ | 88.00 |
| **Totals** | 4.90 | | $ | 2,861.00 |

**BB. Employment of Special Corporate and Transaction Counsel Latham & Watkins LLP.**

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' employment of Latham & Watkins LLP ("Latham") as their special counsel, including communications with the Debtors and representatives of Latham regarding the scope and terms of employment and the preparation of the APPLICATION FOR ORDER AUTHORIZING AND APPROVING (i)

Case: 09-54511    Doc# 322    Filed: 10/15/09    Entered: 10/15/09 11:25:08    Page 38 of 114

EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) AND (ii) PAYMENT OF RETAINER PURSUANT TO 11 U.S.C. § 363 (the "Latham Application"). Latham had a number of connections based on its conflicts review which required investigation and discussion based on Latham's anticipated services relative to such connections. Latham's Application also requested the payment of a post-petition retainer which required further argument under 11 U.S.C. § 363.

Additionally, after discovering that Latham inadvertently applied its pre-petition retainer post-petition, Applicant explained this action to the Court at the hearing. Per, the Court's instructions at the hearing, Applicant filed the following supplemental declarations in support of the Latham Application:

a) DECLARATION OF JOHN WALSHE MURRAY IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING AND APPROVING (i) EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) AND (ii) PAYMENT OF RETAINER PURSUANT TO 11 U.S.C. § 363.

b) SUPPLEMENTAL DECLARATION OF ANDREW S. WILLIAMS IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING AND APPROVING (i) EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) AND (ii) PAYMENT OF RETAINER PURSUANT TO 11 U.S.C. § 363.

Following the hearing on Latham's Application, your Applicant drafted the proposed Order based on the Court's specifications at the hearing, and circulated the form Order for approval by counsel for the Banks, counsel for the Committee, and the United States Trustee. Latham's employment was approved by this Court's ORDER RE APPLICATION FOR ORDER AUTHORIZING AND APPROVING (i) EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) AND (ii) PAYMENT OF RETAINER PURSUANT TO 11 U.S.C. § 363 entered on August 11, 2009.

## **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "CC"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

JWM:yhe
N:\...\App\M&M\Draft Interim v9.doc
35
FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTORS

Case: 09-54511    Doc# 322    Filed: 10/15/09    Entered: 10/15/09 14:25:08    Page 39 of 114

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 12.50 | $ 590.00 | $ 7,375.00 |
| Janice M. Murray (JMM) | .60 | $ 540.00 | $ 324.00 |
| Doris A. Kaelin (DAK) | 7.70 | $ 440.00 | $ 3,388.00 |
| Rachel P. Ragni (RPR) | 12.70 | $ 330.00 | $ 4,191.00 |
| **Totals** | 33.50 | | $ 15,278.00 |

### CC. Employment of Financial Advisor Needham & Company, LLC.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' post-petition employment of Needham as its financial advisor and the preparation of the APPLICATION OF DEBTORS FOR ORDER AUTHORIZING AND APPROVING (i) EMPLOYMENT OF FINANCIAL ADVISOR AND (ii) PAYMENT OF MONTHLY FEE PURSUANT TO 11 U.S.C. § 363 (the "Needham Application") and all related pleadings. This project billing category includes communications with the Debtors' and Needham's representatives, analysis and evaluation of Needham's original contract, modifications to the original compensation sought by Needham, drafting and circulating the proposed form of Order to parties in interest, and preparing supplemental declarations regarding Needham's indemnification and pre-petition claims. Due to the complex nature of Needham's fee structure and its integral role in the sale of the Debtors' assets, additional attention and discussion were required in preparing the Needham application. Your Applicant reviewed Needham's fee agreement and identified all material terms and conditions for the Court's review.

Per the Court's instructions at the hearing on the Needham Application, your Applicant filed the following supplemental declarations in further support of the Needham Application:

a) SUPPLEMENTAL DECLARATION OF JAMES KING IN SUPPORT OF APPLICATION OF DEBTORS FOR ORDER AUTHORIZING AND APPROVING (i) EMPLOYMENT OF FINANCIAL ADVISOR AND (ii) PAYMENT OF MONTHLY FEE PURSUANT TO 11 U.S.C. § 363; and

b) SUPPLEMENTAL DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF APPLICATION OF DEBTORS FOR ORDER AUTHORIZING AND APPROVING (i) EMPLOYMENT OF FINANCIAL ADVISOR AND (ii) PAYMENT OF MONTHLY FEE PURSUANT TO 11 U.S.C. § 363.

JWM:yhe
K:\AGIA\Pld\Fee App1 M&M\Draft Brief.an v9.doc
36
FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511 Doc# 322 Filed: 10/15/09 Entered: 10/15/09 11:25:08 Page 40 of 114

Needham's employment was approved by this Court's ORDER AUTHORIZING EMPLOYMENT OF FINANCIAL ADVISOR entered on August 11, 2009.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "DD"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 10.30 | $ 590.00 | $ 6,077.00 |
| Janice M. Murray (JMM) | .30 | $ 540.00 | $ 162.00 |
| Robert A. Franklin (RAF) | .10 | $ 460.00 | $ 46.00 |
| Doris A. Kaelin (DAK) | 6.30 | $ 440.00 | $ 2,772.00 |
| Rachel P. Ragni (RPR) | 8.00 | $ 330.00 | $ 2,640.00 |
| **Totals** | 25.00 | | $ 11,697.00 |

**DD.**      **Employment of Accountants Mohler, Nixon & Williams.**

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' employment of Mohler, Nixon & Williams ("Mohler") as its accountants, including communications with the Debtors and representatives of Mohler regarding the scope and terms of employment and the preparation of the EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF ACCOUNTANTS and all related pleadings. Mohler had a number of connections based on its conflicts review which required investigation and discussion based on Mohler's anticipated services relative to such connections. Mohler's employment was approved by this Court's ORDER GRANTING EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF ACCOUNTANTS entered on July 17, 2009.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "EE"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be

JWM:yhe
...\2009 Interim App\...Murray Declaration v9.doc
37
FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 15:05:08   Page 37 of 114

summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Doris A. Kaelin (DAK) | 3.70 | $ 440.00 | $ 1,628.00 |
| Rachel P. Ragni (RPR) | 6.40 | $ 330.00 | $ 2,112.00 |
| **Totals** | 10.10 | | $ 3,740.00 |

**EE. Employment of Special Real Estate and Environmental Counsel Wilson, Sonsini, Goodrich & Rosati**

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' employment of Wilson Sonsini Goodrich & Rosati ("WSGR") as its special real estate and environmental counsel, including communications with the Debtors and representatives of WSGR regarding the scope and terms of employment as special counsel and the preparation of the APPLICATION OF DEBTORS FOR ORDER AUTHORIZING AND APPROVING (i) EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) AND (ii) PAYMENT OF RETAINER PURSUANT TO 11 U.S.C. § 363. Applicant conferred with WSGR regarding the scope of its employment as special real estate and environmental counsel for the Debtors, and reviewed WSGR's connections in these cases. WSGR's employment application also requested the payment of a post-petition retainer which required further argument under 11 U.S.C. § 363.

WSGR's employment was approved by this Court's ORDER GRANTING APPLICATION OF DEBTORS FOR ORDER AUTHORIZING AND APPROVING (i) EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) AND (ii) PAYMENT OF RETAINER PURSUANT TO 11 U.S.C. § 363 entered on August 11, 2009.

<u>**Project Summary**</u>

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "FF"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .90 | $ 590.00 | $ 531.00 |
| Janice M. Murray (JMM) | .20 | $ 540.00 | $ 108.00 |
| Doris A. Kaelin (DAK) | 1.00 | $ 440.00 | $ 440.00 |
| Rachel P. Ragni (RPR) | 7.60 | $ 330.00 | $ 2,508.00 |
| **Totals** | 9.70 | | $ 3,587.00 |

### FF. Employment of Special Patent Counsel Morgan, Lewis & Bockius LLP.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' attempted employment of Morgan, Lewis & Bockius LLP ("Morgan Lewis") as its special patent counsel, including communications with the Debtors and representatives of Morgan Lewis regarding the scope and terms of employment and the retainer sought by Morgan Lewis. Ultimately, the Debtors were unable to provide Morgan Lewis with the retainer necessary for Morgan Lewis to proceed with the engagement. Even though Applicant began to draft the application to employ Morgan Lewis, the Debtors did not move forward with that application.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "GG"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .20 | $ 590.00 | $ 118.00 |
| Rachel P. Ragni (RPR) | 5.20 | $ 330.00 | $ 1,716.00 |
| **Totals** | 5.40 | | $ 1,834.00 |

### GG. Employment of Special Intellectual Property Counsel Matthew A. Joseph.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' employment of the Law Offices of Matthew A. Joseph ("Joseph"), as its special intellectual property counsel, including communications with the Debtors and Joseph regarding the scope and terms of

JWM:yhe
\\...\App\M&M...\First Interim v9.doc                    39        FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:25:08   Page 43 of 114

employment, the potential requirement of a retainer, and the preparation of the EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) and all related pleadings. Applicant conferred with Joseph on its conflict review and certain connections disclosed therein. Joseph's employment was approved by this Court's ORDER GRANTING EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) entered on July 17, 2009.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "HH"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .10 | $ 590.00 | $ 59.00 |
| Doris A. Kaelin (DAK) | 1.10 | $ 440.00 | $ 484.00 |
| Rachel P. Ragni (RPR) | 5.30 | $ 330.00 | $ 1,749.00 |
| **Totals** | 6.50 | | $ 2,292.00 |

### HH.    Employment of J.R. Parrish.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' employment of J.R. Parrish ("Parrish") as the Debtors' real estate broker for the Debtors' real property located in Scotts Valley, California. Applicant conferred with the Debtors and Parrish regarding the listing agreement, referral fee and other terms of employment. Your Applicant also prepared the EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF REAL ESTATE BROKER and related pleadings. Parrish had a number of connections based on its conflicts review which required further discussion. Parrish's employment was approved by this Court's ORDER GRANTING EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF REAL ESTATE BROKER entered on July 17, 2009.

/ / /

JWM:yhe
N:\...\First Applic M&M\MuFirst Interim v9.doc
40
FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:25:08   Page 44 of 114

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "II"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .20 | $ 590.00 | $ 118.00 |
| Doris A. Kaelin (DAK) | 3.10 | $ 440.00 | $ 1,364.00 |
| Rachel P. Ragni (RPR) | 6.40 | $ 330.00 | $ 2,112.00 |
| **Totals** | 9.70 | | $ 3,594.00 |

## II. Employment of Special Patent Counsel Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' employment of Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C. ("Gifford") as its special patent counsel, including communications with the Debtors and representatives of Gifford regarding the scope and terms of employment as special counsel and the preparation of an application for its employment. Your Applicant conferred with Gifford regarding the scope of its employment as patent counsel which services were to include performing patentability searches, monitoring patent applications, tracking critical due dates, and patent prosecution, both in the United States and abroad. Gifford's employment was approved by this Court's ORDER GRANTING EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) entered on July 17, 2009.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "JJ"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Doris A. Kaelin (DAK) | 1.10 | $ 440.00 | $ 484.00 |
| Rachel P. Ragni (RPR) | 5.60 | $ 330.00 | $ 1,848.00 |
| **Totals** | 6.70 | | $ 2,332.00 |

### JJ.     IBM Motion for Relief from Stay.

This project billing category includes your Applicant's attorneys' fees relative to responding to the MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION (1) FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d); (2) FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 361; (3) TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT PURSUANT TO 11 U.S.C. § 365(d); AND (4) FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503(b) (the "Motion for Relief") filed by creditor IBM Corporation ("IBM"). Applicant conferred with the Debtors, coordinated necessary payments to IBM and negotiated a continuance of the Motion for Relief originally set for hearing on August 26, 2009. Applicant also reviewed the Motion, researched the nature of IBM's agreement, corresponded with IBM's counsel and negotiated a continuance of the Motion for Relief.

After the initial continuance, your Applicant, on the Debtors' behalf, also prepared and filed the following pleadings in support of the Debtors' opposition:

i)      OPPOSITION TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION (1) FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d); (2) FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 361; (3) TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT PURSUANT TO 11 U.S.C. § 365(d); AND (4) FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503(b); and

ii)     DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF OPPOSITION TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION (1) FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d); (2) FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 361; (3) TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT PURSUANT TO 11 U.S.C. § 365(d); AND (4) FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503(b)

/ / /

/ / /

JWM:yhe
N:\A.09...\Fee App\1 M&M...First Interim v9.doc     42     FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY GENERAL COUNSEL FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:25:08   Page 46 of 114

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "KK"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.30 | $ 590.00 | $ 767.00 |
| Janice M. Murray (JMM) | 5.60 | $ 540.00 | $ 3,024.00 |
| Robert A. Franklin (RAF) | .40 | $ 460.00 | $ 184.00 |
| Doris A. Kaelin (DAK) | 1.90 | $ 440.00 | $ 836.00 |
| Jenny Lynn Fountain (JLF) | .30 | $ 350.00 | $ 105.00 |
| Rachel P. Ragni (RPR) | 27.20 | $ 330.00 | $ 8,976.00 |
| Thomas T. Hwang (TTH) | 1.00 | $ 310.00 | $ 310.00 |
| **Totals** | 37.70 | | $ 14,202.00 |

## KK.  United States Trustee:  Interaction & Guideline Compliance

This project billing category includes Applicant's attorneys' fees relative to assisting and advising the Debtors regarding compliance with the United States Trustee's Guidelines and communication and interaction with the United States Trustee of a general nature which do not fit within a more discrete project billing category, or fall into multiple discrete project billing categories and are not easily separable.  This billing category includes, among others:  (i) communications with the United States Trustee concerning joint administration of the Debtors' estates; (ii) assisting the Debtor in setting up DIP accounts; (iii) communications with the Debtor and the United States Trustee concerning DIP and credit card accounts and compliance with the Guidelines; and (iv) legal research regarding DIP account Guideline requirements.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "LL"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be

Case: 09-54511   Doc#: 322   Filed: 10/15/09   Entered: 10/15/09 15:08:58   Page 47 of 114

summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 2.20 | $ 590.00 | $ 1,298.00 |
| Janice M. Murray (JMM) | .10 | $ 540.00 | $ 54.00 |
| Jenny Lynn Fountain (JLF) | 5.70 | $ 350.00 | $ 1,995.00 |
| Rachel P. Ragni (RPR) | 1.30 | $ 330.00 | $ 429.00 |
| Ivan C. Jen (ICJ) | .30 | $ 225.00 | $ 67.50 |
| **Totals** | 9.60 | | $ 3,843.50 |

## LL.      United States Trustee:  Initial Debtor Interview.

This project billing category includes your Applicant's attorneys' fees relative to the preparation for and attendance at the United States Trustee's Initial Debtor Interview ("IDI").  As part of its IDI process, the United States Trustee required the Debtors to produce various documents prior to the IDI.  Among the IDI requests were the production of bank account statements, real property and employee questionnaires, inventory lists, accounts receivables, equipment leases, insurance policies, and other documents regarding the Debtors' operations.  The document production request required substantial time to gather the necessary documents, and since the Debtors were unfamiliar with the process, your Applicant was heavily involved in assisting the Debtors in complying with the United States Trustee's request.

This IDI was particularly time consuming given that the IDI requests were for all three Debtors.  The Debtors initially prepared to file three separate binders, one each for ATI, Aviza, and Trikon.  However, the information being collected proved to be voluminous, and there was substantial overlap in the disclosures for Aviza and ATI.  Your Applicant negotiated with the United States Trustee to file a consolidated binder for Aviza and ATI and a separate binder for Trikon. Nevertheless, the consolidated binder for ATI and Aviza required two four inch binders with over 1,500 pages of disclosures.  Trikon's disclosures also required a four inch binder.  Your Applicant reviewed the Debtors' documentation to ensure that they were complete, responsive and accurate. Finally, your Applicant also attended the IDI and coordinated with the Debtors afterwards to provide the United States Trustee with supplemental responses.

