HEINZ BINDER, #87908
ROBERT G. HARRIS, #124678
JULIE H. ROME-BANKS, #142364
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408)295-1700
Facsimile: (408) 295-1531
Email: michael@bindermalter.com
Email rob@bindermalter.com
Email: julie@bindermalter.com

Attorneys for Official Unsecured
Creditors' Committee

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In re | Jointly Administered Chapter 11 Cases |
| AVIZA TECHNOLOGY, INC.,<br>A Delaware corporation<br>Employer's Tax ID No.: 20-1979646 | Case No. 09-54511-RLE-11 |
| AVIZA, INC.,<br>A Delaware corporation<br>Employer's Tax ID No.: 20-0249205 | Case No. 09-54514-RLE-11 |
| TRIKON TECHNOLOGIES, INC.,<br>A Delaware corporation<br>Employer's Tax ID No.: 95-4054321 | Case No. 09-54515-RLE-11 |
| Debtors | Date: November 4, 2009<br>Time: 10:30 a.m.<br>Place: Courtroom 3099<br>280 South First Street<br>San Jose, California |
| 440 Kings Village Road<br>Scotts Valley, CA 95066 | |

## FIRST APPLICATION FOR APPROVAL OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR OFFICIAL UNSECURED CREDITORS' COMMITTEE

# TABLE OF CONTENTS

A.    EMPLOYMENT, PRIOR COMPENSATION AND SOURCE
OF PAYMENT FOR FEES AND COSTS ALLOWED . . . . . . . . . . . . . . . 1

B.    EXERCISE OF BILLING DISCRETION . . . . . . . . . . . . . . . . . . . . . . . . 2

C.    CASE STATUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

D.    DESCRIPTION OF SPECIFIC SERVICES RENDERED . . . . . . . . . . . . 6

     Cat. 1      Case Administration . . . . . . . . . . . . . . . . . . . . . . . . . 4

     Cat. 2      Appointment of Binder & Malter . . . . . . . . . . . . . . . . . . . . 4

     Cat. 3      Appointment of Other Professionals . . . . . . . . . . . . . . . . 5

     Cat. 4      Cash Collateral and Variances    . . . . . . . . . . . . . . . . . . 5

     Cat. 5      Titling After Foreclosure, Notification Of Stay,
And Valuation Of Quarry . . . . . . . . . . . . . . . . . . . . . . . . . 6

     Cat. 6      Committee Meetings and Communications . . . . . . . . . . . 7

     Cat. 7      341 Meeting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     Cat. 8      MOR, Accounts Receivable, Financial Data Review . . . . . 7

     Cat.1A      First Day Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     Cat. 10      Communications With Debtors' Counsel . . . . . . . . . . . . . 8

     Cat. 11      Creditor Inquiries . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     Cat. 13      Committee Investigations . . . . . . . . . . . . . . . . . . . . . . . . . 9

     Cat. 15      Claims Evaluation and Objections    . . . . . . . . . . . . . . . 9

     Cat. 17      Non-Disclosure Agreement Analysis And Execution . . . . . 9

     Cat. 18      Executory Contract Assumption And Rejection . . . . . . . . 10

     Cat. 19      Post-Petition Retainer Judicial . . . . . . . . . . . . . . . . . . . . 11

     Cat. 20      Committee Confidentiality Motion . . . . . . . . . . . . . . . . . 11

     Cat. 21      Real Estate Sale . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

     Cat. 22      Binder & Malter Fee Application . . . . . . . . . . . . . . . . . . . 12

     Cat. 23      Exclusivity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

     Cat. 24      Post-Closing Planning . . . . . . . . . . . . . . . . . . . . . . . . . . 13

     Cat. 9B      APA Analysis And Negotiation . . . . . . . . . . . . . . . . . . . . 13

|   |   | Cat. 9C | Investment Banker Communication . . . . . . . . . . . . . . . . | 14 |
|---|---|---|---|---|
|   |   | Cat. 9D | Claims Review and Analysis . . . . . . . . . . . . . . . . . . . . . | 14 |
|   |   | Cat. 9E | Bid Procedures Negotiation, Break Up Fee, and Sale Document Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . . | 15 |
|   |   | Cat. 9F | Analysis Of Recovery To Claimants In Case. . . . . . . . . | 16 |
|   |   | Cat. 9G | Discussion And Preparation Of Motion To Modify Bid Procedure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 16 |
|   |   | Cat. 9H | Evaluation Of Bids Received And Process . . . . . . . . . . | 17 |
|   |   | Cat. 9I | Sale Hearing And Closing . . . . . . . . . . . . . . . . . . . . . . | 17 |
| E. | BILLING SUMMARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 17 |
| F. | ATTORNEY TIME AND EXPENSE SUMMARIES . . . . . . . . . . . . . . . . . . . . . . | | | 17 |
| G. | STATEMENT OF NO SHARING AND DISINTERESTEDNESS . . . . . . . . . . | | | 19 |
| H. | LETTER TRANSMITTING FEE APPLICATION TO COMMITTEE . . . . . . . . | | | 19 |

