ANDREW S. WILLIAMSON (191262)
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: drew.williamson@lw.com

Special Counsel for Debtors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re: | Jointly Administered Chapter 11 Cases |
| **ATI LIQUIDATING, INC.,**<br>formerly known as<br>Aviza Technology, Inc.,<br>Employer's Tax ID No.: 20-1979646 | Case No. 09-54511-RLE-11 |
| **AI LIQUIDATING, INC.,**<br>formerly known as Aviza, Inc.,<br>Employer's Tax ID No.: 20-0249205 | Case No. 09-54514-RLE-11 |
| **TTI LIQUIDATING, INC.,**<br>formerly known as<br>Trikon Technologies, Inc.,<br>Employer's Tax ID No.: 95-4054321 | Case No. 09-54515-RLE-11 |
| Debtor(s).<br>440 Kings Village Road<br>Scotts Valley, CA 95066 | Date: November 4, 2009<br>Time: 10:30 a.m.<br>Place: United States Bankruptcy Court<br>280 S. First St., Room 3099<br>San Jose, CA 95113<br>Judge: Honorable Roger L. Efremsky |

FIRST AMENDED FIRST APPLICATION FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS
(Latham & Watkins LLP)

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | BACKGROUND | | 1 |
| II. | SERVICE CATEGORIES: DESCRIPTION AND TOTAL FEES | | 2 |
| | A. | Categories. | 2 |
| | B. | Summary of Billable Work for the First Amended Application | 2 |
| | | 1. Asset Disposition Matters | 2 |
| | | 2. Board of Directors Matters | 5 |
| | | 3. Case Administration Matters | 5 |
| | | 4. Employment Application Matters | 6 |
| | C. | Expenses | 6 |
| | D. | Summary of Billable Work | 7 |
| III. | TIMEKEEPERS; INDIVIDUAL TIME AND FEES. | | 7 |
| IV. | CONCLUSION | | 8 |

**FIRST AMENDED FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS**

**To:    The Honorable Roger L. Efremsky, United States Bankruptcy Judge:**

This FIRST AMENDED FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS (the "First Amended Application") of Latham & Watkins LLP (the "Applicant") is being filed to provide for a 10% fee discount from the amount the Applicant would typically charge the Debtors for the work described in this First Amended Application. This 10% fee discount was described in Section III of the Applicant's FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS (the "First Application"), Docket 324, but was inadvertently not applied to the total fee amounts set forth in the First Application.

The First Amended Application of the Applicant respectfully represents:

**I.    BACKGROUND**

On June 9, 2009 (the "Petition Date"), ATI Liquidating, Inc., formerly known as Aviza Technology, Inc. ("ATI"), AI Liquidating, Inc., formerly known as Aviza, Inc. ("Aviza"), and TTI Liquidating, Inc., formerly known as Trikon Technologies, Inc. ("Trikon") (collectively, the "Debtors"), each filed their individual voluntary petitions under Chapter 11 of the United States Bankruptcy Code (the "Code"). ATI, Aviza and Trikon are presently operating their businesses as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107 and 1108. The full history and factual background for the cases, including the cases' success and progress, may be found in the FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS filed by Murray & Murray, bankruptcy counsel for the Debtors.

Prior to the Petition Date, the Debtors utilized the Applicant to advise and represent them on the matters described in the Application for Order Authorizing and Approving (i) Employment of Special Counsel Pursuant to 11 U.S.C. § 327(e) and (ii) Payment of Retainer Pursuant to 11 U.S.C. § 363 (the "Employment Application"), which was filed with this Court on July 9, 2009.

On August 10, 2009, this Court approved the Applicant's employment as "special counsel in

aid of these proceedings for the purposes and upon the terms and conditions set forth in the [Employment] Application," pursuant to its ORDER RE APPLICATION FOR ORDER AUTHORIZING AND APPROVING (I) EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(E) AND (II) PAYMENT OF RETAINER PURSUANT TO 11 U.S.C. § 363 (the "Employment Order"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference.

