1  JOHN WALSHE MURRAY (074823)
   ROBERT A. FRANKLIN (091653)
2  DORIS A. KAELIN (162069)
   MURRAY & MURRAY
3  A Professional Corporation
   19400 Stevens Creek Blvd., Suite 200
4  Cupertino, CA 95014-2548
   Telephone:  (650) 852-9000; (408) 907-9200
5  Facsimile:  (650) 852-9244
   Email:  jwmurray@murraylaw.com
6  Email:  rfranklin@murraylaw.com
   Email:  dkaelin@murraylaw.com
7
8  Attorneys for Debtors

9

10              **UNITED STATES BANKRUPTCY COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12                     **SAN JOSE DIVISION**

13  In re:                          )
                                     )   Jointly Administered Chapter 11 Cases
14      **ATI LIQUIDATING, INC.,**   )
        formerly known as            )
15      Aviza Technology, Inc.,      )   Case No. 09-54511-RLE-11
        Employer's Tax ID No.: 20-1979646 )
16                                   )
                                     )
17      **AI LIQUIDATING, INC.,**    )
        formerly known as Aviza, Inc., )   Case No. 09-54514-RLE-11
18      Employer's Tax ID No.: 20-0249205 )
                                     )
19                                   )
        **TTI LIQUIDATING, INC.,**   )
20      formerly known as            )   Case No. 09-54515-RLE-11
        Trikon Technologies, Inc.,   )
21      Employer's Tax ID No.: 95-4054321 )
                                     )   Date:   April 28, 2010
22              Debtor(s).           )   Time:   10:30 a.m.
                                     )   Place:  United States Bankruptcy Court
23      440 Kings Village Road       )           280 S. First St., Room 3099
        Scotts Valley, CA  95066     )           San Jose, CA  95113
24  _____ )   Judge:  Honorable Roger L. Efremsky

25

26          **SECOND AND FINAL APPLICATION FOR COMPENSATION AND**
            **REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS**

27

28

# TABLE OF CONTENTS

I.      NOTICE. ................................................................................................................... 1

II.     INTRODUCTION. ................................................................................................... 1

III.    EMPLOYMENT AUTHORIZATION. ................................................................... 2

IV.     APPLICANT'S ATTORNEYS' FEES AND EXPENSES. ..................................... 2

V.      ASSETS OF THE BANKRUPTCY ESTATES. ...................................................... 3

VI.     ESTIMATED ACCRUED EXPENSES OF ADMINISTRATION. ......................... 4

VII.    HISTORY AND DESCRIPTION OF DEBTORS' BUSINESS. ............................. 4

VIII.   EVENTS IN THE CHAPTER 11 CASES. .............................................................. 5

IX.     PROJECT BILLING .............................................................................................. 10

        A.      Communications To & From Debtors And Debtors' Professionals. ............................. 10
        B.      Communications To & From Parties In Interest (Generally). ............................... 11
        C.      Cash Collateral. ................................................................... 12
        D.      Statement of Financial Affairs and Schedules. .................................. 13
        E.      Monthly Operating Reports. ................................................... 14
        F.      Rule 2015.3 Reports. ............................................................ 15
        G.      Employment of Murray & Murray. ......................................... 16
        H.      Employment of Financial Advisor Needham & Company, LLC. ............... 16
        I.      Employment of J.R. Parrish. ................................................. 17
        J.      IBM Motion For Relief From Stay. ........................................ 18
        K.      Auction Motion. ................................................................. 19
        L.      SPP Sale and Post-Close Activities. ....................................... 20
        M.      Sales of Surplus Assets. ...................................................... 21
        N.      Sale of Real Property. ......................................................... 22
        O.      Oracle Credit Corporation. ................................................... 23
        P.      Sale of Patents. ................................................................. 25
        Q.      Executory Contracts. ........................................................... 27
        R.      Scientech. ......................................................................... 27
        S.      Motion To Reject Real Property Leases. ................................. 28
        T.      Claims (Generally). ............................................................ 29
        U.      Claims Analysis. ................................................................ 30
        V.      Claims Matrix. ................................................................... 31
        W.      Employee Claims. .............................................................. 32
        X.      Claim of Alcatel. ............................................................... 33
        Y.      Claim of Hartford Insurance Company. .................................. 33
        Z.      Claim of Astound Group, Inc. ............................................... 34
        AA.     Claim of GECC. ................................................................ 34
        BB.     IBM Equipment Lease Claim. ............................................... 35
        CC.     Objection to Claim of Aviza Technology, GmbH. ..................... 36
        DD.     Objection to IPS Claim. ...................................................... 37
        EE.     First Omnibus Objection to Claims (Interests). ....................... 38
        FF.     Scheduled  Customer Warranty Claims. ................................. 39
        GG.     Objection To claim of ACM. ............................................... 40
        HH.     Objection to claim of JKS (Fountain Valley) ........................... 40
        II.     Objection to claim of Batavia ............................................... 41

| | | |
|---|---|---|
| JJ. | Lien Avoidance. | 41 |
| KK. | Plan of Liquidation. | 42 |
| LL. | Disclosure Statement. | 46 |
| MM. | Exclusivity. | 48 |
| NN. | Disclosure Statement Hearing. | 49 |
| OO. | Plan Solicitation. | 50 |
| PP. | Plan Confirmation Hearing. | 53 |
| QQ. | United Commercial Bank, East West Bank and ChinaTrust Bank (USA). | 54 |
| RR. | Legal Research re Default Interest. | 54 |
| SS. | Creditors' Committee. | 55 |
| TT. | Chapter 11 Status Conferences. | 55 |
| UU. | Case Management. | 56 |
| VV. | Compensation of Professionals (Generally). | 57 |
| WW. | Murray & Murray's First Application for Compensation. | 58 |
| XX. | Objections to Murray & Murray's First Application for Compensation. | 59 |
| YY. | Hearing on First Applications for Compensation. | 60 |
| ZZ. | Murray & Murray's Second Application for Compensation. | 60 |
| AAA. | Latham & Watkins's Second Application for Compensation. | 61 |
| BBB. | Law Office of Matthew C. Joseph's Application for Compensation. | 62 |
| CCC. | Wilson Sonsini Goodrich & Rosati Application for Compensation. | 63 |
| DDD. | Gifford Krass Application for Compensation. | 63 |
| EEE. | Mohler, Nixon  Application for Compensation. | 64 |
| FFF. | Binder & Malter Application for Compensation. | 65 |

| | | |
|---|---|---|
| X. | PROJECT BILLING SUMMARY. | 65 |
| XI. | MASTER TIME SUMMARY. | 65 |
| XII. | CURRICULUM VITAE. | 66 |
| XIII. | REIMBURSEMENT OF EXPENSES. | 66 |
| XIV. | PRIOR COMPENSATION. | 67 |
| XV. | VOLUNTARY REDUCTIONS. | 68 |
| XVI. | SOURCE OF COMPENSATION. | 68 |
| XVII. | NO SHARING OF COMPENSATION. | 68 |
| XVIII. | UNPAID CHAPTER 11 EXPENSE OF ADMINISTRATION CLAIMS | 68 |
| XIX. | ESTIMATED ATTORNEYS' FEES AND COSTS FOR APRIL, 2010. | 69 |
| XX. | ATTORNEYS' FEES NOT AWARDED IN FIRST APPLICATION. | 69 |
| XXI. | RELIEF REQUESTED. | 69 |

CERTIFICATION RE COMPLIANCE WITH GUIDELINES FOR COMPENSATION
AND EXPENSE REIMBURSEMENT OF PROFESSIONALS ........71

EXHIBIT INDEX ........73

Case 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 12:24:35   Page 3 of 78

**SECOND AND FINAL APPLICATION FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS**

TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY JUDGE:

The SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS (the "Application") of Murray & Murray, A Professional Corporation ("Murray & Murray" or your "Applicant") respectfully represents:

I.      **NOTICE.**

Pursuant to this Court's ORDER LIMITING NOTICE entered on June 12, 2009, notice of the hearing on this Application is being provided by your Applicant to the following:

a)      The natural person responsible for the duties and obligations of the Debtors pursuant to B.L.R. 4002-1 of the Local Bankruptcy Rules for the Northern District of California;

b)      Any Official Committee of Unsecured Creditors and its counsel;

c)      All secured creditors;

d)      All creditors listed on the Debtors' Lists of Creditors Holding 20 Largest Unsecured Claims;

e)      The Office of the United States Trustee in San Jose, California (the "United States Trustee"); and

f)      Any party in interest who has served on your Applicant and filed with the Clerk of the Court a request for special notice.

II.     **INTRODUCTION.**

Murray & Murray is a professional law corporation, each of whose attorneys is duly licensed and admitted to practice before this Court. Murray & Murray is the attorney for ATI Liquidating, Inc., formerly known as Aviza Technology, Inc. ("ATI"), AI Liquidating, Inc., formerly known as Aviza, Inc. ("Aviza") and TTI Liquidating, Inc., formerly known as Trikon Technologies, Inc. ("Trikon" and collectively with ATI and Aviza, the "Debtors" or the "Company"), the debtors and debtors in possession herein, having been so retained under a general retainer by order of this Court authorizing and approving such employment. As such attorney, Murray & Murray has performed various legal services for the Debtors, the particulars of which are hereinafter set forth.

/ / /

Case: 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 15:20:24   Page 4 of 78

III.    **EMPLOYMENT AUTHORIZATION.**

On June 23, 2009, this Court entered its ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL which authorized the Debtors to employ Murray & Murray under a general retainer on an hourly basis to provide aid and assistance in the administration of these cases, to provide continued representation in all negotiations and proceedings involving creditors and other parties in interest, to prepare and assist in the confirmation of a plan, and to represent the Debtors in all other legal aspects of the Chapter 11 cases.  A copy of this order is attached hereto as **Exhibit "A"** and by this reference incorporated herein.

IV.    **APPLICANT'S ATTORNEYS' FEES AND EXPENSES.**

Your Applicant seeks final approval of its attorney's fees and expenses incurred in these Chapter 11 cases from October 1, 2009 through March 31, 2010 (the "Second Application Period") in the amount of $796,368.73[1] and $25,390.99, respectively.  Attorneys' fees and expenses incurred by your Applicant during this period can be broken down on a monthly basis as follows:

| Month | Fees | Expenses | Total |
|---|---|---|---|
| October | $    276,224.50 | $    7,447.93 | $    283,672.43 |
| November | $    112,905.00 | $    3,252.60 | $    116,157.60 |
| December | $    75,519.00 | $    1,370.43 | $    76,889.43 |
| January | $    111,206.00 | $    1,705.82 | $    112,911.82 |
| February | $    138,400.00 | $    7,395.18 | $    145,795.18 |
| March | $    133,649.00 | $    4,219.03 | $    137,868.03 |
| **Total** | $    847,903.50 | $    25,390.99 | $    873,294.49 |

Your Applicant also seeks final approval of its attorneys' fees and expenses incurred from April 1, 2010 through the date (the "Confirmation Date") of this Court's entry of its order confirming the DEBTORS' JOINT PLAN OF LIQUIDATION (DATED MARCH 2, 2010) (the "Plan") which your Applicant anticipates will occur on or about April 8, 2010.  Your Applicant estimates these fees and expenses will total approximately $75,000.00.  Immediately after the Confirmation Date, your Applicant will file a supplement to this Application (the "Supplemental Application") setting forth in

---

[1]  As indicated in Paragraph IX. WW. below, your Applicant has voluntary reduced its request for attorneys' fees by $39,338.79 relative to the preparation of its FIRST APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS filed with the Court on October 15, 2009. As indicated in Paragraph IX. ZZ. below, your Applicant has also voluntarily reduced its request for attorneys' fees by $12,195.98 relative to the preparation of this Application.

Case 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 17:15:24    Page 5 of 78

detail the exact amount of fees and expenses incurred from April 1, 2010 through the Confirmation Date.

Your Applicant also renews its request for, and seeks final approval of, fees totaling $11,686.00 which were requested in its FIRST APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS filed with the Court on October 15, 2009, but not allowed, as more particularly set forth and described in Section XXI below.

Your Applicant also seeks final approval of those fees and expenses approved by the Court in its ORDER RE FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR entered on November 9, 2009 whereby it allowed your Applicant attorneys' fees in the sum of $934,573.05 and reimbursement of expenses in the sum of $31,913.78 for the period of June 9, 2009 through September 30, 2009 (the "First Application Period").

## V.    ASSETS OF THE BANKRUPTCY ESTATES.

On September 30, 2009, this Court entered its ORDER GRANTING MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS whereby it approved the sale of a significant portion of the Debtors' assets to Sumitomo Precision Products Co., Ltd. ("SPP"). The sale to SPP (the "Sale") closed on October 16, 2009 and is projected to ultimately generate total proceeds of approximately $60 Million. The Sale provided, among other things, for consideration of cash and notes in exchange for assets. The purchase price received to date has been allocated among the Debtors and certain of their subsidiaries and the Debtors have commenced the process of winding down and closing some or all of their subsidiaries and all funds remaining after payment to the subsidiaries' creditors and payment on closure obligations ultimately will be upstreamed to the Debtors' estates.

Also on September 30, 2009, this Court approved the sale of certain patents and other intellectual property rights to Applied Materials, Inc., for the sum of $1,100,000 (the "Applied Materials Sale"). The Applied Materials Sale closed on October 16, 2009, and as discussed in more detail below, the majority of the proceeds have been paid over to the Banks, as hereinafter defined.

On October 30, 2009, the Court entered an order (the "Excess Equipment Order") authorizing the Debtors to sell certain miscellaneous fixed assets via one or more direct, private sales

JWM:cc
…
SECOND AND FINAL APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

1  (the "Excess Equipment Sales").  As discussed in more detail below, pursuant to the Excess

2  Equipment Order, all the proceeds from the Excess Equipment Sales are being paid to the Banks, as

3  hereinafter defined, after deduction for actual and necessary expenses incurred directly in relation to

4  such sales.

5          In addition to the above-described sales, the Debtors have also sold certain equipment and

6  other assets in the ordinary course of their business such as unused and outdated equipment and

7  demonstration tools.

8          Assets presently remaining with the Debtors include a 43.7 acre parcel of real estate in Scotts

9  Valley, California (the "Real Property") and various product lines, equipment and inventory not sold

10  to SPP or pursuant to the Applied Materials Sale or the Excess Equipment Sale. The liquidation of

11  these remaining assets is the Debtors' top priority.  The Debtors have executed a letter of intent

12  relative to the sale of the Real Property and anticipate that a sale will close some time after the

13  Confirmation Date.

14          As of February 26, 2010, the Debtors had cash on hand of $2,370,945.00.

15      VI.    **ESTIMATED ACCRUED EXPENSES OF ADMINISTRATION.**

16          Other than the professional fees set forth and described in the notice (s) of the hearing on this

17  Application, Murray & Murray is informed that the Debtors are paying their post-petition expenses

18  as they become due in the ordinary course of business.

19      VII.   **HISTORY AND DESCRIPTION OF DEBTORS' BUSINESS.**

20          ATI was a publicly traded company whose stock traded on the Nasdaq Global Market under

21  the symbol "AVZA."  As of February 3, 2009, ATI had 21,856,473 shares of its common stock

22  outstanding, held by approximately 2,865 stockholders.  ATI is a holding company whose sole assets

23  consist of shares of stock in Aviza and Trikon, its wholly owned subsidiaries.  There are a total of 22

24  corporate entities in the Aviza family.

25          The Company designs, manufactures, sells and supports advanced semiconductor capital

26  equipment and process technologies for the global semiconductor industry and related markets.  The

27  Company's customer base is geographically diverse and includes both integrated device

28  manufacturers and foundry-based manufacturers.  The Company has a broad installed base with

Case 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 17:20:24   Page 7 of 78

approximately 2,500 systems installed worldwide.  The Company is headquartered in Scotts Valley, California and operates its manufacturing, sales and support through directly and indirectly wholly owned subsidiaries in the United States, the United Kingdom, France, Germany, Korea, Japan, Malaysia, Singapore, Taiwan, Peoples Republic of China and Israel.

The Company's consolidated balance sheet for the fiscal quarter ending December 26, 2008 lists assets of $89,365,000, liabilities of $69,022,000 and stockholder's equity of $20,343,000.  The Company lost $47,364,000 on sales of $133,189,000 in the fiscal year ending September 26, 2008.

On April 13, 2007, ATI and Aviza entered into a LOAN AND SECURITY AGREEMENT and related documents (collectively, the "Loan Agreement") with United Commercial Bank, East West Bank and ChinaTrust Bank (USA) (collectively, the "Banks") for a credit facility (the "Pre-Petition Secured Credit Facility") pursuant to which the Banks provided credit up to approximately $55,000,000 under a revolving line of credit, an equipment term loan and a real estate term loan.  As of the Petition Date, ATI and Aviza owed the Banks approximately $28,300,000.  This obligation (the "Pre-Petition Secured Obligations") is secured by the assets of ATI and Aviza, but not the assets of Trikon or any other directly or indirectly owned subsidiary.  On May 20, 2009, the Banks sent a letter to the Company declaring certain provisions of the Loan Agreement to be in default, accelerating the balance due, demanding payment in full of the Pre-Petition Secured Obligations and advising of their intent to exercise their rights and remedies.

Due to the rapid decline in new orders and sales being experienced industry-wide, on November 20, 2008, the Company engaged the investment banking firm of Needham & Company, LLC ("Needham") to assist it in exploring opportunities to sell the Company and/or raise additional equity investment.  Needham contacted over 30 companies and conducted over 10 management meetings and/or presentations.  As the months progressed, it became clear that the only salvation for the Company was a sale of its assets, including the stock or assets of some of its directly or indirectly owned subsidiaries.