Case: 09-54511  Doc#: 322  Filed: 10/15/09    Entered: 10/15/09 15:15:08  Page 48 of
114

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "MM"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 6.50 | $ 590.00 | $ 3,835.00 |
| Janice M. Murray (JMM) | 2.10 | $ 540.00 | $ 1,134.00 |
| Robert A. Franklin (RAF) | .30 | $ 460.00 | $ 138.00 |
| Jenny Lynn Fountain (JLF) | 6.80 | $ 350.00 | $ 2,380.00 |
| Rachel P. Ragni (RPR) | 54.80 | $ 330.00 | $ 18,084.00 |
| Ivan C. Jen (ICJ) | 16.50 | $ 225.00 | $ 3,712.50 |
| **Totals** | 87.00 | | $ 29,283.50 |

## MM.  Meeting of Creditors.

This project billing category includes your Applicant's attorneys' fees relative to the Section 341 Meeting of Creditors, including attendance at the meeting and following up on the status of the continued meeting.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "NN"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 2.30 | $ 590.00 | $ 1,357.00 |
| Rachel P. Ragni (RPR) | .20 | $ 330.00 | $ 66.00 |
| **Totals** | 2.50 | | $ 1,423.00 |

## NN.  Sale Procedures re Communications to Parties in Interest.

This project billing category includes all of your Applicant's attorneys' fees relative to communications with various parties in interest regarding the implementation of sale procedures relative to the SPP transaction, including SPP, the Debtors' professionals, the Committee, the Banks and the United States Trustee.  Accordingly, this category encompasses telephone conferences, meetings and correspondence advising parties-in-interest, the Debtors and their professionals about the bid procedures generally and the bid procedures process with respect to the Sale.  This category also includes responding to inquiries and issues raised with respect to the bid procedures.  An example of one salient issue that arose during the course of negotiations of the bid procedures related to the payment of a break-up fee to SPP.  This billing category includes your Applicant's discussions and correspondence to various parties regarding this issue which ultimately was resolved.  This billing category does not include your Applicant's fees which relate directly to the drafting of the bid procedures themselves, the MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS (the "Bid Procedures Motion") and compliance with the bid procedures, each of which are more appropriately incorporated in their respective categories discussed below.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "OO"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 5.20 | $ 590.00 | $ | 3,068.00 |
| Robert A. Franklin (RAF) | 2.50 | $ 460.00 | $ | 1,150.00 |
| Doris A. Kaelin (DAK) | 3.10 | $ 440.00 | $ | 1,364.00 |
| **Totals** | 10.80 | | $ | 5,582.00 |

## OO.     Sale Procedures re Preparation.

This project billing category includes your Applicant's attorneys' fees relative to the preparation of the bidding procedures which governed the sale of the Debtors' assets. This category also includes communications directly related to the preparation of the bidding procedures. Due to the significant interests of the Banks, SPP and the Committee in the sale, the Debtors endeavored to incorporate the suggestions of these parties into the bid procedures, including suggestions pertaining to an expense reimbursement and other bid protections. In developing the bid procedures, your Applicant considered the interests of the Debtors and their estates. Such considerations addressed by your Applicant included the structure of potential bids in light of SPP's complex bid, the negotiation and progression of the Asset Purchase Agreement and its terms, the timing and confidentiality needs and concerns of interested parties, and the level of overbid increments. In addition, your Applicant conferred extensively with the Debtors and their professionals to ensure that the bid procedures were tenable, and would both induce competing bidders and result in the highest and best available offer for the Debtors' assets. Your Applicant engaged in numerous discussions with SPP, the Banks, the Committee and the Debtors, amongst others, in developing a set of procedures that would address all parties' concerns while attracting and facilitating additional bids. Based on such discussions, your Applicant further drafted multiple iterations of the bid procedures before completing the bid procedures ultimately approved by the Court.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "PP"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

JWM:yhe
...A:\JWM\Fees\Appl\M&MP First Interim v9.doc    47    FIRST APPLICATION FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES BY AGENCY FOR
DEBTORS

Case 09-54511    Doc# 322    Filed: 10/15/09    Entered: 10/15/09 11:25:08    Page 51 of
114

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 7.30 | $ 590.00 | $ 4,307.00 |
| Janice M. Murray (JMM) | 1.70 | $ 540.00 | $ 918.00 |
| Robert A. Franklin (RAF) | 5.40 | $ 460.00 | $ 2,484.00 |
| Doris A. Kaelin (DAK) | 18.90 | $ 440.00 | $ 8,316.00 |
| Rachel P. Ragni (RPR) | 2.20 | $ 330.00 | $ 726.00 |
| Thomas T. Hwang (TTH) | .40 | $ 310.00 | $ 124.00 |
| **Totals** | 35.90 | | $ 16,875.00 |

### PP.        Sales Procedures re Motion.

This project billing category includes your Applicant's attorneys' fees relative to the preparation and submission of the Bid Procedures Motion and all supporting pleadings. It also includes communications directly related to the drafting of the Bid Procedures Motion. As with the preparation of the bid procedures themselves, your Applicant involved SPP, the Banks and the Committee, amongst other parties, in drafting the Bid Procedures Motion and its supporting pleadings. Accordingly, your Applicant engaged in extensive discussions with such parties, as well as with Needham and the Debtors, in drafting and revising the Bid Procedures Motion.

Due to the Debtors' financial situation coupled with both the Banks' and SPP's interests, time was of the essence in seeking approval of the sale, necessitating a request that the Bid Procedures Motion be heard on shortened time. Accordingly, the within billing category also includes your Applicant's time spent conferring with affected parties regarding this matter and preparing the EX PARTE MOTION FOR ORDER SPECIALLY SETTING HEARING DATE AND SHORTENING TIME FOR NOTICE OF HEARING ON MOTION TO APPROVE OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS which the Court approved pursuant to its ORDER SPECIALLY SETTING HEARING AND SHORTENING TIME FOR NOTICE OF HEARING ON MOTION TO APPROVE BID PROCEDURES entered on August 14, 2009.

In order to provide comprehensive disclosure regarding the bid procedures and contemplated Sale, the Bid Procedures Motion attached as exhibits proposed drafts of the bid procedures themselves, the Sale Notice (discussed below)the Assumption Notice (discussed below) the order

JWM:yhe
...\Apps\First Appl\M&M\MM First Interim v9.doc        48        FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY AGENCY FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/16/09 11:25:08   Page 52 of 114

approving the Bid Procedures Motion. While your Applicant's time with respect to the bid procedures, the Sale Notice and the Assumption Notice are discussed and included in other billing categories herein, your Applicant's time resolving issues regarding these pleadings as they relate to the Bid Procedures Motion generally is included in the category herein. Due to the multitude of revisions incorporated by your Applicant to the Bid Procedures Motion and related pleadings, your Applicant drafted and filed a supplement to the Bid Procedures Motion prior to the hearing on the Bid Procedures Motion (the "Bid Procedures Hearing") to illustrate to the Court all such revisions and to advise the Court of the Debtors' resolutions to the issues raised by various parties with respect to the Bid Procedures Motion.

Your Applicant prepared several pleadings in support of the Bid Procedures Motion, one of which attached as an exhibit the Asset Purchase Agreement itself and another of which attached an appendix summary of the proposed transaction with SPP. Your Applicant conferred on several occasions with Needham and the Debtors in preparing these documents. In addition, the Bid Procedures Motion set forth a proposed procedure whereby the Debtors would provide notice of the sale including the assumption and assignment of executory contracts in connection thereto. This category includes your Applicant's time relative to the evaluation and discussions regarding the viability of such notice procedures to ensure that all relevant parties received notification as appropriate. The Debtors filed the Bid Procedures Motion on August 18, 2009, and the Court entered its ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS (the "Bid Procedures Order") on August 25, 2009.

Your Applicant prepared and filed the following pleadings relative to this matter:

i.   EX PARTE MOTION FOR ORDER SPECIALLY SETTING HEARING DATE AND SHORTENING TIME FOR NOTICE OF HEARING ON MOTION TO APPROVE OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS;

ii.   DECLARATION OF DORIS A. KAELIN IN SUPPORT OF EX PARTE MOTION FOR ORDER SPECIALLY SETTING HEARING DATE AND SHORTENING TIME FOR NOTICE OF HEARING ON MOTION TO APPROVE OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS;

iii.    ORDER SPECIALLY SETTING HEARING AND SHORTENING TIME FOR NOTICE OF HEARING ON MOTION TO APPROVE BID PROCEDURES;

iv.    MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS;

v.    DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS;

vi.    DECLARATION OF DORIS A. KAELIN IN SUPPORT OF MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS;

vii.    NOTICE OF HEARING ON MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS;

viii.    SUPPLEMENTAL DECLARATION OF DORIS A. KAELIN IN SUPPORT OF MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS; and

ix.    ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS.

## **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "QQ"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 6.00 | $ 590.00 | $ 3,540.00 |
| Janice M. Murray (JMM) | 2.20 | $ 540.00 | $ 1,188.00 |
| Doris A. Kaelin (DAK) | 54.40 | $ 440.00 | $ 23,936.00 |
| Thomas T. Hwang (TTH) | 11.70 | $ 310.00 | $ 3,627.00 |
| **Totals** | 74.30 | | $ 32,291.00 |

JWM:yhe
N:\...\Fee Appl M&M\Murray First Interim v9.doc    50    FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY GENERAL COUNSEL FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 15:05:08   Page 54 of 114

## QQ.      <u>Sales Procedures re Legal Analysis.</u>

This project billing category includes your Applicant's attorneys' fees relative to the legal analysis in connection with the bid procedures and the Bid Procedures Motion and incorporates legal research supporting the Bid Procedures Motion. Also, in developing the bid procedures, your Applicant researched and evaluated the legal viability of credit bids with respect to the bid procedures and the sale as well as issues regarding break-up fees in the context of a section 363 sale. These matters as they relate to the bid procedures are included in this project billing category.

### <u>Project Summary</u>

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "RR"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Doris A. Kaelin (DAK) | 3.30 | $ 440.00 | $ 1,452.00 |
| Ivan C. Jen (ICJ) | 24.20 | $ 225.00 | $ 5,445.00 |
| **Totals** | 27.50 | | $ 6,897.00 |

## RR.      <u>Sale Procedures re Objections.</u>

The Banks, the Committee, and IBM Corporation and IBM Credit, LLC (collectively, "<u>IBM</u>") each filed objections to the Bid Procedures Motion, all of which were addressed by your Applicant prior to the Bid Procedures Hearing. Specifically, your Applicant evaluated both the legal and factual bases for each objection and conferred with the Debtors as well as each objecting party regarding potential resolutions. Your Applicant's efforts culminated in various revisions to the bid procedures and the Bid Procedures Motion and its supporting pleadings, in resolution of all such objections. In addition, Scientech Corporation ("<u>Scientech</u>") filed what it characterized as an objection to the Bid Procedures Motion. Your Applicant evaluated this objection and conferred with the Debtors about Scientech and determined that its objection was more properly characterized as an

objection to the sale and therefore would be addressed further with respect to the sale.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "SS"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 2.10 | $ 590.00 | $ 1,239.00 |
| Janice M. Murray (JMM) | .50 | $ 540.00 | $ 270.00 |
| Doris A. Kaelin (DAK) | 5.90 | $ 440.00 | $ 2,596.00 |
| Thomas T. Hwang (TTH) | 5.10 | $ 310.00 | $ 1,581.00 |
| **Totals** | 13.60 | | $ 5,686.00 |

### SS.        Sale Procedures re Hearing.

This project billing category consists of your Applicant's time spent in connection with the preparation for and appearance at the Bid Procedures Hearing which the Court conducted on August 27, 2009.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "TT"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 12.50 | $ 590.00 | $ 7,375.00 |
| Doris A. Kaelin (DAK) | 5.80 | $ 440.00 | $ 2,552.00 |
| **Totals** | 18.30 | | $ 9,927.00 |

JWM:yhe
M:\AAJ Pro Files\Appl M&M and 1st Interim v9.doc
52
FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:25:08   Page 56 of 114

**TT.**     **Sale Procedures re Compliance.**

After the approval of the bid procedures and entry of the Bid Procedures Order, your Applicant endeavored to ensure that the Debtors and Needham adhered to the bid procedures and that the requirements set forth in the Bid Procedures Order, including those pertaining to notice of the sale and the bid procedures, were executed.  In addition, your Applicant communicated with parties in interest regarding the procedures.  This billing project incorporates your Applicant's time with respect to these efforts.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "UU"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .60 | $ 590.00 | $ 354.00 |
| Janice M. Murray (JMM) | 2.00 | $ 540.00 | $ 1,080.00 |
| Doris A. Kaelin (DAK) | 6.60 | $ 440.00 | $ 2,904.00 |
| Thomas T. Hwang (TTH) | .50 | $ 310.00 | $ 155.00 |
| Ivan C. Jen (ICJ) | 4.10 | $ 225.00 | $ 922.50 |
| **Totals** | 13.80 | | $ 5,415.50 |

**UU.**     **Sale re Letter of Intent.**

At the onset of the Debtors' bankruptcy cases, the Debtors advised the Court in connection with its First Day Motions that they had executed a non-binding letter of intent (the "Letter of Intent") with SPP.  At that time, it was imperative that the Debtors demonstrate that negotiations were ongoing in good faith with SPP, but the Debtors were concerned about the release of information to the public that could harm negotiations.  The Letter of Intent itself provides that it shall be maintained in confidence.  Accordingly, the Debtors decided to file the Letter of Intent with the Court under seal.

/ / /

This project billing category includes your Applicant's fees relative to its discussions with the Banks and SPP regarding the Letter of Intent and its filing with the Court, along with the submission of the EX PARTE MOTION TO FILE LETTER OF INTENT UNDER SEAL on June 16, 2009, to which the Banks consented. Also on that date, the Court entered its ORDER GRANTING EX PARTE MOTION TO FILE LETTER OF INTENT UNDER SEAL thereby allowing the Debtors to file the Letter of Intent.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "VV"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .30 | $ 590.00 | $ 177.00 |
| Ivan C. Jen (ICJ) | 4.90 | $ 225.00 | $ 1,102.50 |
| **Totals** | 5.20 | | $ 1,279.50 |

### VV.    Sale re Asset Purchase Agreement.

This project billing category includes all of your Applicant's attorneys' fees relative to the preparation of the Asset Purchase Agreement, including the negotiations of its terms and revisions related thereto, in addition to communications and analysis specifically pertaining to the Asset Purchase Agreement.

The terms of the Asset Purchase Agreement are complex and were consummated only after extensive discussions involving the Debtors, SPP, the Banks and the Committee. Your Applicant participated in such discussions and conferred with the Debtors and their professionals to provide counsel regarding the Asset Purchase Agreement and revisions proposed by certain parties, especially in the context of the bankruptcy proceedings. Your Applicant also responded to inquiries from parties in interest specifically regarding the Asset Purchase Agreement.

/ / /

JWM:yhe
...\09\Pofos\Appl M&M Drft Interim v9.doc    54    FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511    Doc#: 322    Filed: 10/15/09    Entered: 10/15/09 14:25:08    Page 58 of 114

The Asset Purchase Agreement was intertwined with the Sale Motion (discussed below), the Assumption Motion (discussed below) and the Bid Procedures Motion (discussed above). Consequently, your Applicant thoroughly evaluated the Asset Purchase Agreement, in order to comprehend and offer comments on its terms and to coordinate such terms to coincide with the sale in the chapter 11 bankruptcy context.