1                                            ii

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST APPLICATION FOR APPROVAL OF INTERIM COMPENSATION

TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY JUDGE:

Binder & Malter, LLP (the "Applicant"), counsel for the Official Unsecured Creditors' Committee ("Committee") of Aviza Technology, Inc., Aviza Inc., and Trikon Technologies, Inc. (the "Debtors") hereby applies to the Court for approval of interim compensation for professional services rendered totaling $150,160.50 and reimbursement of expenses advanced totaling $1,421.68 from July 2, 2009, through September 29, 2009.  Your Applicant further requests entry of an order authorizing and directing the Debtors to pay your Applicant its allowed fees and costs awarded from cash collateral per the consent to the use of cash collateral to pay allowed professional fees provided by secured creditor United Commercial Bank ("UCB").

Your Applicant respectfully represents as follows in support of this Application:

A.    EMPLOYMENT, PRIOR COMPENSATION, AND SOURCE OF PAYMENT FOR FEES AND COSTS ALLOWED.

1.    The Debtors each filed a voluntary petitions for relief under chapter 11 on June 9, 2009.  The cases of the Debtors were filed as related cases and were ordered jointly administered on June 10, 2009.  On June 23, 2009, the Office of the United States Trustee for the Northern District of California appointed the Committee pursuant to 11 U.S.C. §1102(a)(1).  Your Applicant was selected as counsel for the Committee on July 2, 2009.

2.    Your Applicant is a law partnership.  Each of the attorneys who have performed services for which compensation is sought is duly licensed and admitted to practice before the above-entitled Court. Your Applicant has not received any payment or other compensation for services rendered prior to the date of this Application.

3.    Your Applicant filed its Ex Parte Application For Appointment of Counsel for Official Committee of Unsecured Creditors (the "Application") July 13, 2009.  The Application sought approval for your Applicant's employment effective July 2, 2009, the date of the Committee's selection of your Applicant.  The Court granted the

Case: 09-54511    Doc# 330    Filed: 10/15/09    Entered: 10/15/09 17:23:30    Page 5 of 24

Application, and an order thereon was entered on July 28, 2009.

4.    Your Applicant has requested payment of its allowed fees and costs from UCB's cash collateral.  On July 31, 2009, the Court entered its Order Approving Use Of Cash Collateral (the "Order").  Under the terms of this Order the use of cash collateral has been approved in accordance with the Approved Budget filed therewith.  The professional fee line item includes $150,000 that was designated for your Applicant.  The Order provides at paragraph 3 that the Debtors' and the Committee's professionals are authorized to exceed any line item in the Approved Budget by as much as 20% provided that such an overage does not exceed the aggregate budgeted expenditures by any period by more than 10% and carry over any unused funds budgeted for use in future periods.

5.    The Order at paragraph 9 also sets forth the terms of a general carve-out for professional fees in excess of budgeted amounts.    Paragraph 9 of the Order provides as follows:

> The Agent agrees that in the event any of the Debtors' or any of the Committee's professionals are not in the Approved Budget or exceed their budgeted amounts, they may be paid from the proceeds of a sale of the Debtors' assets at the close of such sale. All claims of the Banks whether arising on, before or after the Petition Date, and all liens securing such claims, shall be subordinated to the payment of the following (the "Carve Out"): . . . (ii) the expenses of Committee members not to exceed in the aggregate $2,500 per month; (iii) allowed fees and expenses of the Debtors' and the Committee's professionals; . . . .

B.    EXERCISE OF BILLING DISCRETION

6.    Your Applicant has sought to evaluate each project described herein in light of the fees requested and what your Applicant believes to be reasonable compensation for the particular project in question.  As part of Applicant's ordinary billing procedures, Applicant reviews a draft bill of services rendered for each period, categorizes said entries, corrects typographical errors, and writes-off attorney time on an entry by entry basis when deemed appropriate in Applicant's discretion.  A table

Case: 09-54511    Doc# 330    Filed: 10/15/09    Entered: 10/15/09 17:23:30    Page 6 of 24

summarizing those write-offs appears at the end of Applicant's bill and at page 18 below. In total, your Applicant listed as no charge entries with a total value of $20,038.00.

7.	The exercise of discretion included, for example, conferences in this case involving more than one attorney. An effort was made in each instance to bill only the most junior attorney's time for such a conference though the scope of litigation and depth of contested matters often required the participation of more than one attorney and the billing of time for both. Often only one attorney would bill for the time in a conference, so the $20,038.00 in write-offs referenced above will not include such time not billed. Explanations are provided for each such deviation from the Court's billing guidelines in the table attached to the accompanying declaration of Robert G. Harris as Exhibit "C" and is incorporated herein by reference.