The Applicant, special counsel to the Debtors, hereby submits this First Amended Application and seeks payment of fees for services rendered in the amount of $430,457.40 and reimbursement of expenses incurred by it in the amount of $1,387.11 for the period from June 9, 2009 through September 30, 2009 (the "First Interim Period").

## II. SERVICE CATEGORIES: DESCRIPTION AND TOTAL FEES

### A. Categories.

In accordance with the GUIDELINES FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS FOR THE NORTHERN DISTRICT OF CALIFORNIA (the "Guidelines") and the Employment Order entered by this Court, the Applicant has conducted work and has kept time in these cases within its role as special counsel in the following four separate categories contained in the American Bar Association's "Bankruptcy Code Set and Definitions" derived from the code set published by the United States Department of Justice, Executive Office for the United States Trustee: Asset Disposition (Category B130), Board of Directors Matters (Category B260), Case Administration (Category B110) and Fee/Employment Applications (Category B160). The Applicant has done its best to allocate the time entries to the appropriate task codes under those designations. Under no circumstance did the Applicant double bill or bill additionally for work that had already been billed by another attorney or paraprofessional.

### B. Summary of Billable Work for the First Amended Application.

#### 1. Asset Disposition Matters

Due to the nature of the services for which the Applicant was and is engaged as special counsel to the Debtors, the vast majority of the Applicant's work was spent in the Asset Disposition category. During the First Interim Period, the Applicant spent a substantial number of hours on the

2    FIRST AMENDED FIRST APPLICATION FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF
EXPENSES BY SPECIAL COUNSEL FOR DEBTORS

Case: 09-54511    Doc# 342    Filed: 10/21/09    Entered: 10/21/09 12:31:34    Page 4 of 14

asset sale transaction, among other things, (i) reviewing and assisting with the development of the factual background of the bankruptcy filing, (ii) counseling the boards and management of the Debtors on strategic matters relating to negotiation of the stalking horse bid and other alternative bids, (iii) negotiating and preparing the Asset Purchase Agreement with the stalking horse bidder and evaluating the alternate bidders' proposed acquisition bids, and (iv) negotiating and preparing the transaction closing documentation.

With respect to assisting with the bankruptcy filing, the Applicant worked closely with Murray & Murray to develop the factual background that was contained in the bankruptcy pleadings. As special counsel to the Debtors, the Applicant was instrumental in the negotiation and preparation of the stalking horse bid. Accordingly, the Applicant was in the best position to assist Murray & Murray in describing the transaction in the bankruptcy filings and reviewing such filings to ensure that they were an accurate reflection of the activities of the Debtors, their boards and management, and the terms of the stalking horse bid. The Applicant also served as a liaison between various participants in the transaction and the boards and management of the Debtors.

With respect to counseling the boards and management of the Debtors, the Applicant was involved in virtually all daily operating decisions that would be legally or practically impacted by the transaction, including customer, supplier and vendor matters, employee and employee benefit matters, real estate matters, licensing matters, and general corporate matters.

With respect to negotiating and preparing the Asset Purchase Agreement with the stalking horse bidder, the Applicant expended a considerable amount of time negotiating with the stalking horse bidder to draft the Asset Purchase Agreement which, once signed, became the stalking horse bid. The Applicant also served as a liaison between various participants in the extensive negotiations and the boards and management of the Debtors. After receiving the alternate bidders' proposed acquisition bids, the Applicant analyzed and evaluated the alternate acquisition bids and counseled the boards and management of the Debtors with respect to the variances among the alternate acquisition bids and the stalking horse bid.

After securing the successful bid at the bankruptcy hearing, the Applicant negotiated and

prepared the closing documentation with the purchaser's counsel.