VIII.  **EVENTS IN THE CHAPTER 11 CASES.**

The Debtors commenced their Chapter 11 cases on June 9, 2009 (the "Petition Date").  On June 10, 2009, this Court entered its ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION

JWM:cc
SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

OF ESTATES.

Immediately upon the commencement of the cases, the Debtors filed their first day motions for orders limiting notice, determining that the Debtors' utilities had been provided with adequate assurance of payment, authorizing payment of employee wages and benefits, authorizing the continuation of pre-petition customer and vendor practices and pre-petition cash management practices, and for use of cash collateral. The Court conducted preliminary and final hearings with respect to most of these motions, and all motions were ultimately granted by the Court.

The Court has authorized the Debtors to employ a number of professionals in these cases including Murray & Murray, the Debtors' bankruptcy counsel; Latham & Watkins LLP, the Debtors' special corporate and transaction counsel; Needham, the Debtors' financial advisor; Wilson, Sonsini, Goodrich & Rosati, the Debtors' special real estate and environmental counsel; Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C., the Debtors' special patent counsel; Mathew A. Joseph, the Debtors' special intellectual property counsel; Mohler, Nixon & Williams, the Debtors' accountants; and Matthew Shelton, dba J.R. Parrish-Santa Cruz, the Debtors' real estate broker. The Court has also authorized the employment of Omni Management Group, LLC ("Omni") as the Debtors' claims and noticing agent.

On June 23, 2009, the United States Trustee appointed the Creditors' Committee in these cases. On July 28, 2009, this Court entered its order authorizing the Committee to retain Binder & Malter LLP as its counsel in these cases.

Since the commencement of the cases, the Debtors have submitted their Statement of Financial Affairs and Schedules and their responses to the United States Trustee's Initial Debtor Interview ("IDI") questionnaires and document production requests, attended the IDI and the Section 341 meeting of creditors, submitted their Chapter 11 status conference statements, and attended all Chapter 11 status conferences. The Debtors also sought and received an order from this Court modifying the financial reporting requirements of Bankruptcy Rule 2015.3 and have filed 2015.3 statements pursuant to this Court's order. All Monthly Operating Reports have been filed, and the Debtors are current in their payments of the United States Trustee's fees.

The Debtors have moved the Court for various orders allowing them to reject certain

Case: 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 15:23:54   Page 9 of

executory contracts related to unused equipment. They have also stipulated with a real estate lessor for the rejection of its real property lease with no resulting rejection damages.

On August 7, 2009, IBM Corporation filed a motion for relief from stay. The Debtors and IBM Corporation engaged in discussions and IBM Corporation has agreed to continue the hearing on the motion subject to the Debtors staying current on their post-petition payments. The Debtors have remained current on their post-petition payments and the hearing is presently scheduled for April 14, 2010. In addition to the IBM Corporation motion, the Debtors successfully defended a motion for relief from the automatic stay filed by the Banks.

The Court established a claims bar date of October 13, 2009 for the filing of non-governmental proofs of claim, and December 7, 2009 for the filing of governmental proofs of claim. On October 16, 2009, the Debtors filed amended Schedules. Thereafter, upon the Debtors' request, this Court extended the claims bar date to January 11, 2010 for those creditors whose scheduled claims were amended by the Debtors. The Debtors thereafter provided notice to the appropriate parties of the amended schedules and claims bar date extension.

On August 27, 2009, the Court entered its ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS and, as discussed above, on September 30, 2009, the Court entered its order approving the Sale, whereby it approved the sale of a significant portion of the Debtors' assets to SPP. The Sale closed on October 16, 2010 and provided, among other things, for consideration of cash and notes in exchange for assets. The purchase price received to date has been allocated among the Debtors and certain of their subsidiaries, and the Debtors have commenced the process of winding down and closing some or all of their subsidiaries. All funds remaining after payment to the subsidiaries' creditors and payment on closure obligations ultimately will be upstreamed to the Debtors' estates.

Based on the cash paid to the Debtors at the closing of the Sale, and as authorized by the Bankruptcy Court, the Debtors paid: (a) the cure amounts owed to the counterparties whose executory contracts were assumed and assigned to SPP in connection with the Sale; (b) fees and expenses incurred by the court appointed investment banker for its services related to the Sale (totaling $611,147.15); and (c) as of November 2009, approximately $8.2 million to the Banks on

JWM:cc
...A\\2nd Fee App\\M&M\\2nd Second and Final Filed.doc
7
SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTORS

Case 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 10:03:34    Page 10 of 78

account of the Banks' Pre-Petition Secured Obligations.  As discussed in more detail below, the Debtors estimate that the gross proceeds from the Sale ultimately may aggregate to approximately $60 million.

After the close of the Sale, on October 19, 2010, the Debtors each changed their names as identified in the above caption.

At the hearing on September 29, 2009, the Court also approved the Applied Materials Sale for the sum of $1,100,000.  The Applied Materials Sale closed on October 16, 2009.  Pursuant to the Applied Materials Sale Order entered on October 15, 2009, the Debtors paid the net proceeds of the Low K Patents Transaction (net of the actual and necessary costs and expenses directly related to such sales, and a 20% proportional share for the Debtors' subsidiaries) in the amount of $800,000 directly to the Banks to pay down the Pre-Petition Secured Obligations.

On October 30, 2009, the Court entered the Excess Equipment Order authorizing the Excess Equipment Sales, without need for further Court order.  Pursuant to the Excess Equipment Order, all the proceeds from the Excess Equipment Sales will be paid to the Banks after a deduction for actual and necessary expenses incurred directly in relation to such sales.  As of March 3, 2010, the Debtors have generated approximately $328,250.00 in gross sale proceeds from the Excess Equipment Sales, of which approximately $324,300.00 has been paid to the Banks to pay down the Pre-Petition Secured Obligations.

In addition to the above-described sales, the Debtors have also sold certain equipment and other assets in the ordinary course of their business such as unused and outdated equipment and demonstration tools.

The Debtors presently are focused on the collection of the proceeds of the Sale, the liquidation of their remaining assets, and the dissolution and closing of some or all of their subsidiaries and subsequent upstreaming of assets to the Debtors.  Once the Banks' Pre-Petition Secured Obligations are paid in full, sales proceeds will be distributed to unsecured creditors as provided for in the Debtors' Plan.

The Debtors and your Applicant are currently in the process of reviewing and reconciling claims.  The Debtors have filed three objections to claims on a scream or die basis: two individual

objections (IPS and Aviza GmbH) and one omnibus objection. With respect to the IPS objection, IPS has filed a response and requested a hearing, which hearing has not yet been set. The response deadline with respect to the Aviza GmbH objection has been extended by agreement of the parties to April 16, 2010. To date, a response has not been filed. With respect to the Omnibus objection, this court entered an order on March 9, 2010 sustaining the objection. In addition to the three claims objections filed, your Applicant has also reviewed and analyzed numerous proofs of claim, in attempts to negotiate with claimants for a proper reduction of filed claims. As discussed in more detail below, through the efforts of both the Debtors and your Applicant, numerous claimants have amended their claims to lower amounts, thus reducing the total amount of claims.

On September 10, 2009, the Debtors filed their MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF. On September 30, 2009, after notice and a hearing, the Court entered its ORDER GRANTING MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF extending the two exclusivity periods to January 7, 2010 and March 7, 2010 respectively.

On November 25, 2009, the Debtors filed their SECOND MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF. On December 23, 2009, after notice and a hearing, the Court entered its ORDER GRANTING SECOND MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF extending the two exclusivity periods to March 8, 2010 and May 6, 2010 respectively.

On January 7, 2010, the Debtors filed their DISCLOSURE STATEMENT FOR DEBTORS' JOINT PLAN OF LIQUIDATION (DATED JANUARY 7, 2010) (the "January 7 Disclosure Statement") and DEBTORS' JOINT PLAN OF LIQUIDATION (DATED JANUARY 7, 2010) (the "January 7 Plan"). The hearing for the Court to consider approval of the January 7 Disclosure Statement was originally scheduled for February 11, 2010. However, prior to the scheduled hearing, the Debtors received comments from the Banks and the Committee. To allow sufficient time to confer with these parties, the Debtors submitted revised versions of the January 7 Plan and January 7 Disclosure Statement to

the Court and continued the related hearing first to February 24, 2010 and then to March 2, 2010, on which date the Debtors filed their DISCLOSURE STATEMENT FOR DEBTORS' JOINT PLAN OF LIQUIDATION (DATED MARCH 2, 2010) (the "Disclosure Statement") and DEBTORS' JOINT PLAN OF LIQUIDATION (DATED MARCH 2, 2010) (the "Plan").  On March 2, 2010, the Court entered its order approving the Disclosure Statement.

On January 21, 2010, the Debtors also filed their MOTION BY DEBTORS FOR APPROVAL OF PROCEDURES AND RELATED MATTERS IN CONNECTION WITH SOLICITATION OF JOINT PLAN OF LIQUIDATION (the "Procedures Motion") requesting the Court to approve the forms of notice and ballot and to fix certain dates in connection with confirmation of the Plan.  Subsequent to the hearing on March 2, 2010, the Court entered its order approving the Procedures Motion.  Therein, the Court scheduled the hearing on confirmation of the Plan for April 8, 2010.  The Debtors presently are in the process of evaluating votes and comments to the Plan received from various parties.

The Debtors anticipate that the Plan will be confirmed following the confirmation hearing.

IX.     **PROJECT BILLING.**

Murray & Murray has included the following project billing categories in this Application:

A.      **COMMUNICATIONS TO & FROM DEBTORS AND DEBTORS' PROFESSIONALS.**

This project billing category includes all of your Applicant's attorneys' fees relative to communications with the Debtors' representatives and the Debtors' other professionals engaged in the cases, which do not fit within a more discrete project billing category, or fall into multiple discrete project billing categories and are not easily separable, including matters regarding  creditor inquiries, the claims agent and estimates for services, public filings by Trivium re share holdings, amendments to the List of 20 Largest Unsecured Creditors, the Debtors' name change following the SPP sale, case status, earthquake insurance, patent prosecution and expiration, employee benefits, information requests from the Delaware Division of Corporations, communications with the transfer agent and obtaining updated shareholder lists, the Company's 401(k) plan, and media inquiries.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "B"** hereto and by this reference incorporated herein, which exhibit identifies the individual

Case 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 20:34    Page 13 of 78

professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 3.20 | $ 590.00 | $ 1,888.00 |
| Robert A. Franklin (RAF) | 0.60 | $ 460.00 | $ 276.00 |
| Doris A. Kaelin (DAK) | 0.20 | $ 440.00 | $ 88.00 |
| Jenny Lynn Fountain (JLF) | 2.50 | $ 350.00 | $ 875.00 |
| Rachel P. Ragni (RPR) | 1.20 | $ 330.00 | $ 396.00 |
| Thomas T. Hwang (TTH) | 0.90 | $ 310.00 | $ 279.00 |
| **Totals** | 8.60 | | $ 3,802.00 |

B.      COMMUNICATIONS TO & FROM PARTIES IN INTEREST (GENERALLY).

This project billing category includes communications between your Applicant and other parties in interest in the cases which do not fit within a more discrete project billing category or fit into multiple project billing categories and are not easily separable, including communications from creditors, shareholders, vendors, government agencies and claim traders regarding the status of the case, the SPP sale, the Debtors' change of name, filing claims, and the Debtors' amended schedules and corresponding claims bar date.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "C"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.00 | $ 590.00 | $ 590.00 |
| Doris A. Kaelin (DAK) | 0.70 | $ 440.00 | $ 308.00 |
| Jenny Lynn Fountain (JLF) | 0.20 | $ 350.00 | $ 70.00 |
| Rachel P. Ragni (RPR) | 6.90 | $ 330.00 | $ 2,277.00 |
| Thomas T. Hwang (TTH) | 1.30 | $ 310.00 | $ 403.00 |
| **Totals** | 10.10 | | $ 3,648.00 |

/ / /

Case: 09-54511 Doc# 536 Filed: 04/07/10 Entered: 04/07/10 20:34 Page 14 of 78

Case 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 20:34   Page 15 of 78

### C. CASH COLLATERAL.

This project billing category includes your Applicant's attorneys' fees relative to the continued use of cash collateral and the following pleadings:

1. SECOND MOTION FOR INTERIM AND FINAL ORDERS APPROVING USE OF CASH COLLATERAL;

2. DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF SECOND MOTION FOR INTERIM AND FINAL ORDERS APPROVING USE OF CASH COLLATERAL; and

3. NOTICE OF HEARING OF SECOND MOTION FOR INTERIM AND FINAL ORDERS APPROVING USE OF CASH COLLATERAL.

By these pleadings, the Debtors sought authority to use cash collateral pursuant to an interim two-week budget (the "Interim Budget") attached as an exhibit to the supporting declaration to fund continuing operations of the business through the closing of the sale to SPP and a final budget (the "Final Budget") pursuant to which the Debtors would fund remaining operations, liquidate remaining assets, manage the wind down and dissolution of their subsidiaries, collect and distribute the Sale and other proceeds and to prepare and confirm a liquidating plan of reorganization.

On September 30, 2009, the Court entered its SECOND INTERIM ORDER APPROVING USE OF CASH COLLATERAL AND SETTING FINAL HEARING.  By this order, the Court approved interim use of cash collateral for two (2) weeks pending the Debtors' preparation and submission of the Final Budget to the Lender and ultimately to the Court for approval at the Final Hearing.  The Final Budget was to cover operations and funding through December 2010.  Since the Debtors were focused on the Sale motion and close of the Sale, the Debtors requested additional interim relief in the form of approval of weekly budgets.  In this regard, your Applicant conferred with the Debtors regarding the preparation of these weekly budgets and drafted, filed and served supplemental declarations of the Responsible Individual submitting the weekly budget for approval.  In addition, your Applicant conferred with counsel for the Lender and obtained the Lender's consent for each submission.  Your Applicant prepared for and attended hearings on these requests for interim relief at the conclusion of which the Court granted further interim relief in orders entered on October 8, 2009, October 14, 2009 and November 6, 2009.

Your Applicant reviewed and conferred with the Debtors regarding the waterfall of collection

of the Sale proceeds and payment to the Banks in satisfaction of their secured claim. Your Applicant reviewed iterations of the Final Budget and conferred with the Debtors regarding its submission to the Banks and the Committee. Your Applicant prepared for and attended face to face meetings with representatives of the Banks and counsel for the Committee to review the submission and was successful in obtaining their approval to the Final Budget. Your Applicant thereupon drafted the Final Order and conferred with the Banks and Committee in reaching agreement on an approved form of order. The Final Order was entered on November 19, 2009.

In addition, this project billing category includes attorneys fees incurred in reviewing the weekly variance reports and conferring with the Debtors as to their content, and responding to inquiries from the Banks and the Committee. This category also includes reviewing the budget in connection with confirming that expenditures were properly included and/or within budget and responding to inquiries from the Banks in this regard.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "D"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 11.20 | $ 590.00 | $ 6,608.00 |
| Janice M. Murray (JMM) | 1.30 | $ 540.00 | $ 702.00 |
| Robert A. Franklin (RAF) | 45.30 | $ 460.00 | $ 20,838.00 |
| Doris A. Kaelin (DAK) | 0.90 | $ 440.00 | $ 396.00 |
| Jenny Lynn Fountain (JLF) | 2.10 | $ 350.00 | $ 735.00 |
| **Totals** | 60.80 | | $ 29,279.00 |

D. STATEMENT OF FINANCIAL AFFAIRS AND SCHEDULES.

This project billing category includes your Applicant's attorneys' fees relative to preparation and filing of the Debtor's first amendment to the STATEMENT OF FINANCIAL AFFAIRS and SCHEDULES OF ASSETS AND LIABILITIES (collectively, "Amended Sofas and Schedules"). Under this category, your Applicant also filed the EX PARTE MOTION FOR ORDER EXTENDING TIME TO FILE CERTAIN

Case: 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 20:34    Page 16 of 78

CLAIMS which requested an order extending, by ninety (90) days, the last day to file claims for those creditors affected by the Amended Sofas and Schedules as the amendments added new claimants and changed previously scheduled claim amounts. The relief requested was granted by the ORDER GRANTING EX PARTE MOTION FOR ORDER EXTENDING TIME TO FILE CERTAIN CLAIMS entered on NOVEMBER 6, 2009.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "E"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 0.30 | $ 590.00 | $ 177.00 |
| Janice M. Murray (JMM) | 0.70 | $ 540.00 | $ 378.00 |
| Rachel P. Ragni (RPR) | 3.80 | $ 330.00 | $ 1,254.00 |
| Ivan C. Jen (ICJ) | 4.40 | $ 225.00 | $ 990.00 |
| **Totals** | 9.20 | | $ 2,799.00 |

    E.    **MONTHLY OPERATING REPORTS.**

This project billing category includes your Applicant's attorneys' fees relative to preparation and filing of the Debtors' Monthly Operating Reports ("MOR"). As discussed previously, these cases are jointly administered however they have not as yet been substantively consolidated. As such, all three Debtors are required to comply with the MOR reporting requirements. This project billing category includes fees incurred by your Applicant conferring with the Debtors regarding reporting matters and the three companies' MORs, as well as time incurred reviewing and drafting notes to the MORs to explain particular entries.

Your Applicant also incurred time in this category reviewing all reports and providing comments to same to the Debtors' representatives. The within project billing category covers six operating reporting periods for a total of eighteen operating reports (one for each Debtor for each month).