The Debtors attached the Asset Purchase Agreement as an exhibit filed in support of the Bid Procedures Motion and filed it as a stand alone document prior to the Sale Hearing. However, because the Asset Purchase Agreement included many schedules containing confidential information, your Applicant excluded those schedules in the filing. Accordingly, your Applicant conferred with the Debtors and its professionals to identify the confidential information and to coordinate its exclusion. Your Applicant communicated with the Banks and the Committee regarding this matter and, with their consent, your Applicant drafted and filed the EX PARTE MOTION TO FILE FULL ASSET PURCHASE AGREEMENT UNDER SEAL, with supporting pleadings. The Court entered its ORDER APPROVING EX PARTE MOTION TO FILE FULL ASSET PURCHASE on September 22, 2009.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "WW"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 24.40 | $ 590.00 | $ 14,396.00 |
| Janice M. Murray (JMM) | 2.10 | $ 540.00 | $ 1,134.00 |
| Robert A. Franklin (RAF) | 12.20 | $ 460.00 | $ 5,612.00 |
| Doris A. Kaelin (DAK) | 23.80 | $ 440.00 | $ 10,472.00 |
| Jenny Lynn Fountain (JLF) | 2.50 | $ 350.00 | $ 875.00 |
| Thomas T. Hwang (TTH) | 1.10 | $ 310.00 | $ 341.00 |
| Ivan C. Jen (ICJ) | .50 | $ 225.00 | $ 112.50 |
| **Totals** | 66.60 | | $ 32,942.50 |

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/16/09 13:25:08   Page 59 of
114

## WW.   Sale re SPP Transaction.

This project billing category includes all of your Applicant's attorneys' fees relative to the sale as it pertained directly to SPP and encompasses negotiations with SPP, analysis of SPP's offers in the context of the bankruptcy cases and their benefit to the estates, identification and evaluation of the assets to be purchased and excluded from the transaction, and all communications related to the foregoing.

Throughout the sale process, your Applicant worked in concert with the Debtors and its professionals to consider the various offers proposed by SPP and supported the Debtors' negotiations to maximize the value of the sale for the benefit of the bankruptcy estates. The analysis of SPP's offers continued after the negotiation of the Asset Purchase Agreement and through the sale hearing as your Applicant compiled information made available to creditors and other parties in interest, including estimates of the value of SPP's offer. The analyses coordinated by your Applicant with Needham and the Debtors required regular updates as payout and estimated claim and expense amounts evolved, contract cure amounts were fixed, purchased and excluded assets were determined, and other developments came to fruition. Your Applicant also worked closely with Needham and the Debtors to determine how SPP's purchase price would be allocated between the Debtors and the non-Debtor affiliated entities. Your Applicant coordinated the dissemination of all of such information in the "Waterfall Analysis" attached to the FIRST SUPPLEMENTAL DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS filed in support of the Sale Motion.

Also with respect to the within billing category, your Applicant addressed myriad issues raised by interested parties, including the Banks and the Committee, relating to the SPP transaction. Such issues included the status and logistical details of the transaction, the retention and/or release of security interests with respect to certain assets to be purchased, and SPP's rights and obligations as allowed for in the Purchase Agreement. Your Applicant also resolved issues raised by Scientech's purported lien on certain of the Debtors' inventory. Finally, your Applicant facilitated communications about the proposed transaction with SPP in publically disseminated documents, in

response to inquiries from interested parties and in discussions with stakeholders.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "XX"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 14.60 | $ 590.00 | $ 8,614.00 |
| Janice M. Murray (JMM) | 4.50 | $ 540.00 | $ 2,430.00 |
| Robert A. Franklin (RAF) | 4.50 | $ 460.00 | $ 2,070.00 |
| Doris A. Kaelin (DAK) | 12.70 | $ 440.00 | $ 5,588.00 |
| Jenny Lynn Fountain (JLF) | 1.10 | $ 350.00 | $ 385.00 |
| Rachel P. Ragni (RPR) | 2.80 | $ 330.00 | $ 924.00 |
| Thomas T. Hwang (TTH) | .10 | $ 310.00 | $ 31.00 |
| Ivan C. Jen (ICJ) | 5.10 | $ 225.00 | $ 1,147.50 |
| **Totals** | 45.40 | | $ 21,189.50 |

**XX.**      **Sale re Consummation of Sale Generally.**

This project billing category incorporates all of your Applicant's attorneys' fees relative to the consummation of the sale generally, including the coordination of sale logistics, facilitating discussions between interested parties regarding the sale, managing information to be provided to potential bidders, following up on matters mandated by the bid procedures, and communicating developments to the Banks, SPP and the Committee. In addition, your Applicant devoted significant time in this category attending to matters that were more particular to the sale. Such matters included the name changes of the Debtors, evaluating and establishing Needham's expense reimbursement, coordinating the sale with the Court's schedule, reviewing UCC searches and title reports to determine secured creditors and leasehold interests, and addressing confidentiality concerns. With respect specifically to the latter, your Applicant devoted significant time in investigating the potential leak of information about potential bidders which could have compromised the sale process. Your Applicant engaged in numerous discussions with the Debtors,

its professionals and other parties.  Ultimately, this potentially significant issue was addressed with SPP, the Banks, and the Committee to the satisfaction of the Debtors and the other relevant parties.

In addition to the above, in preparation for the sale hearing, your Applicant anticipated that it would require access to certain electronic equipment which would facilitate the bidding process.  Accordingly, on September 22, 2009, your Applicant filed the EX PARTE MOTION FOR ORDER DIRECTING FEDERAL MARSHALS, FEDERAL SECURITY SERVICES AND COURT PERSONNEL TO ADMIT INTO THE FEDERAL COURTHOUSE AND COURTROOM ELECTRONIC EQUIPMENT FOR USE AT SALE HEARING which was granted by the Court on September 23, 2009.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "YY"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | 8.40 | $ | 590.00 | $ | 4,956.00 |
| Janice M. Murray (JMM) | 8.30 | $ | 540.00 | $ | 4,482.00 |
| Robert A. Franklin (RAF) | 5.60 | $ | 460.00 | $ | 2,576.00 |
| Doris A. Kaelin (DAK) | 20.10 | $ | 440.00 | $ | 8,844.00 |
| Rachel P. Ragni (RPR) | 5.70 | $ | 330.00 | $ | 1,881.00 |
| Thomas T. Hwang (TTH) | .80 | $ | 310.00 | $ | 248.00 |
| Ivan C. Jen (ICJ) | 1.60 | $ | 225.00 | $ | 360.00 |
| **Totals** | 50.50 | | | $ | 23,347.00 |

### YY.    Sale re Additional Bidders.

The bid procedures approved by the Court set forth the overbid process whereby potential purchasers could obtain information and qualify to bid at the sale hearing auction.  This project billing category includes all of your Applicant's attorneys' fees relative to bidders other than SPP.

In furtherance of facilitating bids, your Applicant worked with Needham to identify and notify parties who might be interested in purchasing the Debtors' assets.  In addition, your Applicant

JWM:yhe
N:\...\Fee Apps\M&M Draft Interim v9.doc    58    FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY MURRAY & MURRAY FOR DEBTORS

Case: 09-54511    Doc# 322    Filed: 10/15/09    Entered: 10/15/09 16:25:08    Page 62 of 114

communicated with interested parties, fielded inquiries and assisted with the transition of due diligence information. The within billing category also consists of your Applicant's attorneys' fees relative to monitoring compliance by potential bidders vis-à-vis the bid procedure requirements, analysis of bidder qualifications, conferring with the Debtors and its professionals regarding bidders, resolving confidentiality and non-disclosure concerns of bidders, and providing status updates as to additional bidders.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "ZZ"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 8.20 | $ 590.00 | $ 4,838.00 |
| Janice M. Murray (JMM) | 2.60 | $ 540.00 | $ 1,404.00 |
| Robert A. Franklin (RAF) | 2.40 | $ 460.00 | $ 1,104.00 |
| Doris A. Kaelin (DAK) | 7.30 | $ 440.00 | $ 3,212.00 |
| Rachel P. Ragni (RPR) | .20 | $ 330.00 | $ 66.00 |
| **Totals** | 20.70 | | $ 10,624.00 |

### ZZ.    Sale re Factual and Legal Analysis.

This project billing category includes all of your Applicant's attorneys' fees regarding the factual and legal analysis of issues relative to the sale. In particular, your Applicant conducted research and analysis pertaining to certain bankruptcy rules, the requirements of section 363, credit bids in a 363 Sale, and potential ramifications from the Bankruptcy Appelate Panel's decision in *Clear Channel Outdoor Inc. v. Knupfer (In re PW, LLC),* 391 B.R. 25 (9th Cir. BAP 2008). In addition, your Applicant evaluated lien filings asserted against the Debtors' assets and conducted research with respect to selling free and clear of such liens pursuant to section 363(f). Finally, the within billing category also includes of your Applicant's fees relative to its analysis and consideration of the Court's guidelines for section 363 sales and for sale orders, and its

JWM:yhe
...Appl\M&...Brian v9.doc    59
FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY AGENCY FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:25:08   Page 63 of 114

communications with the Debtors and its professionals in relation thereto.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "AAA"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 4.10 | $ 590.00 | $ 2,419.00 |
| Janice M. Murray (JMM) | 1.30 | $ 540.00 | $ 702.00 |
| Doris A. Kaelin (DAK) | 4.70 | $ 440.00 | $ 2,068.00 |
| Rachel P. Ragni (RPR) | .70 | $ 330.00 | $ 231.00 |
| Thomas T. Hwang (TTH) | .80 | $ 310.00 | $ 248.00 |
| Ivan C. Jen (ICJ) | 22.40 | $ 225.00 | $ 5,040.00 |
| **Totals** | 34.00 | | $ 10,708.00 |

### AAA.    Sale re Sale Motion and Related Pleadings.

This project billing category includes all of your Applicant's attorneys' fees relative to the preparation of the sale motion and the numerous pleadings related thereto. As discussed above, your Applicant necessarily maintained communications with SPP, the Banks and the Committee during the entire sale process, including the drafting of the sale motion and the proposed order approving the sale motion. Consequently, your Applicant revised the sale motion and its supporting pleadings a number of times prior to filing them and then followed up by filing supplemental pleadings.

Because the Debtors sought to sell their assets via section 363, your Applicant drafted the sale motion to include comprehensive information that would provide full disclosure to all parties in interest. For example, the sale motion discusses the history of the Debtors, efforts undertaken to market the Debtors' assets, a summary of the proposed transaction with SPP, and estimates as to potential sale proceeds available for distribution to creditors. Your Applicant devoted substantial time collecting and updating all such information.

/ / /

FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTORS

The stringent guidelines governing the sale of assets pursuant to section 363, in addition to the related relief requested by the Debtors, necessitated the filing of certain pleadings and submission of evidence. For example, your Applicant prepared a declaration to establish the need for the sale to close immediately, notwithstanding Bankruptcy Rule 6004(h). Your Applicant also submitted evidence and worked with SPP to submit evidence to support SPP's status as a good faith purchaser entitled to the protections of section 363(n). Additionally, your Applicant prepared and submitted evidence of the Debtors' marketing efforts, the reasonableness of the sale and its procedures, and SPP's bid as the highest and best offer available to the Debtors. Furthermore, your Applicant provided argument and evidence in satisfaction of section 363(f).

Subsequent to the filing of the sale motion on September 8, 2009, your Applicant filed supplemental pleadings to update the Court and parties in interest regarding developments with respect to the sale, including updates regarding the bidding process. Your Applicant also assisted SPP's counsel in drafting a declaration to address the Court's sale order guidelines.

IBM filed the only objection to the sale motion. Your Applicant conferred about that objection with the Debtors and SPP, discussed the objection with IBM and addressed IBM's concerns. Your Applicant's time spent towards resolving the objection is encompassed in the within billing category as well. On September 30, 2009, the Court entered its ORDER GRANTING MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS.

Your Applicant prepared and filed the following pleadings relative to this matter:

i.    MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS;

ii.   DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS;

iii.  DECLARATION BY JAMES P. KING IN SUPPORT OF MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS;

iv.   DECLARATION BY DORIS A. KAELIN IN SUPPORT OF MOTION BY DEBTORS TO SELL

1   CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS;

2       v.     FIRST SUPPLEMENTAL DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF

3   MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS,

4   ENCUMBRANCES AND OTHER INTERESTS;

5       vi.     EX PARTE MOTION TO FILE FULL ASSET PURCHASE AGREEMENT UNDER SEAL;

6       vii.     DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF EX PARTE MOTION TO FILE

7   FULL ASSET PURCHASE AGREEMENT UNDER SEAL;

8       viii.     ORDER GRANTING EX PARTE MOTION BY DEBTORS TO FILE FULL ASSET PURCHASE

9   AGREEMENT UNDER SEAL;

10       ix.     ASSET PURCHASE AGREEMENT;

11       x.     SUPPLEMENTAL DECLARATION BY NEEDHAM & COMPANY, LLC IN SUPPORT OF

12   MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS,

13   ENCUMBRANCES AND OTHER INTERESTS;

14       xi.     DECLARATION BY RACHEL P. RAGNI IN SUPPORT OF (1) MOTION BY DEBTORS TO

15   SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

16   AND (2) MOTION TO AUTHORIZE DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND

17   UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN OF THEIR ASSETS (11 U.S.C. §§

18   363 AND 365);

19       xii.     SUPPLEMENT TO (1) MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND

20   CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (2) MOTION TO AUTHORIZE

21   DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN

22   CONNECTION WITH THE SALE OF CERTAIN OF THEIR ASSETS (11 U.S.C. §§ 363 AND 365);

23       xiii.     SUPPLEMENTAL DECLARATION OF DORIS A. KAELIN IN SUPPORT OF MOTION BY

24   DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND

25   OTHER INTERESTS; and

26       xiv.     ORDER GRANTING MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR

27   OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS.

28

JWM:yhe
A:\...\First Appl. M&M...First Interim v.9.doc      62     
FIRST APPLICATION FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES BY GENERAL COUNSEL FOR
DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 14:25:08   Page 66 of
114

**<u>Project Summary</u>**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "BBB"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 8.60 | $ 590.00 | $ 5,074.00 |
| Janice M. Murray (JMM) | 9.70 | $ 540.00 | $ 5,238.00 |
| Doris A. Kaelin (DAK) | 79.30 | $ 440.00 | $ 34,892.00 |
| Rachel P. Ragni (RPR) | 6.60 | $ 330.00 | $ 2,178.00 |
| Thomas T. Hwang (TTH) | 45.50 | $ 310.00 | $ 14,105.00 |
| **Totals** | 149.70 | | $ 61,487.00 |

**BBB.** **<u>Sale re Notice of Sale Hearing</u>.**

Because the Bid Procedures Motion set forth a procedure whereby the Debtors would provide notice of the sale, and attached a proposed NOTICE OF MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS (the "Sale Notice") as an exhibit thereto, your Applicant commenced the sale notification process early and prior to filing the sale motion.  This project billing category includes all of your Applicant's attorneys' fees relative to the preparation of the Sale Notice and to ensuring that proper notification of the sale was afforded to all parties.

As with the sale motion, the Sale Notice underwent several rounds of revision based upon input from the Banks, SPP, the Committee and additional parties.  Also, your Applicant endeavored to provide comprehensive information regarding the sale and the proposed transaction with SPP in order to ensure full disclosure of the sale to the appropriate parties.  Because the Sale Notice included information regarding the proposed transaction with SPP, including estimates as to the purchase price, a distribution of sale proceeds, and administrative expenses, your Applicant was required to update it.  In relation thereto, your Applicant communicated with the Debtors and its professionals and evaluated aspects of the sale, ultimately filing the Sale Notice on September 9,

2009.

The within billing category also encompasses your Applicant's efforts to identify appropriate service parties and to effect notification of the sale upon them. In light of the substantial number of creditors, equity holders and potentially affected parties, this was a significant undertaking. Your Applicant analyzed procedural rules and legal authority regarding notification of creditors and equity holders in the context of a section 363 sale. Your Applicant conferred with Omni and the Debtors to coordinate service parties address discrepancies and obtain updated lists. Your Applicant also reviewed and evaluated numerous occasions whereby service upon entities was returned. In such occasions, your Applicant made reasonable efforts to re-serve the appropriate sale pleading. These efforts are described in the DECLARATION BY RACHEL P. RAGNI IN SUPPORT OF (1) MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (2) MOTION TO AUTHORIZE DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN OF THEIR ASSETS (11 U.S.C. §§ 363 AND 365) filed in support of the sale on September 25, 2009. That declaration references over 25 certificates of service filed by the Debtors which evidence proper notification.