8.	In its capacity as counsel to the Committee, your Applicant has performed various legal services, the particulars of which are hereinafter set forth.

C.	<u>CASE STATUS</u>

9.	On August 27, 2009, the Court established, after substantial negotiations between the Debtors, UCB, lead bidder Sumitomo Precision Products ("SPP"), and the Committee, procedures for the submission of overbids beyond the amount that SPP had offered to purchase most of Debtors' assets. The sale is for cash, recourse notes, and non-recourse notes tied to the sale of inventory and accounts receivable to be collected by the buyer. Including real estate, the estates' total recovery could exceed $50 million. Unsecured claimants could therefore ultimately receive a substantial dividend or even full payment with interest.

10.	On September 8, 2009, the Debtors filed their Motion By Debtors To Sell Certain Assets Free And Clear Of Liens, Claims, and Encumbrances ("Motion"). Despite substantial efforts to obtain a qualifying overbid none were received. The Motion was therefore granted and the sale to SPP approved after hearing on September 29, 2009. A smaller sale of excluded assets was approved after an auction

on this date to Applied Materials, Inc.

11.   The Debtors are in the process of closing the sales.  The Debtor is continuing to receive permission to use UCB's cash collateral on an interim basis pending the close of the sales.  Further expenditures in decreasing totals are expected until all notes have been collected and any remaining inventory and receivables are returned to the Debtor in 18 months.

D.   <u>DESCRIPTION OF SPECIFIC SERVICES RENDERED</u>

**Cat 1:**   <u>Case Administration</u>.

12.   Entries in the present category were grouped together because they were too small to merit a category of their own.  Tasks performed and aggregated here include the following: (a) communications with the U.S. Trustee's office regarding Applicant's selection as counsel and the structure of Committee and its representation of creditors in all 3 cases, (b) creation of a strategy for representing the Committee in the case and assignment of tasks identified among members of your Applicant; (c) creation of bylaws for the Committee; (d) general  communication with counsel for SPP and UCB; (e) review of petition, schedules, and all pleadings and orders filed prior to Applicant's selection as counsel; (f) review of notices of appearance to ascertain which persons and entities are watching the case; (g) initial discussions with Debtor's counsel regarding fee arrangements for case and potential carve-out, cash collateral, sale and bidders, and employment; (h) assistance to Debtor in obtaining removal of avoidable lien of ASML, Inc., Committee chair; (i) preparation of explanation of case for all attorneys in firm for creditor calls; and (j) evaluation of work in case by partner Smith for Applied Materials, Inc. some 10 years prior in unrelated matter.

Total Hours: 31.55
Total Fees: $12,711.75

**Cat 2:**   <u>Appointment Of Binder & Malter</u>.

13.   This category contains the entries pertaining to your Applicant's selection as Committee counsel, its conflict check (for which all fees were written off),

the preparation and execution of a retention agreement with the Committee, the preparation and filing of an application to employ your Applicant retroactively to the date of its selection as counsel, investigation of the reasons for a delay in entry of an order for employment, uploading of a further order and review of the entered item.

Total Hours: 17.65
Total Fees: $4,405.50

**Cat 3:** Appointment Of Other Professionals

14. The entries in this category describe the services that your Applicant rendered in the review and evaluation of applications and purposes for appointment of each of Murray & Murray, Latham & Watkins, Needham & Co., Wilson, Sonsini *at al.*, Gifford, Krass, Matthew, Joseph, Mohler, Nixon, and J.R. Parrish. Your Applicant reviewed the Court's order denying the appointment of Latham & Watkins on an *ex parte* basis, agreed to shortened time for a hearing on the application to pay Latham & Watkins a post-petition retainer, consulted with the Committee on the issue, filed a joinder supporting its employment, and attended the hearing to support the requested payment. Your Applicant attended the hearing on the employment of Needham & company and provided the Court with the Committee's position on the investment banker's employment as well. Your Applicant reviewed the proposed and then entered orders for appointment of each of the foregoing professionals.

Total Hours: 14.75
Total Fees: $5,512.50

**Cat 4:** Compensation of Professionals.

15. The entries in this category pertain to the time that is to be spent reviewing and, as appropriate, challenging the compensation sought by various professionals in the case. The only entry to this point in this category is one regarding review of emails from Debtors' President to all Debtors' professionals to cease work under the threat of a cut-off of cash collateral from UCB.