Notwithstanding the Applicant's active role as described above, at all times Murray & Murray remained solely responsible for all bankruptcy aspects of the case, although the Applicant provided assistance to Murray & Murray and the Debtors at their guidance and upon their instructions in connection with their determinations regarding the course of the case and the Debtors' objectives and strategies.

The reasonable and necessary fees related to this billing category are set forth on Exhibit B hereto, and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the names indicated below and can be summarized as follows:

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| Klein, Anthony | 4.0 | $ 885 | $ 3,540.00 |
| Groves, Andrea L. | 14.1 | $ 500 | $ 7,050.00 |
| Williamson, Andrew S. | 124.7 | $ 860 | $ 107,242.00 |
| Nwaeke, Benedict | 8.7 | $ 675 | $ 5,872.50 |
| Hunter, Errol H. | 4.5 | $ 675 | $ 3,037.50 |
| Yu, Emily | 0.8 | $ 910 | $ 728.00 |
| Chen, Grace M. L. | 15.4 | $ 705 | $ 10,857.00 |
| Kim, Hyo Joo | 0.5 | $ 270 | $ 135.00 |
| Kobayashi, Hiroki | 2.4 | $ 845 | $ 2,028.00 |
| Switzer III, Harold K. | 5.9 | $ 910 | $ 5,369.00 |
| Fowler, Heather L. | 1.6 | $ 620 | $ 992.00 |
| Wakelingogawa, Hiroko | 2.3 | $ 275 | $ 632.50 |
| Clare, James | 55.6 | $ 835 | $ 46,426.00 |
| Kenney, John H. | 1.0 | $ 930 | $ 930.00 |
| Huber, John J. | 0.4 | $ 1,120 | $ 448.00 |
| Chan, Kenneth Dun Chau | 3.2 | $ 1,065 | $ 3,408.00 |
| Hanajima, Kumiko | 3.7 | $ 265 | $ 980.50 |
| Safran, Lawrence I. | 0.3 | $ 1,065 | $ 319.50 |
| Drury, Mark J. | 312.5 | $ 585 | $ 182,812.50 |
| Wilmanns, Max | 1.9 | $ 860 | $ 1,634.00 |
| Lu, Qiong Lucy | 4.5 | $ 745 | $ 3,352.50 |
| Negus, Rory | 40.4 | $ 915 | $ 36,966.00 |
| Edwards, Stephen C. | 13.1 | $ 565 | $ 7,401.50 |
| Thompson, Scott D. | 17.4 | $ 730 | $ 12,702.00 |
| Finn, Sean | 13.9 | $ 1,065 | $ 14,803.50 |
| Brown, Stephen M. | 2.0 | $ 1,065 | $ 2,130.00 |

| | | | | | |
|---|---|---|---|---|---|
| Zuehlke, Susanne | 2.1 | $ | 910 | $ | 1,911.00 |
| Eshkeri, Victor | 5.7 | $ | 275 | $ | 1,567.50 |
| 10% Fee Discount | | | | | (46,527.60) |
| **Total** | **662.6** | | | **$** | **418,748.40** |

### 2. Board of Directors Matters

The Applicant spent 2.6 hours of reasonable and necessary legal time in this category for a total of $1,616.40. This category includes time the Applicant spent advising the boards of the Debtors on matters relating to the terms of the Asset Purchase Agreement, the stalking horse bidder and the potential alternate bidders, and preparing materials for and attending meetings of the board of directors.

The reasonable and necessary fees related to this billing category are set forth on <u>Exhibit C</u> hereto, and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the names indicated below and can be summarized as follows:

| **Attorney** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|
| Drury, Mark J. | 1.6 | $ 585 | $ 936.00 |
| Williamson, Andrew S. | 1.0 | $ 860 | $ 860.00 |
| 10% Fee Discount | | | (179.60) |
| **Total** | **2.6** | | **$ 1,616.40** |

### 3. Case Administration Matters

The Applicant spent 5.7 hours of reasonable and necessary legal time in this category for a total of $4,411.80. This category includes time the Applicant spent attending the final sale hearing on September 29, 2009 and related matters.