JWM:cc
G:\...\Compensation App\M&M 2nd & Final\Final Filed

14

SECOND AND FINAL APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 20:34   Page 17 of 78

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "F"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 2.00 | $ 590.00 | $ 1,180.00 |
| Doris A. Kaelin (DAK) | 0.10 | $ 440.00 | $ 44.00 |
| Jenny Lynn Fountain (JLF) | 24.70 | $ 350.00 | $ 8,645.00 |
| Paralegal (PL) | 0.60 | $ 150.00 | $ 90.00 |
| **Totals** | 27.40 | | $ 9,959.00 |

F.     RULE 2015.3 REPORTS.

This project billing category includes your Applicant's attorneys' fees relative to assisting and advising the Debtors regarding compliance with Federal Rule of Bankruptcy Procedure ("Rule") 2015.3.  The reporting requirements in Rule 2015.3 were previously modified by the Court pursuant to its ORDER GRANTING MOTION TO MODIFY FINANCIAL REPORTS FILED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(a) AND TO FILE SUCH FINANCIAL REPORTS UNDER SEAL (the "2015.3 Order").  This project billing category includes reviewing the second Rule 2015.3 financial report, filing the SECOND FINANCIAL REPORT FILED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3 (the "Second Report"), and serving the Second Report as provided in the 2015.3 Order.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "G"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

JWM:cc
CA...5145\App\M&M Dec of Costs\Final.doc     15     SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 20:34...   Page 18 of 78

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 1.60 | $ 590.00 | $ | 944.00 |
| Janice M. Murray (JMM) | 0.20 | $ 540.00 | $ | 108.00 |
| Rachel P. Ragni (RPR) | 4.70 | $ 330.00 | $ | 1,551.00 |
| **Totals** | 6.50 | | $ | 2,603.00 |

G.    EMPLOYMENT OF MURRAY & MURRAY.

This project billing category includes your Applicant's attorneys' fees related to the preparation and filing of its THIRD AMENDED DECLARATION OF JOHN WALSHE MURRAY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL to advise all parties in interest that Riverside Claims, LLC, an entity which Murray & Murray represents in a matter wholly unrelated to the Debtors and their cases, had acquired claims in these cases.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "H"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 0.70 | $ 590.00 | $ | 413.00 |
| Robert A. Franklin (RAF) | 0.50 | $ 460.00 | $ | 230.00 |
| **Totals** | 1.20 | | $ | 643.00 |

H.    EMPLOYMENT OF FINANCIAL ADVISOR NEEDHAM & COMPANY, LLC.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' employment of Needham & Company, LLC ("Needham"). Pursuant to the ORDER GRANTING MOTION BY DEBTORS TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS entered on September 30, 2010, the Debtors were authorized to pay Needham's sale fee and reasonable expenses at the closing of the sale to SPP without further application to the Court. Your applicant reviewed the MOTION BY DEBTORS TO SELL

CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, the APPLICATION OF DEBTORS FOR ORDER AUTHORIZING AND APPROVING (i) EMPLOYMENT OF FINANCIAL ADVISOR AND (ii) PAYMENT OF MONTHLY FEE PURSUANT TO 11 U.S.C. § 363, and the hearing transcripts of the sale hearing to confirm the amount payable to Needham.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "I"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 0.20 | $ 590.00 | $ | 118.00 |
| Rachel P. Ragni (RPR) | 3.20 | $ 330.00 | $ | 1,056.00 |
| **Totals** | 3.40 | | $ | 1,174.00 |

### I.   EMPLOYMENT OF J.R. PARRISH.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' employment of Matthew Shelton ("Shelton"), dba J.R. Parrish-Santa Cruz ("Parrish") as the Debtors' real estate broker for the Debtors' real property located in Scotts Valley, California. Your Applicant corresponded with the Debtors and Shelton regarding several extensions of the initial listing agreement (the "Listing Agreement") between the Debtors and Parrish which expired on September 30, 2009.  As Parrish's employment terms were previously approved by the Court pursuant to the ORDER GRANTING EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF REAL ESTATE BROKER entered on July 17, 2009, the extensions which modified the Listing Agreement also required Court Approval.  Thus, your Applicant filed the EX PARTE APPLICATION FOR ORDER MODIFYING TERMS OF EMPLOYMENT (J.R. Parrish), the SECOND EX PARTE APPLICATION FOR ORDER MODIFYING TERMS OF EMPLOYMENT (J.R. Parrish), and the THIRD EX PARTE APPLICATION FOR ORDER MODIFYING TERMS OF EMPLOYMENT (J.R. Parrish).  These applications and the modified employment terms were approved by the Court.

/ / /

Case: 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 16:02:34   Page 20 of
78

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "J"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 2.30 | $ 590.00 | $ 1,357.00 |
| Robert A. Franklin (RAF) | 0.10 | $ 460.00 | $ 46.00 |
| Doris A. Kaelin (DAK) | 0.70 | $ 440.00 | $ 308.00 |
| Rachel P. Ragni (RPR) | 10.10 | $ 330.00 | $ 3,333.00 |
| **Totals** | 13.20 | | $ 5,044.00 |

J.    **IBM MOTION FOR RELIEF FROM STAY.**

This project billing category includes your Applicant's attorneys' fees relative to matters related to responding to the MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION (1) FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d); (2) FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 361; (3) TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT PURSUANT TO 11 U.S.C. § 365(d); AND (4) FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503(b) (the "Motion for Relief") filed by creditor IBM Corporation ("IBM").  Your Applicant incurred fees in this category reviewing the agreement with IBM and corresponding with IBM's counsel for the continuance of the Motion for Relief.

Following the original hearing on the Motion for Relief, your Applicant coordinated necessary payments to IBM and negotiated a continuance of the Motion for Relief set for hearing on October 7, 2009.  The hearing on the Motion for Relief was again continued to October 21, 2009 and was ultimately continued after Applicant coordinated necessary payments and negotiated a further continuance.  Thereafter, the Motion for Relief has been continued six times and is currently scheduled for hearing on April 14, 2010.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in

JWM:cc
...\2nd-Fnl-App-M&M.doc\5636-Final Filed

**Exhibit "K"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 0.90 | $ 590.00 | $ | 531.00 |
| Janice M. Murray (JMM) | 1.90 | $ 540.00 | $ | 1,026.00 |
| Robert A. Franklin (RAF) | 1.50 | $ 460.00 | $ | 690.00 |
| Rachel P. Ragni (RPR) | 9.40 | $ 330.00 | $ | 3,102.00 |
| **Totals** | 13.70 | | $ | 5,349.00 |

### K. AUCTION MOTION.

Certain assets were excluded from the sale to SPP. These excluded assets consisted of obsolete assets including inventory and equipment (the "Obsolete Assets"). In an attempt to liquidate all of the Debtors' assets, the Debtors contemplated engaging auctioneers to sell the Obsolete Assets.

This project billing category includes your Applicant's attorneys' fees relative to the sale of the Obsolete Assets, including preparation of the necessary pleadings and employment applications for the auctioneers. During the First Application Period, your Applicant anticipated filing the motion to sell the Obsolete Assets and the application to employ the Auctioneers (as defined below) once the employment matters and scope of the Obsolete Assets were finalized. Your Applicant conferred with the Debtors, Cowan Alexander, LLC ("Cowan Alexander") and Asset Reliance International, LLC ("ARI", and together with Cowan Alexander, the "Auctioneers") regarding the proposed engagement agreements for the Auctioneers and other employment matters with respect to the sale of the Obsolete Assets. Your Applicant also negotiated, reviewed and revised the Auctioneers' engagement agreements, which consisted of a proposed three-phase auction sale, each phase with a different compensation basis and different identified assets. Ultimately, the Debtors decided to not proceed with the employment of the Auctioneers or the sale of the Obsolete Assets through an auction process, deciding instead that the value of the Obsolete Assets could best be maximized by sales by existing employees.

Case: 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 15:34    Page 22 of 78

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "L"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 0.20 | $ 590.00 | $ 118.00 |
| Robert A. Franklin (RAF) | 0.90 | $ 460.00 | $ 414.00 |
| Jenny Lynn Fountain (JLF) | 1.70 | $ 350.00 | $ 595.00 |
| Rachel P. Ragni (RPR) | 8.20 | $ 330.00 | $ 2,706.00 |
| **Totals** | 11.00 | | $ 3,833.00 |

L.    **SPP SALE AND POST-CLOSE ACTIVITIES.**

This project billing category includes your Applicant's attorneys' fees relative to closing of the sale of the Debtors' assets to SPP and to post-sale logistics. Your Applicant worked with the Debtors and their professionals to identify the Debtors' deliverables under the purchase agreement and to fulfill their closing and post-closing obligations. These efforts included research and analysis of certain liens against the purchased assets; communications with purported lien holders to effectuate removal of their liens; evaluation of certain price adjustments; monitoring allocation of the purchase price; ensuring compliance with the Court's orders relative to the Sale; and otherwise attending to deliverables required under the purchase agreement. This project billing category also includes your Applicant's time relative to the proposal of amendments to the purchase agreement as well as the review of and comments to the Transition Services Agreement between the Debtors and SPP.

In addition to communicating with the Debtors and their professionals in the above matters, your Applicant also conferred with counsel for the Banks and addressed the Banks' concerns as well as those of counter-parties to executory contracts and unexpired leases which were assumed and assigned in connection with the Sale.

Your Applicant also coordinated certain post-sale logistics, including payments under the

purchase agreement, name changes of the Debtors including preparation of the NOTICE OF NAME CHANGE, a caption change in the within cases, and 8-K filings with the Securities and Exchange Commission.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "M"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 9.00 | $ 590.00 | $ 5,310.00 |
| Janice M. Murray (JMM) | 5.40 | $ 540.00 | 2,916.00 |
| Robert A. Franklin (RAF) | 5.70 | $ 460.00 | 2,622.00 |
| Doris A. Kaelin (DAK) | 16.30 | $ 440.00 | 7,172.00 |
| Jenny Lynn Fountain (JLF) | 4.20 | $ 350.00 | 1,470.00 |
| Rachel P. Ragni (RPR) | 1.30 | $ 330.00 | 429.00 |
| Thomas T. Hwang (TTH) | 2.10 | $ 310.00 | 651.00 |
| Ivan C. Jen (ICJ) | 4.30 | $ 225.00 | 967.50 |
| **Totals** | 48.30 | | $ 21,537.50 |

M.     SALES OF SURPLUS ASSETS.

Certain assets were excluded from the sale to SPP (the "Excess Assets"). The Excess Assets include, but are not limited to, obsolete inventory and equipment and miscellaneous fixed assets. In an attempt to liquidate all of the Debtors' assets, the Debtors, through your Applicant, moved this Court for an order allowing sales of Excess Assets on a continuing basis, without need for further Court order, upon such terms deemed reasonable within the Debtors' business judgment and with appropriate notice and opportunity for the Banks and the Committee to object. On October 30, 2009, the Court entered the Excess Equipment Order authorizing the Debtors to conduct the Excess Equipment Sales. Pursuant to the Excess Equipment Order, all the proceeds from the Excess Equipment Sales are paid to the Banks after a deduction for actual and necessary expenses incurred directly in relation to such sales. As of March 3, 2010, the Debtors have generated approximately

JWM:cc
...A\...APPS\...Appl M&M Doc\...2nd Revised Final Filed
21
SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTORS

Case: 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 16:20:34   Page 24 of 78

1  $328,250.00 in gross sale proceeds from the Excess Equipment Sales, of which approximately
2  $324,300.00 has been paid to the Banks to pay down the Pre-Petition Secured Obligations.

3  Your Applicant was and continues to be involved in all phases of the continuing sales of the
4  Excess Assets and this project billing category includes fees incurred as a result thereof, including
5  but not limited to, fees incurred relative to: (1) the identification of Excess Assets, proposed
6  purchasers and proposed sale methods; (2) correspondence with counsel to the Committee and
7  Banks regarding the proposed sale mechanics and obtaining consents to the then proposed motion;
8  (3) negotiation with the Banks for the costs necessary to conduct the sales and for instructions on the
9  proceeds from the sales; (4) preparation of the necessary pleadings, including a motion, declarations
10 and supporting documentation; (5) having the motion heard on shortened time, including drafting the
11 necessary pleadings and obtaining the consents from the U.S. Trustee and counsel for the Banks and
12 Committee; and (6) reviewing certain post-sale issues, including the notices of sale, as required by
13 the Excess Equipment Order, and correspondence to the Committee and Banks regarding the same.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "N"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 3.70 | $ 590.00 | $ | 2,183.00 |
| Janice M. Murray (JMM) | 1.10 | $ 540.00 | $ | 594.00 |
| Robert A. Franklin (RAF) | 0.20 | $ 460.00 | $ | 92.00 |
| Doris A. Kaelin (DAK) | 0.50 | $ 440.00 | $ | 220.00 |
| Jenny Lynn Fountain (JLF) | 45.20 | $ 350.00 | $ | 15,820.00 |
| Rachel P. Ragni (RPR) | 10.40 | $ 330.00 | $ | 3,432.00 |
| **Totals** | 61.10 | | $ | 22,341.00 |

N.    **SALE OF REAL PROPERTY.**

This project billing category includes your Applicant's efforts relative to the Debtors' effort to sell the Real Property. The Real Property is a nine building office and R&D complex, comprised

of 204,000 square feet of rentable area, situated on 43.7 acres of land in Santa Cruz County and was designated as a "Superfund" site on the National Priorities List in 1990 and is undergoing mandated remediation. This project billing category includes your Applicant's attorneys fees incurred in conferring with the Debtors, the Committee and the Banks regarding the marketing of the Real Property, analysis and evaluation regarding the completion of remediation for the Real Property, and the review of proposed letters of intent and asset purchase agreement for the sale of the Real Property.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "O"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 13.50 | $ 590.00 | $ | 7,965.00 |
| Robert A. Franklin (RAF) | 4.50 | $ 460.00 | $ | 2,070.00 |
| Doris A. Kaelin (DAK) | 0.40 | $ 440.00 | $ | 176.00 |
| Jenny Lynn Fountain (JLF) | 7.20 | $ 350.00 | $ | 2,520.00 |
| Rachel P. Ragni (RPR) | 5.20 | $ 330.00 | $ | 1,716.00 |
| Thomas T. Hwang (TTH) | 0.30 | $ 310.00 | $ | 93.00 |
| **Totals** | 31.10 | | $ | 14,540.00 |

O.    **ORACLE CREDIT CORPORATION.**

This project billing category includes your Applicant's attorneys fees incurred in connection with a pre-petition agreement entered into between the Debtors and Oracle Credit Corporation ("Oracle") and the Proof of Claim submitted by Oracle in the Bankruptcy Case. Oracle supplied licenses to the Debtor for their data management software, including sales, inventory control, and other operational management data, pursuant to the pre-petition contract. Prior to the close of the Sale, the Debtors believed that they had negotiated an agreement with Oracle to resolve their pre-petition claim and to execute an assignment of the licenses to SPP upon the close of the Sale to ensure continuity of operations and thus enhance the opportunity for the Debtors to maximize the

ultimate proceeds of the Sale for the benefit of creditors.

Despite the negotiations between the parties' business representatives, numerous issues, both business and legal, remained and/or were raised by counsel before the assignment of the licenses to SPP could be completed. These issues included the amount of the receivables, conditions for the assignment of the licenses to SPP and the scope and extent of such licenses, including retention by the Debtors of licenses for bankruptcy reporting requirements and completion of sales. In the two weeks prior to the close of the Sale, intense and extensive discussions and negotiations by and among the parties and counsel for the parties over these issues ensued. Your Applicant played a leading role in these negotiations, reviewed the relevant contracts and licenses and performed analysis regarding various proposals and solutions to the issues presented. Your Applicant had numerous conversations with the Debtors and counsel to SPP regarding their requirements for a continued license and communicated with counsel to Oracle regarding these requirements and the concerns of Oracle regarding their intellectual property.

Concurrently, your Applicant commenced the preparation of a motion to assume and assign and supporting documentation necessary to effectuate the assignment of the Oracle contract to SPP.

Eventually after extensive negotiations, the parties were able to agree on appropriate conditions and provisions for the assignment. Your Applicant completed, filed and served the following pleadings:

1.  EX PARTE MOTION TO ASSUME AND ASSIGN ADDITIONAL EXECUTORY CONTRACT IN CONNECTION WITH THE SALE OF CERTAIN ASSETS OF THE DEBTORS;

2.  DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF EX PARTE MOTION TO ASSUME AND ASSIGN ADDITIONAL EXECUTORY CONTRACT IN CONNECTION WITH THE SALE OF CERTAIN ASSETS OF THE DEBTORS; and

3.  ORDER AUTHORIZING DEBTOR TO ASSUME AND ASSIGN ADDITIONAL EXECUTORY CONTRACT IN CONNECTION WITH THE SALE OF CERTAIN ASSETS.

The Court entered the Order on October 20, 2009.

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "P"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized

as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.40 | $ 590.00 | $ 826.00 |
| Janice M. Murray (JMM) | 3.40 | $ 540.00 | $ 1,836.00 |
| Robert A. Franklin (RAF) | 21.80 | $ 460.00 | $ 10,028.00 |
| Doris A. Kaelin (DAK) | 9.90 | $ 440.00 | $ 4,356.00 |
| Thomas T. Hwang (TTH) | 32.80 | $ 310.00 | $ 10,168.00 |
| **Totals** | 69.30 | | $ 27,214.00 |

P.     SALE OF PATENTS.

This project billing category includes your Applicant's attorneys' fees relative to the Motion For Order Authorizing Debtors To Hold An Auction To Sell Certain Additional Assets Free And Clear Of Liens, Claims, Encumbrances And Other Interests (the "Auction Motion"). At the hearing, the Debtors received two qualified minimum bids of $500,000 for the low-k patent portfolio (the "Low-K Patents") and the final auction price was $1.1 million with Applied Materials, Inc. ("AMAT") as the successful purchaser. Following the hearing on the Auction Motion, your Applicant incurred fees corresponding with counsel for AMAT regarding the necessary next steps to close the sale of the Low-K Patents to AMAT. Specifically, counsel for AMAT requested the Debtors file an additional motion to approve the sale to AMAT. Ultimately, the parties agreed to forgo the expense of an additional motion.