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "CCC"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.60 | $ 590.00 | $ 944.00 |
| Janice M. Murray (JMM) | 1.90 | $ 540.00 | $ 1,026.00 |
| Robert A. Franklin (RAF) | .90 | $ 460.00 | $ 414.00 |
| Doris A. Kaelin (DAK) | 31.50 | $ 440.00 | $ 13,860.00 |
| Jenny Lynn Fountain (JLF) | 2.00 | $ 350.00 | $ 700.00 |
| Rachel P. Ragni (RPR) | 32.50 | $ 330.00 | $ 10,725.00 |
| Thomas T. Hwang (TTH) | 16.20 | $ 310.00 | $ 5,022.00 |
| **Totals** | 86.60 | | $ 32,691.00 |

### CCC.  Sale re United Commercial Bank, East West Bank and ChinaTrust Bank (USA).

This project billing category includes all of your Applicant's attorneys' fees relative to addressing issues specifically raised by or related to the Banks.  Given the Banks' significant interest and position as the secured lender in the bankruptcy cases, the Debtors necessarily maintained communications and addressed all issues raised by the Banks regarding the sale.  The Banks' involvement in the sale process included, *inter alia*, its input as to the terms of the sale, assertion of security interests in certain property included in the sale, review of costs incurred in relation to the sale and the approved budget, demands for financial information, and requests for updates regarding sale developments, processes and bidders.  Your Applicant communicated not only with the Banks, but also with the Debtors, the Debtors' professionals and the Committee about the Banks concerns and about strategies and resolutions thereto.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "DDD"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

/ / /

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:25:08   Page 69 of 114

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | 16.60 | $ | 590.00 | $ | 9,794.00 |
| Janice M. Murray (JMM) | 1.00 | $ | 540.00 | $ | 540.00 |
| Robert A. Franklin (RAF) | 4.10 | $ | 460.00 | $ | 1,886.00 |
| Doris A. Kaelin (DAK) | 10.20 | $ | 440.00 | $ | 4,488.00 |
| Jenny Lynn Fountain (JLF) | .40 | $ | 350.00 | $ | 140.00 |
| **Totals** | 32.30 | | | $ | 16,848.00 |

### DDD.     Sale re Sale Hearing.

This project billing category consists of your Applicant's time spent in connection with the preparation for and appearance at the sale hearing which the Court conducted on September 29, 2009.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "EEE"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | 12.20 | $ | 590.00 | $ | 7,198.00 |
| Janice M. Murray (JMM) | .40 | $ | 540.00 | $ | 216.00 |
| Robert A. Franklin (RAF) | .40 | $ | 460.00 | $ | 184.00 |
| Doris A. Kaelin (DAK) | 16.30 | $ | 440.00 | $ | 7,172.00 |
| Rachel P. Ragni (RPR) | 4.90 | $ | 330.00 | $ | 1,617.00 |
| Thomas T. Hwang (TTH) | 3.10 | $ | 310.00 | $ | 961.00 |
| **Totals** | 37.30 | | | $ | 17,348.00 |

### EEE.     Assumption Motion re Contract Evaluation.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' executory contracts in contemplation of assumption and the sale. Specifically, your Applicant worked with the Debtors to identify all of its potential executory contracts and to make

them available to interested parties. Your Applicant also evaluated each executory contract to ascertain its terms. For example, various license agreements were reviewed and discussed with the Debtors in determining whether the agreements were executory in nature, if they constituted value to the Debtors and/or a potential purchaser, whether they required specific notice, termination, assignment procedures and what potential cure amounts were due under each.

The within billing category additionally encompasses your Applicant's communications with the Debtors and interested parties such as the Banks and SPP regarding matters pertaining to potentially assumed contracts. For example, your Applicant communicated with SPP regarding the status of certain license agreements and negotiations with the counterparties to those license agreements. Your Applicant also discussed with the Banks the nature of certain contracts which may be assumed in the sale.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "FFF"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .40 | $ 590.00 | $ 236.00 |
| Janice M. Murray (JMM) | .20 | $ 540.00 | $ 108.00 |
| Robert A. Franklin (RAF) | 1.40 | $ 460.00 | $ 644.00 |
| Doris A. Kaelin (DAK) | .90 | $ 440.00 | $ 396.00 |
| Rachel P. Ragni (RPR) | 1.40 | $ 330.00 | $ 462.00 |
| Thomas T. Hwang (TTH) | 11.20 | $ 310.00 | $ 3,472.00 |
| Ivan C. Jen (ICJ) | 3.70 | $ 225.00 | $ 832.50 |
| **Totals** | **19.20** | | $ 6,150.50 |

## FFF.    Assumption Motion re Assumed Contracts.

This project billing category incorporates your Applicant's attorneys' fees relative to the preparation of the list of executory contracts and unexpired leases designated for assumption by SPP.

JWM:yhe
...Appl.M&M Murray...First Interim v9.doc    67    FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511    Doc#: 322    Filed: 10/15/09    Entered: 10/15/09 15:05:08    Page 71 of 114

The Court-approved bid procedures required the Debtors to provide notice of the assumption motion prior to the filing of filing of the assumption motion itself. Accordingly, your Applicant filed and served the NOTICE OF HEARING ON MOTION TO AUTHORIZE DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN OF THEIR ASSETS (11 U.S.C. §§ 363 AND 365) (the "Assumption Notice") which is described in greater detail in below. The Assumption Notice initially attached as its Exhibit A (the "Assumed Contract List"), a list of the entire universe of the Debtors' potential executory contracts and their corresponding cure amounts because the Debtors had not yet identified which contracts might be assigned to potential purchasers and because your Applicant had to ensure that all potential contract counterparties received appropriate notice. After the Asset Purchase Agreement was finalized, your Applicant evaluated the assumed contracts identified therein vis-à-vis the Assumed Contract List. Due to the fact that the Asset Purchase Agreement included an abundance of contracts to which the Debtors were or were not parties, your Applicant reconciled the two lists with the Debtors, and revised the Assumed Contract List accordingly. Your Applicant also conferred with the Debtors to provide updated cure amounts. Up to the sale hearing, your Applicant communicated with SPP regarding its continued revisions to the list of contracts which it desired to assume in the sale. In order to advise the Court of the affected executory contracts, your Applicant prepared a final Assumed Contract List which was attached to the SUPPLEMENT TO (1) MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (2) MOTION TO AUTHORIZE DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN OF THEIR ASSETS (11 U.S.C. §§ 363 AND 365) filed on September 25, 2009.

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "GGG"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

JWM:yhe
...A..\Ps FeeAppl\M&M...First Interim v9.doc
68    FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:25:08   Page 72 of 114

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .50 | $ 590.00 | $ 295.00 |
| Janice M. Murray (JMM) | .10 | $ 540.00 | $ 54.00 |
| Doris A. Kaelin (DAK) | 2.70 | $ 440.00 | $ 1,188.00 |
| Rachel P. Ragni (RPR) | .70 | $ 330.00 | $ 231.00 |
| Thomas T. Hwang (TTH) | 7.80 | $ 310.00 | $ 2,418.00 |
| Ivan C. Jen (ICJ) | .40 | $ 225.00 | $ 90.00 |
| **Totals** | 12.20 | | $ 4,276.00 |

**GGG.  Assumption Motion re Pleadings.**

This project billing category includes all of your Applicant's attorneys' fees relative to the preparation of the assumption motion and the pleadings related thereto.  Because the assumption and assignment of executory contracts coincided with and in fact constituted part of the sale, the preparation of the assumption motion required the Debtors' cooperation with SPP, the Banks and the Committee, amongst other parties.  Your Applicant solicited and responded to comments, incorporating them into various iterations of the assumption motion and the proposed order thereto.  Moreover, subsequent to filing the assumption motion on September 9, 2009, your Applicant prepared and filed supplemental pleadings.

To establish the bases for assumption and assignment, your Applicant prepared pleadings in support of the assumption motion.  For example, your Applicant prepared a supplement to both the sale motion and assumption motion to establish that the contracts on the Assumed Contract List are assignable notwithstanding any provisions contained therein to the contrary pursuant to section 365(f).  Your Applicant also filed a declaration to support that the assumption and assignment is integral to the Asset Purchase Agreement, is in the best interests of the Debtors and their estates, and represents the exercise of sound and prudent business judgment.  Furthermore, your Applicant coordinated SPP's submission of evidence to provide adequate assurance of its future performance within the meaning of section 365(b)(1)(C).  Discussions, evaluation and legal analysis in preparation of the above-described pleadings all are encompassed in this within billing category.  On September 30, 2009, the Court entered its ORDER AUTHORIZING DEBTORS TO ASSUME AND ASSIGN

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 17:25:08   Page 73 of 114

1    EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN

2    ASSETS OF THE DEBTORS.

3        Your Applicant prepared and filed the following pleadings relative to this matter:

4        i.     MOTION TO AUTHORIZE DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS

5    AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN OF THEIR ASSETS (11 U.S.C. § §

6    363 AND 365);

7        ii.     DECLARATION OF PATRICK O'CONNOR IN SUPPORT OF MOTION TO AUTHORIZE

8    DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION

9    WITH THE SALE OF CERTAIN OF THEIR ASSETS (11 U.S.C. § § 363 AND 365);

10       iii.     DECLARATION BY RACHEL P. RAGNI IN SUPPORT OF (1) MOTION BY DEBTORS TO

11    SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

12    AND (2) MOTION TO AUTHORIZE DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND

13    UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN OF THEIR ASSETS (11 U.S.C. § §

14    363 AND 365);

15       iv.     SUPPLEMENT TO (1) MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND

16    CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (2) MOTION TO AUTHORIZE

17    DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN

18    CONNECTION WITH THE SALE OF CERTAIN OF THEIR ASSETS (11 U.S.C. § § 363 AND 365);

19       v.     SUPPLEMENTAL DECLARATION OF DORIS A. KAELIN IN SUPPORT OF MOTION TO

20    AUTHORIZE DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN

21    CONNECTION WITH THE SALE OF CERTAIN OF THEIR ASSETS (11 U.S.C. § § 363 AND 365); and

22       vi.     ORDER AUTHORIZING DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS

23    AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN ASSETS OF THE DEBTORS

24                             **Project Summary**

25        Attorneys' fees related to this project billing category are set forth and described in detail in

26    **Exhibit "HHH"** hereto and by this reference incorporated herein, which exhibit identifies the

27    individual professionals who performed specific services by the initials indicated below and can be

28    summarized as follows:

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 17:25:08   Page 74 of
114

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Janice M. Murray (JMM) | .40 | $ 540.00 | $ 216.00 |
| Doris A. Kaelin (DAK) | 10.70 | $ 440.00 | $ 4,708.00 |
| Thomas T. Hwang (TTH) | 19.90 | $ 310.00 | $ 6,169.00 |
| **Totals** | 31.00 | | $ 11,093.00 |

### HHH.     Assumption Motion re Notice of Assumption and Assignment.

As discussed above, the approved Bid Procedures Motion required the Debtors to provide notice of the assumption and assignment, and it attached a draft of the proposed Assumption Notice as an exhibit. Your Applicant therefore initially drafted the Assumption Notice in conjunction with the Bid Procedures Motion and continued to update it through its filing on September 9, 2009. This project billing category includes all of your Applicant's attorneys' fees relative to the preparation of the Assumption Notice and to ensuring that proper notification of potential assumption and assignment was afforded to all parties.

Your Applicant drafted several versions of the Assumption Notice incorporating comments received from the Banks, SPP, the Committee and IBM. The Assumption Notice included relevant information regarding the proposed transaction with SPP, as well as the procedures for objecting to assumption.

In addition, SPP initially had designated a certain Reseller Agreement with Exel M.P.L. AVBA, Ltd. ("Exel") for assumption which was not included in the original Assumption Notice because the Debtors believed that such agreement was terminated and non-executory. Subsequently, the Debtors learned that the agreement with Exel remained viable, and therefore, your Applicant filed a FIRST AMENDMENT TO NOTICE OF HEARING ON MOTION TO AUTHORIZE DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN ASSETS OF THE DEBTORS (11 U.S.C. §§ 363 AND 365) to assure that Exel received notification of the potential assignment to SPP. Because the amendment was filed subsequent to the deadline for notice designated by the bid procedures, your Applicant also prepared and filed the EX PARTE MOTION FOR ORDER SHORTENING TIME FOR NOTICE with supporting pleadings, to address the

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:25:08   Page 75 of 114

agreement with Exel.  In furtherance of this matter, your Applicant conferred with the Committee, the Debtors and SPP, and communicated with Exel.[1]

The within billing category also consists of your Applicant's efforts to identify appropriate service parties and to effect notification of potential assumption and assignment upon them.  Due to the nature of the relief requested by the assumption motion, your Applicant endeavored to ensure especially that all contract counterparties received notification.  Your Applicant reviewed and evaluated many instances whereby service upon certain entities was returned.  In such occasions, your Applicant made reasonable efforts to re-serve the appropriate Assumption motion pleading.  These efforts are described in the DECLARATION BY RACHEL P. RAGNI IN SUPPORT OF (1) MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (2) MOTION TO AUTHORIZE DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN OF THEIR ASSETS (11 U.S.C. §§ 363 AND 365) filed in support of the sale and the assumption motions, on September 25, 2009.  That declaration references over 15 certificates of service filed by the Debtors which evidence proper notification.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "III"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | .20 | $ 590.00 | $ | 118.00 | |
| Janice M. Murray (JMM) | .30 | $ 540.00 | $ | 162.00 | |
| Doris A. Kaelin (DAK) | 7.10 | $ 440.00 | $ | 3,124.00 | |
| Rachel P. Ragni (RPR) | 1.00 | $ 330.00 | $ | 330.00 | |
| Thomas T. Hwang (TTH) | 18.20 | $ 310.00 | $ | 5,642.00 | |
| Ivan C. Jen (ICJ) | 1.20 | $ 225.00 | $ | 270.00 | |
| **Totals** | 28.00 | | $ | 9,646.00 | |

---

[1] SPP ultimately declined to assume the agreement with Exel so this matter became moot, and your Applicant advised the Court accordingly.

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 14:25:08   Page 66 of 114

### III. Assumption Motion re Contract Counterparties.

This project billing category includes all of your Applicant's attorneys' fees relative to counterparties to executory contracts. Four (4) parties filed objections to the assumption motion - The Hartford Entities, WebEx Communications, Inc. ("WebEx"), Oracle USA, Inc. and Oracle Credit Corporation (together, "Oracle"), and IBM. Your Applicant analyzed these objections and contacted each party to address the respective issues raised therein. Specifically, your Applicant engaged in substantial discussions with Oracle's counsel regarding its request for assurances that none of its software was subject to assignment in the sale. Your Applicant conferred with the Debtors and SPP regarding Oracle's requests and continued discussions with Oracle up to the time of the sale hearing whereupon your Applicant addressed the issue with the Court. Your Applicant also engaged in discussions and extensive reconciliation with both WebEx and the Debtors regarding a discrepancy in cure amounts. Ultimately, prior to the hearing, SPP declined to assume any of the executory contracts with these four (4) objecting parties, and therefore, the objections became moot.

In addition to the above, your Applicant engaged in communications with counsel for General Electric Capital, counsel for Iron Mountain and counsel for Cisco regarding the status of the assumption motion and, specifically with respect to Iron Mountain, a discrepancy in cure amounts. Your Applicant analyzed and addressed the concerns raised by these parties. SPP ultimately declined to assume any contracts with these parties as well. On September 25, 2009, your Applicant filed the SUPPLEMENT TO (1) MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (2) MOTION TO AUTHORIZE DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN OF THEIR ASSETS (11 U.S.C. §§ 363 AND 365) to advise the Court of developments regarding the assumption motion, including the status of objections of counterparties as set forth above.