Total Hours: .35
Total Fees: $157.50

Case: 09-54511   Doc# 330   Filed: 10/15/09   Entered: 10/15/09 17:23:30   Page 9 of 24

| | |
|---|---|
| 1 | **Cat 5:**  <u>Cash Collateral And Variances</u>. |
| 2 | 16.  Your Applicant expended substantial fees in this category in a |
| 3 | number of areas.  First, your Applicant evaluated the initial filings on cash collateral use |
| 4 | by the Debtors.  As the Court may recall, the Debtors' practice was to upstream funds |
| 5 | from their subsidiaries for use in operations.  All cash from the collection of accounts |
| 6 | receivable was initially paid to UCB and segregated.  Your Applicant, with assistance |
| 7 | from the Debtors, evaluated and found wanting the claim of UCB that it had a lien on all |
| 8 | cash despite the fact that it had a lien only against the stock of Trikon Technologies, the |
| 9 | debtor that owns the stock of the U.K. subsidiary that was actually forwarding cash. |
| 10 | Your Applicant analyzed and supported Debtors' defense that the funds up-streamed |
| 11 | were loans and not dividends, which would have subjected them to UCB's lien.  Your |
| 12 | Applicant reviewed the filings by the Debtors and UCB filed in preparation for a |
| 13 | contested trial over the right to use cash collateral.  Your Applicant also reviewed UCB's |
| 14 | companion motion for relief from stay filed to follow the natural consequence of a denial |
| 15 | of the right to use cash collateral. |
| 16 | 17.  Your Applicant then participated in the cash collateral negotiations |
| 17 | that led to the achievement of a series of cash collateral stipulations that permitted the |
| 18 | sale to proceed.  Your Applicant reviewed and made suggestions for revisions to the |
| 19 | budget to which UCB eventually consented.  Your Applicant evaluated the impact of the |
| 20 | stipulation and budget on bidding and the ability to close a sale.  Your Applicant |
| 21 | analyzed the financial data provided by the Debtors to consider how cash collateral use |
| 22 | would lower overall recoveries to unsecured claimants if left unchecked.  Your Applicant |
| 23 | prepared and filed objections to the proposed stipulation to protect unsecured |
| 24 | claimants, discussed those objections with the Debtors' and UCB"s counsel in advance, |
| 25 | and attended the hearing to argue those objections.  Your Applicant negotiated a carve- |
| 26 | out for professional fees and expenses for members of the Committee, reviewed |
| 27 | variance reports, evaluated and investigated the notice of termination by UCB and |
| 28 | Debtors response and its supporting interpretation of the stipulation and variance |

Case: 09-54511    Doc# 330    Filed: 10/15/09    Entered: 10/15/09 17:23:30    Page 10 of
24

reports, and participated in negotiations for the use of cash collateral by the Debtors beyond the originally projected closing date of September 29, 2009.

Total Hours: 48.90
Total Fees: $20,519.00

**Cat 6:**     Committee Meetings And Communications.

18.     This category details the time spent in oral and written communication with the Committee on matters such as the responsibilities of a creditors' committee, the role of a single committee for all 3 estates, the creation and approval of bylaws to govern Committee function, formulation of a legal services plan and budget, written reports to the Committee on developments in the case,  participation in telephonic meetings with the Committee members, explanation of the draft Asset Purchase Agreement to the Committee's members and joint formulation of control measures intended to increase recovery to unsecured claimants, and, among other things, discussion of the primary sale to SPP and excess equipment.

Total Hours: 21.35
Total Fees: $9,796.50

**Cat 7:**     341 Meeting.

19.     This category contains the entries detailing the time which your Applicant expended preparing for and attending the Section 341 meeting of Creditors in this case.

Total Hours: 2.85
Total Fees: $1,282.50

**Cat 8:**     MOR, Accounts Receivable, Financial Data Review.

20.     This category contains the entries pertaining to your Applicant's review of the monthly operating reports filed by the Debtors in this case, the amendments thereto, reports on collections and sales orders, accounts receivable detail, and overall worldwide cash balance statements.

Total Hours: 3.85
Total Fees: $1,552.50

**Cat 1A:**     First Day Motions.

21.     The entries grouped in this category pertain to the "first day motions" filed

by the Debtors. Your Applicant reviewed and evaluated for purposes of Committee support or opposition the following: the Motion For Order Authorizing Pre-Petition Customer And Vendor Practices, the Motion For Order Authorizing The Debtors To Honor Pre-Petition Wage Obligations to pay current obligations owed to employees, the Motion Authorizing Debtors To Continue Pre-Petition Cash Management to allow the loans of cash from foreign subsidiaries to continue, the Motion To Prohibit Utilities From Altering Or Discontinuing Service And Deeming Adequate Protection To Be In Order as well as the opposition thereto, the Ex Parte Motion To Seal the draft Asset Purchase Agreement lodged with the Court, and the scope and suggested changes in reporting detailed in Debtors' Motion To Approve Modification Of Reporting Periods Under Federal Rule Of Bankruptcy Procedure 2015.3. Your Applicant attended the final hearings on the approval of each motion, reviewed the form of each proposed order, and reviewed each entered order once executed.

Total Hours: 12.60
Total Fees: $5,565.75

**Cat 10:**        Communication With Debtor's Counsel.

22.    This category contains communications with the Debtors' counsel of a general nature which did not easily fit into any more specific substantive category. Such communications were largely at the commencement of the case and in the nature of concentrated downloads of information from attorney Murray to bring the Committee current on case developments.