The reasonable and necessary fees related to this billing category are set forth on <u>Exhibit D</u> hereto, and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the names indicated below and can be summarized as follows:

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| Williamson, Andrew S. | 5.7 | $ 860 | $ 4,902.00 |
| 10% Fee Discount | | | (490.20) |
| **Total** | **5.7** | | **$ 4,411.80** |

### 4. Employment Application Matters

The Applicant spent 10.6 hours of reasonable and necessary legal time in this category for a total of $5,680.80. This category includes time the Applicant spent in preparation of its Employment Application and its related pleadings.

The reasonable and necessary fees related to this billing category are set forth on Exhibit E hereto, and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the names indicated below and can be summarized as follows:

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| Berman, Benjamin R. | 0.3 | $ 595 | $ 178.50 |
| Drury, Mark J. | 9.4 | $ 585 | $ 5,499.00 |
| Dunkley, Sarah J. | 0.9 | $ 705 | $ 634.50 |
| 10% Fee Discount | | | (631.20) |
| **Total** | **10.6** | | **$ 5,680.80** |

### C. Expenses

The Applicant also incurred $1,387.11 in expenses during the First Interim Period. Details of the Applicant's expenses during the First Interim Period are set forth on Exhibit F hereto and by this reference incorporated herein.

Summaries of the Applicant's expenses are listed below.

| Expenses | June | July | August | September | Total |
|---|---|---|---|---|---|
| Telephone | $ 20.99 | $ 96.78 | $ 437.06 | $ 151.75 | $ 706.58 |
| Federal Express | | | $ 6.25 | | $ 6.25 |
| Laser Copy | | | $ 50.31 | $ 40.82 | $ 91.13 |
| Outside Services (Non-Attorney) | | | $ 163.55 | | $ 163.55 |
| Other Data Base Research | | | $ 249.81 | $ 24.82 | $ 274.63 |
| Photocopying | | | $ 0.85 | | $ 0.85 |
| Document Preparation | | | $ 90.00 | | $ 90.00 |
| Global Document Support | | | $ 42.00 | | $ 42.00 |

6

FIRST AMENDED FIRST APPLICATION FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF
EXPENSES BY SPECIAL COUNSEL FOR DEBTORS

Case: 09-54511    Doc# 342    Filed: 10/21/09    Entered: 10/21/09 12:31:34    Page 8 of 14

| Expenses | June | July | August | September | Total |
|---|---|---|---|---|---|
| Messenger Courier | | | | $ 12.12 | $ 12.12 |
| Total | $ 20.99 | $ 96.78 | $ 1,039.83 | $ 229.51 | $ 1,387.11 |

### D. Summary of Billable Work

A chart summarizing all of these attorneys' fees and expenses requested in the First Interim Period can be broken down on a monthly basis as follows:

| Month | Fees | Expenses | Total |
|---|---|---|---|
| June | $ 34,563.50 | $ 20.99 | $ 34,584.49 |
| July | $ 118,913.50 | $ 96.78 | $ 119,010.28 |
| August | $ 247,302.50 | $ 1,039.83 | $ 248,342.33 |
| September | $ 77,506.50 | $ 229.51 | $ 77,736.01 |
| 10% Fee Discount | $ (47,828.60) | — | $ (47,828.60) |
| Total | $ 430,457.40 | $ 1,387.11 | $ 431,844.51 |