Your Applicant was required to spend significant time on certain post-auction issues, including reviewing and preparing the PATENT PURCHASE AGREEMENT entered into between the Debtors and AMAT for the purchase of Low-K Patents, and identifying the specific patents sold pursuant to the Auction Motion. This required a review of the hearing transcripts, numerous conferences with counsel for AMAT, conferences with the Debtors, and conferences with Matthew A. Joseph, special counsel to the Debtors.

Additionally, your Applicant and counsel for AMAT drafted and reviewed the PROPOSED ORDER (A) GRANTING DEBTORS' MOTION TO HOLD AN AUCTION, (B) CONFIRMING THE AUCTION RESULTS, (C) AUTHORIZING THE SALE OF DEBTORS' LOW-K PATENT PORTFOLIO TO APPLIED MATERIALS, INC. FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (D)

Case: 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 14:34   Page 28 of 78

APPROVING RELATED PATENT PURCHASE AGREEMENT, AND (E) GRANTING RELATED RELIEF (the "Proposed Patent Order"). Your Applicant's efforts in this regard were significant as AMAT required certain findings in order to enter into the PATENT PURCHASE AGREEMENT and close the sale of the Low-K Patents. The Proposed Patent Order was circulated to counsel for the Committee, the Banks, and Tessera Intellectual Properties, Inc. (the back-up purchaser for the Low-K Patents) for approval and signature.

On October 15, 2009, the Debtors filed the FIRST SUPPLEMENTAL DECLARATION OF JERAULD J. CUTINI IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTORS TO HOLD AN AUCTION TO SELL CERTAIN ADDITIONAL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND DISCLOSING FORM OF PATENT PURCHASE AGREEMENT NECESSARY TO CONSUMMATE SUCH SALE which attached the form PATENT PURCHASE AGREEMENT.

On October 15, 2009, the Court entered its ORDER (A) GRANTING DEBTORS' MOTION TO HOLD AN AUCTION, (B) CONFIRMING THE AUCTION RESULTS, (C) AUTHORIZING THE SALE OF DEBTORS' LOW-K PATENT PORTFOLIO TO APPLIED MATERIALS, INC. FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (D) APPROVING RELATED PATENT PURCHASE AGREEMENT, AND (E) GRANTING RELATED RELIEF (the "Patent Purchase Order"). Thereafter, the Debtors and AMAT closed the sale of the Low-K Patents which resulted in a direct payment of $800,000 to the Banks.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "Q"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 2.70 | $ 590.00 | $ 1,593.00 |
| Janice M. Murray (JMM) | 6.50 | $ 540.00 | $ 3,510.00 |
| Robert A. Franklin (RAF) | 8.80 | $ 460.00 | $ 4,048.00 |
| Doris A. Kaelin (DAK) | 3.20 | $ 440.00 | $ 1,408.00 |
| Jenny Lynn Fountain (JLF) | 0.90 | $ 350.00 | $ 315.00 |

JWM:cc
...A:\JWM\Fee.Appl.M&M.Doc\Second.Final Fee...   26   SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 16:06:34   Page 29 of 78

| | | | | |
|---|---|---|---|---|
| Rachel P. Ragni (RPR) | 38.30 | $ 330.00 | $ | 12,639.00 |
| **Totals** | 60.40 | | $ | 23,513.00 |

Q.    **EXECUTORY CONTRACTS.**

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' executory contracts.  Your Applicant responded to questions regarding executory contracts that were identified with respect to the sale of the Debtors' assets and addressed inquiries from contract counterparties with respect to their treatment in light of the Debtors' Plan.  In addition, your Applicant reviewed and evaluated contract and lease terms and communicated with the Debtors to determine whether certain contracts and leases were of value to the Debtors, were necessary for the Debtors operations, and/or should be assumed or rejected in connection with the Plan.  Your Applicant further performed legal research with respect to the potential disposition of contracts.  The within billing category also encompasses your Applicant's time addressing the logistics of termination of contracts, including matters pertaining to transitioning and removal of equipment.

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "R"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 3.40 | $ 590.00 | $    2,006.00 |
| Janice M. Murray (JMM) | 0.20 | $ 540.00 | $       108.00 |
| Robert A. Franklin (RAF) | 0.30 | $ 460.00 | $       138.00 |
| Doris A. Kaelin (DAK) | 1.20 | $ 440.00 | $       528.00 |
| Jenny Lynn Fountain (JLF) | 0.40 | $ 350.00 | $       140.00 |
| Rachel P. Ragni (RPR) | 2.20 | $ 330.00 | $       726.00 |
| Thomas T. Hwang (TTH) | 4.10 | $ 310.00 | $    1,271.00 |
| **Totals** | 11.80 | | $    4,917.00 |

R.    **SCIENTECH.**

This project billing category includes your Applicant's attorneys' fees relative to evaluating

JWM:cc
...\A 09-54511\App\M&M 2nd&Final Fee Final Filed
27
SECOND AND FINAL APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES BY ... FOR DEBTORS

Case: 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 20:05:34   Page 30 of
78

Scientech Corporation's ("Scientech") claim. Pursuant to this category your Applicant conducted extensive legal research regarding the Debtors' ability to use the remedy of setoff, pursuant to 11 U.S.C. § 553, in order to reduce the $1,115,702.40 claim filed by Scientech. Your Applicant analyzed the Debtors' ability to use the remedy in a triangular setoff for a debt owed by Scientech to one of the Debtors' subsidiaries. This research was extensive and complex, but necessary as the Debtors' ability to use the setoff remedy would significantly reduce Scientech's claim. The Debtors and their professionals, together with certain of their subsidiaries and their counsel, continue to pursue the Debtors' claims against Scientech.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "S"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.50 | $ 590.00 | $ 885.00 |
| Rachel P. Ragni (RPR) | 12.60 | $ 330.00 | $ 4,158.00 |
| **Totals** | 14.10 | | $ 5,043.00 |

S. **MOTION TO REJECT REAL PROPERTY LEASES.**

This project billing category includes your Applicant's attorneys' fees regarding the Debtors' real property leases, and in particular relative to its negotiations and communications with counsel for the landlord of the Orange County premises. In an abundance of caution and to minimize the risk of a possible administration expense claim for unpaid rent, your Applicant also negotiated and entered into a cautionary stipulation (the "Orange County Stipulation") with the Debtors' Orange County landlord to reject the Orange County lease as of the Petition Date. On October 12, 2009, the Debtors filed the MOTION BY DEBTORS FOR ORDER APPROVING STIPULATION pursuant to Local Bankruptcy Rules 3007-1 and 9014-1(b)(3) which sought to approve the Orange County Stipulation. On November 3, 2009, after no objection or request for hearing was filed, the Debtors filed the REQUEST FOR ENTRY OF DEFAULT ORDER GRANTING MOTION BY DEBTORS FOR ORDER APPROVING

STIPULATION. On November 4, 2009, the ORDER GRANTING MOTION BY DEBTORS FOR ORDER APPROVING STIPULATION was entered. As a result, the Debtors avoided the risk of a possible administrative expense claim.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "T"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| Robert A. Franklin (RAF) | 0.20 | $ 460.00 | $ | 92.00 |
| Rachel P. Ragni (RPR) | 6.70 | $ 330.00 | $ | 2,211.00 |
| **Totals** | 6.90 | | $ | 2,303.00 |

T.    CLAIMS (GENERALLY).

This project billing category includes your Applicant's attorneys fees incurred in connection with managing and establishing claims bar dates, interaction with the Debtors' claims agent and general communications with holders of proofs of claim. In this regard, your Applicant prepared, filed and served the following pleadings:

1.    EX PARTE MOTION FOR ORDER EXTENDING TIME TO FILE CERTAIN CLAIMS; and

2.    NOTICE OF AMENDED SCHEDULES AND EXTENSION OF CLAIMS BAR DATE FOR CERTAIN CLAIMANTS (and attached schedules and exhibits).

Your Applicant has monitored the claims docket of both the Court and the claims agent and has communicated with the claims agent as appropriate in order to ensure that the claims docket is properly updated and maintained.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "U"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 1.40 | $ 590.00 | $ | 826.00 |
| Janice M. Murray (JMM) | 1.00 | $ 540.00 | $ | 540.00 |
| Robert A. Franklin (RAF) | 0.70 | $ 460.00 | $ | 322.00 |
| Jenny Lynn Fountain (JLF) | 10.00 | $ 350.00 | $ | 3,500.00 |
| Rachel P. Ragni (RPR) | 1.60 | $ 330.00 | $ | 528.00 |
| Thomas T. Hwang (TTH) | 1.70 | $ 310.00 | $ | 527.00 |
| **Totals** | 16.40 | | $ | 6,243.00 |

U.    CLAIMS ANALYSIS.

This project billing category includes your Applicant's attorneys' fees relative to the evaluation and analysis of claims made against the bankruptcy estates. Encompassed in this project billing category are fees incurred with respect to the analysis of claims and scheduled debts asserted against the Debtors. Specifically, your Applicant assessed the validity of over 400 claims, developed a comprehension of the universe of asserted claims (and their amounts), compared claims against the Debtors' schedules and records, identified potential disputed and allowed claims, and calculated amounts of claims to assess their potential financial impact on the bankruptcy estates.

Your Applicant also communicated with the Debtors regarding the claims administration and objections process, and collaborated to develop a strategy for the treatment of claims and the processing of objections thereto. Towards that end, your Applicant conducted research and analysis regarding the viability of claims and the bases for disputing them.

Additionally, your Applicant managed and monitored the actual filing of claims (including amended and transferred claims), both with the Court and with Omni, the Debtors' claims and noticing agent. Furthermore, your Applicant worked with Omni as necessary, to correct errors and ensure the accuracy in the filing of claims.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "V"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 2.60 | $ 590.00 | $ | 1,534.00 |
| Janice M. Murray (JMM) | 0.40 | $ 540.00 | $ | 216.00 |
| Robert A. Franklin (RAF) | 15.30 | $ 460.00 | $ | 7,038.00 |
| Doris A. Kaelin (DAK) | 0.50 | $ 440.00 | $ | 220.00 |
| Jenny Lynn Fountain (JLF) | 9.20 | $ 350.00 | $ | 3,220.00 |
| Rachel P. Ragni (RPR) | 18.80 | $ 330.00 | $ | 6,204.00 |
| Thomas T. Hwang (TTH) | 6.50 | $ 310.00 | $ | 2,015.00 |
| Paralegal (PL) | 0.90 | $ 150.00 | $ | 135.00 |
| **Totals** | 54.20 | | $ | 20,582.00 |

## V.    CLAIMS MATRIX.

This project billing category includes your Applicant's research, review and compilation of a matrix spreadsheet with respect to over 650 unsecured, secured and priority claims, including amendments and transfers.  Unsecured claims filed in the case alone aggregate to over $100 million. Based on their review and analysis of the matrix and the claims therein, the Debtors expect that they will dispute a large portion of such claims.

Development of the claims matrix included correspondence and meetings with the Debtors' representatives, detailed investigation and calculation, and numerous ongoing revisions as more information, amendments, filings and transfers were received and documented.  Moreover, your Applicant communicated with the Debtors to explain the claims matrix and its value to the claims administration process.  The matrix spreadsheet has played a significant role in the analysis supporting the Debtors' Plan and Disclosure Statement, the calculation of projected and potential distributions under the Plan, and the support of Plan confirmation.

Your Applicant executed a thorough review and evaluation of filed claims and scheduled debts in developing the claims matrix, which included detailed corroboration of the evidence offered in support of all claims, including those debts that were scheduled by the Debtors but for which no proofs of claim were filed.  Your Applicant constantly updated the claims matrix to ensure its accuracy and comprehensiveness in contemplation of prospective distributions to the Debtors' creditors and in order to fully assess the Debtors' financial standing in their Chapter 11 cases.

Case: 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 16:00:34    Page 34 of 78

Your Applicant is prepared to submit the claims matrix to the Court for *in camera* review if requested.

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "W"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Janice M. Murray (JMM) | 0.70 | $ 540.00 | $ 378.00 |
| Robert A. Franklin (RAF) | 8.90 | $ 460.00 | $ 4,094.00 |
| Doris A. Kaelin (DAK) | 0.90 | $ 440.00 | $ 396.00 |
| Jenny Lynn Fountain (JLF) | 0.90 | $ 350.00 | $ 315.00 |
| Rachel P. Ragni (RPR) | 14.60 | $ 330.00 | $ 4,818.00 |
| Thomas T. Hwang (TTH) | 20.20 | $ 310.00 | $ 6,262.00 |
| Paralegal (PL) | 45.20 | $ 150.00 | $ 6,780.00 |
| **Totals** | **91.40** | | $ 23,043.00 |

### W.     EMPLOYEE CLAIMS.

This project billing category includes your Applicant's attorneys' fees relative to the claims of the Debtors' employees and issues in relation thereto including the Debtors' deferred compensation plan, the claims of officers and directors and the priority thereof, communications with the Debtors regarding the review and reconciliation of employee claims, and the rejection of employment agreements and the claims arising therefrom.

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "X"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.50 | $ 590.00 | $ 885.00 |

JWM:cc
AA0FH5451.1 Appl M&M 2d & Final Filed    32    SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 16:00:34    Page 35 of 78

| | | | | | |
|---|---|---|---|---|---|
| Janice M. Murray (JMM) | 0.90 | $ 540.00 | $ | 486.00 |
| Robert A. Franklin (RAF) | 0.70 | $ 460.00 | $ | 322.00 |
| Doris A. Kaelin (DAK) | 1.20 | $ 440.00 | $ | 528.00 |
| Jenny Lynn Fountain (JLF) | 0.40 | $ 350.00 | $ | 140.00 |
| Rachel P. Ragni (RPR) | 6.60 | $ 330.00 | $ | 2,178.00 |
| Thomas T. Hwang (TTH) | 3.30 | $ 310.00 | $ | 1,023.00 |
| Ivan C. Jen (ICJ) | 0.60 | $ 225.00 | $ | 135.00 |
| **Totals** | 15.20 | | $ | 5,697.00 |

## X.    CLAIM OF ALCATEL.

This project billing category includes all of your Applicant's attorneys' fees regarding the claim of Alcatel, the pending appeal of an adverse ruling in France, and providing UK and French counsel with information about these bankruptcy cases and U.S. bankruptcy law and procedure relative to the pending appeal.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "Y"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 2.80 | $ 590.00 | $ | 1,652.00 |
| Jenny Lynn Fountain (JLF) | 32.80 | $ 350.00 | $ | 11,480.00 |
| Thomas T. Hwang (TTH) | 0.10 | $ 310.00 | $ | 31.00 |
| **Totals** | 35.70 | | $ | 13,163.00 |

## Y.    CLAIM OF HARTFORD INSURANCE COMPANY.

This project billing category includes your Applicant's attorneys' fees incurred in analyzing and evaluating the Hartford Insurance Company's alleged administrative and general unsecured claims as well as fees incurred communicating and interacting with the client and the Debtors' claims agent relating thereto.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in

**Exhibit "Z"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| Robert A. Franklin (RAF) | 0.70 | $ 460.00 | $ | 322.00 |
| Jenny Lynn Fountain (JLF) | 0.90 | $ 350.00 | $ | 315.00 |
| Rachel P. Ragni (RPR) | 0.60 | $ 330.00 | $ | 198.00 |
| Thomas T. Hwang (TTH) | 0.10 | $ 310.00 | $ | 31.00 |
| **Totals** | 2.30 | | $ | 866.00 |

### Z.  CLAIM OF ASTOUND GROUP, INC.

This project billing category includes your Applicant's attorneys' fees relative to reviewing and drafting an objection to the proof of claim filed by Astound Group, Inc. in the amount of $86,653.27 (the "Astound Claim"). Your Applicant corresponded with the claimant, reviewed and analyzed the Astound Claim and drafted an objection based on the amounts owing pursuant to the Debtors' books and records. As a result of your Applicant's efforts and negotiations with Astound Group, Inc., the Astound Claim was amended to reflect an unsecured claim of $48,629.02, the proper amount due and owing, thereby obviating the need to proceed with the objection.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "AA"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 0.20 | $ 590.00 | $ | 118.00 |
| Robert A. Franklin (RAF) | 0.80 | $ 460.00 | $ | 368.00 |
| Rachel P. Ragni (RPR) | 5.20 | $ 330.00 | $ | 1,716.00 |
| **Totals** | 6.20 | | $ | 2,202.00 |

///

Case 09-54511 Doc# 536 Filed: 04/07/10 Entered: 04/07/10 11:20:34 Page 37 of 78

AA.    **CLAIM OF GECC.**

This project billing category includes your Applicant's attorneys' fees relative to the review of the Proof of Claim filed by GECC.  It includes conferences between the Debtors and your Applicant regarding equipment subject to pre-petition equipment leases entered into by the parties.

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "BB"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Robert A. Franklin (RAF) | 0.50 | $ 460.00 | $ 230.00 |
| Rachel P. Ragni (RPR) | 2.30 | $ 330.00 | $ 759.00 |
| **Totals** | 2.80 | | $ 989.00 |

BB.    **IBM EQUIPMENT LEASE CLAIM.**

This project billing category includes your Applicant's attorneys' fees relative to the review of the Proof of Claim filed by IBM Credit Corporation.  It includes conferences between the Debtors and your Applicant regarding equipment subject to pre-petition equipment leases entered into by the parties.