The within billing category also includes your Applicant's fees relative to responding to requests for adequate assurances from contract counterparties. The Assumption Notice set forth a procedure whereby the Debtors would facilitate the provision of "adequate assurance packages" to requesting parties, from any potential qualified bidder. Your Applicant fielded such requests and

coordinated them with SPP.

<strong><u>Project Summary</u></strong>

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "JJJ"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.00 | $ 590.00 | $ 590.00 |
| Janice M. Murray (JMM) | .90 | $ 540.00 | $ 486.00 |
| Doris A. Kaelin (DAK) | 1.50 | $ 440.00 | $ 660.00 |
| Thomas T. Hwang (TTH) | 15.70 | $ 310.00 | $ 4,867.00 |
| **Totals** | 19.10 | | $ 6,603.00 |

### JJJ.     <u>Assumption Motion re Hearing.</u>

This project billing category consists of your Applicant's time spent in connection with the preparation for and appearance at the Sale Hearing which the Court conducted on September 29, 2009, specifically in the context of the assumption motion.

<strong><u>Project Summary</u></strong>

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "KKK"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 2.00 | $ 590.00 | $ 1,180.00 |
| Doris A. Kaelin (DAK) | 1.00 | $ 440.00 | $ 440.00 |
| **Totals** | 3.00 | | $ 1,620.00 |

/ / /

## KKK.    Motions to Sell Surplus & Excluded Assets.

Certain assets were excluded from the sale to SPP.  The surplus assets consisted of excluded intellectual property ("Excluded IP"), obsolete assets including inventory and equipment (the "Obsolete Assets"), and miscellaneous fixed assets (the "Fixed Assets", and together with Obsolete Assets the "Miscellaneous Assets").  In an attempt to liquidate all of the Debtors' assets, the Debtors located buyers for the surplus assets and engaged auctioneers to sell the Obsolete Assets.  Your Applicant was involved in all phases of the sale of the surplus assets which can be subdivided into the following discrete billing categories:

i)    Communications Regarding Surplus Assets

This project billing category includes your Applicant's attorneys' fees relative to the identification of surplus assets, proposed purchasers, proposed auctioneers and proposed sale methods.  It also includes the necessary correspondence with counsel to the Committee and Banks regarding the sale mechanics and obtaining consent to the sales.  It was also necessary for your Applicant to propose and negotiate with the Banks for the costs necessary to conduct the sales and for instructions on the proceeds from the sales.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "LLL"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 6.20 | $ 590.00 | $ 3,658.00 |
| Janice M. Murray (JMM) | 3.50 | $ 540.00 | $ 1,890.00 |
| Robert A. Franklin (RAF) | 1.70 | $ 460.00 | $ 782.00 |
| Doris A. Kaelin (DAK) | 1.90 | $ 440.00 | $ 836.00 |
| Jenny Lynn Fountain (JLF) | 17.30 | $ 350.00 | $ 6,055.00 |
| Rachel P. Ragni (RPR) | 9.70 | $ 330.00 | $ 3,201.00 |
| **Totals** | 40.30 | | $ 16,422.00 |

    ii)  <u>Motion to Sell Miscellaneous Assets</u>

   This project billing category includes your Applicant's attorneys' fees relative to the sale of the Obsolete Assets and Fixed Assets, including preparation of the necessary pleadings and employment applications for the auctioneers. At this time, the Debtors are proceeding with a motion to sell the Fixed Assets, subject to an order shortening time. Your Applicant anticipates filing the motion to sell the Obsolete Assets and application to employ the Auctioneers (as defined below) once the employment matters and scope of the Obsolete Assets are finalized.

   This project billing category also includes attorneys' fees relative to the employment of proposed auctioneers to auction the Obsolete Assets. Your Applicant conferred with the Debtors, Cowan Alexander, LLC ("<u>Cowan Alexander</u>") and Asset Reliance International, LLC ("<u>ARI</u>", and together with Cowan Alexander the "<u>Auctioneers</u>") regarding the proposed engagement agreements for the Auctioneers and other employment matters with respect to the sale of the Obsolete Assets. Due to the large volume of names for the conflict search, investigation and discussion was necessary relative to the Auctioneers' services. Your Applicant also negotiated, reviewed and revised the Auctioneers' engagement agreements, which consisted of a proposed three-phase auction sale, each phase with a different compensation basis and different identified assets. Research was also necessary as the Auctioneers would serve as auctioneer partners, and thus would split certain commissions.

<b><u>Project Summary</u></b>

   Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "MMM"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .60 | $ 590.00 | $ 354.00 |
| Janice M. Murray (JMM) | 2.80 | $ 540.00 | $ 1,512.00 |
| Robert A. Franklin (RAF) | .60 | $ 460.00 | $ 276.00 |
| Doris A. Kaelin (DAK) | 15.10 | $ 440.00 | $ 6,644.00 |
| Jenny Lynn Fountain (JLF) | 52.80 | $ 350.00 | $ 18,480.00 |
| Rachel P. Ragni (RPR) | 37.50 | $ 330.00 | $ 12,375.00 |
| Ivan C. Jen (ICJ) | 2.30 | $ 225.00 | $ 517.50 |
| **Totals** | 111.70 | | $ 40,158.50 |

iii)    Motion to Shorten Time for Miscellaneous Assets

This project billing category includes your Applicant's attorneys' fees relative to having the contemplated motion to sell the Miscellaneous Assets heard on shortened time. This included drafting the necessary pleadings and obtaining the consents from the United States Trustee and counsel for the Banks and Committee.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "NNN"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Doris A. Kaelin (DAK) | .80 | $ 440.00 | $ 352.00 |
| Jenny Lynn Fountain (JLF) | 3.30 | $ 350.00 | $ 1,155.00 |
| Rachel P. Ragni (RPR) | 1.20 | $ 330.00 | $ 396.00 |
| **Totals** | 5.30 | | $ 1,903.00 |

iv)    Motion to Sell Excluded IP

This project billing category includes your Applicant's attorneys' fees relative to the sale of the Excluded IP via a Court supervised auction (the "Auction Motion"). This includes preparing a draft bidding summary for potential purchasers that outlined the auction process, minimum bids necessary to participate, and the bidding procedures at the auction (the "IP Bid Procedures"), as well

as filing the MOTION FOR ORDER AUTHORIZING DEBTORS TO HOLD AN AUCTION TO SELL CERTAIN ADDITIONAL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS. The Debtors did not receive the minimum bid for patents, technology and inventory related to the Debtors' atomic layer deposition technology and thus did not proceed with that auction.  At the hearing on the Auction Motion on September 29, 2009, the Court conducted an auction of the Debtors' interest in the low-k patent portfolio (the "Low-K Patents").  The Debtors received two qualified minimum bids of $500,000 for the Low-K Patents and the final auction price was $1.1 million with Applied Materials, Inc. ("AMAT") as the successful purchaser.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "OOO"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 2.00 | $ 590.00 | $ 1,180.00 |
| Janice M. Murray (JMM) | 10.10 | $ 540.00 | $ 5,454.00 |
| Robert A. Franklin (RAF) | .10 | $ 460.00 | $ 46.00 |
| Doris A. Kaelin (DAK) | 9.70 | $ 440.00 | $ 4,268.00 |
| Jenny Lynn Fountain (JLF) | 7.40 | $ 350.00 | $ 2,590.00 |
| Rachel P. Ragni (RPR) | 40.30 | $ 330.00 | $ 13,299.00 |
| Ivan C. Jen (ICJ) | .20 | $ 225.00 | $ 45.00 |
| **Totals** | 69.80 | | $ 26,882.00 |

v)      Motion to Shorten Time for Auction Motion and Approve Bid Procedures

This project billing category includes your Applicant's attorneys' fees relative to having the Auction Motion heard on shortened time, which required approvals from the United States Trustee, counsel for the Banks and the Committee, and obtaining Court approval of the IP Bid Procedures before the auction.

Under this category your Applicant filed the following pleadings in support of the Debtors' position.

I) EX PARTE MOTION FOR (1) ORDER SPECIALLY SETTING HEARING AND SHORTENING TIME FOR NOTICE OF HEARING ON MOTION FOR ORDER AUTHORIZING DEBTORS TO HOLD AN AUCTION TO SELL CERTAIN ADDITIONAL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (2) APPROVING CERTAIN BID PROCEDURES FOR AUCTION;

II) DECLARATION OF RACHEL P. RAGNI IN SUPPORT OF EX PARTE MOTION FOR (1) ORDER SPECIALLY SETTING HEARING AND SHORTENING TIME FOR NOTICE OF HEARING ON MOTION FOR ORDER AUTHORIZING DEBTORS TO HOLD AN AUCTION TO SELL CERTAIN ADDITIONAL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (2) APPROVING CERTAIN BID PROCEDURES FOR AUCTION;

III) DECLARATION OF JERAULD J. CUTINI IN SUPPORT OF EX PARTE MOTION FOR (1) ORDER SPECIALLY SETTING HEARING AND SHORTENING TIME FOR NOTICE OF HEARING ON MOTION FOR ORDER AUTHORIZING DEBTORS TO HOLD AN AUCTION TO SELL CERTAIN ADDITIONAL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (2) APPROVING CERTAIN BID PROCEDURES FOR AUCTION; and

IV) ORDER GRANTING EX PARTE MOTION FOR (1) ORDER SPECIALLY SETTING HEARING AND SHORTENING TIME FOR NOTICE OF HEARING ON MOTION FOR ORDER AUTHORIZING DEBTORS TO HOLD AN AUCTION TO SELL CERTAIN ADDITIONAL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (2) APPROVING CERTAIN BID PROCEDURES FOR AUCTION (the "Auction Ex Parte Order").

The Auction Ex Parte Order was entered on September 17, 2009.

## **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "PPP"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be

summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Janice M. Murray (JMM) | .60 | $ 540.00 | $ 324.00 |
| Doris A. Kaelin (DAK) | 8.20 | $ 440.00 | $ 3,608.00 |
| Rachel P. Ragni (RPR) | 13.70 | $ 330.00 | $ 4,521.00 |
| **Totals** | 22.50 | | $ 8,453.00 |

vi)    <u>Review Submitted Bids and Correspondence With Potential Purchasers</u>

This project billing category includes your Applicant's attorneys' fees relative to bids submitted by the potential purchasers of the Excluded IP, including reviewing the submitted bids to determine if the bids met the minimum qualifications of the IP Bid Procedures, conferring with the Debtors regarding submitted bids, and conferring with potential purchasers regarding their submitted bids and the necessary procedures at the auction.

## **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "QQQ"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .20 | $ 590.00 | $ 118.00 |
| Janice M. Murray (JMM) | 3.80 | $ 540.00 | $ 2,052.00 |
| Robert A. Franklin (RAF) | .80 | $ 460.00 | $ 368.00 |
| Doris A. Kaelin (DAK) | 2.30 | $ 440.00 | $ 1,012.00 |
| Rachel P. Ragni (RPR) | 11.60 | $ 330.00 | $ 3,828.00 |
| **Totals** | 18.70 | | $ 7,378.00 |

vii)    <u>Post-Auction Matters</u>

This project billing category includes your Applicant's attorneys' fees relative to reviewing certain post-auction issues, including the procedure for the deposit from Applied Materials for the purchase of the Low-K Patents and drafting the order approving the sale of the Low-K Patents to

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 13:15:08   Page 84 of 114

AMAT.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "RRR"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .40 | $ 590.00 | $ 236.00 |
| Janice M. Murray (JMM) | .70 | $ 540.00 | $ 378.00 |
| Doris A. Kaelin (DAK) | 1.60 | $ 440.00 | $ 704.00 |
| Rachel P. Ragni (RPR) | 4.50 | $ 330.00 | $ 1,485.00 |
| **Totals** | 7.20 | | $ 2,803.00 |

### LLL. Sale of Real Property.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' effort to sell the real property located at 440 Kings Village Road, Scotts Valley, California (the "Real Property"), including ongoing discussions with the Debtors on the status of the sale, providing updates to the Banks who have a security interest in the Real Property, and reviewing offers and counter-offers from prospective buyers. The Real Property has not yet been sold, in part because of the nature of the property. The Real Property is a nine building office and R&D complex, comprised of 204,000 square feet of rentable area, situated on 43.7 acres of land in Santa Cruz County. The Real Property was designated as a "Superfund" site on the National Priorities List in 1990 and is undergoing mandated remediation. Given the size of the property and adverse economic conditions, it is unknown when a buyer will be found. Once a buyer has been identified and an agreement has been reached, the Applicant will file an appropriate motion with this Court to sell the Real Property.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "SSS"** hereto and by this reference incorporated herein, which exhibit identifies the

individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | | Rate | | Amount |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | 3.50 | $ | 590.00 | $ | 2,065.00 |
| Janice M. Murray (JMM) | 1.50 | $ | 540.00 | $ | 810.00 |
| Robert A. Franklin (RAF) | 2.00 | $ | 460.00 | $ | 920.00 |
| Jenny Lynn Fountain (JLF) | .40 | $ | 350.00 | $ | 140.00 |
| **Totals** | 7.40 | | | $ | 3,935.00 |

### MMM.    Executory Contracts (Generally).

At the commencement of the cases, the Debtors provided over 100 contracts for your Applicant to review. Thereafter and through the course of these cases, the Debtors identified over 50 additional contracts for your Applicant to review. This project billing category includes your Applicant's attorneys' fees relative to the analysis and evaluation of contracts provided by the Debtors, including review of whether the contracts are executory in nature, communications with the Debtors regarding the status of potentially active contracts, determining cure amounts and pecuniary losses, and other analysis of a general nature which do not fit within a more discrete billing category.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "TTT"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

JWM:yhe
...\2009\...\Appl M&M...\First Interim v9.doc    82    FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY GENERAL FOR DEBTORS

Case: 09-54511    Doc# 322    Filed: 10/15/09    Entered: 10/15/09 11:25:08    Page 86 of 114

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | 2.00 | $ | 590.00 | $ | 1,180.00 |
| Janice M. Murray (JMM) | 1.50 | $ | 540.00 | $ | 810.00 |
| Robert A. Franklin (RAF) | 1.60 | $ | 460.00 | $ | 736.00 |
| Jenny Lynn Fountain (JLF) | 2.10 | $ | 350.00 | $ | 735.00 |
| Rachel P. Ragni (RPR) | 8.40 | $ | 330.00 | $ | 2,772.00 |
| Thomas T. Hwang (TTH) | 3.20 | $ | 310.00 | $ | 992.00 |
| Ivan C. Jen (ICJ) | 26.40 | $ | 225.00 | $ | 5,940.00 |
| **Totals** | 45.20 | | | $ | 13,165.00 |

NNN.    **Executory Contracts re Scientech.**

This project billing category includes your Applicant's attorneys' fees relative to evaluating Scientech's contract with the Debtors. Scientech filed an objection to your Applicant's MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS, which set forth the auction procedures for selling the Debtors' assets to SPP, and asserted that either the Debtors pay off Scientech's claims or have SPP assume the Debtors' liabilities. In addition, Scientech asserted a claim over the Debtors' collateral that was in its possession. As a result, your Applicant was required to review Scientech's contract with the Debtors to determine the validity of their claim because the objection affected the proposed asset sale to SPP. Your Applicant conferred with the Debtors and other parties in interest to determine whether Scientech may have a valid lien under Taiwanese law and whether Scientech's contract would be assumed by SPP. Ultimately, Scientech's objection was overruled at the sale hearing for lack of prosecution and mootness as the asserted collateral was not made a part of the asset sale to SPP.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "UUU"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

JWM:yhe
...\A...\...\...\...\...\...\...\First Interim v9.doc    83    FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY PROFESSOR DEBTORS

Case: 09-54511    Doc# 322    Filed: 10/15/09    Entered: 10/15/09 11:25:08    Page 87 of 114

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.40 | $ 590.00 | $ 826.00 |
| Robert A. Franklin (RAF) | .70 | $ 460.00 | $ 322.00 |
| Jenny Lynn Fountain (JLF) | .70 | $ 350.00 | $ 245.00 |
| Rachel P. Ragni (RPR) | 2.00 | $ 330.00 | $ 660.00 |
| **Totals** | 4.80 | | $ 2,053.00 |

### OOO. <u>Executory Contracts re IBM Global Services.</u>

This project billing category includes your Applicant's attorneys' fees relative to evaluating the Debtors' contract with IBM Global Services. IBM Global Services provided remote network management services to the Debtors' facilities throughout the world. The Debtors determined that they no longer needed services at all of its locations. Your Applicant reviewed the Debtors' contract with IBM Global Services to determine whether specific connections could be terminated, the damages for breach of contract, and any cure amounts required for the assumption of the remainder of the IBM Global Services contract.