Total Hours: 2.60
Total Fees: $1,127.25

**Cat 11:**        Creditor Inquiries.

23.    This category contains entries pertaining to inquiries from the two general unsecured creditors who called and sought information about the likely percentage recovery in the case.

Total Hours: .30

Case: 09-54511    Doc# 330    Filed: 10/15/09    Entered: 10/15/09 17:23:30    Page 12 of
24

Total Fees: $135

**Cat 13:**     Committee Investigations.

24.     This category covers investigations undertaken by your Applicant in fulfillment of its duties under 11 U.S.C. section 1103.  Areas of investigation included the avoidability and extent of the lien of UCB against equity interests in subsidiaries owned by the Debtors and the cash paid by them to the Debtors, other potential avoidance actions resulting from payments made by the Debtors in the year prior to the filing of their bankruptcy cases, the liens of UCB against the Scotts Valley real estate, evaluation of the UCB stay relief motion from a lien enforcement perspective, and analysis of tax liens of record against the Debtors.

Total Hours: 5.25
Total Fees: $2,190.00

**Cat 15:**     Claims Evaluation and Objections.

25.     This category, established to detail the investigation and prosecution of objections to claims, presently contains entries pertaining to your Applicant's evaluation of the Debtors' establishment of Omni Claims Management as its claims agent and early identification of the largest disputed claims in the case that will have to be challenged.

Total Hours: 1.60
Total Fees: $736.25

**Cat 17:**     Non-Disclosure Agreement Analysis And Execution.

26.     This category contains entries relating to the non-disclosure agreement ("NDA") which the Debtor required the Committee, your Applicant, and all potential bidders to execute to receive confidential information about the asset sale.  Your Applicant reviewed and analyzed the NDA itself, executed it, forwarded it to the Committee, explained it to the members and recommended execution, and then returned the signed document to the Debtor.  Some time later, your Applicant was advised that someone with confidential information about bids had disclosed the terms thereof.  Your Applicant cooperated in the Debtors' investigation of this occurrence,

Case: 09-54511   Doc# 330   Filed: 10/15/09   Entered: 10/15/09 17:23:30   Page 13 of 24

confirmed that no Committee member had made the disclosure, and then participated in calls and reviewed emails between the Debtors and UCB wherein blame was ascribed and denied.

Total Hours: 5.65
Total Fees: $2,542.50

**Cat 18:** Executory Contract Assumption And Rejection.

27.    This category contains entries relating to the assumption and rejection of executory contracts in the case pursuant to 11 U.S.C. section 365.  Your Applicant was initially consulted about the rejection of personal property leases for IBM and GECC by the Debtor, consented to and signed off on shortened time for a hearing thereon, reviewed the motions filed with respect thereto, and attended the hearing thereon.  Your Applicant also participated in the formulation of pleadings on the executory contract assumption associated with the SPP sale itself including multiple rounds of comments and corrections from SPP.  Your Applicant reviewed the opposition of IBM to the Debtor's motion to assume and Debtors' response.  Your Applicant reviewed IBM's motion for relief from stay and application for payment of amounts owing to it as an administrative expense.  Your Applicant challenged the notice period set by IBM and successfully sought a continuance of the original hearing scheduled.  Your Applicant evaluated what leverage IBM might have by creating difficulty in the SPP sale procedure. Your Applicant evaluated the cure amounts claimed owing as to all parties to executory contracts they were disclosed and sought to determine their effect on the ultimate result of the sale were SPP to have been the successful bidder and how different contracts might be assumed and assigned if it were not.  Your Applicant evaluated the challenge to assumption raised by Oracle Corporation's objection, the limited objections raised by Hartford Insurance and Webex, and the informal objection raised by Scientech.  Your Application participated in the ultimate hearing on assumption concurrent with approval of the sale to SPP and final adjustment of the firm of order to meet SPP's expectations.  Finally, your Applicant participated in the effort to

Case: 09-54511   Doc# 330   Filed: 10/15/09   Entered: 10/15/09 17:23:30   Page 14 of
24

obtain shortened time for a hearing on the assumption and assignment of the contract with Excel which was ultimately denied upon withdrawal by the Debtor.

Total Hours: 14.90
Total Fees: $6,169.50

**Cat 19:**     Post-Petition Retainer.

28.     This category contains entries relating to the efforts by the Committee and your Applicant to establish the right to receive a post-petition retainer from the cash collateral of UCB carved-out for professionals and to obtain a monthly payment of $2,500 for Committee members' expenses. Your Applicant prepared moving papers seeking to have a retainer established within the guidelines of In re Knudsen. Your Applicant sought to have its motion to approve this payment heard concurrently with the application to pay Latham & Watkins and the Wilson, Sonsini firms' post-petition retainers. While UCB and the Debtors consented to shortened time, the Court denied the application. The matter was set for a hearing on regular notice. The Court, citing concerns with the number of post-petition retainers being sought by professionals, denied the motion as to both your Applicant and Committee members.