## III. TIMEKEEPERS; INDIVIDUAL TIME AND FEES.

The following chart sets forth the individual timekeepers so far, their position, their hourly rates, the hours they have recorded and the fees their time represents:

| Person | Position | Rate | Hours | Fees |
|---|---|---|---|---|
| Huber, John J. | Partner, Sr. | $ 1,120 | 0.4 | $ 448.00 |
| Kenney, John H. | Partner, Sr. | $ 930 | 1.0 | $ 930.00 |
| Wilmanns, Max | Partner, Jr. | $ 860 | 1.9 | $ 1,634.00 |
| Klein, Anthony | Partner, Jr. | $ 885 | 4.0 | $ 3,540.00 |
| Zuehlke, Susanne | Partner, Jr. | $ 910 | 2.1 | $ 1,911.00 |
| Kobayashi, Hiroki | Associate, Sr. | $ 845 | 2.4 | $ 2,028.00 |
| Negus, Rory | Associate, Sr. | $ 915 | 40.4 | $ 36,966.00 |
| Brown, Stephen M. | Partner, Jr. | $ 1,065 | 2.0 | $ 2,130.00 |
| Yu, Emily | Counsel | $ 910 | 0.8 | $ 728.00 |
| Thompson, Scott D. | Associate, Sr. | $ 730 | 17.4 | $ 12,702.00 |
| Finn, Sean | Partner, Jr. | $ 1,065 | 13.9 | $ 14,803.50 |
| Clare, James | Associate, Sr. | $ 835 | 55.6 | $ 46,426.00 |
| Nwaeke, Benedict | Associate, Jr. | $ 675 | 8.7 | $ 5,872.50 |
| Dunkley, Sarah J. | Associate, Jr. | $ 705 | 0.9 | $ 634.50 |
| Chen, Grace M. L. | Associate, Sr. | $ 705 | 15.4 | $ 10,857.00 |
| Fowler, Heather L. | Associate, Sr. | $ 620 | 1.6 | $ 992.00 |

| Person | Position | Rate | Hours | Fees |
|---|---|---|---|---|
| Switzer III, Harold K. | Partner, Jr. | $ 910 | 5.9 | $ 5,369.00 |
| Edwards, Stephen C. | Associate, Jr. | $ 565 | 13.1 | $ 7,401.50 |
| Lu, Qiong Lucy | Associate, Sr. | $ 745 | 4.5 | $ 3,352.50 |
| Chan, Kenneth Dun Chau | Partner, Sr. | $ 1,065 | 3.2 | $ 3,408.00 |
| Safran, Lawrence I. | Partner, Sr. | $ 1,065 | 0.3 | $ 319.50 |
| Williamson, Andrew S. | Partner, Jr. | $ 860 | 131.4 | $ 113,004.00 |
| Hunter, Errol H. | Associate, Sr. | $ 675 | 4.5 | $ 3,037.50 |
| Drury, Mark J. | Associate, Jr. | $ 585 | 323.5 | $ 189,247.50 |
| Wakelingogawa, Hiroko | Analyst | $ 275 | 2.3 | $ 632.50 |
| Hanajima, Kumiko | Paralegal | $ 265 | 3.7 | $ 980.50 |
| Eshkeri, Victor | Paralegal | $ 275 | 5.7 | $ 1,567.50 |
| Berman, Benjamin R. | Associate, Jr. | $ 595 | 0.3 | $ 178.50 |
| Groves, Andrea L. | Associate, Jr. | $ 500 | 14.1 | $ 7,050.00 |
| Kim, Hyo Joo | Trainee | $ 270 | 0.5 | $ 135.00 |
| 10% Fee Discount | | | — | $ (47,828.60) |
| | | | Total | $ 430,457.40 |

Messrs. Andrew S. Williamson and Mark J. Drury have been the lead attorneys for this matter. The total amount of fees for all of the timekeepers in the table above reflects a 10% discount from the amount that Latham & Watkins LLP would typically charge the Debtors for this type of work. The blended rate for all of the timekeepers in the table above, including the 10% fee discount, is $631.63.

IV. CONCLUSION.

The Applicant believes that it has provided valuable services to the Debtors in support of the Debtors' attempt to sell certain assets pursuant to an asset purchase agreement. The Applicant has scrupulously avoided rendering services in any area but those authorized by the Employment Order.