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "CC"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 0.10 | $ 590.00 | $ 59.00 |
| Robert A. Franklin (RAF) | 0.20 | $ 460.00 | $ 92.00 |
| Rachel P. Ragni (RPR) | 0.10 | $ 330.00 | $ 33.00 |
| **Totals** | 0.40 | | $ 184.00 |

Case 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 16:20:34    Page 38 of 78

CC.    **OBJECTION TO CLAIM OF AVIZA TECHNOLOGY, GMBH.**

This project billing category includes your Applicant's attorneys' fees relative to the review of the Proof of Claim filed by Aviza Technology, GmbH. ("GmbH") in the amount of $8,163,825.91 and the preparation, filing and service of the following pleadings:

1. DEBTORS' OBJECTION TO CLAIM NO. 301 (AVIZA TECHNOLOGY, GMBH.);

2. DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF DEBTORS' OBJECTION TO CLAIM NO. 301 (AVIZA TECHNOLOGY, GMBH.); and

3. NOTICE AND OPPORTUNITY FOR HEARING RE DEBTORS' OBJECTION TO CLAIM NO. 301 (AVIZA TECHNOLOGY, GMBH.)

Prior to the Petition Date, the Debtors operated their manufacturing, sales and support through directly and indirectly wholly owned subsidiaries in the United States, the United Kingdom, France, Germany, Korea, Japan, Malaysia, Singapore, Taiwan, Peoples Republic of China and Israel. GmbH is one of these subsidiaries and is an entity organized under the laws of Germany and has filed its own insolvency case under the laws of Germany. On October 19, 2009, GmbH, by and through its "Insolvency Administrator" filed Proof of Claim No. 301 ("Claim No. 301") in Case No. 09-54511, as a general, unsecured, non-priority claim in the amount of $8,163,825.91. Claim No. 301 attaches an "introducing" statement and attaches what appears to be a ledger. Claimant contends that Claimant incurred claims against ATI in the stated amount but admits that "that there is a larger number of payables by the claimant to the debtors too" and that "only claims of the claimant are stated."

Your Applicant reviewed the Proof of Claim with the Debtors regarding its basis. The Debtors believe that the claim is without merit. As a result, your Applicant prepared, filed and served the above-identified pleadings. Your Applicant has recently communicated with counsel to GmbH and agreed to an extension of time within which GmbH must file a response. As such, no responsive pleading has yet been filed with respect to the objection.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "DD"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be

summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.90 | $ 590.00 | $ 1,121.00 |
| Robert A. Franklin (RAF) | 6.70 | $ 460.00 | $ 3,082.00 |
| Rachel P. Ragni (RPR) | 0.50 | $ 330.00 | $ 165.00 |
| **Totals** | 9.10 | | $ 4,368.00 |

DD.    **OBJECTION TO IPS CLAIM.**

This project billing category includes your Applicant's attorneys' fees relative to the review of the Proof of Claim filed by IPS, Ltd. ("IPS") in the amount of $86,500,000 and the preparation, filing and service of the following pleadings:

1.    DEBTORS' OBJECTION TO CLAIM NO. 276 (IPS, LTD.);

2.    DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF DEBTORS' OBJECTION TO CLAIM NO. 276 (IPS, LTD.); AND

3.    NOTICE AND OPPORTUNITY FOR HEARING RE DEBTORS' OBJECTION TO CLAIM NO. 276 (IPS, LTD.)

On October 12, 2009, IPS filed a Proof of Claim No. 276 ("Claim No. 276") in Case No. 09-54511 as a general, unsecured, non-priority claim in the amount of $86,500,000.00. IPS is an entity organized under the laws of South Korea and develops and manufactures atomic layer deposition ("ALD") systems and processes for semiconductor manufacturing applications, such as the fabrication of the capacitors used in memory or DRAM chips. Claim No. 276 states as its basis "Misapprop. Trade Secrets" and attaches a complaint which alleges, among other things, that in 2004, in connection with the settlement of a prior dispute, IPS entered into a Settlement Agreement and a Distributorship Agreement with the Debtors, pursuant to which IPS granted a limited right to distribute certain of IPS's products for a limited period of time and the Debtors agreed to keep confidential certain trade secrets and purported proprietary information belonging to the Claimant.

Your Applicant reviewed Claim No. 276 and the attached complaint and conferred both with the Debtors and their pre-petition counsel regarding its basis. The Debtors believe that the claim is without merit. As a result, your Applicant prepared, filed and served the above-identified pleadings. Your Applicant also reviewed the status of the pre-petition litigation, the referral of the litigation to

JWM:cc
F:\...\PLE\App1 M&M 2nd & Final Filed                    37
Case: 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 16:10:34    Page 40 of 78

SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTORS

an arbitration process and analyzed potential methods to resolve the objection. Your Applicant reviewed the response and request for hearing filed by IPS and is conferring with the Debtors regarding next steps.

## **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "EE"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 0.90 | $ 590.00 | $ 531.00 |
| Robert A. Franklin (RAF) | 14.00 | $ 460.00 | $ 6,440.00 |
| Doris A. Kaelin (DAK) | 0.20 | $ 440.00 | $ 88.00 |
| Jenny Lynn Fountain (JLF) | 0.20 | $ 350.00 | $ 70.00 |
| Rachel P. Ragni (RPR) | 1.00 | $ 330.00 | $ 330.00 |
| **Totals** | 16.30 | | $ 7,459.00 |

EE.    FIRST OMNIBUS OBJECTION TO CLAIMS (INTERESTS).

This project billing category includes your Applicant's attorneys' fees relative to objecting to proofs of claim filed by stockholders of ATI (collectively, the "Interest Claims") claiming that the Debtors were liable to them for the monetary amounts specified therein. Your Applicant reviewed each of the Interest Claims and determined that each was based on equity ownership. This determination was based either on the documentation attached to the Interest Claim or the basis listed for the Interest Claim. Additionally, if the claimant listed no basis for the Interest Claim, your Applicant confirmed the claimant was listed as a stockholder of record in the stockholder list received from the Debtors' stock transfer agent. Thereafter, your Applicant filed the DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (the "First Omnibus Objection") pursuant to Local Bankruptcy Rules 3007-1 and 9014-1(b)(3) objecting to the allowance of the Interest Claims.

On March 8, 2010 after no objection or request for hearing was received to the First Omnibus Objection, your Applicant filed the REQUEST FOR ENTRY OF DEFAULT ORDER SUSTAINING DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (INTERESTS) and the DECLARATION OF RACHEL P. RAGNI IN

SUPPORT OF REQUEST FOR ENTRY OF DEFAULT ORDER SUSTAINING DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (INTERESTS) requesting that the Court sustain the Debtors' First Omnibus Objection. On March 9, 2010, the Court entered the ORDER SUSTAINING DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (INTERESTS). This resulted in the disallowance of fifty (50) Interest Claims.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "FF"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 0.20 | $ 590.00 | $ 118.00 |
| Janice M. Murray (JMM) | 0.40 | $ 540.00 | $ 216.00 |
| Robert A. Franklin (RAF) | 1.30 | $ 460.00 | $ 598.00 |
| Doris A. Kaelin (DAK) | 0.10 | $ 440.00 | $ 44.00 |
| Rachel P. Ragni (RPR) | 22.70 | $ 330.00 | $ 7,491.00 |
| Thomas T. Hwang (TTH) | 0.20 | $ 310.00 | $ 62.00 |
| Paralegal (PL) | 8.90 | $ 150.00 | $ 1,335.00 |
| **Totals** | 33.80 | | $ 9,864.00 |

FF.    **SCHEDULED CUSTOMER WARRANTY CLAIMS.**

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' possible objection to customer warranty debts scheduled in the Debtors' Amended Schedules. Your Applicant reviewed case law and the Bankruptcy Code determining that an objection was unnecessary as the debts were scheduled as contingent. *See* 11 U.S.C. § 502.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "GG"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

JWM;cc
...\AGP FINAL App\M&N Second and Final Filed
39
SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTORS

Case: 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 16:40:34    Page 42 of 78

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | 0.10 | $ 590.00 | $ | 59.00 | |
| Rachel P. Ragni (RPR) | 1.40 | $ 330.00 | $ | 462.00 | |
| **Totals** | 1.50 | | $ | 521.00 | |

GG.    **OBJECTION TO CLAIM OF ACM**

This project billing category includes your Applicant=s attorneys'= fees relative to the proof of claim filed by Alliance Contract Manufacturing ("ACM").  Under this category, your Applicant drafted an objection to the ACM claim (the "ACM Objection").  The ACM Objection asserts that the Debtors and ACM agreed to the specified amount for ACM's claim as set forth in the Debtors' schedules.  Additionally, ACM's claim has been further mitigated by the purchase of ACM's finished inventory by SPP.  The Debtors have not yet filed the objection as the claim will be further reduced by the further purchase of ACM's finished inventory.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "HH"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| Rachel P. Ragni (RPR) | 5.30 | $ 330.00 | $ | 1,749.00 | |
| **Totals** | 5.30 | | $ | 1,749.00 | |

HH.    **OBJECTION TO CLAIM OF JKS (FOUNTAIN VALLEY)**

This project billing category includes your Applicant's attorneys' fees relative to the proof of claim filed by JKS-CMFV, LLC ("JKS") regarding the premises the Debtors leased in Fountain Valley, California.  Under this category, your Applicant reviewed the claim and drafted an objection based on the pre-petition surrender of premises by the Debtors.  The Debtors have contacted JKS and are in the process of reviewing the claim based on mitigation of the alleged damages.

/ / /

JWM:cc
A:\...\2nd & Final App M&M Proof of Claim Final Filed

SECOND AND FINAL APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "II"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Rachel P. Ragni (RPR) | 3.30 | $ 330.00 | $ 1,089.00 |
| **Totals** | 3.30 | | $ 1,089.00 |

II.     **OBJECTION TO CLAIM OF BATAVIA**

This project billing category includes your Applicant's attorneys' fees relative to the proof of claim filed by Bayport Batavia Associates LP ("Batavia") asserting an administrative rent claim for the Debtors' lease of premises in Orange County, California.  Under this category, your Applicant prepared an objection to the Batavia claim (the "Batavia Objection") based on the stipulation between the Debtors and Batavia that the lease terminated pre-petition.  The Batavia Objection has not yet been filed as the parties are in discussion for the amendment of the Batavia claim.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "JJ"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Rachel P. Ragni (RPR) | 5.30 | $ 330.00 | $ 1,749.00 |
| **Totals** | 5.30 | | $ 1,749.00 |

JJ.     **LIEN AVOIDANCE.**

This project billing category includes all of your Applicant's attorneys' fees relative to the removal of a pre-petition judgment lien from the Debtors' Real Property.

/ / /

Case 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 20:03:34   Page 44 of 78

**<u>Project Summary</u>**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "KK"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Rachel P. Ragni (RPR) | 1.10 | $ 330.00 | $ 363.00 |
| **Totals** | 1.10 | | $ 363.00 |

KK.     PLAN OF LIQUIDATION.

Following the close of the sale of the Debtors' assets to SPP, your Applicant commenced the process of preparing the Debtors' disclosure statement and plan of liquidation. Given the amount of fees incurred relative to the Plan and Disclosure Statement, your Applicant has endeavored to create multiple project billing categories to the extent possible in order to provide the Court and parties in interest with a better understanding of the nature of the services required. Specifically, your Applicant performed various services relating to the confirmation of the Debtors' Plan as follows: (1) collecting information, drafting and addressing issues relative to the Plan (discussed in this section); (2) collecting information, drafting and addressing issues relative to the Disclosure Statement; (3) seeking orders from the Court to extend the period during which only the Debtors could file a plan; (4) drafting pleadings, preparation for and attending the hearing on the Disclosure Statement; (5) providing services related to the plan solicitation process; and (6) drafting pleadings, preparing for and attending the Plan confirmation hearing.

During the current Application Period, your Applicant drafted and revised the January 7 Plan, the Plan and the proposed Order confirming the Plan. Implementation of the Plan is largely based on the purchase transaction with SPP, the nature of which is complex involving many entities among direct and indirect subsidiaries of the Debtors, among other complexities. The receipt of certain proceeds of the sale is contingent on numerous factors as discussed more fully in the Disclosure Statement. Payments by SPP of the underlying promissory notes do not come fully due until April 2011. A number of other assets still remain to be liquidated. Accordingly, the process of

formulating a feasible plan of liquidation which would maximize the return to creditors, while taking into account multiple considerations and contingencies, was time consuming and more involved than the typical liquidating plan. Throughout multiple iterations of the proposed plan, comments by counsel for the Banks, the Creditors' Committee and other parties in interest were discussed and addressed as appropriate, requiring in multiple instances fairly extensive negotiations and discussions among applicable counsel and the Debtors. As a result, the Debtors drafted multiple iterations of the January 7 Plan, ultimately culminating in the Plan filed on March 2, 2010.

Generally, the Plan preparation process included communications and meetings with the Debtors on the proposal of a plan that would provide the highest return to creditors, discussion of the requirements for substantive consolidation, the designation of appropriate classes, including the merits of an administrative convenience class, proposal of an employee incentive plan so as to increase the potential returns to creditors, plan implementation matters, and conferring with the Debtors and corporate counsel on other plan appropriate provisions. The Plan preparation process required legal research regarding appropriate plan provisions and creditor treatment, as well as confirmation requirements, and the drafting and service of pleadings related to the Plan and Disclosure Statement. Certain specific issues requiring analysis included the following: cash collateral matters relative to implementation of the Plan; identification of executory contracts and unexpired leases to be assumed or rejected and the implications of treatment related thereto; review and evaluation of liens asserted against the Debtors and appropriate classification and treatment of same; the status of claims and the categorization and treatment of classes related thereto; the timing for distributions; impairment of classes; and the disposition of the Debtors' assets.

With respect to the manner of disposition of the Debtors' remaining assets, significant effort was devoted in discussions with the Debtors and the Committee to arrive at a consensual plan that would achieve the highest possible return for creditors. Among the remaining assets are certain inventory and equipment, the ALD product line and the Real Property. The Debtors spoke with third party liquidators to determine the cost for liquidating the personal property assets (i.e., the assets other than the Real Property) and the estimated returns for the assets. The Debtors also assessed estimated returns by utilizing the knowledge, expertise and contacts of certain employees of the

company, along with the estimated cost associated with retaining these employees. This analysis demonstrated that creditors were anticipated to receive far more from a company-managed liquidation than by use of an outside liquidator. Management designed an incentive structure that would allow the Debtors to retain those employees key to the liquidation effort for the period following confirmation of the Plan. An in-person meeting was held with the Creditors' Committee for purposes of discussing the proposed Chapter 11 plan, providing an update on liquidation efforts and to share the Debtors' analysis regarding its proposal for liquidation of the remaining assets. Several versions of the employee incentive plan were negotiated by your Applicant between the Debtors and the Committee which resulted in the employee incentive plan included in the Plan with the support of the Committee.

As noted above, the Plan provides for the substantive consolidation of the bankruptcy estates. This outcome required a comprehensive analysis of claims asserted against the Debtors, both as separate entities and as one entity. The Banks had specific concerns regarding substantive consolidation which resulted in additional language to earlier drafts of the Plan and Disclosure Statement to address these concerns.

After filing the January 7 Plan, your Applicant conferred with the Debtors regarding the appropriateness of including an administrative convenience class to address smaller claims and more efficiently administer the Plan. Your Applicant worked with the Debtors to determine the number of claims that fell under a certain amount and to arrive at an appropriate threshold for the class. The inclusion of the administrative convenience class was discussed with counsel for the Banks and the Creditors' Committee. After discussion with the Banks, it was determined that payment of those creditors electing treatment under the administrative convenience class would be paid after the Banks' secured claim was paid in full. The inclusion of the administrative convenience class in the Plan was supported by the Committee.

As discussed above, in order to arrive at a consensual plan, your Applicant communicated extensively with interested parties regarding the Plan including counsel for the Committee and the Banks. Certain issues raised relative to the Disclosure Statement by the Banks, the Creditors' Committee and the Securities and Exchange Commission which may have given rise to objections to

Case 09-54511 Doc# 536 Filed: 04/07/10 Entered: 04/07/10 16:05:34 Page 47 of 78

JWM;cc
CA\9547.3 App\M&M 2nd Cont and Final Filed
44
SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY M&M FOR DEBTORS

confirmation of the Plan, were addressed by your Applicant and resolved prior to the hearing on the Disclosure Statement. Your Applicant also conferred with counsel for the Committee with respect to those matters appropriately handled by the Committee pursuant to the Plan.

As a result of the extensive services provided with respect to Plan matters, it is anticipated that the Debtors will be positioned to go forward with confirmation of their Plan on April 8, 2010.