### <u>Project Summary</u>

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "VVV"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .10 | $ 590.00 | $ 59.00 |
| Janice M. Murray (JMM) | .50 | $ 540.00 | $ 270.00 |
| Robert A. Franklin (RAF) | 2.00 | $ 460.00 | $ 920.00 |
| Rachel P. Ragni (RPR) | 2.00 | $ 330.00 | $ 660.00 |
| Thomas T. Hwang (TTH) | .90 | $ 310.00 | $ 279.00 |
| **Totals** | 5.50 | | $ 2,188.00 |

**PPP.     Equipment Leases (Generally).**

This project billing category includes your Applicant's attorneys' fees regarding equipment leases that do not fit more logically in another discrete project billing category. This project billing category includes communications with equipment lessors of the Debtors and general legal research on equipment leases.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "WWW"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .70 | $ 590.00 | $ 413.00 |
| Doris A. Kaelin (DAK) | .20 | $ 440.00 | $ 88.00 |
| Rachel P. Ragni (RPR) | 2.90 | $ 330.00 | $ 957.00 |
| **Totals** | 3.80 | | $ 1,458.00 |

**QQQ.     Rejection of IBM Equipment Leases.**

This project billing category includes your Applicant's attorneys' fees relative to the rejection of certain equipment leases with IBM Credit LLC (the "IBM Leases"). This project billing category includes: (i) communications with the Debtors regarding the rejection of IBM equipment leases; (ii) review of the IBM Leases; (iii) preparation of the EX PARTE MOTION FOR ORDER SHORTENING TIME FOR HEARING ON MOTIONS TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ESTABLISH BAR DATE FOR REJECTION CLAIMS (the "Ex Parte Motion"); (iv) preparation of the MOTION FOR ORDER AUTHORIZING DEBTORS TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365 AND TO ESTABLISH BAR DATE FOR REJECTION CLAIMS (IBM CREDIT LLC) (the "IBM Rejection Motion"); (v) analysis and evaluation of IBM Credit's objections to the IBM Rejection Motion; (vi) attendance at the hearing on the IBM Rejection Motion; and (vii) the drafting of the order granting the IBM Rejection Motion.

The Debtors signed multiple equipment lease contracts with IBM Credit who supplied computer equipment for use at the Debtors' Scotts Valley facility. The Debtors determined they no longer needed all of the leased equipment and identified leases it wished to reject, which would save the estate approximately $35,000 per month in administrative costs. Your Applicant reviewed the IBM Leases to determine whether they were true leases or disguised financings and the cure and rejection amounts for the IBM Leases. Thereafter, your Applicant filed the IBM Rejection Motion and the Ex Parte Motion to allow the Rejection Motion to be heard on shortened time. IBM Credit filed an objection, and your Applicant reviewed and analyzed IBM Credit's objections and attended the hearing. At the hearing, the Court granted the Debtors' requested relief and permitted the Debtors to reject the IBM Leases as of the hearing date. On August 14, 2009, the Court entered its ORDER GRANTING MOTION FOR ORDER authorizing DEBTORS TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365. Your Applicant provided valuable services to the Debtors by having the IBM Leases rejected effective as of the hearing date and having the motion heard on shortened time. Your Applicant's expedited work reduced the Debtors' administrative expenses and cash collateral needs, thus ultimately benefiting of the estate.

Your Applicant prepared and filed the following pleadings relative to this matter:

i. EX PARTE MOTION FOR ORDER SHORTENING TIME FOR HEARING ON MOTIONS TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ESTABLISH BAR DATE FOR REJECTION CLAIMS;

ii. DECLARATION OF RACHEL PATIENCE RAGNI IN SUPPORT OF EX PARTE MOTION FOR ORDER SHORTENING TIME FOR HEARING ON MOTIONS TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ESTABLISH BAR DATE FOR REJECTION CLAIMS;

iii. ORDER SHORTENING TIME FOR HEARING ON MOTIONS TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ESTABLISH BAR DATE FOR REJECTION CLAIMS;

iv. NOTICE OF HEARING ON MOTIONS TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ESTABLISH BAR DATE FOR REJECTION CLAIMS;

Case: 09-54511   Doc#: 322   Filed: 10/15/09   Entered: 10/15/09 14:25:08   Page 90 of 114

1      v.       MOTION FOR ORDER AUTHORIZING DEBTORS TO REJECT EXECUTORY CONTRACTS

2            AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365 AND TO ESTABLISH BAR

3            DATE FOR REJECTION CLAIMS (IBM CREDIT LLC);

4      vi.      DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF MOTION FOR ORDER

5            AUTHORIZING DEBTORS TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6            PURSUANT TO 11 U.S.C. § 365 AND TO ESTABLISH BAR DATE FOR REJECTION CLAIMS;

7            and

8      vii.     ORDER GRANTING MOTION FOR ORDER AUTHORIZING DEBTORS TO REJECT

9            EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365

10           AND TO ESTABLISH BAR DATE FOR REJECTION CLAIMS (IBM CREDIT LLC).

11                            **Project Summary**

12         Attorneys' fees related to this project billing category are set forth and described in detail in

13 **Exhibit "XXX"** hereto and by this reference incorporated herein, which exhibit identifies the

14 individual professionals who performed specific services by the initials indicated below and can be

15 summarized as follows:

16         Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .80 | $ 590.00 | $ 472.00 |
| Janice M. Murray (JMM) | .50 | $ 540.00 | $ 270.00 |
| Robert A. Franklin (RAF) | 3.60 | $ 460.00 | $ 1,656.00 |
| Rachel P. Ragni (RPR) | 24.80 | $ 330.00 | $ 8,184.00 |
| Ivan C. Jen (ICJ) | .40 | $ 225.00 | $ 90.00 |
| **Totals** | 30.10 | | $ 10,672.00 |

23        **RRR.**      **Rejection of GECC Equipment Leases.**

24         This project billing category includes your Applicant's attorneys' fees relative to the

25 rejection of a lease for electronic and test equipment (the "GECC Lease") with General Electric

26 Credit Corporation ("GECC"). This project billing category includes communications with the

27 Debtors regarding the rejection of the GECC Lease and preparation of the MOTION FOR ORDER

28 AUTHORIZING DEBTORS TO REJECT EXECUTORY CONTRACT AND UNEXPIRED LEASE PURSUANT TO

JWM:yhe
...\2009 Forms\Apps\M&M 1st Interim v9.doc     87    FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY PENSON FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 11:15:08   Page 91 of 114

11 U.S.C. § 365 AND TO ESTABLISH BAR DATE FOR REJECTION CLAIMS (GENERAL ELECTRIC CREDIT CORPORATION) (the "GECC Rejection Motion") and related pleadings.

Prior to the Petition Date, the Debtors determined they no longer needed the equipment under the GECC Lease and requested GECC to take possession of the equipment and terminate the GECC Lease. Your Applicant drafted the GECC Rejection Motion, seeking to reject the GECC Lease effective upon and retroactive to the Petition Date, and the GECC Rejection Motion was heard on shortened time along with the IBM Rejection Motion on August 5, 2009. At the hearing, the requested relief was granted, and the ORDER GRANTING MOTION FOR ORDER AUTHORIZING DEBTORS TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365 (GENERAL ELECTRIC CREDIT CORPORATION) was entered on August 10, 2009. Without the requested relief, the Debtors would have been charged approximately $37,000 per month for the leased equipment. Your Applicant provided valuable services to the estate by allowing the estate to reject the GECC Lease as of the Petition Date, thus reducing the estate's administrative expenses and cash collateral needs.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "YYY"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .20 | $ 590.00 | $ 118.00 |
| Robert A. Franklin (RAF) | .50 | $ 460.00 | $ 230.00 |
| Jenny Lynn Fountain (JLF) | 2.10 | $ 350.00 | $ 735.00 |
| Rachel P. Ragni (RPR) | 6.10 | $ 330.00 | $ 2,013.00 |
| Ivan C. Jen (ICJ) | .50 | $ 225.00 | $ 112.50 |
| **Totals** | 9.40 | | $ 3,208.50 |

**SSS.** **Real Property Leases.**

This project billing category includes your Applicant's attorneys' fees regarding the Debtors'

JWM:yhe
...\...\Fee Appl\M&M\Draft Interim v9.doc
88
FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 17:25:08   Page 92 of 114

real property leases, and in particular relative to its negotiations and communications with counsel for the landlord of the Orange County premises.  The Debtors had two pre-petition real property leases in southern California, one in Fountain Valley and one in Orange County.  Your Applicant researched whether the Debtors' two pre-petition leases terminated pre-petition and coordinated with the Debtors to remove valuable personal property from the leased premises.  In an abundance of caution and to minimize the risk of a possible administration expense claim for unpaid rent, your Applicant also negotiated and entered into a cautionary stipulation with the Debtors' Orange County landlord to reject the Orange County lease as of the Petition Date, which will soon be filed with the Court.

<u>**Project Summary**</u>

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "ZZZ"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | .80 | $ | 590.00 | $ | 472.00 |
| Janice M. Murray (JMM) | .70 | $ | 540.00 | $ | 378.00 |
| Robert A. Franklin (RAF) | 3.50 | $ | 460.00 | $ | 1,610.00 |
| Jenny Lynn Fountain (JLF) | .60 | $ | 350.00 | $ | 210.00 |
| Rachel P. Ragni (RPR) | 13.90 | $ | 330.00 | $ | 4,587.00 |
| **Totals** | 19.50 | | | $ | 7,257.00 |

**TTT.**     <u>**Claims (Generally).**</u>

This project billing category includes your Applicant's attorneys' fees relative to general issues regarding claims made against the bankruptcy estates, including interactions with the Debtors' claims agent, communications to and from parties in interest regarding their claims, sending notices to creditors to file claims, and communications with the client regarding the claims process.

/ / /

/ / /

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "AAAA"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 2.10 | $ 590.00 | $ 1,239.00 |
| Janice M. Murray (JMM) | .20 | $ 540.00 | $ 108.00 |
| Robert A. Franklin (RAF) | .10 | $ 460.00 | $ 46.00 |
| Jenny Lynn Fountain (JLF) | 3.30 | $ 350.00 | $ 1,155.00 |
| Rachel P. Ragni (RPR) | .20 | $ 330.00 | $ 66.00 |
| Ivan C. Jen (ICJ) | .30 | $ 225.00 | $ 67.50 |
| **Totals** | **6.20** | | **$ 2,681.50** |

UUU.　　**Taxes.**

This project billing category includes your Applicant's attorneys' fees relative to the analysis of outstanding state, personal, and real property tax liabilities of the Debtors.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "BBBB"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.70 | $ 590.00 | $ 1,003.00 |
| Janice M. Murray (JMM) | .20 | $ 540.00 | $ 108.00 |
| Robert A. Franklin (RAF) | .10 | $ 460.00 | $ 46.00 |
| **Totals** | **2.00** | | **$ 1,157.00** |

/ / /

VVV.    **Lien Avoidance.**

This project billing category includes your Applicant's attorneys' fees relative to the termination of a lien recorded by Bank of America against Trikon and the release of a judgment lien recorded by ASML against the Debtors' real property at 440 Kings Village Road, Scotts Valley California.  The release of both liens benefitted the estate by allowing the Debtors to have clear title to the encumbered assets, thus facilitating the Debtors' ability to sell those assets.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "CCCC"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | .40 | $ 590.00 | $ | 236.00 |
| Robert A. Franklin (RAF) | .40 | $ 460.00 | $ | 184.00 |
| Doris A. Kaelin (DAK) | .40 | $ 440.00 | $ | 176.00 |
| Jenny Lynn Fountain (JLF) | 1.50 | $ 350.00 | $ | 525.00 |
| Rachel P. Ragni (RPR) | 7.50 | $ 330.00 | $ | 2,475.00 |
| **Totals** | 10.20 | | $ | 3,596.00 |

WWW.    **Plan of Reorganization.**

This project billing category includes your Applicant's attorneys' fees relative to the preparation of the Debtors' Joint Plan of Liquidation.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "DDDD"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Janice M. Murray (JMM) | 3.70 | $ 540.00 | $ 1,998.00 |
| Thomas T. Hwang (TTH) | 5.20 | $ 310.00 | $ 1,612.00 |
| **Totals** | 8.90 | | $ 3,610.00 |

### XXX. Disclosure Statement.

This project billing category includes your Applicant's attorneys' fees relative to the preparation of the Debtors' Joint Disclosure Statement.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "EEEE"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Janice M. Murray (JMM) | 2.90 | $ 540.00 | $ 1,566.00 |
| Thomas T. Hwang (TTH) | 21.00 | $ 310.00 | $ 6,510.00 |
| **Totals** | 23.90 | | $ 8,076.00 |

### YYY. Motion to Extend Exclusivity.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF (the "Exclusivity Motion") seeking to extend the exclusive periods during which only the Debtors may file and solicit acceptances of a plan. The Exclusivity Motion was approved by the Court's ORDER GRANTING MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF entered on September 30, 2009, extending the exclusive periods through and including January 7, 2010, and March 7, 2010, respectively.