Total Hours: 8.90
Total Fees: $3,825.00

**Cat 20:**     Committee Confidentiality Motion.

29.     This category contains entries relating to the Committee's effort to structure its obligations under Bankruptcy Code section 1102(b)(3)(A). Your Applicant first evaluated the prospect that it might be required to disclose privileged information under the aforementioned Code section. Your Applicant brought the matter to the Committee, obtained approval to proceed, drafted, filed and served a motion, and requested entry of an order by default. The Court declined to enter an order so the matter was set for hearing. Your Applicant coordinated positions on the motion through discussions with the Debtors' counsel, formulated arguments tying in the obligations of the Committee under the NDA which it had executed, and argued the motion at the noticed hearing. The Court declined to enter an order but left open the option to come

Case: 09-54511     Doc# 330     Filed: 10/15/09     Entered: 10/15/09 17:23:30     Page 15 of 24

back should an actual creditor request confidential or privileged information.

Total Hours: 8.20
Total Fees: $3,690.00

**Cat 21:** <u>Real Estate Sale</u>.

30. This Debtors are owners of the production facility located on two parcels at 440 Kings Village Road and 467 Bean Creek Road, Scotts Valley, California. The sale of this asset will substantially reduce debt owing to UCB. The few entries in this category pertain to your Applicant's participation in the extremely slow-starting efforts to proceed with the unaccepted $6 million counter to $5.5 million purchase offer made by the Ow family.

Total Hours: .80
Total Fees: $360.00

**Cat 22:** <u>Binder & Malter Fee Application</u>.

31. The entries in this category pertain to the preparation of this Application. The range of dates covered by this Application are through September 29, 2009 only, so the majority of time for preparation will be in the next interim fee application. Your Applicant will cap preparation expenses in this category at a maximum of 5% of the Application's requested final total of fees and expenses.

Total Hours: 5.00
Total Fees: $585.00

**Cat 23:** <u>Exclusivity</u>.

32. The Debtors in this case determined that they wishes to retain the exclusive right to file a plan and disclosure and, without prior notification, filed a motion for an extension under Bankruptcy Code section 1121. Your Applicant discussed this issue with UCB and considered challenging it as the Committee, from its entry into this case, had expressed its desire to formulate a joint plan with the Debtor. After discussing the Debtors' concerns with a limited waiver of exclusivity with the Debtors' counsel, the Committee ultimately decided not to challenge the Debtors' motion and permitted the requested extension to be granted.

Total Hours: 1.65
Total Fees: $742.50

**Cat 24:**        Post-Closing Planning.

33.        This category is intended to cover the post-closing strategy and planning done jointly with the Debtors and Banks.  The single entry in this category covers the first such face-to-face meeting which occurred immediately after the hearing on September 29, 2009, approving the sale to SPP.

Total Hours: 1.25
Total Fees: $562.50

**Cat 9B:**        APA Analysis and Negotiation.

34.        Once your Applicant and all members of the Committee has executed the NDA the Debtors supplied them with the draft APA which was being negotiated with SPP for inclusion in its stalking horse bid.  Partners Heinz Binder and Gayle Green collaborated to review the voluminous attachments to the APA, starting with the letter of intent and including the APA, the recourse and non-recourse notes.  Together Mr. Binder and Ms. Green  achieved an understanding of the proposed transaction against which any subsequent overbid could be measured.  Your Applicant focused upon the obligations of SPP (or a successful over-bidder using the same transactional documents) to collect accounts receivable and sell inventory so as to generate an obligation to pay on the non-recourse notes.  Your Application provided comments as to the extent to which the transaction deviated from the district's sale guidelines and could be challenged.  Your Applicant evaluated the transaction as to the various subsidiaries and challenged the inconsistency between cash allocations set forth as attachments to the APA and as had been filed in connection with approval of the sale.  Your Applicant consulted with Debtors' corporate counsel, Latham & Watkins, to test counsel's understanding of various provisions of the APA pertaining to allocation with which the Committee was concerned.  Your Applicant also worked in concert with UCB to try to fix the base amount of cash which would result from a sale to SPP and to keep expenses from rising to the point that little or no cash would be available at closing.

Total Hours: 51.55
Total Fees: $22,106.25

**Cat 9C:** Investment Banker Communication.

36. This category covers entries describing contacts between your Applicant and interested bidders and discussions with the Debtors' counsel and investment banker regarding those contacts. Other services rendered include examination of the extent to which Needham & Company had solicited potential over-bidders to ensure that all such entities known to the Committee would be reached to ensure that the bids received would be the highest and best available. Finally, your Applicant included in this category the review and analysis of the early bid status and solicitation reports from Needham & Company in this category.