WHEREFORE, the Applicant respectfully requests that the Court enter its Order:

(a) approving and allowing compensation in the amount of $430,457.40 for the reasonable and necessary services of the Applicant, together with costs in the amount of $1,387.11, in each case, incurred during the First Interim Period;

(b) approving and allowing the Applicant to apply the retainer in the amount of $287,156.36 currently held by the Applicant toward the payment of the fees and expenses set forth in the immediately preceding clause (a);

(c) approving and directing the Debtors to pay all fees and expenses allowed pursuant to this First Amended Application that have not been paid heretofore and that remain unpaid following the application of the retainer set forth in the immediately preceding clause (c); and

(d) granting such other and further relief to the Applicant as this Court deems just and proper.

Dated: October 21, 2009

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: /s/ Andrew S. Williamson
Andrew S. Williamson
Special Counsel for the Debtors

**CERTIFICATION RE COMPLIANCE WITH GUIDELINES FOR
COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS**

I, Andrew S. Williamson, am the professional designated by Latham & Watkins LLP (the "Applicant") with the responsibility in these cases for compliance with the GUIDELINES FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS AND TRUSTEES (the "Guidelines") promulgated by this Court on July 8, 2004, and I hereby certify that:

(1) I have read the foregoing FIRST AMENDED FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS (Latham & Watkins LLP) (the "First Amended Application");

(2) To the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought herein is in conformity with the Guidelines, except as follows:

    a. The First Amended Application includes one billing category that exceeds $20,000. The Applicant has created additional project billing categories where possible. However, given the nature of some of the services, it was not feasible to create a project billing category of less than $20,000 for Asset Disposition Matters. The Applicant believes that the First Amended Application includes project billing categories that are appropriate to the size and complexity of these cases and for the Applicant's role as special corporate counsel; and

    b. The Applicant has included all of its expenses on one exhibit to the First Amended Application (Exhibit F), rather than specifying expenses for each project billing category as it is not practical to separate the expenses by project billing category;

(3) The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by the Applicant and generally accepted by the Applicant's clients;

(4) The total fees set forth in the First Amended Application are billed at a discount to the Applicant's current standard rates and in accordance with its normal practices for clients.

(5) Fees paid to the Applicant from, or on behalf of, the Debtors or their estates have not

10    FIRST AMENDED FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS

Case: 09-54511   Doc# 342   Filed: 10/21/09   Entered: 10/21/09 12:31:34   Page 12 of 14

been and will not be divided or shared with any other person, natural or otherwise.

(6) All of the time records attached to this First Amended Application are accurate and were recorded in the regular and ordinary course of business contemporaneously with the services provided; and

(7) This First Amended Application was transmitted to the Debtors with the cover letter required by the Guidelines, a copy of which is attached hereto as <u>Exhibit G</u> and by this reference incorporated herein.

I hereby certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief formed after reasonable inquiry.

Executed this 21st day of October, 2009.


       /s/ Andrew S. Williamson
       Andrew S. Williamson

11    FIRST AMENDED FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS

Case: 09-54511    Doc# 342    Filed: 10/21/09    Entered: 10/21/09 12:31:34    Page 13 of 14

## EXHIBIT INDEX

| | |
|---|---|
| **EXHIBIT A** | Order Authorizing and Approving Employment of Counsel |
| **EXHIBIT B** | Project Billing re Asset Disposition Matters |
| **EXHIBIT C** | Project Billing re Board of Directors Matters |
| **EXHIBIT D** | Project Billing re Case Administration Matters |
| **EXHIBIT E** | Project Billing re Employment Application Matters |
| **EXHIBIT F** | Expenses |
| **EXHIBIT G** | Letter to Debtors re First Amended Application |

12    FIRST AMENDED FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS

Case: 09-54511    Doc# 342    Filed: 10/21/09    Entered: 10/21/09 12:31:34    Page 14 of 14