Your Applicant prepared the following pleadings relative to this matter:

1. DEBTORS' JOINT PLAN OF LIQUIDATION (DATED JANUARY 7, 2010);

2. Exhibits A and C to the DECLARATION OF DORIS A. KAELIN REGARDING SUBMISSION OF DEBTORS' REVISED DISCLOSURE STATEMENT AND PLAN;

3. Exhibits A and C TO THE SECOND DECLARATION OF DORIS A. KAELIN REGARDING SUBMISSION OF DEBTORS' REVISED DISCLOSURE STATEMENT AND PLAN;

4. Exhibits A and C TO THE THIRD DECLARATION OF DORIS A. KAELIN REGARDING SUBMISSION OF DEBTORS' REVISED DISCLOSURE STATEMENT AND PLAN;

5. Exhibits A and C TO THE DECLARATION OF DORIS A. KAELIN FOLLOWING HEARING REGARDING SUBMISSION OF FURTHER RED-LINES OF DEBTORS' PROPOSED FINAL FORM OF DISCLOSURE STATEMENT AND PLAN AND COMMITTEE LETTER ENDORSING PLAN; AND

6. DEBTORS' JOINT PLAN OF LIQUIDATION (DATED MARCH 2, 2010).

## Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "LL"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 35.80 | $ 590.00 | $ 21,122.00 |
| Janice M. Murray (JMM) | 2.00 | $ 540.00 | $ 1,080.00 |
| Robert A. Franklin (RAF) | 27.40 | $ 460.00 | $ 12,604.00 |
| Doris A. Kaelin (DAK) | 79.30 | $ 440.00 | $ 34,892.00 |
| Jenny Lynn Fountain (JLF) | 13.10 | $ 350.00 | $ 4,585.00 |
| Thomas T. Hwang (TTH) | 114.50 | $ 310.00 | $ 35,495.00 |
| Paralegal (PL) | 1.40 | $ 150.00 | $ 210.00 |
| **Totals** | 273.50 | | $ 109,988.00 |

JWM:cc.
...\A09\P 145 App M&M 2nd & Final Filed
45
SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 15:13:34   Page 48 of 78

LL.	**DISCLOSURE STATEMENT.**

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' Disclosure Statement. To maximize the estates' assets, the Debtors and your Applicant developed the procedures and mechanisms proposed in the Plan by which the Debtors' assets would be liquidated and their estates administered, some of which are discussed in greater detail at Section HH above. Also as set forth above, implementation of the Debtors' Plan is based largely upon the SPP transaction which entails a number of unknown variables and unresolved contingencies (including, for example, collections on promissory notes which mature in April 2011, the closure of international subsidiaries, and the possible return and liquidation of assets) and is dependent on many factors not within the Debtors' control. Accordingly, your Applicant drafted the January 7 Disclosure Statement and the Disclosure Statement not only to provide thorough information about the mechanisms of the Plan vis-a-vis the Debtors' financial situation, including its assets and liabilities and the claims asserted in their bankruptcy cases, but also to provide ample disclosure as to the unknown factors which could affect the outcome of the cases. This is reflected in the comprehensiveness of the Disclosure Statement.

Specifically, your Applicant endeavored to provide detailed information relevant for all parties in considering the Debtors' Plan, and therefore, engaged in extensive research, investigation and discussions with both the Debtors and its professionals (including its special corporate counsel, its accountants and its claims agent) on such matters as the tax implications of the Plan, descriptions of the Debtors' remaining assets, the status of significant events during the bankruptcy cases, outlining all claims and liens asserted against the Debtors, the Debtors' preliminary position with respect to significant claims, the Debtors' assets and liabilities, and the Debtors' projected expenses.

In addition, your Applicant collected information and updated the Debtors' financial condition throughout multiple iterations of the Disclosure Statement in order to provide as accurate of a snapshot to creditors as possible. For example, as the Debtors continued to liquidate assets and evaluate claims with your Applicant, your Applicant revised the January 7 Disclosure Statement. Similarly, your Applicant disclosed and/or updated information regarding significant developments since the filing of the January 7 Disclosure Statement.

Case 09-54511 Doc# 536 Filed: 04/07/10 Entered: 04/07/10 20:34 Page 49 of 78

Your Applicant worked with the Debtors to provide thorough information in the Disclosure Statement about the Debtors' assets to be liquidated, the proceeds of which will fund the Plan. For example, your Applicant investigated and provided updates reflected in the Disclosure Statement regarding the Debtors' Real Property. Such information includes the details on the status of the Debtors' sales efforts, remedial clean-up efforts and potential risk factors involved in the liquidation of the Real Property.

Given the complexity and the integral role of the SPP transaction in the bankruptcy cases, detailed information about the transaction was necessary to provide voters with adequate information. Accordingly, your Applicant summarized the terms of the transaction and delineated to the extent possible, the numerous undetermined contingencies and how they may affect the outcome of the cases.

Your Applicant also worked with the Debtors to address a number of areas where the Committee required additional disclosure including with respect to the liquidation and closure of the Debtors' direct and indirect subsidiaries and providing a range of the possible distribution percentage to general unsecured creditors. The latter necessitated the Debtors' preparation of a waterfall analysis which included certain assumptions for claims, liquidations efforts, and other matters. Based on all of the information collected by your Applicant and with consideration of the numerous potential outcomes and contingencies discussed with the Debtors, a possible range of distributions based on certain assumptions was included in the Disclosure Statement.

During this Application Period, your Applicant responded to questions, concerns and requests from creditors, the Securities and Exchange Commission and the Debtors with respect to the Disclosure Statement. Additionally, your Applicant met with the Debtors and the Committee, and engaged in negotiations with the Banks and the Committee, both of whom raised several concerns and questions about the Disclosure Statement. Your Applicant responded to and eventually satisfied all such concerns as is reflected in the multiple revisions to the January 7 Disclosure Statement submitted to the Court. Ultimately, your Applicant filed the Disclosure Statement subsequent to the hearing on March 2, 2010, and it was approved by the Court on that date.

Your Applicant prepared the following pleadings relative to this matter:

JWM:cc
\\CA\Pleadings\App\...\2nd & Final Fee App-Revised Final Filed.doc

SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

1.  DISCLOSURE STATEMENT FOR DEBTORS' JOINT PLAN OF LIQUIDATION (DATED JANUARY 7, 2010);

2.  DECLARATION OF DORIS A. KAELIN REGARDING SUBMISSION OF DEBTORS' REVISED DISCLOSURE STATEMENT AND PLAN;

3.  DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF DISCLOSURE STATEMENT FOR DEBTORS' JOINT PLAN OF LIQUIDATION (submitted FEBRUARY 22, 2010);

4.  SECOND DECLARATION OF DORIS A. KAELIN REGARDING SUBMISSION OF DEBTORS' REVISED DISCLOSURE STATEMENT AND PLAN;

5.  THIRD DECLARATION OF DORIS A. KAELIN REGARDING SUBMISSION OF DEBTORS' REVISED DISCLOSURE STATEMENT AND PLAN;

6.  DECLARATION OF DORIS A. KAELIN FOLLOWING HEARING REGARDING SUBMISSION OF FURTHER RED-LINES OF DEBTORS' PROPOSED FINAL FORM OF DISCLOSURE STATEMENT AND PLAN AND COMMITTEE LETTER ENDORSING PLAN; and

7.  DISCLOSURE STATEMENT FOR DEBTORS' JOINT PLAN OF LIQUIDATION (DATED MARCH 2, 2010).

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "MM"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 20.30 | $ 590.00 | $ 11,977.00 |
| Janice M. Murray (JMM) | 1.30 | $ 540.00 | $ 702.00 |
| Robert A. Franklin (RAF) | 8.10 | $ 460.00 | $ 3,726.00 |
| Doris A. Kaelin (DAK) | 115.00 | $ 440.00 | $ 50,600.00 |
| Jenny Lynn Fountain (JLF) | 10.50 | $ 350.00 | $ 3,675.00 |
| Thomas T. Hwang (TTH) | 122.30 | $ 310.00 | $ 37,913.00 |
| Laurent Chen (LC) | 2.60 | $ 280.00 | $ 728.00 |
| **Totals** | 280.10 | | $ 109,321.00 |

MM.   **EXCLUSIVITY.**

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' Second Motion For Order Extending The Exclusive Periods During Which Only The Debtors May File A Plan And Solicit Acceptances Thereof (the "Exclusivity Motion") seeking to

1  extend the exclusive period during which only the Debtors may file and solicit acceptances of a plan.
2  Your Applicant filed the Exclusivity Motion as part of the Debtors' strategy to liquidate the Debtors'
3  assets without undue interference from a competing plan.  As a result of the discussions with the
4  Banks and the Committee, no oppositions were filed.  Your Applicant attended the hearing on the
5  Exclusivity Motion and the Exclusivity Motion was approved by the Court's Order GRANTING
6  SECOND MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE
7  DEBTORS MAY FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF entered on December 23, 2009.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in
**Exhibit "NN"** hereto and by this reference incorporated herein, which exhibit identifies the
individual professionals who performed specific services by the initials indicated below and can be
summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 1.80 | $ 590.00 | $ | 1,062.00 |
| Doris A. Kaelin (DAK) | 2.60 | $ 440.00 | $ | 1,144.00 |
| Jenny Lynn Fountain (JLF) | 0.10 | $ 350.00 | $ | 35.00 |
| Rachel P. Ragni (RPR) | 11.60 | $ 330.00 | $ | 3,828.00 |
| **Totals** | 16.10 | | $ | 6,069.00 |

NN.   DISCLOSURE STATEMENT HEARING.

This project billing category includes your Applicant's attorneys' fees relative to the hearing
on approval of the Debtors' Disclosure Statement, and includes preparing the notice of the hearing,
attending to services issues related thereto, interacting with the Debtors' mailing agent in relation
thereto, communications with the Creditors' Committee, the Banks, the Securities and Exchange
Commission, creditors, shareholders and other parties in interest regarding the Disclosure Statement
hearing and the notice thereof, preparation of a declaration highlighting the revisions to earlier
versions of the Debtors' Plan and Disclosure Statement, legal research regarding the disclosure
statement hearing, preparation for and attendance at the disclosure statement hearing, and
preparation of the order approving the Disclosure Statement.

Case 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 20:34    Page 52 of 78

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "OO"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 13.60 | $ 590.00 | $  8,024.00 |
| Doris A. Kaelin (DAK) | 17.90 | $ 440.00 | $  7,876.00 |
| Rachel P. Ragni (RPR) | 0.30 | $ 330.00 | $  99.00 |
| Thomas T. Hwang (TTH) | 11.20 | $ 310.00 | $  3,472.00 |
| **Totals** | 43.00 | | $  19,471.00 |

OO. **PLAN SOLICITATION.**

This project billing category includes your Applicant's services devoted to the solicitation of ballots for the Debtors' Plan, including the establishment of the procedures related thereto.

Prior to the Court's approval of the Disclosure Statement, your Applicant evaluated the status of the Debtors' large creditor and equity holder base and determined that significant cost to the estates could be minimized by limiting service of documents related to solicitation of the Plan. Accordingly, your Applicant researched applicable procedural rules and subsequently filed its MOTION BY DEBTORS FOR APPROVAL OF PROCEDURES AND RELATED MATTERS IN CONNECTION WITH SOLICITATION OF JOINT PLAN OF LIQUIDATION (the "Procedures Motion") requesting the Court's authorization to provide notice only of the Plan to holders of stock in ATI (which constitute unimpaired Class 11 under the Plan). Also to minimize costs, the Procedures Motion requested authorization to exclude ballots to unimpaired classes and to serve only one package of Plan materials to claimants filing duplicate claims. Moreover, your Applicant drafted a form of notice to stockholders, a form of notice to all other parties in interest, and a form of ballot, all of which initially were attached to the Procedures Motion. Subsequently, based on revisions to the January 7 Plan and the January 7 Disclosure Statement, your Applicant drafted and filed an amendment to the Procedures Motion as well as revised versions of the notices and the ballot. Ultimately, the Court

entered its order granting the Procedures Motion after the hearing on March 2, 2010, thereby authorizing the Debtors to limit notice as set forth above, approving the forms of notice and ballot, and fixing the dates relevant to the Plan confirmation hearing.

Preparations for the Plan solicitation mailing required significant effort to ensure that all creditors and other parties in interest, including agents for service of process as appropriate (e.g., with respect to executory contracts to be assumed or rejected by the Plan) were included.  Your Applicant also worked with the Debtors and their stock transfer agent to ensure that updated lists of all stockholders were obtained for the Plan solicitation mailing.

Upon the Court's approval of the Disclosure Statement, the Debtors commenced the solicitation of votes on the Plan.  This project billing category includes your Applicant's services related to such solicitation and includes the preparation of the Plan solicitation package, communication and coordination with a third-party agent with respect to the duplication and service of the plan solicitation package, research as to applicable procedural rules, and compilation and management of the service lists for the Plan solicitation package.

Subsequent to the service of the Plan solicitation package, your Applicant responded to inquiries from creditors and other parties in interest with respect to Plan-related issues and the status of the Debtors.  Your Applicant also evaluated instances when service was returned and made reasonable efforts to re-serve the Plan solicitation materials as appropriate.  Your Applicant drafted and filed a declaration delineating its efforts in this respect.

As ballots were received, your Applicant compiled and evaluated votes.  Prior to the hearing on confirmation of the Plan, your Applicant drafted a tabulation report of votes which includes a summary of the ballots received and your Applicant's analysis of the tabulation with respect to the percentages of acceptance and rejection of classes under the Plan.

Your Applicant prepared the following pleadings relative to this matter:

1.    MOTION BY DEBTORS FOR APPROVAL OF PROCEDURES AND RELATED MATTERS IN CONNECTION WITH SOLICITATION OF JOINT PLAN OF LIQUIDATION;

2.    NOTICE TO STOCKHOLDERS OF HEARING ON CONFIRMATION OF DEBTORS' JOINT PLAN OF REORGANIZATION (DATED JANUARY 7, 2010) AND RELATED MATTERS;

Case 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 20:34    Page 54 of 78

3. NOTICE OF (1) HEARING ON CONFIRMATION OF DEBTORS' JOINT PLAN OF REORGANIZATION (DATED JANUARY 7, 2010) AND (2) CONFIRMATION PROCEDURES AND DEADLINES;

4. BALLOT FOR ACCEPTING OR REJECTING PLAN;

5. DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF MOTION BY DEBTORS FOR APPROVAL OF PROCEDURES AND RELATED MATTERS IN CONNECTION WITH SOLICITATION OF JOINT PLAN OF LIQUIDATION;

6. NOTICE OF HEARING ON MOTION BY DEBTORS FOR APPROVAL OF PROCEDURES AND RELATED MATTERS IN CONNECTION WITH SOLICITATION OF JOINT PLAN OF LIQUIDATION;

7. ORDER GRANTING MOTION BY DEBTORS FOR APPROVAL OF PROCEDURES AND RELATED MATTERS IN CONNECTION WITH SOLICITATION OF JOINT PLAN OF LIQUIDATION, NOTICE TO STOCKHOLDERS OF HEARING ON CONFIRMATION OF DEBTORS' JOINT PLAN OF REORGANIZATION (DATED MARCH 2, 2010) AND RELATED MATTERS;

8. NOTICE TO STOCKHOLDERS OF HEARING ON CONFIRMATION OF DEBTORS' JOINT PLAN OF REORGANIZATION (DATED MARCH 2, 2010) AND RELATED MATTERS;

9. NOTICE OF (1) HEARING ON CONFIRMATION OF DEBTORS' JOINT PLAN OF REORGANIZATION (DATED MARCH 2, 2010) AND (2) CONFIRMATION PROCEDURES AND DEADLINES;

10. (REVISED) BALLOT FOR ACCEPTING OR REJECTING PLAN; AND

11. DECLARATION OF THOMAS T. HWANG RE SERVICE OF PLAN SOLICITATION MATERIALS.

## **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "PP"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 6.00 | $ 590.00 | $ 3,540.00 |
| Janice M. Murray (JMM) | 1.90 | $ 540.00 | $ 1,026.00 |
| Doris A. Kaelin (DAK) | 45.30 | $ 440.00 | $ 19,932.00 |
| Jenny Lynn Fountain (JLF) | 0.70 | $ 350.00 | $ 245.00 |
| Rachel P. Ragni (RPR) | 9.00 | $ 330.00 | $ 2,970.00 |
| Thomas T. Hwang (TTH) | 50.50 | $ 310.00 | $ 15,655.00 |
| Paralegal (PL) | 3.80 | $ 150.00 | $ 570.00 |
| **Totals** | 117.20 | | $ 43,938.00 |

Case: 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 16:00:34    Page 55 of 78

## PP.   PLAN CONFIRMATION HEARING.

This project billing category includes your Applicant's attorneys' fees relative to the hearing on confirmation of the Debtors' JOINT PLAN OF LIQUIDATION (DATED MARCH 2, 2010) scheduled to proceed before this Court on April 8, 2010, and includes interactions with the Debtors and the Court's clerks regarding the hearing date, preparing for the hearing, interacting with parties objecting to confirmation, responding to objections to confirmation and preparation of the following pleadings:

1.   BALLOT TABULATION AND SUBMISSION OF BALLOTS RE DEBTORS' JOINT PLAN OF LIQUIDATION (DATED MARCH 2, 2010);

2.   STATEMENT RE REQUIREMENTS OF 11 U.S.C. § 1129(A) AND (B) AND CHECKLIST FOR CONFIRMATION HEARING;

3.   DECLARATION OF PATRICK C. O'CONNOR IN SUPPORT OF STATEMENT RE REQUIREMENTS OF 11 U.S.C. § 1129(A) AND (B) AND CHECKLIST FOR CONFIRMATION HEARING;

4.   DECLARATION OF THOMAS T. HWANG RE PROPOSED FORM OF ORDER CONFIRMING DEBTORS' JOINT PLAN OF LIQUIDATION (DATED MARCH 2, 2010); AND

5.   ORDER CONFIRMING DEBTORS' JOINT PLAN OF LIQUIDATION (DATED MARCH 2, 2010).

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "QQ"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 3.70 | $ 590.00 | $ 2,183.00 |
| Doris A. Kaelin (DAK) | 8.40 | $ 440.00 | $ 3,696.00 |
| Rachel P. Ragni (RPR) | 0.30 | $ 330.00 | $ 99.00 |
| Thomas T. Hwang (TTH) | 22.90 | $ 310.00 | $ 7,099.00 |
| **Totals** | 35.30 | | $ 13,077.00 |

/ / /

/ / /

Case 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 17:20:34   Page 56 of
78

## QQ. UNITED COMMERCIAL BANK, EAST WEST BANK AND CHINATRUST BANK (USA).

This project billing category includes your Applicant's attorneys' fees relative to interactions and communications generally between and among your Applicant, the Debtors and the Banks regarding, among other things, pay down of the Banks' claims, global cash balances, the Banks' requests for information, reconciliation of the Banks' claims, calculation of the Banks' fees and charges, the debtor in possession accounts and audit requests.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "RR"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 7.10 | $ 590.00 | $ 4,189.00 |
| Robert A. Franklin (RAF) | 2.10 | $ 460.00 | $ 966.00 |
| Doris A. Kaelin (DAK) | 0.70 | $ 440.00 | $ 308.00 |
| Thomas T. Hwang (TTH) | 1.50 | $ 310.00 | $ 465.00 |
| **Totals** | 11.40 | | $ 5,928.00 |

## RR. LEGAL RESEARCH RE DEFAULT INTEREST.

This project billing category includes your Applicant's attorneys' fees conducting legal research regarding the Banks' entitlement to default interest and the treatment of their claims in that regard in the Debtors' Plan.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "SS"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

JWM:cc
SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case: 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 20:34   Page 57 of 78

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 5.50 | $ 590.00 | $ 3,245.00 |
| Robert A. Franklin (RAF) | 0.20 | $ 460.00 | $ 92.00 |
| Doris A. Kaelin (DAK) | 3.40 | $ 440.00 | $ 1,496.00 |
| Jenny Lynn Fountain (JLF) | 1.40 | $ 350.00 | $ 490.00 |
| Thomas T. Hwang (TTH) | 9.60 | $ 310.00 | $ 2,976.00 |
| **Totals** | 20.10 | | $ 8,299.00 |

SS.    CREDITORS' COMMITTEE.