JWM:yhe
A:\USB\Fee App\1 M&M Fee Appl. Brian v9.doc   92

Case 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 13:25:08   Page 96 of
114

FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTORS

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "FFFF"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | 4.00 | $ | 590.00 | $ | 2,360.00 |
| Janice M. Murray (JMM) | 5.90 | $ | 540.00 | $ | 3,186.00 |
| Doris A. Kaelin (DAK) | .80 | $ | 440.00 | $ | 352.00 |
| Rachel P. Ragni (RPR) | 12.50 | $ | 330.00 | $ | 4,125.00 |
| **Totals** | 23.20 | | | $ | 10,023.00 |

### ZZZ. United Commercial Bank, East West Bank and China Trust Bank (USA).

This project billing category includes your Applicant's attorneys' fees relative to interactions and communications generally between your Applicant and the Banks. It includes analysis relative to the validity, priority and extent of the liens asserted by the Banks, preparation for and attendance at meetings with the Banks, its counsel and representatives from SPP regarding the proposed sale prior to the execution of the Asset Purchase Agreement, communications with the Banks regarding the calculation of the net sale proceeds available for ultimate payment to the Banks, conferences and communications with the Banks regarding the sale of the Debtors' other assets, including the Scotts Valley real estate, and legal research regarding perfection issues relating to the Banks' liens. This category also includes your Applicant's review of the asserted amount of the Banks' claim, associated interest charges and conferences with the Debtors and the Banks regarding these issues.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "GGGG"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

JWM:yhe
A:\AO9\Fee App\M&M First Interim v9.doc
Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 14:25:08   Page 93 of 114

93   FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY FEES FOR DEBTORS

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 24.60 | $ 590.00 | $ 14,514.00 |
| Janice M. Murray (JMM) | .90 | $ 540.00 | $ 486.00 |
| Robert A. Franklin (RAF) | 6.40 | $ 460.00 | $ 2,944.00 |
| Rachel P. Ragni (RPR) | .30 | $ 330.00 | $ 99.00 |
| Ivan C. Jen (ICJ) | 5.40 | $ 225.00 | $ 1,215.00 |
| **Totals** | 37.60 | | $ 19,258.00 |

### AAAA.     AFCO.

This project billing category includes your Applicant's attorneys' fees relative to AFCO Acceptance Corporation ("AFCO"). AFCO is an insurance premium finance company who financed the Debtors' commercial insurance policies, including property, workers' compensation, and casualty. AFCO provided notice to your Applicant that it would seek relief from the automatic stay to protect its fully secured interest unless the Debtors brought their account current. Your Applicant incurred fees in analyzing AFCO's demand letter and corresponding with the Debtors and AFCO regarding payments to keep their insurance coverage current.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "HHHH"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .70 | $ 590.00 | $ 413.00 |
| Jenny Lynn Fountain (JLF) | .30 | $ 350.00 | $ 105.00 |
| Rachel P. Ragni (RPR) | 1.30 | $ 330.00 | $ 429.00 |
| Thomas T. Hwang (TTH) | .70 | $ 310.00 | $ 217.00 |
| **Totals** | 3.00 | | $ 1,164.00 |

/ / /

**BBBB.**    **Creditors' Committee.**

This project billing category includes your Applicant's attorneys' fees relative to the Committee's interview and selection of counsel, the negotiation of an NDA with the Committee's counsel, and the review and response to motions filed by the Committee regarding the administration of the Committee.  Your Applicant conferred and discussed various issues with various prospective candidates for the position of counsel to the Creditors' Committee.  Upon the selection of Binder & Malter, LLP as Committee counsel, your Applicant drafted and provided an NDA to counsel to facilitate the disclosure of sensitive and confidential information to the Committee.  The NDA was signed, and your Applicant advised the Committee on the status of the cases, including ongoing discussions with the Banks on the status of the cases and the Debtors' intended sale of its assets.  Also included in this category is your Applicant's review and analysis of two administrative motions filed by the Committee, the MOTION BY OFFICIAL UNSECURED CREDITORS' COMMITTEE FOR ORDER DEFINING COMMITTEE RESPONSIBILITIES RELATING TO ACCESS TO INFORMATION AND SOLICITING COMMENTS and the MOTION TO AUTHORIZE PAYMENT OF COMMITTEE COUNSEL'S RETAINER AND COMMITTEE MEMBERS' EXPENSES FROM OPERATING LOANS PURSUANT TO 11 U.S.C. SECTION 363.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "IIII"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 11.60 | $ | 590.00 | $ 6,844.00 |
| Janice M. Murray (JMM) | .70 | $ | 540.00 | $ 378.00 |
| Robert A. Franklin (RAF) | .20 | $ | 460.00 | $ 92.00 |
| Doris A. Kaelin (DAK) | 1.50 | $ | 440.00 | $ 660.00 |
| Jenny Lynn Fountain (JLF) | .30 | $ | 350.00 | $ 105.00 |
| Rachel P. Ragni (RPR) | .80 | $ | 330.00 | $ 264.00 |
| Ivan C. Jen (ICJ) | 1.60 | $ | 225.00 | $ 360.00 |
| **Totals** | 16.70 | | | $ 8,703.00 |

**CCCC.      Arbitration Subpoena.**

This project billing category includes your Applicant's attorneys' fees relative to reviewing and responding to a subpoena served on the Debtors with respect to a pending arbitration in which the Debtors were requested to produce certain documents as a percipient witness. Your Applicant reviewed the subpoena and accompanying request for documents, conferred with the Debtors regarding the scope of the requests and responded to the issuing party regarding the Debtors' ability to respond. Your Applicant ultimately reached agreement with the issuing party to narrow the scope of the subpoena and the Debtors ultimately agreed to and did provide documents responsive to the narrowed requests.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "JJJJ"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | .30 | $ 590.00 | $ 177.00 |
| Robert A. Franklin (RAF) | 2.50 | $ 460.00 | $ 1,150.00 |
| **Totals** | 2.80 | | $ 1,327.00 |

**DDDD.      Chapter 11 Status Conferences.**

Murray & Murray prepared the DEBTORS' CHAPTER 11 STATUS CONFERENCE STATEMENT and attended the Chapter 11 Status Conference held by the Court on July 30, 2009. The within project billing category also includes preparation of the DEBTORS' CHAPTER 11 STATUS CONFERENCE STATEMENT for the Chapter 11 Status Conference held on October 8, 2009.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "KKKK"** hereto and by this reference incorporated herein, which exhibit identifies the

JWM:yhc
S:\Av\Avalon\Apps\M&M\DOC#1\fee2.v9.doc
96
FIRST APPLICATION FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR
DEBTORS

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09   17:06:59   Page 100 of 114

individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.20 | $ 590.00 | $ 708.00 |
| Rachel P. Ragni (RPR) | 13.50 | $ 330.00 | $ 4,455.00 |
| **Totals** | 14.70 | | $ 5,163.00 |

**EEEE.** **Case Management.**

In cases of this magnitude, it is important for Debtors' counsel to guide the Debtors and their other professionals through the substantive and procedural matters arising in the cases. As such, it is important for the Debtors' counsel to stay abreast of all matters and issues arising in the cases, to direct the appropriate resources to such issues and matters, and to craft the Debtors' strategy in relation thereto. In this regard, your Applicant prepared and continually revised detailed memoranda regarding action items in the cases, reviewed a continuing stream of correspondence from the Debtors and other parties in interest in the cases, and reviewed all pleadings filed in the cases. Your Applicant also conducted "team" meetings in these cases among the professionals in its firm to delegate, coordinate and prioritize assignments. In cases of this complexity, your Applicant believes such meetings are necessary to the efficient and economical administration of the cases to (i) assure that all attorneys involved in the cases understand and appreciate the overall case strategy and the ultimate goals of the cases, (ii) effectively delegate those matters which can be most economically handled by junior attorneys with lower hourly billing rates while providing the necessary guidance and support to such junior attorneys regarding their assignments, and (iii) insure that the efforts of all attorneys working on the cases compliment each other without waste or duplication. Your Applicant does not believe there has been an extraordinary or unwarranted use of such meetings in these cases. Your Applicant also prepared a case-specific calendar of key dates and deadlines. The within category also includes analysis and evaluation of multiple issues and management of case priorities and deadlines where not specific to another project billing category.

/ / /

Careful and effective management of the information flow in cases of this size is key to the efficient administration and ultimate success of the cases. At any given time, a multitude of events and related tasks were in play in these Chapter 11 cases. On a daily basis, your Applicant received, sent, processed and managed volumes of information, including documents, reports, pleadings and correspondence from multiple sources within the Debtors, the banks and their counsel, the Creditors' Committee through its counsel, the United States Trustee, other professionals in the cases, interested buyers of assets and their counsel, creditors, shareholders and parties in interest generally. Applicant devoted the resources necessary to ensure that these cases were well managed and that all matters were properly and timely handled to achieve the success evidenced by the ongoing sustainability of the Debtors and the recent Court approved sales of assets to SPP and Applied Materials.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "LLLL"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 15.20 | $ 590.00 | $ 8,968.00 |
| Janice M. Murray (JMM) | 76.50 | $ 540.00 | $ 41,310.00 |
| Robert A. Franklin (RAF) | 8.40 | $ 460.00 | $ 3,864.00 |
| Doris A. Kaelin (DAK) | 7.40 | $ 440.00 | $ 3,256.00 |
| Jenny Lynn Fountain (JLF) | 4.70 | $ 350.00 | $ 1,645.00 |
| Rachel P. Ragni (RPR) | 16.00 | $ 330.00 | $ 5,280.00 |
| Thomas T. Hwang (TTH) | 4.80 | $ 310.00 | $ 1,488.00 |
| Ivan C. Jen (ICJ) | 4.70 | $ 225.00 | $ 1,057.50 |
| **Totals** | 137.70 | | $ 66,868.50 |

### FFFF.    Compensation of Professionals (Generally).

This project billing category sets forth your Applicant's attorneys' fees relative to compensation of professionals generally, including communications with other professionals in the cases regarding their applications for compensation and compliance with the compensation

guidelines issued by the Court and the United States Trustee.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "MMMM"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Doris A. Kaelin (DAK) | .40 | $ 440.00 | $ 176.00 |
| Rachel P. Ragni (RPR) | 2.20 | $ 330.00 | $ 726.00 |
| **Totals** | 2.60 | | $ 902.00 |

### GGGG.    Compensation of Murray & Murray.

This project billing category includes, among other things, your Applicant's attorneys' fees incurred during the First Application Period relative to the preparation of this FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR, which fees represent approximately 1.18% of the total compensation requested in this Application. Your Applicant has spent additional time relative to the preparation of this Application after September 30, 2009, which time will be reflected in a future application.  However, the aggregate amount requested will not exceed 5% of the total amount of fees and costs requested.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "NNNN"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 21.40 | $ 590.00 | $ 12,626.00 |
| Doris A. Kaelin (DAK) | .20 | $ 440.00 | $ 88.00 |
| **Totals** | 21.60 | | $ 12,714.00 |

FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

## X. PROJECT BILLING SUMMARY.

A summary of all project billing categories used by your Applicant in these cases, including hours of professional time devoted to each category and the amount of attorneys' fees incurred therefor, is attached hereto as **Exhibit "OOOO"** and by this reference incorporated herein.

## XI. BILLING SUMMARY.

In the course of its representation of the Debtors in these matters from June 9, 2009 through September 30, 2009, Murray & Murray has devoted in excess of 2,568.7 hours of professional time in the performance of such services, including those set forth hereinabove, as indicated on Murray & Murray's Master Time Summary, a copy of which is attached hereto as **Exhibit "PPPP"** and by this reference incorporated herein. The Master Time Summary identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 375.30 | $ 590.00 | $ 221,427.00 |
| Janice M. Murray (JMM) | 189.70 | $ 540.00 | $ 102,438.00 |
| Robert A. Franklin (RAF) | 292.90 | $ 460.00 | $ 134,734.00 |
| Doris A. Kaelin (DAK) | 417.20 | $ 440.00 | $ 183,568.00 |
| Jenny Lynn Fountain (JLF) | 339.10 | $ 350.00 | $ 118,685.00 |
| Rachel P. Ragni (RPR) | 550.40 | $ 330.00 | $ 181,632.00 |
| Thomas T. Hwang (TTH) | 196.40 | $ 310.00 | $ 60,884.00 |
| Ivan C. Jen (ICJ) | 207.70 | $ 225.00 | $ 46,732.50 |
| **Totals** | 2,568.70 | | $ 1,050,100.50 |

A curriculum vitae for each of the attorneys who devoted time to this matter during the application period is attached hereto collectively as **Exhibit "QQQQ"** and by this reference incorporated herein. The bar admission dates for each of the attorneys who devoted time to this matter are as follows:

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| John Walshe Murray | June 28, 1977 |
| Janice M. Murray | December 1, 1981 |
| Robert A. Franklin | May 9, 1980 |
| Doris A. Kaelin | December 9, 1992 |
| Jenny L. Fountain | August 7, 2003 |
| Rachel P. Ragni | December 13, 2005 |
| Thomas T. Hwang | February 2, 2002 |
| Ivan C. Jen | December 4, 2007 |

## XII.    REIMBURSEMENT OF EXPENSES.

Murray & Murray has also incurred expenses in the sum of $31,913.78 from June 9, 2009 through September 30, 2009 as itemized on **Exhibit "RRRR"** attached hereto and by this reference incorporated herein. The amounts currently charged by Murray & Murray for ordinary and customary expenses are as follows:

| | |
|---|---|
| Automobile travel:[1] | 55.5¢ / mile |
| Faxes (incoming only):[2] | 20¢ / page |
| Internal photo-copying: | 20¢ / copy |
| Computerized research: | actual cost |
| Court reporters fees: | actual cost |
| Document storage & disposal: | actual cost |
| Filing fees: | actual cost |
| Lien searches: | actual cost |
| Long distance telephone: | actual cost |
| Messenger:[3] | actual cost |
| Other travel (e.g. airfare): | actual cost |
| Outside photo-copying: | actual cost |
| Overnight delivery:[4] | actual cost |

---

[1] No part of the automobile travel expense requested herein is attributable to travel by a professional, paraprofessional or other staff members, regardless of the day of the week or time of the day, between his or her residence and principal place of business. The mileage reimbursement rate is in conformity with the amount allowed by the Internal Revenue Service.

[2] Murray & Murray is not requesting reimbursement for any outgoing faxes in this case.

[3] Murray & Murray utilizes a messenger service only when circumstances warrant same day delivery or when the article delivered is of such import that its safe and timely delivery cannot be entrusted to the United States Postal Service.

[4] Murray & Murray utilizes overnight delivery services only when circumstances warrant delivery faster than can be

Case: 09-54511  Doc# 322  Filed: 10/15/09  Entered: 10/15/09 17:08:55  Page 105 of 114

| | |
|---|---|
| Parking:[5] | actual cost |
| Postage: | actual cost |
| Printing: | actual cost |
| Process service: | actual cost |
| UCC Searches: | actual cost |
| Witness fees: | actual cost |
| Working meals: | actual cost |

## XIII.  PRIOR COMPENSATION.

In the year prior to the commencement of the bankruptcy cases, Murray & Murray received payments from the Debtor totaling $426,336.70.  Of this amount, $235,302.51 was expended in services rendered to the Debtors prior to the commencement of the cases, leaving a remaining advance retainer (the "Chapter 11 Advance Retainer") on the Petition Date of $191,034.19.  The Debtor also agreed to pay Murray & Murray such additional attorneys' fees and expenses as may be approved by this Court.

## XIV.  SOURCE OF COMPENSATION.

The source of compensation to be paid to your Applicant is cash held by the Debtors and the proceeds of the sale of assets to SPP.

## XV.  NO SHARING OF COMPENSATION.

No compensation previously received by Murray & Murray has been shared with any other person, and no agreement or understanding exists between Murray & Murray and any other person for the sharing of compensation received or to be received for services rendered in, or in connection with, these cases, except with the regular members and associates of Murray & Murray.

## XVI.  UNPAID CHAPTER 11 EXPENSE OF ADMINISTRATION CLAIMS.

The only unpaid Chapter 11 expense of administration claims, other than the claim of your Applicant as set forth herein, are those of the Debtors' and Committee's other professionals.  Your Applicant is advised by the Debtors that all other obligations incurred by the Debtors since the

---

achieved by first class mail.

[5]  No part of the parking expense requested herein is attributable to parking for professionals, para-professionals or other staff members at their principal place of business regardless of the day of week or time of the day.

commencement of the cases are being paid in the ordinary course of the Debtors' business.

## XVII.  RELIEF REQUESTED.

By this Application, Murray & Murray seeks interim allowance and approval of payment for all attorneys' fees and expenses incurred by Murray & Murray in its representation of the Debtors from June 9, 2009 through September 30, 2009 but not yet compensated or reimbursed. Specifically, Murray & Murray requests interim approval of its Chapter 11 attorneys' fees and expenses incurred from June 9, 2009 through September 30, 2009 in the amounts of $1,050,100.50 and $31,913.78 respectively.  In view of the time expended, the responsibilities assumed, and the reputation and skill of Murray & Murray in the field of bankruptcy and commercial law, Murray & Murray respectfully submits that the foregoing represents the reasonable value of the services rendered.  Murray & Murray believes that the services rendered were necessary, and that the attorneys' fees requested constitute reasonable and necessary fees expended on behalf of the estate.