Total Hours: 7.10
Total Fees: $2,140.75

**Cat 9D:** Sale Of Excluded Assets, Patents, Obsolete Equipment.

37. The SPP sale excluded a number of assets, including certain patents, design tools, fixtures, and obsolete inventory. The Debtors initially sought to sell portions of these excluded assets prior to the date set for the sale to the primary assets to SPP. The stated reason was to generate cash from assets that would otherwise be consigned to SPP for sale by consignment. The Debtors sought approval on shortened time. Your Applicant expressed concern that doing so might chill overbids and potentially cause difficulty in the sale to SPP. While UCB initially consented to shortened time, this consent was withdrawn. The Committee joined in UCB's position and asked that the sale be set concurrently with the overall asset sale for September 29, 2009. Your Applicant remained in close contact with the Debtors to determine how to set up an auction of the patents and excess and obsolete assets. Your Applicant evaluated and ultimately approved the addition of costs of sale into the moving papers (separate from the budget approved for cash collateral use) to obtain approval to sell these assets. Your Applicant reviewed all pleadings prepared to bring the matters on for hearing, the bids of the parties seeking to purchase assets, and prepared for the

auction which Applied Materials succeeded as the high bidder.

Total Hours: 11.75<br>
Total Fees: $5,014.50

**Cat 9E:**     Bid Procedures Negotiation, Break Up Fee, and Sale
Document Analysis.

38.     This category covers a number of critical areas in the case focusing upon the negotiation and approval of procedures for the sale of assets and the break-up fee payable to SPP should it not be the high bidder.   Your Applicant's services commenced with review and analysis of a proposed order approving bid procedures and a separate attachment listing the procedures themselves.  Attorneys Binder and Harris of your Applicant evaluated the proposal and formulated suggestions for revision.  Your Applicant reviewed the various documents required to close the sale in association with the analysis of bid procedures to seek out hidden provisions that would lessen the ultimate value of any sale to creditors.  Your Applicant conducted a detailed review of the deviations of the proposed sale order from the guidelines and communicated the need for changes to SPP's and the Debtors' counsel.  Your Applicant became involved in negotiations over the break-up fee proposed by SPP and Debtors' and UCB's successful efforts to cap it.  Your Applicant engaged in numerous rounds of email communication regarding changes in the procedures and forms of order and was successful in obtaining the inclusion of a right by UCB and/or the Committee to bring late bids to the attention of the Court and to seek their approval.  Your Applicant also prepared and filed an objection to bid procedures with various areas of focus.  Your Applicant consented to shortened time for a hearing to approve bid procedures.  Your Applicant reviewed and evaluated each of the objections by UCB and others filed to challenge approval of the bid procedures negotiated.  Your Applicant evaluated and participated in final negotiations with UCB over changes that were so important to it that UCB threatened to cut off the right to use cash collateral.  Your Applicant provided final suggested changes to the proposed sale notice and procedures order and then attended the hearing at which bid procedures were approved.  Your Applicant also

Case: 09-54511   Doc# 330   Filed: 10/15/09   Entered: 10/15/09 17:23:30   Page 19 of
24

includes in this category the time spent reviewing and signing off on the application to file the APA under seal and permitting the admittance of computers into the courtroom for the auction.

Total Hours: 52.00
Total Fees: $20,531.50

**Cat 9F:** Analysis Of Recovery To Claimants In Case.

39.    In this category your Applicant listed the entries in which it sought to evaluate the ultimate recovery to unsecured claimants from the SPP sale transaction, real estate, and excluded assets' sales. Your Applicant compared the so-called "waterfall analysis" provided by the Debtor from June financials with the actual sale documents, the financial statements which were somewhat more current, statements made by Debtors' principals, and the bids received to create an understanding for the Committee of what a sale to SPP might generate after payment of UCB and what overbids might do to change that positively and negatively.

Total Hours: 5.70
Total Fees: $2,639.25

**Cat 9G:** Discussion And Preparation Of Motion To Modify Bid Procedure.

40.    UCB and the Committee sought to generate a combined overbid from bids for less than all assets which would be considered qualifying if there was not a single bid for everything that SPP planned to buy. Prior to the bid deadline, based upon communications with Needham & Company and others, this appeared to be possible. Your Applicant engaged in discussions with the Debtors' and SPP's counsel on the issue. Your Applicant reviewed the APA to evaluate the risks to the sale with SPP in proceeding with this concept. Your Applicant then collaborated with UCB's counsel to prepare moving papers to modify the bid procedures. Your Applicant evaluated the responsive threat by SPP to declare a default and withdraw should the effort proceed. When the bids did not materialize that would have permitted the piecing together of an overbid your Applicant's efforts in this regard ceased.

Total Hours: 12.25
Total Fees: $5,384.25

**Cat 9H:**         Evaluation Of Bids Received and Process.

41.      This category contains the time which your Applicant expended reviewing information regarding qualified bidders who had submitted their financial information, evaluating the final results of Needham & Company's efforts to obtain bids from parties who should have been interested, participating in conference calls regarding bids made, and formulating a report to the Committee.