This project billing category includes your Applicant's attorneys' fees relative to interactions and communications generally between your Applicant and the Creditors' Committee and its counsel regarding, among other things, the Debtors' disclosure statement and plan of liquidation.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "TT"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 4.50 | $ 590.00 | $ 2,655.00 |
| Robert A. Franklin (RAF) | 0.20 | $ 460.00 | $ 92.00 |
| Doris A. Kaelin (DAK) | 6.30 | $ 440.00 | $ 2,772.00 |
| **Totals** | 11.00 | | $ 5,519.00 |

TT.    CHAPTER 11 STATUS CONFERENCES.

This project billing category includes your Applicants attorneys' fees incurred in preparing the DEBTORS' CHAPTER 11 STATUS CONFERENCE STATEMENT relative to the Chapter 11 Status Conferences held by the Court on October 8, 2009 and January 14, 2010, and attending the same.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "UU"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be

summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount | |
|---|---|---|---|---|---|
| John Walshe Murray (JWM) | 3.20 | $ 590.00 | $ | 1,888.00 | |
| Robert A. Franklin (RAF) | 2.70 | $ 460.00 | $ | 1,242.00 | |
| Doris A. Kaelin (DAK) | 0.20 | $ 440.00 | $ | 88.00 | |
| **Totals** | 6.10 | | $ | 3,218.00 | |

    UU.    CASE MANAGEMENT.

In cases of this magnitude, it is important for Debtors' counsel to guide the Debtors and their other professionals through the substantive and procedural matters arising in the cases. As such, it is important for the Debtors' counsel to stay abreast of all matters and issues arising in the cases, to direct the appropriate resources to such issues and matters, and to craft the Debtors' strategy in relation thereto. In this regard, your Applicant prepared and continually revised detailed memoranda regarding action items in the cases, reviewed a continuing stream of correspondence from the Debtors and other parties in interest in the cases, and reviewed all pleadings filed in the cases. Your Applicant also conducted "team" meetings in these cases among the professionals in its firm to delegate, coordinate and prioritize assignments. In cases of this complexity, your Applicant believes such meetings are necessary to the efficient and economical administration of the cases to (i) assure that all attorneys involved in the cases understand and appreciate the overall case strategy and the ultimate goals of the cases, (ii) effectively delegate those matters which can be most economically handled by junior attorneys with lower hourly billing rates while providing the necessary guidance and support to such junior attorneys regarding their assignments, and (iii) insure that the efforts of all attorneys working on the cases complement each other without waste or duplication. Your Applicant does not believe there has been an extraordinary or unwarranted use of such meetings in these cases. Your Applicant also maintained a case-specific calendar of key dates and deadlines. The within category also includes analysis and evaluation of multiple issues and management of case priorities and deadlines where not specific to another project billing category.

Careful and effective management of the information flow in cases of this size is key to the efficient administration and ultimate success of the cases. At any given time during this Application

56

SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTORS

JWM:cc
...2ND FINAL...App...M&M...Doc...Final Filed...

Case: 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 20:34    Page 59 of 78

period, a multitude of events and related tasks were in play and your Applicant was managing volumes of information and ongoing communications to and from a variety of sources, e.g.: (i) multiple sources within the Debtors, (ii) your Applicant's attorneys who were assigned specific tasks in these cases, (iii) the Banks' representatives and their counsel, (iv) Committee counsel, (v) the United States Trustee, (vi) other professionals of the Debtors, (vii) interested buyers of assets and their counsel, (viii) parties to executory contracts and their counsel, (ix) general unsecured creditors, (x) stockholders, and (xi) parties in interest generally. In addition, over the course of these Chapter 11 cases, your Applicant has managed and was involved in a multitude of concurrent activities and issues as evidenced by the fifty-eight (58) project billing categories described in the Application. Your Applicant devoted the resources necessary to ensure that these cases were well managed and that all matters were properly and timely handled to achieve the success evidenced by the ongoing sustainability of the Debtors, the Court approved sales of assets to SPP, Applied Materials and others, and confirmation of the Debtors' Joint Plan.

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "VV"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 4.80 | $ 590.00 | $ | 2,832.00 |
| Janice M. Murray (JMM) | 50.50 | $ 540.00 | $ | 27,270.00 |
| Robert A. Franklin (RAF) | 2.70 | $ 460.00 | $ | 1,242.00 |
| Doris A. Kaelin (DAK) | 12.20 | $ 440.00 | $ | 5,368.00 |
| Jenny Lynn Fountain (JLF) | 9.90 | $ 350.00 | $ | 3,465.00 |
| Rachel P. Ragni (RPR) | 0.70 | $ 330.00 | $ | 231.00 |
| Thomas T. Hwang (TTH) | 0.90 | $ 310.00 | $ | 279.00 |
| **Totals** | 81.70 | | $ | 40,687.00 |

VV.   **COMPENSATION OF PROFESSIONALS (GENERALLY).**

This project billing category sets forth your Applicant's attorneys' fees relative to the

JWM:cc
...A 09-54511 Doc# 536 Filed: 04/07/10    Entered: ...BY ...OF DEBTORS
Case 09-54511 Doc# 536 Filed: 04/07/10    Entered: 04/07/10 20:34 Page 60 of 78
SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTORS

compensation of professionals generally, including communications with other professionals in the cases regarding their applications for compensation and compliance with the compensation guidelines issued by the Court and the United States Trustee, and the preparation of the notice of hearing relative to applications for compensation of all professionals.

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "WW"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 6.90 | $ 590.00 | $ | 4,071.00 |
| Doris A. Kaelin (DAK) | 0.70 | $ 440.00 | $ | 308.00 |
| Rachel P. Ragni (RPR) | 3.30 | $ 330.00 | $ | 1,089.00 |
| **Totals** | 10.90 | | $ | 5,468.00 |

WW. **MURRAY & MURRAY'S FIRST APPLICATION FOR COMPENSATION.**

This project billing category includes your Applicant's attorneys' fees in the sum of $80,725.50 incurred during the Second Application Period relative to the preparation of your Applicant's FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR (the "First Application") filed with the Court on October 15, 2009 (Court Docket No. 322).

### **Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "XX"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 65.20 | $ 590.00 | $ | 38,468.00 |
| Janice M. Murray (JMM) | 20.40 | $ 540.00 | $ | 11,016.00 |

Case: 09-54511 Doc# 536 Filed: 04/07/10 Entered: 04/07/10 15:20:34 Page 61 of 78

| | Hours | Rate | Amount |
|---|---|---|---|
| Robert A. Franklin (RAF) | 8.30 | $ 460.00 | $ 3,818.00 |
| Jenny Lynn Fountain (JLF) | 19.40 | $ 350.00 | $ 6,790.00 |
| Rachel P. Ragni (RPR) | 14.40 | $ 330.00 | $ 4,752.00 |
| Thomas T. Hwang (TTH) | 25.90 | $ 310.00 | $ 8,029.00 |
| Ivan C. Jen (ICJ) | 34.90 | $ 225.00 | $ 7,852.50 |
| **Totals** | 188.50 | | $ 80,725.50 |

Your Applicant also expended $12,714.00 in attorneys' fees relative to the preparation of the First Application which were included in the First Application. The attorneys' fees therefore devoted to the preparation of the First Application total $93,439.50 or approximately 8.64% of the total compensation requested in the First Application. Your Applicant will voluntarily reduce its request for attorneys' fees by $39,338.79 so that such fees do not exceed 5% of the compensation requested in the First Application.

## XX. OBJECTIONS TO MURRAY & MURRAY'S FIRST APPLICATION FOR COMPENSATION.

This project billing category includes your Applicant's attorneys' fees relative to the objections to its First Application filed by the Banks and the Creditors' Committee, and includes communications with the Banks and the Committee in relation thereto, and preparing a detailed response to such objections.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "YY"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 26.90 | $ 590.00 | $ 15,871.00 |
| Janice M. Murray (JMM) | 5.50 | $ 540.00 | $ 2,970.00 |
| Robert A. Franklin (RAF) | 2.00 | $ 460.00 | $ 920.00 |
| Doris A. Kaelin (DAK) | 9.70 | $ 440.00 | $ 4,268.00 |
| Rachel P. Ragni (RPR) | 4.70 | $ 330.00 | $ 1,551.00 |

Case 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 20:34   Page 62 of 78

| | | | |
|---|---|---|---|
| Thomas T. Hwang (TTH) | 0.40 | $ 310.00 | $ 124.00 |
| Ivan C. Jen (ICJ) | 1.10 | $ 225.00 | $ 247.50 |
| **Totals** | 50.30 | | $ 25,951.50 |

YY.   **Hearing on First Applications for Compensation.**

This project billing category includes your Applicant's attorneys' fees relative to preparing for and attending the hearing on the applications for compensation of Murray & Murray, Latham & Watkins and Binder & Malter conducted before this Court on November 4, 2009, and preparing orders emanating therefrom.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "ZZ"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 13.80 | $ 590.00 | $ 8,142.00 |
| Robert A. Franklin (RAF) | 0.60 | $ 460.00 | $ 276.00 |
| **Totals** | 14.40 | | $ 8,418.00 |

ZZ.   **Murray & Murray's Second Application for Compensation.**

This project billing category includes, among other things, your Applicant's attorneys' fees incurred during the Second Application Period relative to the preparation of this Application.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "AAA"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

/ / /

/ / /

/ / /

Case: 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 20:34   Page 63 of 78

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 66.10 | $ 590.00 | $ | 38,999.00 |
| Janice M. Murray (JMM) | 8.50 | $ 540.00 | $ | 4,590.00 |
| Robert A. Franklin (RAF) | 4.60 | $ 460.00 | $ | 2,116.00 |
| Doris A. Kaelin (DAK) | 3.60 | $ 440.00 | $ | 1,584.00 |
| Jenny Lynn Fountain (JLF) | 13.40 | $ 350.00 | $ | 4,690.00 |
| Rachel P. Ragni (RPR) | 14.00 | $ 330.00 | $ | 4,620.00 |
| Thomas T. Hwang (TTH) | 11.60 | $ 310.00 | $ | 3,596.00 |
| **Totals** | 121.80 | | $ | 60,195.00 |

The attorneys' fees devoted to the preparation of this Application during the Second Application Period represent approximately 6.27% of the total compensation requested in this Application. Your Applicant will voluntarily reduce its request for attorneys' fees by $12,195.98 or 1.27% of the compensation requested in this Application so that such fees do not exceed 5% of the compensation requested in this Application. Your Applicant will also waive all attorneys' fees incurred after the Second Application Period relative to the preparation of this Application, which amounts will be detailed in the Supplemental Application to be filed after the Confirmation Date.

AAA. LATHAM & WATKINS'S SECOND APPLICATION FOR COMPENSATION.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' employment of Latham & Watkins LLP ("Latham") as its special counsel. Under this category your Applicant assisted Latham in the preparation, review and filing of the FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS (Latham & Watkins LLP) (the "Latham Application"). Your Applicant also reviewed Latham's applicable fees and expenses for compliance with the GUIDELINES FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS AND TRUSTEES.

In your Applicant's review of the Latham Application a discrepancy was identified relating to the 10% fee discount described in Section III of the Latham Application, but inadvertently not applied to the fee amounts set forth in the Latham Application. Thereafter, your Applicant assisted in the preparation, review and filing of the FIRST AMENDED FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS (Latham

& Watkins LLP) (the "Amended Latham Application").  On November 9, 2009, the Court entered the ORDER RE FIRST AMENDED FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS (Latham & Watkins LLP) which granted the full fees and expenses requested in the Amended Latham Application.  Additionally, your Applicant assisted Latham in the preparation of its second and final fee application.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "BBB"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.30 | $ 590.00 | $ 767.00 |
| Janice M. Murray (JMM) | 2.20 | $ 540.00 | $ 1,188.00 |
| Rachel P. Ragni (RPR) | 15.20 | $ 330.00 | $ 5,016.00 |
| **Totals** | 18.70 | | $ 6,971.00 |

BBB.  **LAW OFFICE OF MATTHEW C. JOSEPH'S APPLICATION FOR COMPENSATION.**

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' employment of the Law Offices of Matthew A. Joseph ("Joseph") as its special counsel. Under this category your Applicant assisted Joseph, a solo practitioner who  does not practice in bankruptcy, in the assembly, preparation and filing of the FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS (Law Offices of Matthew A. Joseph) (the "Joseph Application").  The fees requested in the Joseph Application were substantially approved by the ORDER RE FIRST APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS (Law Offices of Matthew A. Joseph) entered by the Court on November 19, 2009.   Additionally, your Applicant prepared Joseph's SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS.

/ / /

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "CCC"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 0.40 | $ 590.00 | $ 236.00 |
| Rachel P. Ragni (RPR) | 5.70 | $ 330.00 | $ 1,881.00 |
| **Totals** | 6.10 | | $ 2,117.00 |

CCC.  WILSON SONSINI GOODRICH & ROSATI APPLICATION FOR COMPENSATION.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' employment of Wilson Sonsini Goodrich & Rosati ("WSGR") as its special real estate counsel.  Your Applicant's fees related to this task include communications with counsel at WSGR regarding post-petition accumulated attorneys' fees.  Additionally, your Applicant prepared WSGR's FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "DDD"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| Rachel P. Ragni (RPR) | 2.00 | $ 330.00 | $ 660.00 |
| **Totals** | 2.00 | | $ 660.00 |

DDD.  GIFFORD KRASS APPLICATION FOR COMPENSATION.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' employment of Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C. ("Gifford") as

special counsel to the Debtors.  Your Applicant's fees related to this task include communications with counsel at Gifford regarding post-petition accumulated attorneys' fees.  Additionally, your Applicant prepared Gifford's FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "EEE"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| John Walshe Murray (JWM) | 0.30 | $ 590.00 | $ | 177.00 |
| Rachel P. Ragni (RPR) | 1.80 | $ 330.00 | $ | 594.00 |
| Thomas T. Hwang (TTH) | 0.10 | $ 310.00 | $ | 31.00 |
| **Totals** | **2.20** | | $ | 802.00 |

### EEE.  MOHLER, NIXON  APPLICATION FOR COMPENSATION.

This project billing category includes your Applicant's attorneys' fees relative to the Debtors' employment of Mohler, Nixon & Williams ("Mohler") as its accountants.  Your Applicant's fees relating to this task included the preparation of the FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ACCOUNTANTS FOR DEBTORS.

### Project Summary

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "FFF"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | | Amount |
|---|---|---|---|---|
| Rachel P. Ragni (RPR) | 2.30 | $ 330.00 | $ | 759.00 |
| **Totals** | **2.30** | | $ | 759.00 |

FFF.   **BINDER & MALTER APPLICATION FOR COMPENSATION.**

This project billing category includes your Applicant's attorneys' fees relative to its review of the application for compensation filed by Binder & Malter, the attorneys for the Creditors' Committee, on October 15, 2009.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "GGG"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 1.10 | $ 590.00 | $ 649.00 |
| **Totals** | 1.10 | | $ 649.00 |

X.   **PROJECT BILLING SUMMARY.**

A summary of all project billing categories used by your Applicant in these cases, including hours of professional time devoted to each category and the amount of attorneys' fees incurred therefor, is attached hereto as **Exhibit "HHH"** and by this reference incorporated herein.