WHEREFORE, Murray & Murray prays that this Court enter its Order (i) approving the attorneys' fees incurred by Murray & Murray in its representation of the Debtors from June 9, 2009 through September 30, 2009 in the sum of $1,050,100.50; (ii) approving reimbursement of all expenses incurred by Murray & Murray in its representation of the Debtor from June 9, 2009 through September 30, 2009 in the sum of $31,913.78; (iii) authorizing and directing the Debtors to pay Murray & Murray the sum of $859,066.31 ($1,050,100.50 less Chapter 11 Advance Retainer of $191,034.19) for services rendered from June 9, 2009 through September 30, 2009 but not yet compensated; (iv) authorizing and directing the Debtors to pay to Murray & Murray the sum of $31,913.78 for expenses incurred from June 9, 2009 through September 30, 2009 but not yet reimbursed; and (v) for such other and further relief as the Court deems just and proper.

Dated:  October 15, 2009

MURRAY & MURRAY
A Professional Corporation


By:  _/s/ John Walshe Murray_
     John Walshe Murray
     Attorneys for Debtors

JWM:yhe
S:\...v\R0245\Appx\M&M\Final#1.app.2a.v9.doc                                                103                        FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511  Doc# 322  Filed: 10/15/09  Entered: 10/15/09 17:36:07  Page 107 of 114

**CERTIFICATION RE COMPLIANCE WITH GUIDELINES FOR**
**COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS**

I, John Walshe Murray, am the professional designated by Murray & Murray, A Professional Corporation ("Murray & Murray") with the responsibility in these cases for compliance with the GUIDELINES FOR COMPENSATION AND EXPENSE Reimbursement OF PROFESSIONALS AND TRUSTEES (the "Guidelines") promulgated by this Court on July 8, 2004, and I hereby certify that:

(1)     I have read the foregoing Application;

(2)     To the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought herein is in conformity with the Guidelines, except as follows:

a.     The Application includes thirteen project billing categories (out of a total of ninety one) that exceed $20,000.  Murray & Murray has created additional project billing categories where possible.  However, given the nature of some of the services, it was not feasible in every instance to create a project billing category of less than $20,000.  Murray & Murray believes that the Application includes project billing categories that are appropriate to the size and complexity of these cases and for Murray & Murray's role as bankruptcy counsel;

b.     Murray & Murray has included all of its expenses on one exhibit to the Application (**Exhibit "RRRR"**) rather than specifying expenses for each project billing category as it is not practical to separate the expenses by project billing category; and

c.     The results in these cases generally are discussed in the introductory paragraphs to the Application but the pendency of some matters is ongoing and therefore a description of the "results obtained" for each project or task was not appropriate in every instance;

(3)     The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Murray & Murray and generally accepted by Murray & Murray's clients;

(4)     All of the time records attached to this Application are accurate and were recorded in the regular and ordinary course of business contemporaneously with the services provided; and

(5)     This Application was transmitted to the Debtors with the cover letter required by the

Case: 09-54511   Doc# 322   Filed: 10/15/09   Entered: 10/15/09 14:43:08   Page 108 of 114

Guidelines, a copy of which is attached hereto as **Exhibit "SSSS"** and by this reference incorporated herein.

       I hereby certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief formed after reasonable inquiry.

Dated: October 15, 2009            */s/ John Walshe Murray*

                                       John Walshe Murray

JWM:yhc
S:\...\Apps\M&M\Murray\hda2a2.v9.doc

Case: 09-54511 Doc# 322 Filed: 10/15/09 Entered: 10/15/09 Page 109 of 114

## EXHIBIT INDEX

| | |
|---|---|
| **EXHIBIT A** | ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL |
| **EXHIBIT B** | Project Billing re CASE ADMINISTRATION (GENERALLY) |
| **EXHIBIT C** | Project Billing re COMMUNICATIONS TO & FROM DEBTORS AND DEBTORS' PROFESSIONALS |
| **EXHIBIT D** | Project Billing re COMMUNICATIONS TO & FROM PARTIES IN INTEREST (GENERALLY) |
| **EXHIBIT E** | Project Billing re CASE COMMENCEMENT |
| **EXHIBIT F** | Project Billing re FIRST DAY MOTIONS (GENERALLY) |
| **EXHIBIT G** | Project Billing re EMPLOYEE WAGE AND BENEFITS MOTION |
| **EXHIBIT H** | Project Billing re UTILITIES MOTION |
| **EXHIBIT I** | Project Billing re MOTION FOR ORDER LIMITING NOTICE |
| **EXHIBIT J** | Project Billing re MOTION TO CONTINUE PRE-PETITION CUSTOMER PRACTICES |
| **EXHIBIT K** | Project Billing re MOTION FOR APPOINTMENT OF CLAIMS AND NOTICING AGENT |
| **EXHIBIT L** | Project Billing re MOTION FOR APPOINTMENT OF RESPONSIBLE INDIVIDUAL |
| **EXHIBIT M** | Project Billing re CASH COLLATERAL: FIRST MOTION |
| **EXHIBIT N** | Project Billing re CASH COLLATERAL: PREPARATION FOR CONTESTED HEARING AND ENTRY OF FINAL ORDER |
| **EXHIBIT O** | Project Billing re CASH COLLATERAL: COMPLIANCE WITH FINAL ORDER AND VARIANCE REPORTS |
| **EXHIBIT P** | Project Billing re CASH COLLATERAL: SECOND MOTION |
| **EXHIBIT Q** | Project Billing re MOTION TO CONTINUE PRE-PETITION CASH MANAGEMENT PRACTICES |
| **EXHIBIT R** | Project Billing re STATEMENT OF FINANCIAL AFFAIRS AND SCHEDULES re COMMUNICATIONS WITH CLIENT AND PARTIES IN INTEREST |
| **EXHIBIT S** | Project Billing re STATEMENT OF FINANCIAL AFFAIRS AND SCHEDULES re MOTION FOR EXTENSION OF TIME TO FILE |
| **EXHIBIT T** | Project Billing re STATEMENT OF FINANCIAL AFFAIRS AND SCHEDULES re PREPARATION (GENERALLY) |
| **EXHIBIT U** | Project Billing re STATEMENT OF FINANCIAL AFFAIRS AND SCHEDULES re AVIZA TECHNOLOGY, INC. PREPARATION AND ANALYSIS |

JWM:yhs
S:\Aviza\Pldgs\Fee Apps\M&M 1st\A#1 fin322a v9.doc

106

FIRST APPLICATION FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES BY MORRISON FOR
DEBTORS

| | | |
|---|---|---|
| 1 | **EXHIBIT V** | Project Billing re STATEMENT OF FINANCIAL AFFAIRS AND SCHEDULES RE AVIZA, INC. PREPARATION AND ANALYSIS |
| 2 | | |
| 3 | **EXHIBIT W** | Project Billing re STATEMENT OF FINANCIAL AFFAIRS AND SCHEDULES RE TRIKON TECHNOLOGIES, INC. PREPARATION AND ANALYSIS |
| 4 | **EXHIBIT X** | Project Billing re STATEMENT OF FINANCIAL AFFAIRS AND SCHEDULES RE AMENDMENTS |
| 5 | **EXHIBIT Y** | Project Billing re MONTHLY OPERATING REPORTS |
| 6 | **EXHIBIT Z** | Project Billing re MOTION TO MODIFY RULE 2015.3 REPORTING REQUIREMENTS |
| 7 | | |
| 8 | **EXHIBIT AA** | Project Billing re EMPLOYMENT OF PROFESSIONALS (GENERALLY) |
| 9 | **EXHIBIT BB** | Project Billing re EMPLOYMENT OF MURRAY & MURRAY |
| 10 | **EXHIBIT CC** | Project Billing re EMPLOYMENT OF SPECIAL CORPORATE AND TRANSACTION COUNSEL LATHAM & WATKINS LLP |
| 11 | | |
| 12 | **EXHIBIT DD** | Project Billing re EMPLOYMENT OF FINANCIAL ADVISOR NEEDHAM & COMPANY, LLC |
| 13 | **EXHIBIT EE** | Project Billing re EMPLOYMENT OF ACCOUNTANTS MOHLER, NIXON & WILLIAMS |
| 14 | | |
| 15 | **EXHIBIT FF** | Project Billing re EMPLOYMENT OF SPECIAL REAL ESTATE AND ENVIRONMENTAL COUNSEL WILSON, SONSINI, GOODRICH & ROSATI |
| 16 | **EXHIBIT GG** | Project Billing re EMPLOYMENT OF SPECIAL PATENT COUNSEL MORGAN, LEWIS & BOCKIUS LLP |
| 17 | | |
| 18 | **EXHIBIT HH** | Project Billing re EMPLOYMENT OF SPECIAL INTELLECTUAL PROPERTY COUNSEL MATTHEW A. JOSEPH |
| 19 | **EXHIBIT II** | Project Billing re EMPLOYMENT OF J.R. PARRISH |
| 20 | **EXHIBIT JJ** | Project Billing re EMPLOYMENT OF SPECIAL PATENT COUNSEL GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C. |
| 21 | | |
| 22 | **EXHIBIT KK** | Project Billing re IBM MOTION FOR RELIEF FROM STAY |
| 23 | **EXHIBIT LL** | Project Billing re UNITED STATES TRUSTEE:  INTERACTION & GUIDELINE COMPLIANCE |
| 24 | **EXHIBIT MM** | Project Billing re UNITED STATES TRUSTEE:  INITIAL DEBTOR INTERVIEW |
| 25 | **EXHIBIT NN** | Project Billing re MEETING OF CREDITORS |
| 26 | **EXHIBIT OO** | Project Billing re SALE PROCEDURES re COMMUNICATIONS TO PARTIES IN INTEREST |
| 27 | | |
| 28 | **EXHIBIT PP** | Project Billing re SALE PROCEDURES re PREPARATION |

JWM:yhc
S:\AVIZA\Pldg\Comps\M&M App#1\App2.v9.doc

107

FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

| | | |
|---|---|---|
| 1 | **EXHIBIT QQ** | Project Billing re SALES PROCEDURES RE MOTION |
| 2 | **EXHIBIT RR** | Project Billing re SALES PROCEDURES RE LEGAL ANALYSIS |
| 3 | **EXHIBIT SS** | Project Billing re SALE PROCEDURES RE OBJECTIONS |
| 4 | **EXHIBIT TT** | Project Billing re SALE PROCEDURES RE HEARING |
| 5 | **EXHIBIT UU** | Project Billing re SALE PROCEDURES RE COMPLIANCE |
| 6 | **EXHIBIT VV** | Project Billing re SALE RE LETTER OF INTENT |
| 7 | **EXHIBIT WW** | Project Billing re SALE RE ASSET PURCHASE AGREEMENT |
| 8 | **EXHIBIT XX** | Project Billing re SALE RE SPP TRANSACTION |
| 9 | **EXHIBIT YY** | Project Billing re SALE RE CONSUMMATION OF SALE GENERALLY |
| 10 | **EXHIBIT ZZ** | Project Billing re SALE RE ADDITIONAL BIDDERS |
| 11 | **EXHIBIT AAA** | Project Billing re SALE RE FACTUAL AND LEGAL ANALYSIS |
| 12 | **EXHIBIT BBB** | Project Billing re SALE RE SALE MOTION AND RELATED PLEADINGS |
| 13 | **EXHIBIT CCC** | Project Billing re SALE RE NOTICE OF SALE HEARING |
| 14 | **EXHIBIT DDD** | Project Billing re SALE RE UNITED COMMERCIAL BANK, EAST WEST BANK AND CHINATRUST BANK (USA) |
| 15 | **EXHIBIT EEE** | Project Billing re SALE RE SALE HEARING |
| 16 | **EXHIBIT FFF** | Project Billing re ASSUMPTION MOTION RE CONTRACT EVALUATION |
| 17 | **EXHIBIT GGG** | Project Billing re ASSUMPTION MOTION RE ASSUMED CONTRACTS |
| 18 | **EXHIBIT HHH** | Project Billing re ASSUMPTION MOTION RE PLEADINGS |
| 19 | **EXHIBIT III** | Project Billing re ASSUMPTION MOTION RE NOTICE OF ASSUMPTION AND ASSIGNMENT |
| 20 | | |
| 21 | **EXHIBIT JJJ** | Project Billing re ASSUMPTION MOTION RE CONTRACT COUNTERPARTIES |
| 22 | **EXHIBIT KKK** | Project Billing re ASSUMPTION MOTION RE HEARING |
| 23 | **EXHIBIT LLL** | Project Billing re MOTIONS TO SELL SURPLUS & EXCLUDED ASSETS |
| 24 | **EXHIBIT MMM** | Project Billing re MOTION TO SELL MISCELLANEOUS ASSETS |
| 25 | **EXHIBIT NNN** | Project Billing re MOTION TO SHORTEN TIME FOR MISCELLANEOUS ASSETS |
| 26 | **EXHIBIT OOO** | Project Billing re MOTION TO SELL EXCLUDED IP |
| 27 | **EXHIBIT PPP** | Project Billing re MOTION TO SHORTEN TIME FOR AUCTION MOTION AND APPROVE BID PROCEDURES |
| 28 | | |

FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

| | |
|---|---|
| **EXHIBIT QQQ** | Project Billing re REVIEW SUBMITTED BIDS AND CORRESPONDENCE WITH POTENTIAL PURCHASERS |
| **EXHIBIT RRR** | Project Billing re POST AUCTION MATTERS |
| **EXHIBIT SSS** | Project Billing re SALE OF REAL PROPERTY |
| **EXHIBIT TTT** | Project Billing re EXECUTORY CONTRACTS (GENERALLY) |
| **EXHIBIT UUU** | Project Billing re EXECUTORY CONTRACTS re SCIENTECH |
| **EXHIBIT VVV** | Project Billing re EXECUTORY CONTRACTS re IBM GLOBAL SERVICES |
| **EXHIBIT WWW** | Project Billing re EQUIPMENT LEASES (GENERALLY) |
| **EXHIBIT XXX** | Project Billing re REJECTION OF IBM EQUIPMENT LEASES |
| **EXHIBIT YYY** | Project Billing re REJECTION OF GECC EQUIPMENT LEASES |
| **EXHIBIT ZZZ** | Project Billing re REAL PROPERTY LEASES |
| **EXHIBIT AAAA** | Project Billing re CLAIMS (GENERALLY) |
| **EXHIBIT BBBB** | Project Billing re TAXES |
| **EXHIBIT CCCC** | Project Billing re LIEN AVOIDANCE |
| **EXHIBIT DDDD** | Project Billing re PLAN OF REORGANIZATION |
| **EXHIBIT EEEE** | Project Billing re DISCLOSURE STATEMENT |
| **EXHIBIT FFFF** | Project Billing re MOTION TO EXTEND EXCLUSIVITY |
| **EXHIBIT GGGG** | Project Billing re UNITED COMMERCIAL BANK, EAST WEST BANK AND CHINA TRUST BANK (USA) |
| **EXHIBIT HHHH** | Project Billing re AFCO |
| **EXHIBIT IIII** | Project Billing re CREDITORS' COMMITTEE |
| **EXHIBIT JJJJ** | Project Billing re ARBITRATION SUBPOENA |
| **EXHIBIT KKKK** | Project Billing re CHAPTER 11 STATUS CONFERENCES |
| **EXHIBIT LLLL** | Project Billing re CASE MANAGEMENT |
| **EXHIBIT MMMM** | Project Billing re COMPENSATION OF PROFESSIONALS (GENERALLY) |
| **EXHIBIT NNNN** | Project Billing re COMPENSATION OF MURRAY & MURRAY |
| **EXHIBIT OOOO** | PROJECT BILLING SUMMARY |
| **EXHIBIT PPPP** | MASTER TIME SUMMARY |
| **EXHIBIT QQQQ** | CIRRICULUM VITAE FOR ALL PROFESSIONALS |

Case 09-54511 Doc# 322 Filed: 10/15/09 Entered: 10/15/09 17:05:03 Page 113 of 114

FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

1   **EXHIBIT RRRR**      EXPENSES

2   **EXHIBIT SSSS**      LETTER TO CLIENT RE APPLICATION

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JWM:ybc
S:\...\vlasi\Pldgs\Apps\M&M\MnM-04-fnlAa2.v9.doc

FIRST APPLICATION FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR
DEBTORS