Total Hours: 4.15
Total Fees: $1,901.25

**Cat 9H:**         Sale Hearing and Closing.

42.      This category contains the time which your Applicant expended preparing for a hearing at which an overbid might occur, reviewing the moving papers and all exhibits, evaluating the possibility of an early close, reviewing all supplements to the initial pleadings on issues such as good faith and deviation from the sale guidelines, preparing a second attorney from the firm to assist in the event that overbids were made as support, preparation for and attendance at the September 29, 2009 sale hearing.

Total Hours: 15.15
Total Fees: $6,573.75

E.      BILLING SUMMARY

43.      In the course of its representation of the Debtor in these matters your Applicant has devoted 369.60 hours of professional time in the performance of such services, including those set forth above as indicated in your Applicant's daily time summaries, copies of which are attached as Exhibit "A" to the accompanying declaration of Robert G. Harris and is incorporated herein by reference.

44.      The time summaries identify the individuals who performed services by the initials indicated below and can be summarized as follows:

F.      ATTORNEY TIME AND EXPENSE SUMMARIES

45.      Attorneys' fees on this matter were billed for the attorneys of Applicant at the hourly rates and in the amounts set forth in Exhibit "A" for a total of $150,160.50,

which are summarized as follows:

| ATTORNEYS & PARAPROFESSIONALS | HOURLY RATE | BILLED HOURS | WRITE-OFFS Hours / Dollars | BILLED TOTAL |
|---|---|---|---|---|
| Gayle Green | $495 | 25.75 | 2.80/$1,386.00 | $11,360.25 |
| Heinz Binder | $495 | 66.20 | 13.50/$6,682.50 | $26,086.50 |
| Michael W. Malter | $495 | 10.60 | 5.10/$2,524.50 | $2,722.50 |
| Robert G. Harris | $450 | 206.80 | 5.15/$2,317.50 | $90,742.50 |
| Julie H. Rome Banks | $450 | 34.60 | 14.80/$6,660.00 | $8,640.00 |
| Wendy Smith | $425 | 24.35 | 1.10/$467.50 | $10,348.75 |
| Roya Shakoori | $325 | 0.80 | N/A | $260.00 |
| **TOTAL HOURS** | | 369.60 | 30.45 | |
| **TOTAL FEES WRITTEN OFF** | | | $20,038.00 | |
| **BILLED AND CHARGED TOTAL** | | | | $150,160.50 |

46.    All services for which compensation is requested herein were in connection with the performance by the Debtor of the duties prescribed for it by Title 11, United States Code and the Federal Rules of Bankruptcy Procedure.  None of these services were in respect to any other matter.

47.    Applicant incurred costs and expenses as set forth in the tables below for a total of $1,421.68:

| Item | Expense Advanced |
|---|---|
| Photocopies (20 cents per copy) | $822.00 |
| Courier Services | $105.12 |
| Federal Express | $179.63 |
| Postage | $219.85 |
| Telephonic Conferences | $69.08 |
| Transcript | $26.00 |
| TOTAL | $1,421.68 |

///

G.    STATEMENT OF NO SHARING AND DISINTERESTEDNESS

48.     No compensation previously received by your Applicant has been shared with any other person, and no agreement or understanding exists between your Applicant and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case, except with the regular members and associates of your Applicant's law firm.

49.     Applicant is a disinterested person and neither represents nor holds any interest adverse to the Debtors, the Estate or the creditors herein, with respect to any of the matters referred to herein.

H.     LETTER TRANSMITTING FEE APPLICATION TO DEBTOR

50.     In accordance with the Guidelines for Compensation and Expense Reimbursement of Professional and Trustees promulgated by this Court, Applicant has transmitted a copy of this Application and supporting Declaration to the Committee.  A true and correct copy of such transmittal letter is attached to the accompanying declaration of Robert G. Harris and filed herewith as Exhibit "B" and is incorporated herein by reference.

WHEREFORE, your Applicant prays that this Court enter an order

A.     Approving and allowing as interim compensation attorneys' fees incurred by your Applicant in its representation of the Debtor in the sum of $150,160.50.

B.     Approving and allowing all costs expended by your Applicant in the same period of $1,421.63.

C.     Authorizing and directing the Debtors to pay your Applicant its allowed fees and costs awarded from cash collateral per the consent to the use of cash collateral to pay allowed professional fees provided by secured creditor United Commercial Bank.

///

///

///

Dated:  October 15, 2009                    BINDER & MALTER

By:   /s/ Robert G. Harris
                      Robert G. Harris
                      State Bar No. 124678

                      Attorneys for the Official Unsecured
                      Creditors' Committee

JHR:S:\Clients\Aviza Technology Inc. Creditors Committee\Pleading\Binder & Malter Fee Application\Fee Application APPLICATION.wpd