XI.   **MASTER TIME SUMMARY.**

In the course of its representation of the Debtors in these matters from October 1, 2009 through March 31, 2010, Murray & Murray has devoted in excess of 2,082.20 hours of professional time in the performance of such services, including those set forth hereinabove, as indicated on Murray & Murray's Master Time Summary, a copy of which is attached hereto as **Exhibit "III"** and by this reference incorporated herein.  The Master Time Summary identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

| Attorney / Initials | Hours | Rate | Amount |
|---|---|---|---|
| John Walshe Murray (JWM) | 358.80 | $ 590.00 | $ 211,692.00 |
| Janice M. Murray (JMM) | 116.40 | $ 540.00 | $ 62,856.00 |
| Robert A. Franklin (RAF) | 199.10 | $ 460.00 | $ 91,586.00 |

| Doris A. Kaelin (DAK) | 342.30 | $ 440.00 | $ 150,612.00 |
| Jenny Lynn Fountain (JLF) | 212.00 | $ 350.00 | $ 74,200.00 |
| Rachel P. Ragni (RPR) | 299.90 | $ 330.00 | $ 98,967.00 |
| Thomas T. Hwang (TTH) | 445.00 | $ 310.00 | $ 137,950.00 |
| Laurent Chen (LC) | 2.60 | $ 280.00 | $ 728.00 |
| Ivan C. Jen (ICJ) | 45.30 | $ 225.00 | $ 10,192.50 |
| Paralegal (PL) | 60.80 | $ 150.00 | $ 9,120.00 |
| **Totals** | 2082.20 | | $ 847,903.50 |

## XII.  CURRICULUM VITAE.

A curriculum vitae for each of the attorneys who devoted time to this matter during the application period is attached hereto collectively as **Exhibit "JJJ"** and by this reference incorporated herein.  The bar admission dates for each of the attorneys who devoted time to this matter are as follows:

| | |
|---|---|
| John Walshe Murray | June 28, 1977 |
| Janice M. Murray | December 1, 1981 |
| Robert A. Franklin | May 9, 1980 |
| Doris A. Kaelin | December 9, 1992 |
| Jenny L. Fountain | August 7, 2003 |
| Rachel P. Ragni | December 13, 2005 |
| Thomas T. Hwang | February 2, 2002 |
| Ivan C. Jen | December 4, 2007 |

## XIII.  REIMBURSEMENT OF EXPENSES.

Murray & Murray has also incurred expenses in the sum of $25,390.99 from October 1, 2009 through March 31, 2010 as itemized on **Exhibit "KKK"** attached hereto and by this reference incorporated herein. The amounts currently charged by Murray & Murray for ordinary and customary expenses are as follows:

/ / /

/ / /

| | |
|---|---|
| Automobile travel:[1] | 50¢ / mile |
| Faxes (incoming only):[2] | 20¢ / page |
| Internal photo-copying: | 20¢ / copy |
| Computerized research: | actual cost |
| Court reporters fees: | actual cost |
| Document storage & disposal: | actual cost |
| Filing fees: | actual cost |
| Lien searches: | actual cost |
| Long distance telephone: | actual cost |
| Messenger:[3] | actual cost |
| Other travel (e.g. airfare): | actual cost |
| Outside photo-copying: | actual cost |
| Overnight delivery:[4] | actual cost |
| Parking:[5] | actual cost |
| Postage: | actual cost |
| Printing: | actual cost |
| Process service: | actual cost |
| UCC Searches: | actual cost |
| Witness fees: | actual cost |
| Working meals: | actual cost |

## XIV.   PRIOR COMPENSATION.

In the year prior to the commencement of the bankruptcy cases, Murray & Murray received payments from the Debtor totaling $426,336.70.  Of this amount, $235,302.51 was expended in services rendered to the Debtors prior to the commencement of the cases, leaving a remaining advance retainer (the "Chapter 11 Advance Retainer") on the Petition Date of $191,034.19.  The Debtor also agreed to pay Murray & Murray such additional attorneys' fees and expenses as may be approved by this Court.

On November 9, 2009, this Court entered its ORDER RE FIRST APPLICATION FOR INTERIM

---

[1]  No part of the automobile travel expense requested herein is attributable to travel by a professional, paraprofessional or other staff members, regardless of the day of the week or time of the day, between his or her residence and principal place of business.  The mileage reimbursement rate is in conformity with the amount allowed by the Internal Revenue Service.

[2]  Murray & Murray is not requesting reimbursement for any outgoing faxes in this case.

[3]  Murray & Murray utilizes a messenger service only when circumstances warrant same day delivery or when the article delivered is of such import that its safe and timely delivery cannot be entrusted to the United States Postal Service.

[4]  Murray & Murray utilizes overnight delivery services only when circumstances warrant delivery faster than can be achieved by first class mail.

[5]  No part of the parking expense requested herein is attributable to parking for professionals, para-professionals or other staff members at their principal place of business regardless of the day of week or time of the day.

COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS (the "First Interim Order") whereby it allowed your Applicant attorneys' fees in the sum of $934,573.05 and reimbursement of expenses in the sum of $31,913.78 for the period of June 9, 2009 through September 30, 2009. The Chapter 11 Advance Retainer was applied to this award. The balance was paid by the Debtors.

## XV. VOLUNTARY REDUCTIONS.

Murray & Murray has voluntarily reduced its fees by $39,338.79 with respect to the preparation of its First Application as set forth in Paragraph IX. WW. above, and $12,195.98 with respect to the preparation of this Application as set forth in Paragraph IX. ZZ. above. Your Applicant will also waive all attorneys' fees incurred after the Second Application Period relative to the preparation of this Application, which amounts will be detailed in the Supplemental Application to be filed after the Confirmation Date. Your Applicant has also written off tens of thousands of dollars in the cases in the exercise of its billing discretion. Your Applicant also voluntarily reduced its request for attorneys' fees in its First Application by $103,841.45 in response to objections filed by the Banks and the Creditors' Committee.

## XVI. SOURCE OF COMPENSATION.

The source of compensation to be paid to your Applicant is cash held by the Debtors and the proceeds of the sale of assets to SPP.

## XVII. NO SHARING OF COMPENSATION.

No compensation previously received by Murray & Murray has been shared with any other person, and no agreement or understanding exists between Murray & Murray and any other person for the sharing of compensation received or to be received for services rendered in, or in connection with, these cases, except with the regular members and associates of Murray & Murray.

## XVIII. UNPAID CHAPTER 11 EXPENSE OF ADMINISTRATION CLAIMS.

The only unpaid Chapter 11 expense of administration claims, other than the claim of your Applicant as set forth herein, are those of the Debtors' and Committee's professionals. Your Applicant is advised by the Debtors that all other obligations incurred by the Debtors since the commencement of the cases are being paid in the ordinary course of the Debtors' business.

XIX.    **ESTIMATED ATTORNEYS' FEES AND COSTS FOR APRIL, 2010.**

This Application includes your Applicant's attorneys' fees and costs incurred from October 1, 2009 through March 31, 2010.  Your Applicant anticipates incurring additional fees and costs in the approximate amount of $75,000.00 from April 1, 2010 through the entry of this Court's order confirming the Debtors' Plan which your Applicant anticipates will be entered on or about April 8th (the "Confirmation Date").  After the Confirmation Date, your Applicant will submit its Supplemental Application including the actual fees and costs incurred from April 1, 2010 through the Confirmation Date.

XX.    **ATTORNEYS' FEES NOT AWARDED IN FIRST APPLICATION.**

In its First Interim Order, the Court denied without prejudice $11,686.00 of your Applicant's attorneys' fees relative to the preparation of the plan and disclosure statement as the plan and disclosure statement had not yet been filed.  Your Applicant requests that these fees now be awarded.

XXI.    **RELIEF REQUESTED.**

By this Application, Murray & Murray seeks final allowance and approval of payment for all attorneys' fees and expenses incurred by Murray & Murray in its representation of the Debtors from October 1, 2009 through March 31, 2010 in the amounts of $796,368.73 [$847,903.50 less the voluntary reductions recited at Paragraphs IX. WW. and IX. ZZ. above] and $25,390.99 respectively.  In addition, your Applicant prays for final allowance of its fees and expenses incurred from April 1, 2010 through the Confirmation Date in the approximate amount of $75,000.00, subject to prove up in its Supplemental Application.  Your Applicant also seeks final approval of its attorneys' fees in the sum of $11,686.00 relative to the preparation of the Chapter 11 plan and disclosure statement denied without prejudice in the First Interim Order.  Finally, your Applicant requests final approval of those fees and costs awarded to it in the First Interim Order.

In view of the time expended, the responsibilities assumed, and the reputation and skill of Murray & Murray in the field of bankruptcy and commercial law, Murray & Murray respectfully submits that the foregoing represents the reasonable value of the services rendered.  Murray & Murray believes that the services rendered were necessary, and that the attorneys' fees requested

JWM:cc
CA09-54511-Appl-M&M-2nd-Final Final          69          SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTORS

Case 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 16:00:34    Page 72 of 78

constitute reasonable and necessary fees expended on behalf of the estates.

**WHEREFORE**, Murray & Murray prays that this Court enter its Order (i) approving as final the attorneys' fees incurred by Murray & Murray in its representation of the Debtors from October 1, 2009 through March 31, 2010 in the sum of $796,368.73; (ii) approving as final reimbursement of all expenses incurred by Murray & Murray in its representation of the Debtor from October 1, 2009 through March 31, 2010 in the sum of $25,390.99; (iii) approving as final the attorneys' fees and expenses incurred by Murray & Murray from April 1, 2010 through the Confirmation Date in the approximate amount of $75,000.00, subject to prove up in its Supplemental Application;  (iv) approving as final attorneys' fees in the sum of $11,686.00 relative to the preparation of the Chapter 11 plan and disclosure  statement denied without prejudice in the First Interim Order; (v) authorizing and directing the Debtors to pay Murray & Murray all of the attorneys' fees and expenses awarded herein; (vi) granting final approval of those fees and costs awarded to it in the First Interim Order; and (vii) for such other and further relief as the Court deems just and proper.

Dated:  April 7, 2010

**MURRAY & MURRAY**
A Professional Corporation


By:   */s/ John Walshe Murray*
     John Walshe Murray
     Attorneys for Debtors

**CERTIFICATION RE COMPLIANCE WITH GUIDELINES FOR
COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS**

I, John Walshe Murray, am the professional designated by Murray & Murray, A Professional Corporation ("Murray & Murray") with the responsibility in these cases for compliance with the GUIDELINES FOR COMPENSATION AND EXPENSE Reimbursement OF PROFESSIONALS AND TRUSTEES (the "Guidelines") promulgated by this Court on July 8, 2004, and I hereby certify that:

(1) I have read the foregoing Application;

(2) To the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought herein is in conformity with the Guidelines, except as follows:

a. The Application includes fourteen project billing categories (out of a total of fifty-eight) that exceed $20,000. Murray & Murray has created additional project billing categories where possible. However, given the nature of some of the services, it was not feasible in every instance to create a project billing category of less than $20,000. Murray & Murray believes that the Application includes project billing categories that are appropriate to the size and complexity of these cases and for Murray & Murray's role as bankruptcy counsel;

b. Murray & Murray has included all of its expenses on one exhibit to the Application **Exhibit "KKK"** rather than specifying expenses for each project billing category as it is not practical to separate the expenses by project billing category; and

c. The results in these cases generally are discussed in the introductory paragraphs to the Application but the pendency of some matters is ongoing and therefore a description of the "results obtained" for each project or task was not appropriate in every instance;

(3) The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Murray & Murray and generally accepted by Murray & Murray's clients;

(4) All of the time records attached to this Application are accurate and were recorded in the regular and ordinary course of business contemporaneously with the services provided; and

(5) This Application was transmitted to the Debtors with the cover letter required by the

Case: 09-54511    Doc# 536    Filed: 04/07/10    Entered: 04/07/10 20:34:34    Page 74 of 78

1  Guidelines, a copy of which is attached hereto as **Exhibit "LLL"** and by this reference incorporated

2  herein.

3       I hereby certify under penalty of perjury that the foregoing is true and correct to the best of

4  my knowledge, information and belief formed after reasonable inquiry.

5

6  Dated:  April 7, 2010                          */s/ John Walshe Murray*
                                                     John Walshe Murray

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT INDEX

EXHIBIT A          ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL

EXHIBIT B          Project Billing re COMMUNICATIONS TO & FROM DEBTORS AND DEBTORS' PROFESSIONALS.

EXHIBIT C          Project Billing re COMMUNICATIONS TO & FROM PARTIES IN INTEREST (GENERALLY).

EXHIBIT D          Project Billing re CASH COLLATERAL.

EXHIBIT E          Project Billing re STATEMENT OF FINANCIAL AFFAIRS AND SCHEDULES.

EXHIBIT F          Project Billing re MONTHLY OPERATING REPORTS.

EXHIBIT G          Project Billing re RULE 2015.3 REPORTS.

EXHIBIT H          Project Billing re EMPLOYMENT OF MURRAY & MURRAY.

EXHIBIT I          Project Billing re EMPLOYMENT OF FINANCIAL ADVISOR NEEDHAM & COMPANY, LLC.

EXHIBIT J          Project Billing re EMPLOYMENT OF J.R. PARRISH.

EXHIBIT K          Project Billing re IBM MOTION FOR RELIEF FROM STAY.

EXHIBIT L          Project Billing re AUCTION MOTION.

EXHIBIT M          Project Billing re SPP SALE AND POST-CLOSE ACTIVITIES.

EXHIBIT N          Project Billing re SALES OF SURPLUS ASSETS.

EXHIBIT O          Project Billing re SALE OF REAL PROPERTY.

EXHIBIT P          Project Billing re ORACLE CREDIT CORPORATION.

EXHIBIT Q          Project Billing re SALE OF PATENTS.

EXHIBIT R          Project Billing re EXECUTORY CONTRACTS.

EXHIBIT S          Project Billing re SCIENTECH.

EXHIBIT T          Project Billing re MOTION TO REJECT REAL PROPERTY LEASES.

EXHIBIT U          Project Billing re CLAIMS (GENERALLY).

EXHIBIT V          Project Billing re CLAIMS ANALYSIS.

EXHIBIT W          Project Billing re CLAIMS MATRIX.

EXHIBIT X          Project Billing re EMPLOYEE CLAIMS.

| | | |
|---|---|---|
| 1 | EXHIBIT Y | Project Billing re CLAIM OF ALCATEL. |
| 2 | EXHIBIT Z | Project Billing re CLAIM OF HARTFORD INSURANCE COMPANY. |
| 3 | EXHIBIT AA | Project Billing re CLAIM OF ASTOUND GROUP, INC. |
| 4 | EXHIBIT BB | Project Billing re CLAIM OF GECC. |
| 5 | EXHIBIT CC | Project Billing re IBM EQUIPMENT LEASE CLAIM. |
| 6 | EXHIBIT DD | Project Billing re OBJECTION TO CLAIM OF AVIZA TECHNOLOGY, GMBH. |
| 7 | EXHIBIT EE | Project Billing re OBJECTION TO IPS CLAIM. |
| 8 | EXHIBIT FF | Project Billing re FIRST OMNIBUS OBJECTION TO CLAIMS (INTERESTS). |
| 9 | EXHIBIT GG | Project Billing re SCHEDULED CUSTOMER WARRANTY CLAIMS. |
| 10 | EXHIBIT HH | Project Billing re Objection to claim ACM |
| 11 | EXHIBIT II | Project Billing re Objection to claim JKS (Fountain Valley) |
| 12 | EXHIBIT JJ | Project Billing re Objection to claim of Batavia |
| 13 | EXHIBIT KK | Project Billing re LIEN AVOIDANCE. |
| 14 | EXHIBIT LL | Project Billing re PLAN OF LIQUIDATION. |
| 15 | EXHIBIT MM | Project Billing re DISCLOSURE STATEMENT. |
| 16 | EXHIBIT NN | Project Billing re EXCLUSIVITY |
| 17 | EXHIBIT OO | Project Billing re DISCLOSURE STATEMENT HEARING. |
| 18 | EXHIBIT PP | Project Billing re PLAN SOLICITATION. |
| 19 | EXHIBIT QQ | Project Billing re PLAN CONFIRMATION HEARING. |
| 20 | EXHIBIT RR | Project Billing re UNITED COMMERCIAL BANK, EAST WEST BANK AND CHINATRUST BANK (USA). |
| 21 | | |
| 22 | EXHIBIT SS | Project Billing re LEGAL RESEARCH RE DEFAULT INTEREST. |
| 23 | EXHIBIT TT | Project Billing re CREDITORS' COMMITTEE. |
| | EXHIBIT UU | Project Billing re CHAPTER 11 STATUS CONFERENCES. |
| 24 | EXHIBIT VV | Project Billing re CASE MANAGEMENT. |
| 25 | EXHIBIT WW | Project Billing re COMPENSATION OF PROFESSIONALS (GENERALLY). |
| 26 | EXHIBIT XX | Project Billing re MURRAY & MURRAY'S FIRST APPLICATION FOR COMPENSATION. |
| 27 | EXHIBIT YY | Project Billing re OBJECTIONS TO MURRAY & MURRAY'S FIRST APPLICATION FOR COMPENSATION. |
| 28 | | |

Case 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 20:34   Page 77 of
78

| | | |
|---|---|---|
| 1 | EXHIBIT ZZ | Project Billing re HEARING ON FIRST APPLICATIONS FOR COMPENSATION. |
| 2 | EXHIBIT AAA | Project Billing re MURRAY & MURRAY'S SECOND APPLICATION FOR COMPENSATION. |
| 3 4 | EXHIBIT BBB | Project Billing re LATHAM & WATKINS'S SECOND APPLICATION FOR COMPENSATION. |
| 5 6 | EXHIBIT CCC | Project Billing re LAW OFFICE OF MATTHEW C. JOSEPH'S APPLICATION FOR COMPENSATION. |
| 7 | EXHIBIT DDD | Project Billing re WILSON SONSINI GOODRICH & ROSATI APPLICATION FOR COMPENSATION. |
| 8 | EXHIBIT EEE | Project Billing re GIFFORD KRASS APPLICATION FOR COMPENSATION. |
| 9 | EXHIBIT FFF | Project Billing re MOHLER, NIXON APPLICATION FOR COMPENSATION. |
| 10 | EXHIBIT GGG | Project Billing re BINDER & MALTER APPLICATION FOR COMPENSATION. |
| 11 | EXHIBIT HHH | Project Billing re PROJECT BILLING SUMMARY. |
| 12 | EXHIBIT III | Project Billing re MASTER TIME SUMMARY. |
| 13 | EXHIBIT JJJ | Project Billing re CIRRICULUM VITAE |
| 14 | EXHIBIT KKK | Project Billing re REIMBURSEMENT OF EXPENSES. |
| 15 | EXHIBIT LLL | Project Billing re LETTER TO DEBTORS re APPLICATION. |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Case: 09-54511   Doc# 536   Filed: 04/07/10   Entered: 04/07/10 16:20:34   Page 78 of
78